UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
In re:                                                                   Chapter 7

HILAL KHALIL HOMAIDAN                                                    Case No. 08-48275-ess
*aka* HELAL K HOMAIDAN,

                                  Debtor.
-------------------------------------------------------------------------x

HILAL KHALIL HOMAIDAN,                                                   Adv. Pro. No. 17-01085-ess

                                  Plaintiff,

    -against-

SLM CORPORATION, SALLIE MAE, INC.,
NAVIENT SOLUTIONS, LLC, and NAVIENT
CREDIT FINANCE CORPORATION,

                                  Defendants.
-------------------------------------------------------------------------x

## ORDER DENYING LEAVE TO APPEAL INTERLOCUTORY ORDER AND DENYING CERTIFICATION OF APPEAL

*Background*

        WHEREAS, on June 23, 2017, Hilal Khalil Homaidan (the "Plaintiff") initiated this adversary proceeding by filing a complaint (the "Complaint") against SLM Corporation, Sallie Mae, Inc., Navient Solutions, LLC, and Navient Credit Finance Corporation, alleging discharge injunction violations in connection with the Plaintiff's student loan debt, and that of an alleged nationwide class; and

        WHEREAS, on December 1, 2017, the Court approved a joint stipulation dismissing SLM Corporation as a defendant in this proceeding; and

WHEREAS, on October 30, 2017, Navient Solutions, LLC, Navient Credit Finance Corporation, and Sallie Mae, Inc. (the "Defendants") moved to dismiss the Complaint (the "Motion to Dismiss"); and

WHEREAS, the Court denied the Defendants' Motion to Dismiss the Complaint by memorandum decision and order dated January 31, 2019 (the "Decision and Order"); and

WHEREAS, on February 14, 2019, the Defendants filed a notice of appeal of the Decision and Order; and

WHEREAS, pursuant to 28 U.S.C. § 158(a)(3), "the district courts of the United States shall have jurisdiction to hear appeals . . . with leave of the court, from . . . interlocutory orders and decrees"; and

WHEREAS, Section 158(a)(3) has been applied by bankruptcy courts, *see Citibank, N.A. v. Bombshell Taxi LLC (In re Hypnotic Taxi)*, 2017 WL 1393674, at *3 (Bankr. E.D.N.Y. Apr. 18, 2017); and

WHEREAS, Federal Rule of Bankruptcy Procedure 8004(d) provides that a "notice of appeal from a nonfinal order may be treated as a motion for leave to appeal under § 158(a)(3)," *In re Segal*, 557 B.R. 46, 51 (E.D.N.Y. 2016) (citing Fed. R. Bankr. P. 8004(d)); and

WHEREAS, the Decision and Order in this case is interlocutory, *see, e.g.*, *In re Coudert Bros. LLP Law Firm Adversary Proceedings*, 447 B.R. 706, 711 (S.D.N.Y. 2011) (observing that orders denying motions to dismiss adversary proceedings are interlocutory in nature); and

WHEREAS, on February 14, 2019, the Defendants moved this Court to certify an appeal of the Decision and Order denying their Motion to Dismiss directly to the U.S. Court of Appeals for the Second Circuit (the "Motion to Certify Interlocutory Appeal"); and

WHEREAS, on February 20, 2019, the Motion to Certify Interlocutory Appeal was noticed for a hearing on March 7, 2019; and

WHEREAS, on February 28, 2019, the Plaintiff opposed the Motion to Certify Interlocutory Appeal (the "Opposition"); and

WHEREAS, on March 4, 2019, the Defendants replied to the Plaintiff's Opposition, in further support of their Motion to Certify Interlocutory Appeal; and

WHEREAS, on March 7, 2019, the Court held a hearing on the Motion to Certify Interlocutory Appeal, at which the Plaintiff and the Defendants appeared and were heard; and

WHEREAS, as stated on the record of the March 7, 2019 hearing, the Motion to Certify Interlocutory Appeal asks the Court first to find that grounds exist to grant leave to appeal the Decision and Order pursuant to 28 U.S.C. § 1292(b); and second, if leave to appeal is warranted, to certify that appeal directly to the Court of Appeals pursuant to 28 U.S.C. § 158(d)(2)(A); and

WHEREAS, in the interests of a complete record, the Court considers each of these questions below.

*Whether the Defendants Have Established that Leave To Appeal Should Be Allowed*

WHEREAS, courts have found that "[a]lthough [28 U.S.C. §] 158 and the Bankruptcy Rules describe the right to appeal from an interlocutory order and the procedure for doing so, neither provides guidelines for determining whether a . . . court should grant leave to appeal in a particular case," *In re Segal*, 557 B.R. at 51 (internal quotations and citation omitted); and

WHEREAS, in considering this question, courts apply the legal standard set forth in 28 U.S.C. § 1292, "which governs interlocutory appeals from district court orders to the courts of appeal," to determine whether to grant leave to appeal an interlocutory order issued by a bankruptcy court, *In re Segal*, 557 B.R. at 51; and

WHEREAS, a request for leave to appeal an interlocutory order satisfies the standard set forth in 28 U.S.C. § 1292 if "(1) the 'order involves a controlling question of law'; (2) 'there is a substantial ground for difference of opinion' on the legal question presented; and (3) 'an immediate appeal from the order may materially advance the ultimate termination of the litigation,'" *In re Segal*, 557 B.R. at 51 (internal citation omitted); and

WHEREAS, "'[i]n addition, a party seeking leave to appeal a non-final order must demonstrate exceptional circumstances to overcome the general aversion to piecemeal litigation and to justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment,'" *In re Segal*, 557 B.R. at 51 (quoting *In re Coudert Bros.*, 447 B.R. at 711); and

WHEREAS, the question whether a court should grant leave to appeal an interlocutory order is committed to the court's sound discretion, *see In re Coudert Bros.*, 447 B.R. at 712; and

WHEREAS, the Defendants have not established that the Decision and Order "involves a controlling question of law" because, among other reasons, as the Court observed, the question decided by the Court in the Decision and Order is "whether Mr. Homaidan's claim for a declaratory judgment that his Tuition Answer Loans were discharged in his bankruptcy case is rendered implausible by the nondischargeability terms of Bankruptcy Code Section 523(a)(8)(A)(ii). And here, at this stage in these proceedings, the Court concludes that the Defendants have not established that this claim is implausible," *In re Homaidan*, 596 B.R. 86, 107 (Bankr. E.D.N.Y. 2019); and

WHEREAS, the Defendants have not established that the Decision and Order "involves a controlling question of law" because, among other reasons, in deciding the Motion to Dismiss,

the Court was not required to determine, and did not in fact determine, whether the Plaintiff's direct-to-consumer student loans were discharged in his bankruptcy case; and

WHEREAS, the Defendants have not established that "there is a substantial ground for difference of opinion," which requires the Court "to examine 'the strength of the arguments in opposition to the challenged ruling,'" *In re Segal*, 557 B.R. at 52 (quoting *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996)), because, among other reasons, the Decision and Order is consistent with cases in the Second Circuit, and with recent cases outside the Second Circuit, with respect to the scope of Bankruptcy Code Section 523(a)(8)(A)(ii); and

WHEREAS, the Defendants have not established that "there is substantial ground for difference of opinion," because, among other reasons, as the Court observed, "this Court . . . joins that 'trending narrower view' of the scope of Section 523(a)(8)(A)(ii)" in finding that "both the text and the context of Section 523(a)(8)(A)(ii) indicate that [the term 'educational benefit'] encompasses 'alternatives to the typical debtor-creditor relationship in the education context,'" *In re Homaidan*, 596 B.R. at 106 (citations omitted); and

WHEREAS, the Defendants have not established that "an immediate appeal from the order may materially advance the ultimate termination of the litigation," because, among other reasons, the consequence of such a rule would be that *every* decision denying a motion to dismiss or other pretrial dispositive motion could conceivably become the subject of an interlocutory appeal because, from the movant's perspective, an appeal and decision to grant the motion to dismiss could "materially advance the ultimate termination of the litigation," *In re Segal*, 557 B.R. at 51; and

WHEREAS, the Defendants have not established that "an immediate appeal from the order may materially advance the ultimate termination of the litigation," because, among other

reasons, the Defendants have not established that there is a "substantial ground for difference of opinion," and, as in *In re Coudert Brothers*, "[a]n appeal from the non-final Orders of the bankruptcy Court here would create additional delay," *In re Coudert Bros.*, 447 B.R. at 712; and

WHEREAS, the Defendants have not established "exceptional circumstances" which would "'overcome the general aversion to piecemeal litigation and to justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment,'" *In re Segal*, 557 B.R. at 51 (quoting *In re Coudert Bros.*, 447 B.R. at 711); and

WHEREAS, accordingly, the Defendants have not established that this Court should grant leave to appeal the interlocutory Decision and Order pursuant to the standard set forth in 28 U.S.C. § 1292.

## *Whether the Defendants Have Established that an Appeal Should Be Certified Directly to the Court of Appeals*

WHEREAS, pursuant to 28 U.S.C. § 158(d)(2)(A), in order for this Court to certify an appeal directly to the Court of Appeals, the Defendants must show: "(i) the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance; (ii) the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or (iii) an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken," and following that certification, the Court of Appeals must separately, in its discretion, determine that it is appropriate to authorize the direct appeal; and

WHEREAS, certification of appeals from bankruptcy court orders directly to the Court of Appeals is not favored in the Second Circuit; and

WHEREAS, as the Second Circuit has observed, "[c]ourts of appeals benefit immensely from reviewing the efforts of the district court to resolve" unsettled areas of bankruptcy law, and "[p]ermitting direct appeal too readily might impede the development of a coherent body of bankruptcy case-law," *Weber v. United States*, 484 F.3d 154, 160 (2d Cir. 2007); and

WHEREAS, as the Second Circuit has also noted, "Congress believed direct appeal would be most appropriate where [courts of appeals] are called upon to resolve a question of law not heavily dependent on the particular facts of a case, because such questions can often be decided based on an incomplete or ambiguous record," *Weber*, 484 F.3d at 158 (citing H.R. Rep. No. 109-31, at 148-49); and

WHEREAS, here, as reflected in the Decision and Order, further development of the record is necessary before the Court may determine whether or not the Plaintiff's direct-to-consumer student loans are excepted from discharge under the Bankruptcy Code, and accordingly, the question presented on appeal here is *not* a "question of law *not* heavily dependent on the particular facts of a case," *Weber*, 484 F.3d at 158 (emphasis added); and

WHEREAS, the Defendants have not established that the Decision and Order "involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States," because, among other reasons, as reflected in the Decision and Order, the Court's conclusions are grounded in the decisions of the Supreme Court, the Court of Appeals for this Circuit, and the district and bankruptcy courts within and outside this District and Circuit; and

WHEREAS, the Defendants have not established that the Decision and Order "involves a matter of public importance" warranting direct appeal to the Second Circuit because, among other reasons, while it is clear from the record that the Plaintiff's claims are of considerable

significance to the Plaintiff and the Defendants, it is also clear that they can best be addressed in an orderly fashion pursuant to the rules and procedures of discovery, motion practice, and trial; and

WHEREAS, the Defendants have not established that the Decision and Order "involves a question of law requiring resolution of conflicting decisions," because, among other reasons, and as noted above, the Decision and Order is consistent with cases in the Second Circuit, and with recent cases outside the Second Circuit, with respect to the scope of Bankruptcy Code Section 523(a)(8)(A)(ii); and

WHEREAS, the Defendants have not established the Decision and Order "involves a question of law requiring resolution of conflicting decisions," because, among other reasons, as noted above, as the Court observed, "this Court . . . joins that 'trending narrower view' of the scope of Section 523(a)(8)(A)(ii)" in finding that "both the text and the context of Section 523(a)(8)(A)(ii) indicate that [the term 'educational benefit'] encompasses 'alternatives to the typical debtor-creditor relationship in the education context,'" *In re Homaidan*, 596 B.R. at 106 (citations omitted); and

WHEREAS, the Defendants have not established that an appeal directly to the Court of Appeals "may materially advance the progress of the case or proceeding in which the appeal is taken," because, among other reasons, as the Court of Appeals has noted, "since district courts tend to resolve bankruptcy appeals faster than the courts of appeals . . . the cost in speed of permitting district court review will likely be small," *Weber*, 484 F.3d at 160; and

WHEREAS, the Defendants have not established that an appeal directly to the Court of Appeals "may materially advance the progress of the case or proceeding in which the appeal is taken," because, among other reasons, and as noted above, the consequence of such a rule would

8

be that *every* decision denying a motion to dismiss or other pretrial dispositive motion could conceivably become the subject of an interlocutory appeal because, from the movant's perspective, an appeal and decision to grant the motion to dismiss could "materially advance the ultimate termination of the litigation;" and

WHEREAS, the Defendants have not established that an appeal directly to the Court of Appeals "may materially advance the progress of the case or proceeding in which the appeal is taken," because, among other reasons, and as noted above, the Defendants have not established that there is a "substantial ground for difference of opinion," and, as in *In re Coudert Brothers*, "[a]n appeal from the non-final Orders of the bankruptcy Court here would create additional delay," *In re Coudert Bros.*, 447 B.R. at 712; and

WHEREAS, accordingly, the Defendants have not established that this Court should certify a direct appeal of the interlocutory Decision and Order to the Court of Appeals pursuant to the standard set forth in 28 U.S.C. § 158(d)(2)(A).

NOW, THEREFORE, it is hereby

ORDERED, that, based on the entire record, the Defendants' request for leave to appeal the interlocutory Decision and Order is denied; and it is further

ORDERED, that, based on the entire record, the Defendants' request for certification of an appeal of the interlocutory Decision and Order directly to the Court of Appeals is denied.



Dated: Brooklyn, New York  
March 18, 2019

Elizabeth S. Stong  
United States Bankruptcy Judge

TO:

Hilal Khalil Homaidan
Videology
Attn: Hilal
308 Bedford Ave
Brooklyn, NY 11211

George F. Carpinello
Boies Schiller Flexner, LLP
30 South Pearl Street
11th Floor
Albany, NY 12207

Adam Shaw
Boies Schiller Flexner LLP
30 South Pearl Street
Albany, NY 12207-3427

Austin C Smith
Smith Law Group
3 Mitchell Place
Suite 5
New York, NY 10017

Lynn E Swanson
Jones, Swanson, Huddell & Garrison, LLC
601 Poydras Street
Suite 2655
New Orleans, LA 70130

Robert C Tietjen
Boies Schiller Flexner LLP
30 South Pearl Street
11 Floor
Albany, NY 12207-3427


Thomas M Farrell
McGuire Woods LLP
JPMorgan Chase Tower
600 Travis Street
Suite 7500
Houston, TX 77002

Shawn Randall Fox

McGuire Woods LLP
1251 Avenue of the Americas
20th Floor
New York, NY 10020

Shawn Fox
McGuireWoods LLP
1345 Avenue of the Americas, 7th Floor
New York, New York 10105