**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re*:<br><br>**HILAL K. HOMAIDAN,**<br>**f/k/a Helal K. Homaidan,**<br><br>   Debtor. | No. 1:08–48275 (ESS)<br><br>Chapter 7 |
| **HILAL K. HOMAIDAN,**<br>on behalf of himself and<br>all others similarly situated,<br><br>   Plaintiff,<br><br>v.<br><br>**SALLIE MAE, INC.,**<br>**NAVIENT SOLUTIONS, LLC, and**<br>**NAVIENT CREDIT FINANCE CORPORATION,**<br><br>   Defendants. | No. 1:17–ap–1085 (ESS) |

**STIPULATED ACCESS PROTOCOL ORDER**

  Plaintiff Hilal K. Homaidan and defendants Navient Solutions, LLC ("NSL")[1] and Navient Credit Finance Corporation ("NCFC"; with Plaintiff and NSL, the "Parties" and each a "Party"), seek the entry of this Stipulated Access Protocol Order (the "Access Protocol") to facilitate and govern Plaintiff's access to Data Materials (defined *infra*).[2] For good cause shown, the Court hereby orders as follows:

---

[1]   The Defendant named as Sallie Mae, Inc. is now known as NSL.

[2]   Entry of this Stipulated Access Protocol Order is without prejudice to the Parties' respective rights and objections (including, without limitation, the right to seek relief from the Court) in regard to any written discovery served in this action.

A. **DATA MATERIALS**

1. NSL shall make available for review the following (collectively, the "Data Materials"):

    a. real-time access on or before **May 14, 2019** to NSL's FDR, CLASS, CARES, Jack Henry, Artiva, and Eagle data and software systems, including any interfaces related to servicing and collection (collectively, the "Data Systems"), as and to the extent applicable and available, via the Clean Room Protocol described in Section B for up to 1,000 of the individual loans (the "Selected Loans") identified in the borrower list initially produced to Plaintiff's counsel on January 29, 2019, and updated and revised from time to time thereafter (the "Borrower List");[3]

    b. an encrypted production on or before **May 20, 2019** of extracted data and any available demographic information associated with the Selected Loans as and to the extent it exists in the ordinary course of business in the applicable Data Systems as of the date of extraction, including, without limitation all historical data available for the applicable loans; and

    c. access in the Clean Room to the selected extracted data in a separate database environment with access to database tools and interfaces.

---

[3] The parties shall meet and confer in good faith if, after accessing the Data Systems, Plaintiff's counsel requests additional data points to be added to subsequent list updates or if any other disputes or issues arise in connection with the terms set forth herein.

2. NSL has produced available data dictionaries for the applicable Data Systems to Plaintiff's counsel.

3. Plaintiff's counsel shall deliver to NSL's counsel on or before **April 12, 2019** a list of the general types of information they wish to view in the various Data Systems in real-time (e.g., payment data, demographic data, correspondence data, etc.); a list identifying the Selected Loans for which they are seeking access; and a list of the data fields from the various data dictionaries to be included in the encrypted data production.

4. The parties shall meet and confer if, after accessing the Data Systems, Plaintiff's counsel requests additional data to be exported and included in the encrypted data production described above.

5. All Data Materials shall be designated and treated as "Confidential Information" as that term is defined in the Stipulated Protective Order, Dkt. No. 82 (the "Protective Order"), and shall be subject to such additional security requirements NSL may determine are reasonably necessary to ensure that the Data Materials are only used for proper purposes and to minimize the risk of an inadvertent disclosure that could potentially harm the owners of the information (collectively, the "Data Security Requirements").

**B. CLEAN ROOM PROTOCOL**

1. NSL shall make real-time access to the Data Systems available by providing one or more NSL employees to act as monitors to facilitate view-only access to the Selected Loans in the applicable Data Systems via one or more computers (to be supplied by NSL) located in a separate room in NSL's Wilkes-Barre, Pennsylvania offices (a "Clean Room"). The monitors or other NSL employees or representatives

will be made available to answer any technical questions that may be reasonably necessary to facilitate the Reviewers' (defined *infra*) access to the Data Systems.

2. NSL shall provide one or more encrypted USB drives for the purpose of enabling "screen shots" to be taken in regard to the Selected Loans in the various applicable Data Systems. Each such document (each, a "<u>Document</u>") shall be assigned a unique document ID by Plaintiff's counsel, tied to the associated borrower ID and loan number. The Document shall be saved on the encrypted USB drive(s) using the unique document ID as the file name. When access is completed, NSL shall produce to Plaintiff's counsel a copy of the encrypted USB drive(s) with all saved Documents, which shall be designated and treated as Confidential Materials under the Protective Order.

3. Plaintiff's counsel shall provide to NSL's counsel the following information for each of Plaintiff's counsel or their agents seeking access to the Clean Room (each, a "<u>Reviewer</u>"):

    a. first and last name;
    b. telephone number;
    c. e-mail address; and
    d. relationship with Plaintiff's counsel.

4. Authorized Reviewers may include Plaintiff's counsel, their employees, third-party vendors, and/or experts working under the supervision of Plaintiff's counsel. All Reviewers shall have their identities established through the verification of a state or federally issued ID prior to being granted access to the Clean Room or any Data Materials.

5. No Reviewer shall have access to the Clean Room unless and until Plaintiff's counsel have provided to NSL's counsel copies, signed by that Reviewer, of an acknowledgment and agreement to be bound by the Protective Order and any Data Security Requirements. It shall be the responsibility of Plaintiff's counsel to supervise the Reviewers and ensure their compliance with the terms of the Protective Order and, if applicable, any Data Security Requirements.

6. Beginning no later than **May 14, 2019**, NSL shall make the Clean Room available to the Reviewers each business day that NSL is open between the hours of 9 a.m. to 5 p.m. EST. The Reviewer(s) will be allowed to communicate with Plaintiff's counsel from within the Clean Room using a landline telephone to be supplied by NSL, for purposes of seeking technical assistance and guidance in identifying Data Materials to be reviewed (an "Assistance Call"). Other than an Assistance Call, no form of external communication from within the Clean Room is permitted.

7. The Reviewers may bring one laptop (to be provided by Plaintiff's counsel) into the Clean Room for the sole purpose of off-line viewing of documents previously produced in this proceeding. There shall be no access to the internet, no texts, no emails, no phone calls (except via the landline described above), or other communications or connectivity of any kind, and no audio or video recording or taking of any photographs, while in the Clean Room.

8. No outerwear, bags, or other communication, storage, or electronic devices other than the laptop described above may be taken into or used in the Clean Room for any other purpose, and NSL's monitors may conduct security screenings (including of any laptop brought into the Clean Room by the Reviewer(s)) to ensure no unauthorized materials or items are taken into or out of the Clean Room.

9. With the exception of Documents saved to the encrypted USB drive(s) described above, no notes, summaries, descriptions, recordings, or any other reproduction of non-public information accessed in the Data Systems may be taken from the Clean Room.

10. NSL may put in place any other appropriate measures to ensure the security of NSL's data and to limit the Reviewers' access to other portions of the Wilkes-Barre facility.

11. The Reviewers shall have access to the Clean Room until the earlier of (i) **May 20, 2019** or (ii) the date on which Plaintiff's counsel notify NSL that they have completed their review.

12. NSL's counsel and experts may, but are not required to, attend and observe any and all activities undertaken in the Clean Room pursuant to this Protocol.

**SO ORDERED.**

**AGREED AS TO FORM AND SUBSTANCE AND RESPECTFULLY SUBMITTED BY:**

| | |
|---|---|
| */s/ Shawn R. Fox* | */s/Lynn E. Swanson* |
| Shawn R. Fox | JONES, SWANSON, HUDDELL & GARRISON, L.L.C. |
| McGuireWoods LLP | Lynn E. Swanson (admitted *pro hac vice*) |
| 1251 Avenue of the Americas, 20th Floor | Peter N. Freiberg |
| New York, New York 10020-1104 | 601 Poydras Street, Suite 2655 |
| Telephone:   212.548.2100 | New Orleans, Louisiana 70130 |
| Email: sfox@mcguirewoods.com | (504) 523-2500 |
| —and— | |
| Thomas M. Farrell (*pro hac vice*) | BOIES SCHILLER FLEXNER LLP |
| McGuireWoods LLP | Adam R. Shaw |
| JPMorgan Chase Tower | George F. Carpinello |
| 600 Travis Street, Suite 7500 | Robert C. Tietjen |
| Houston, Texas 77002 | 30 South Pearl Street |
| Telephone:   713.571.9191 | Albany, New York 12207 |
| E-mail: tfarrell@mcguirewoods.com | (518) 434-0600 |
| —and— | SMITH LAW GROUP |
| | Austin C. Smith, Esq. |
| Dion W. Hayes (*pro hac vice*) | 3 Mitchell Place, Suite 5 |
| K. Elizabeth Sieg (*pro hac vice*) | New York, NY 10017 |
| McGuireWoods LLP | (917) 992-2121 |
| Gateway Plaza | |
| 800 East Canal Street | FISHMAN HAYGOOD L.L.P. |
| Richmond, Virginia 23219 | Jason W. Burge (admitted *pro hac vice*) |
| Telephone:   804.775.1000 | 201 St. Charles Avenue, 46th Floor |
| Facsimile:    804.775.1061 | New Orleans, Louisiana 70170 |
| Email: dhayes@mcguirewoods.com | (504) 586-5252 |
|             bsieg@mcguirewoods.com | |
| *Counsel for Defendants* | *Counsel for Plaintiff* |

## **CERTIFICATE OF SERVICE**

      I certify that on this 8th day of May, 2019, I filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

                                                              /s/ *Shawn R. Fox*