**McGuireWoods LLP**
JPMorgan Chase Tower
600 Travis Street
Suite 7500
Houston, TX 77002-2906
Phone: 713.571.9191
Fax: 713.571.9652
www.mcguirewoods.com

**Thomas M. Farrell**
Direct: 713.353.6677

tfarrell@mcguirewoods.com
Fax: 832.214.9933

**MCGUIREWOODS**

July 9, 2019

**VIA ELECTRONIC FILING**

Hon. Elizabeth S. Stong
U.S. Bankruptcy Court
Eastern District of New York
Conrad B. Duberstein Courthouse
271-C Cadman Plaza East
Courtroom 3585
Brooklyn, NY 11201-1800

Re: *Homaidan v. Sallie Mae, Inc.*, 17–1085 (ESS)

### Letter to the Court from Defendants
### Regarding Plaintiff's Letter Requesting a Discovery Conference

The undersigned counsel submit this letter to the Court on behalf of the defendants (collectively, the "Defendants," or "Navient") in the adversary proceeding of *Homaidan v. Sallie Mae*, Inc., No. 17-1085 (ESS) currently pending before the Court. Defendants send this letter in response to the letter of Plaintiff to the Court requesting a discovery conference [Dkt. No. 148] (the "Letter").[1] Defendants and Plaintiff have agreed to ask the Court to hear this matter in connection with the upcoming status conference previously scheduled in this case on July 15, 2019 at 3:00pm.

In the Letter, Plaintiff provides neither (a) a fulsome account of the status of discovery in this case, nor (b) sufficient support for his assertion that Defendants are improperly withholding documents on the basis of attorney-client privilege and attorney work product. As is outlined below, Defendants already have produced to Plaintiff a voluminous number of documents following several meet-and-confer sessions, including an on-site visit to Defendants' facilities. Defendants have met and continue to meet their discovery obligations in this case, including by continuing to collect, review and produce documents and providing deposition testimony. Further, as discussed below, the documents itemized by Defendants on their privilege log are protected attorney-client communications and/or attorney work product. In short, no basis exists for the relief Plaintiff requests in the Letter.

---

[1] Capitalized terms not otherwise defined herein have the meaning given them in the Letter.

I.  **Defendants have Produced a Voluminous Number of Documents to Plaintiff and Continue to Meet Their Discovery Obligations**

The Letter gives the impression that Defendants have been recalcitrant in the production of certain documents, stating that "despite agreeing that these materials were relevant[2] and agreeing to produce them, Navient has not done so." Defendants disagree, for the following reasons.

   a.  *Defendants' Incorporation of* Crocker *Production, Grant of On-site Access, and Database Production*

In addition to re-producing virtually the entire corpus of documents and deposition testimony from the *Crocker*[3] case for use in this matter in October 2018,[4] Defendants granted Plaintiff on-site access to Defendants' facilities to examine, in person, the Defendants' database systems to assist in the examination of potentially relevant borrower information. Defendants agreed to grant such access for a four-day period from May 14, 2019 through May 17, 2019. At the start of this access period, Defendants' personnel briefed Plaintiff's counsel in detail regarding the structure and operation of Defendants' database systems, as well as the location and sources of potentially relevant information within such systems.

Following this three-hour briefing, Plaintiff's counsel and expert chose to not examine Navient's database systems at all, despite arrangements for another three-and-a-half days of on-site access. Plaintiff instead requested that Navient produce raw database archives comprising substantially the entire system-of-record information for all potentially applicable loans serviced by Navient or its predecessors in the time periods applicable to this action. Navient agreed to this request despite its voluminous nature.

And indeed, production of this database information proved an unwieldly task, involving not only the necessity of drafting a bespoke set of complex computer search coding, but also a time consuming download, review, and Bates-numbering process for raw database files exceeding five gigabytes in size after compression. In layman's terms, this volume of data is the rough equivalent of well more than 1 million pages. Defendants produced the requested database files to Plaintiff on June 28, 2019. (And this is in

---

[2]  For clarity, Defendants have not conceded the relevance of all of the categories of documents referenced in Plaintiff's Letter; all of Defendants' productions have been subject to and without waiver of any of their objections, although Defendants have endeavored to minimize discovery disputes and to agree to voluntary productions to the greatest extent feasible.

[3]  The "*Crocker*" case refers to the adversary proceeding pending before the U.S. Bankruptcy Court for the Southern District of Texas captioned *Evan Brian Crocker et al. v. Navient Solutions et al.*, Adv. Pro. No. 16-03175 (DRJ) (Bankr. S.D. Tex.).

[4]  The only *Crocker* documents not re-produced here are private individual borrower records that do not pertain to potential putative class members in this suit. All of the other documents and deposition testimony overlap with the issues presented in this suit and were therefore re-produced.

addition to the detailed information Defendants previously produced to Plaintiff in spreadsheet format for hundreds of thousands of potentially relevant loans earlier this year, which involved its own time consuming process, and the additional loan information Defendants have agreed to compile and produce in supplemental spreadsheets.)

      *b. Navient's Production of Other Requested Documents*

Likewise, a number of the other documents mentioned in the Letter have already been produced to Plaintiff. For example, "documents concerning [Navient's] policies and procedures for dealing with its borrower's bankruptcy," have already been produced. In fact, Plaintiff's counsel used such documents during their deposition of Mark Verbrugge on June 25, 2019, and Defendants' Rule 30(b)(6) designee on July 9, 2019.

In regard to "statements to investors," Navient does not agree that such documents are within the scope of permissible discovery or proportional to the needs of the case at this stage. Nonetheless, Navient is a publicly traded company and, therefore, it submits extensive reporting to the Securities and Exchange Commission that is publicly available both on the SEC's website and on Navient's website. Plaintiff has shown no rationale as to why Defendants must undergo the expense of downloading such filings and processing them for production when Plaintiff has the exact same access to such documents as Defendants possess. To the extent Plaintiff's counsel wishes to review these documents, they need only employ a few keyboard strokes to do so. Furthermore, without waiving any of their objections, Defendants agreed to (and have) produced any prospectuses for private student loan trusts that are not publicly available and agreed to collect and produce any additional non-public prospectuses that may have been issued since the prior production.

Similarly, Defendants produced each of their contracts with third party collection agencies on June 26, 2019, and are in the process of collecting and producing additional "litigation packs." In regard to the referenced request for "lobbying" documents, Defendants have asserted various objections to the request for such materials, but have agreed to determine whether or not any such materials exist as an initial matter. Subject to completing the final stages of its search, it does not appear that any such documents exist. Defendants expect to continue to produce documents and to meet and confer with Plaintiff in regard to these ongoing discovery matters.

**II.    The Documents Listed On Navient's Privilege Log Are Privileged Attorney-Client Communications and/or Work Product.**

Plaintiff also registers a complaint in the Letter that *all* of the documents listed on Defendants' privilege log (the "Privilege Log")[5] are not privileged because they are

---

[5] A copy of the Privilege Log is attached as Exhibit A hereto. Despite the impression given in the Letter, Defendants did not refuse to meet and confer with Plaintiff's counsel regarding this issue. We agreed to re-review each of the documents on the Privilege Log, and we also requested the March 26, 2018 hearing transcript from the *Crocker* case regarding the exact same privileged documents to refresh our memory

"predominantly business records." Letter at 3. Notably, the Letter is devoid of reference to any specific entries on the Privilege Log. The Letter lacks also any specific rationale as to how any particular entry on the Privilege Log constitutes a business record rather than a privileged attorney-client communication and/or attorney work product. As is required under the Federal Rules of Civil Procedure, the Privilege Log lays out with specificity the documents withheld and the basis under which such documents are privileged.

Plaintiff's blanket assertion that the documents in the Privilege Log constitute business records, rather than attorney-client communications and/or work product, does not overcome the well-established law that the attorney-client and work product privileges protect advice and opinions from in-house and outside counsel in exactly this context.[6]

The attorney-client privilege is the oldest privilege for confidential communications known to the common law. *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). The privilege applies with equal force to individuals, corporations, in-house attorneys, and outside counsel. *Id.* at 394. "It is undisputed that communications between a corporation and its inside counsel are protected in the same manner and to the same degree as communications with outside counsel." *United States v. Exxon Mobil Corp.*, 149 F.R.D. 533, 537 (N.D. Tex. 1993) (citing *Upjohn*, 449 U.S. at 389–97).

Plaintiff challenges the withholding of the documents in the Privilege Log on their legally and factually unsupported ground that the documents contain "business," rather than legal, advice. *See* Letter at 3-5. Through recitation of deposition testimony devoid of context, Plaintiff asserts, essentially, that because Defendants made the business decision to treat certain loans as dischargeable under internal policies and procedures—in other words, without prejudice to Defendants' rights under governing law—any legal advice Defendants received related to the dischargeability of loans in bankruptcy is somehow transmuted into business advice itself, and therefore stripped of the attorney-client privilege protection that would otherwise attach.

That is a fundamental error. "The mere fact that business considerations are weighed in the rendering of legal advice does not vitiate the attorney-client privilege." *Coleman v. Am. Broadcasting Cos., Inc.*, 106 F.R.D. 201, 206 (D.D.C. 1985). And courts have rejected the proposition that legal advice given to facilitate a business decision rather than the rendition of professional legal services is somehow deprived of attorney-client privilege. *See, e.g., In re Grand Jury Subpoena Duces Tecum Dated Sept. 15, 1983*, 731 F.2d 1032, 1038 (2d Cir. 1984) ("[D]ocuments [which] memorialize client confidences

---

of the parties' respective arguments and agreements on the privileged documents (the *Crocker* court has not yet ruled on the issue given the stay in that case). We did not receive that transcript from the court reporter until Saturday June 29, 2019, after Plaintiff filed his Letter.

[6] Although Plaintiff does not delineate any specific documents on the Privilege Log that allegedly reflect "business advice," Defendants assume Plaintiff does not take issue with the documents that plainly reflect privileged documents relating to settlement decisions or pending litigation.

obtained in the pursuit of legal advice concerning the mechanics and consequences of alternative business strategies" are protected by the attorney-client privilege); *Great Plains Mutual Insurance Co., Inc. v. Mutual Reinsurance Bureau*, 150 F.R.D. 193, 197–98 (D. Kan. 1993) (holding that minutes from a board-of-directors' meeting were protected by the attorney-client privilege where the minutes concerned legal advice given by in-house counsel). In short, the fact that legal advice may touch upon business consequences does not remove such advice from the protection of the attorney-client privilege.

Further, when information is conveyed to an attorney, the communication need not specifically ask for legal advice in order to maintain the document's privileged status, so long as the information is sent to counsel in order for counsel to provide legal advice. *See In re Buspirone Antitrust Litig.*, 211 F.R.D. 249, 254 (S.D.N.Y.2002); *In re Pfizer Inc. Secs. Litig.*, No. 90 Civ. 1260(SS)(NRB), 1993 WL 561125, at *6 (S.D.N.Y. Dec. 23, 1993) ("An implied request [for legal advice] exists when an employee sends information to corporate counsel in order to keep them apprised of ongoing business developments, with the expectation that the attorney will respond in the event the matter raises important legal issues.").

The same conclusions should follow here. While the withheld documents may have some bearing on Defendants' ultimate business decision, they are without question privileged documents. As the Privilege Log shows, the documents concern the interpretation of statutes and proposed legislation and case law and the provision of legal opinions on those topics. In short, the opinions given in the documents required the skill and expertise of an attorney rather than mere business guidance or technical knowledge. That the legal opinions were given on subjects for which Navient then made business decisions does not strip them of their privileged status. *See, e.g., United States v. United Shoe Machinery Corp.*, 89 F. Supp. 357, 359 (D. Mass. 1950) (finding privileged 800 documents that included "recommendations [that] had in addition to legal points some economic or policy or public relations aspect").

In sum, Defendants have met and continue to meet their discovery obligations in this case. Defendants also have properly asserted the attorney-client and work product privileges with respect to each of the documents itemized on the Privilege Log. Therefore, no basis exists for the Court to issue any order compelling the production of any documents outlined in the Letter.

Dated:  July 9, 2019
       New York, New York

Respectfully submitted,

*/s/ Shawn R. Fox*
Shawn R. Fox
McGuireWoods LLP
1251 Avenue of the Americas, 20th Floor
New York, New York 10020-1104
Telephone:   212.548.2100
Email: sfox@mcguirewoods.com

—and—

*/s/ Thomas M. Farrell*
Thomas M. Farrell (*pro hac vice*)
McGuireWoods LLP
JPMorgan Chase Tower
600 Travis Street, Suite 7500
Houston, Texas 77002
Telephone:   713.571.9191
E-mail: tfarrell@mcguirewoods.com

—and—

Dion W. Hayes (*pro hac vice*)
K. Elizabeth Sieg (*pro hac vice*)
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219
Telephone:   804.775.1000
Email: dhayes@mcguirewoods.com
       bsieg@mcguirewoods.com

*Counsel for Defendants*

## **Exhibit A**

Privilege Log

**Evan Brian Haas et al. v. Navient Solutions, LLC, et al. and Hilal K. Homaidan v. Navient Solutions, LLC, et al.**
**Navient Privilege Log**
**4/3/2019**

| Haas Bates Begin | Haas Bates End | Homaidan Bates Begin | Homaidan Bates End | Date | Author | To | CC | Privilege Type | Document Description |
|---|---|---|---|---|---|---|---|---|---|
| NAV200000001 | NAV200000001 | NAVHOM01114745 | NAVHOM01114745 | 10/4/2007 | Lavet, Robert | Albertini, Dana | | Attorney Client; Work Product | Email among in-house counsel prepared in connection with litigation discussing whether to settle adversary proceeding, promissory note language, potential revisions to loan program and global litigation strategies and containing legal advice on same. |
| NAV200000002 | NAV200000002 | NAVHOM01114746 | NAVHOM01114746 | 1/18/2007 | Austill, Kim | Rakatansky, Carol; Albertini, Dana | Eckerman, Cathy; Fierstein, Barry | Attorney Client; Work Product | Email to in-house counsel prepared in anticipation of litigation requesting legal advice about 11 U.S.C. section 523 for purposes of updating Private Education Loan Servicing Guide. |
| NAV200000002.001 | NAV200000002.002 | NAVHOM01114747 | NAVHOM01114748 | 1/18/2007 | Austill, Kim | | | Attorney Client; Work Product | Attachment to email to in-house counsel prepared in anticipation of litigation requesting legal advice about 11 U.S.C. section 523 for purposes of updating Private Education Loan Servicing Guide. |
| NAV200000003 | NAV200000003 | NAVHOM01114749 | NAVHOM01114749 | 2/22/2005 | Rakatansky, Carol | Lavet, Robert | O'Connell, Robert | Attorney Client; Work Product | Email among in-house counsel prepared in anticipation of litigation discussing proposed bankruptcy bill (i.e., BAPCPA) and scope of discharge exemption and containing legal opinions on same. |
| NAV200000004 | NAV200000007 | NAVHOM01114750 | NAVHOM01114753 | 2/27/2006 | Thomas, Prince | Shaffer, Ronald | | Attorney Client; Work Product | Memorandum from outside counsel prepared in anticipation of litigation summarizing discussions with in-house counsel regarding the dischargeability of consolidation loans and loans to half-time students and containing legal opinions on same. |
| NAV200000008 | NAV200000009 | NAVHOM01114754 | NAVHOM01114755 | 3/9/2005 | Goffman, Barbara | Keler, Marianne | Lavet, Robert; Wachtel, Andrew; Rakatansky, Carol | Attorney Client; Work Product | Memorandum from in-house counsel prepared in anticipation of litigation summarizing proposed bankruptcy bill (i.e., BAPCPA), suggesting amendments to promissory note language, and providing legal opinion on same. |
| NAV200000010 | NAV200000010 | NAVHOM01114756 | NAVHOM01114756 | 1/18/2007 | Rakatansky, Carol | Austill, Kim; Albertini, Dana | Eckerman, Cathy; Fierstein, Barry | Attorney Client; Work Product | Email from in-house counsel in response to request for legal advice prepared in anticipation of litigation about 11 U.S.C. section 523 for purposes of updating Private Education Loan Servicing Guide. |
| NAV200000011 | NAV200000011 | NAVHOM01114757 | NAVHOM01114757 | 12/14/2007 | Kurtz, Karen | Albertini, Dana; Wachtel, Andrew | Kirkmeyer, Mike | Attorney Client; Work Product | Email to in-house counsel prepared in connection with litigation soliciting legal advice about the dischargeability of private loans and containing legal advice on same. |
| NAV200000049 | NAV200000049 | NAVHOM01114795 | NAVHOM01114795 | 1/18/2007 | Albertini, Dana | Austill, Kim; Rakatansky, Carol | Eckerman, Cathy; Fierstein, Barry | Attorney Client; Work Product | Email from in-house counsel responding to request for legal advice about 11 U.S.C. section 523 for purposes of updating Private Education Loan Servicing Guide prepared in anticipation of litigation. |
| NAV200000050 | NAV200000052 | NAVHOM01114796 | NAVHOM01114798 | 2/26/2007 | Dreyer, Kevin | Austill, Kim | Smith, Brent; Eckerman, Cathy; Rakatansky, Carol; Albertini, Dana; Olson, Ken; Fierstein, Barry; Maurer, Doug | Attorney Client; Work Product | Email chain from in-house counsel circulating for discussion a memorandum regarding the discharge exception for private loans in bankruptcy in response to solicitation of legal advice for the purposes of updating Private Education Loan Servicing Guide in anticipation of litigation. |
| NAV200000053 | NAV200000054 | NAVHOM01114799 | NAVHOM01114800 | 2/26/2007 | Dreyer, Kevin | Austill, Kim | | Attorney Client; Work Product | Memorandum from in-house counsel prepared in anticipation of litigation regarding the discharge exception for private loans in bankruptcy and containing legal advice on same. |

**CONFIDENTIAL**

<u>Evan Brian Haas et al. v. Navient Solutions, LLC, et al. and Hilal K. Homaidan v. Navient Solutions, LLC, et al.</u>
<u>Navient Privilege Log</u>
<u>4/3/2019</u>

| Haas Bates Begin | Haas Bates End | Homaidan Bates Begin | Homaidan Bates End | Date | Author | To | CC | Privilege Type | Document Description |
|---|---|---|---|---|---|---|---|---|---|
| NAV200000055 | NAV200000055 | NAVHOM01114801 | NAVHOM01114801 | 1/18/2007 | Austill, Kim | Rakatansky, Carol; Albertini, Dana | Eckerman, Cathy; Fierstein, Barry | Attorney Client; Work Product | Email to in-house counsel requesting legal advice about 11 U.S.C. section 523 for purposes of updating Private Education Loan Servicing Guide prepared in anticipation of litigation. |
| NAV200000056 | NAV200000057 | NAVHOM01114802 | NAVHOM01114803 | 2/23/2007 | Lester, Jonathan | Albertini, Dana; Fierstein, Barry | Donahue, Renee; Eckerman, Cathy; Austill, Kim; Shutrump, Colleen; Kahiu, Carmen; Hogan, Mary; Davis, Stephanie; Wisdom, Esther; Olson, Ken; Gralak, Michele | Attorney Client; Work Product | Email chain with in-house counsel requesting legal advice on the capitalization of interest after the imposition of the automatic stay in bankruptcy, which contains legal opinion and legal advice prepared in anticipation of litigation. |
| NAV200000058 | NAV200000058 | NAVHOM01114804 | NAVHOM01114804 | 11/2/2006 | Black, Gary | Yurko, Viktoriya; Albertini, Dana | Austill, Kim; Smith, Mercy; Gralak, Michele; Fierstein, Barry | Attorney Client; Work Product | Email chain with in-house counsel prepared in anticipation of litigation requesting and discussing legal advice about Bar Study Loan application package and dischargeability of Residency and Relocation Loan under pre-BAPCPA law and containing legal opinions on same. |
| NAV200000059 | NAV200000059 | NAVHOM01114805 | NAVHOM01114805 | 1/30/2007 | Austill, Kim | Austill, Kim; Dreyer, Kevin; Kirkmeyer, Mike; Smith, Brent; Peace, Kim; Eckerman, Cathy; Austill, Kim; Shutrump, Colleen; Hogan, Mary; Rakatansky, Carol; Albertini, Dana; Olson, Ken; Gralak, Michele; Maurer, Doug | | Attorney Client; Work Product | Email with in-house counsel scheduling call and requesting legal advice on various bankruptcy issues that affect private loans for purposes of updating Private Education Loan Servicing Guide in anticipation of litigation. |
| NAV200000060 | NAV200000081 | NAVHOM01114806 | NAVHOM01114827 | 1/22/2007 | Austill, Kim | | | Attorney Client; Work Product | Attachment to email to in-house counsel scheduling call in anticipation of litigation and requesting legal advice on various bankruptcy issues that affect private loans for purposes of updating Private Education Loan Servicing Guide, which sets forth questions to counsel. |
| NAV200000095 | NAV200000109 | NAVHOM01114841 | NAVHOM01114855 | 4/25/2006 | Lavet, Robert; Sheehan, Mike; Rakatansky, Carol | | | Attorney Client; Work Product | Powerpoint presentation by in-house counsel prepared in anticipation of litigation providing legal advice and containing legal opinions on various legal issues, including dischargeability. |
| NAV200000160 | NAV200000160 | NAVHOM01114906 | NAVHOM01114906 | 2/22/2005 | Rakatansky, Carol | Lavet, Robert | O'Connell, Robert | Attorney Client; Work Product | Memorandum among in-house counsel prepared in anticipation of litigation regarding proposed bankruptcy legislation (i.e., BAPCPA) and qualified education loans and containing legal opinions on same. |
| NAV200000161 | NAV200000163 | NAVHOM01114907 | NAVHOM01114909 | Post-BAPCPA | Greco, Pete | | | Attorney Client; Work Product | Supplemental memorandum from in-house counsel prepared in connection with litigation regarding litigation risks and undue hardship standard, qualified education loans, and related litigation questions and containing legal opinions on solutions to same. |
| NAV200000164 | NAV200000165 | NAVHOM01114910 | NAVHOM01114911 | Post-BAPCPA | Greco, Pete | | | Attorney Client; Work Product | Memorandum among in-house counsel prepared in connection with litigation identifying litigation risks associated with Tuition Answer Loans and Signature Student Loans and containing legal opinion on same. |

**CONFIDENTIAL**

Evan Brian Haas et al. v. Navient Solutions, LLC, et al. and Hilal K. Homaidan v. Navient Solutions, LLC, et al.
Navient Privilege Log
4/3/2019

| Haas Bates Begin | Haas Bates End | Homaidan Bates Begin | Homaidan Bates End | Date | Author | To | CC | Privilege Type | Document Description |
|---|---|---|---|---|---|---|---|---|---|
| NAV200000166 | NAV200000167 | NAVHOM01114912 | NAVHOM01114913 | 6/12/2007 | Lavet, Robert | Amani, Barbara; Bronfman, Marcos; Ducich, Sarah; Greco, Pete; Lavin, Jack; Matteucci, Raymond; Meyer, Paul; McBride, Brandon; Meck, Rob | | Attorney Client; Work Product | Email among in-house counsel regarding historical bankruptcy laws, proposed bankruptcy legislation, and anticipated litigation and containing legal advice prepared in anticipation of same. |
| NAV200000168 | NAV200000168 | NAVHOM01114914 | NAVHOM01114914 | 5/17/2007 | Lyon, Kris | Smith, Brent; Greco, Pete; Lavet, Robert | | Attorney Client; Work Product | Emails with in-house counsel regarding proposed amendments to the Bankruptcy Code and litigation filed since April 2005 prepared in anticipation of additional litigation and containing legal advice on same. |
| NAV200000335 | NAV200000335 | NAVHOM01115081 | NAVHOM01115081 | 2/16/2007 | Olson, Ken | Olson, Ken; Lester, Jonathan; Morgan, Jason | | Attorney Client; Work Product | Email concerning request for legal advice for purposes of updating Private Education Loan Servicing Guide prepared in anticipation of litigation. |
| NAV200000336 | NAV200000336 | NAVHOM01115082 | NAVHOM01115082 | 2/16/2007 | Olson, Ken | | | Attorney Client; Work Product | Attachment to email concerning request for legal advice for purposes of updating Private Education Loan Servicing Guide prepared in anticipation of litigation, with annotations of specific questions on which legal advice was sought. |
| NAV200000337 | NAV200000338 | NAVHOM01115083 | NAVHOM01115084 | 12/31/2008 | Walter, Mike | Walter, Mike | | Attorney Client; Work Product | Email prepared in anticipation of litigation containing legal advice on charge-off policy as applied to accounts affected by bankruptcy. |
| NAV250000001 | NAV250000001 | NAVHOM01115085 | NAVHOM01115085 | 10/6/2014 | Shipman, Petra | DDB Special Issues | Peace, Kimberly | Attorney Client; Work Product | Email prepared in connection with litigation reflecting legal advice regarding discharge of debt. |
| NAV250000002 | NAV250000002 | NAVHOM01115086 | NAVHOM01115086 | 3/15/2013 | Koviack, Mary Ann | DDB Special Issues | | Attorney Client; Work Product | Email prepared in connection with litigation reflecting legal advice regarding discharge of debt. |
| NAV250000003 | NAV250000003 | NAVHOM01115087 | NAVHOM01115087 | 5/3/2013 | Koviack, Mary Ann | DDB Special Issues | | Attorney Client; Work Product | Email prepared in connection with litigation reflecting legal advice regarding discharge of debt. |

**CONFIDENTIAL**

## **CERTIFICATE OF SERVICE**

I certify that on this 9th day of July 2019, I filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all counsel of record, including counsel for Plaintiff (ashaw@bsfllp.com).

                                                       */s/ Shawn R. Fox*

118734512