

August 15, 2019

**VIA ECF**
Hon. Elizabeth S. Stong
U.S. Bankruptcy Court, EDNY
Conrad B. Duberstein Courthouse
271-C Cadman Plaza East - Suite 1595
Brooklyn, NY 11201-1800

      **Re:**    *Tashanna B. Golden, et al. v. National Collegiate Student Loan Trust 2005-3, et al.,* **Adv. Pro. No. 1-17-01005 (ESS)**

Dear Judge Stong:

      We represent Plaintiff in the above reference matter and write to add a related item to our previous request for a discovery conference. We previously requested a conference because Defendant Firstmark is refusing to produce service agreements. Now Defendant PHEAA is also refusing to produce service agreements. We request that both be compelled to produce the agreements and that the issue be handled at the same conference.

      A fundamental issue in this case is how Defendants act with regard to loans they service after the debtor has obtained a bankruptcy discharge. PHEAA has service agreements that do just that – govern the actions they are to take with regard to loans they service. PHEAA has nonetheless taken the position that unless the service agreements specifically use the words "bankruptcy" the agreements are irrelevant to this case[1]. The agreements govern PHEAA's actions for all loans, those that go through bankruptcy and those that don't. PHEAA follows the terms of the agreements for the loans whether the agreement uses the words bankruptcy or not. In other words, PHEAA still follows the agreements for loans that have gone through bankruptcy even if those agreements do not

---

[1] Email from Mr. Haveles, dated Aug 14. 2019 ("PHEAA has considered the demand to produce all servicing guidelines in their entirety. PHEAA cannot agree to do so. This action is not about PHEAA's servicing of loans. The action expressly concerns only how PHEAA deals with loans of bankrupt borrowers after there has been the entry of a general discharge order. Hence, servicing guidelines that deal with the servicing of loans of borrowers who file bankruptcy are the only portions of those guidelines that are relevant to the issues in this adversary proceeding.")



use the word "bankruptcy." PHEAA's actions under those agreements is relevant to show that PHEAA does not evaluate whether the loan was discharged before taking action to collect on the loan after bankruptcy.

PHEAA claims that the agreements are irrelevant. However, relevance is a broad and liberal concept. It cannot be disputed that Plaintiff will use the service agreements as evidence to show that PHEAA makes no determination about the dischargeability of a loan after bankruptcy, which is relevant to the claims and defenses in this case.

        Respectfully Submitted,

        */s/ Adam R. Shaw*
        Adam R. Shaw

ARS/mjk
cc: All counsel of record (via ECF)