UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>HILAL K. HOMAIDAN fka Helal K. Homaidan<br><br>                  Debtor, | Chapter 7<br><br>Case No. 08-48275 (ESS) |
| In re:<br><br>REEHAM YOUSSEF aka Reeham Navarro Youssef aka Reeham N. Youssef<br><br>                  Debtor, | Chapter 7<br><br>Case No. 13-46495 (ESS) |
| HILAL K. HOMAIDAN and REEHAM YOUSSEF on behalf of themselves and all others similarly situated<br><br>                  Plaintiffs,<br><br>   v.<br><br>SALLIE MAE, INC, NAVIENT SOLUTIONS, LLC, NAVIENT CREDIT FINANCE CORPORATION<br><br>                  Defendants. | Adv. Pro. No. 17-1085 |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR A PRELIMINARY INJUNCTION**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................i-ii

INTRODUCTION .................................................................................................................1

STATEMENT OF FACTS ....................................................................................................2

ARGUMENT .........................................................................................................................2

I.  PLAINTIFF NEED NOT SHOW IRREPARABLE INJURY ............................................2

II. IN ANY EVENT, PLAINTIFF AND THE CLASS WILL SUFFER IRREPARABLE INJURY IF AN INJUNCTION IS NOT GRANTED .........................................................3

III. PLAINTIFFS ARE LIKLEY TO SUCCEED ON THE MERITS .....................................4

IV. THE BALANCE OF HARDSHIPS TIPS IN FAVOR OF PLAINTIFFS AND THE CLASS ..................................................................................................................................4

V.  THE COURT SHOULD NOT REQUIRE THE POSTING OF A BOND .........................5

CONCLUSION..................................................................................................................5

# **TABLE OF AUTHORITIES**

Page(s)

Cases

*Barrientos v. Wells Fargo Bank, N.A.*,
    633 F.3d 1186 (9th Cir. 2011) .................................................................................................. 3

*Britestarr Homes, Inc. v. City of New York (In re Britestarr Homes, Inc.)*,
    368 B.R. 106 (Bankr. D. Conn. 2007) ...................................................................................... 2

*Eastern Airlines, Inc. v. Rolleston (In re Ionosphere Clubs, Inc.)*,
    111 B.R. 423 (Bankr. S.D.N.Y. 1990) ...................................................................................... 2

*Fisher v. Apostolou*,
    155 F.3d 876 (7th Cir. 1998) .................................................................................................... 2

*Garrity v. Leffler (In re Neuman)*,
    71 B.R. 567 (S.D.N.Y. 1987) .................................................................................................... 2

*In re Diaz*,
    526 B.R. 685 (Bankr. S.D. Tex. 2015) ...................................................................................... 3

*LTV Steel Co., Inc. v. Board of Education (In re Chateaugay Corp.)*,
    93 B.R. 26 (S.D.N.Y. 1988) ...................................................................................................... 2

*Lusk v. Vill. of Coldspring*,
    475 F.3d 480 (2d Cir. 2005) ...................................................................................................... 2

*Northwestern Corp. v. McGreevey (In re Northwestern Corp.)*,
    2005 WL 2847228 (D. Del. Oct. 25, 2005) .............................................................................. 3

*NWL Holdings, Inc. v. Eden Center, Inc. (In re Ames Department Stores, Inc.)*,
    317 B.R. 260 (Bankr. S.D.N.Y. 2004) ...................................................................................... 3

*Rivera v. Town of Huntington Hous. Auth.*,
    2012 WL 19337667 (E.D.N.Y. May 29, 2012) ........................................................................ 5

*The 1031 Tax Group, LLC, v. Alvarez (In re The 1031 Tax Group, LLC)*,
    397 B.R. 670 (Bankr. S.D.N.Y. 2008) ...................................................................................... 2

Statutes

11 U.S.C. § 523(a)(8)(B) ................................................................................................................ 1, 5

11 U.S.C. § 524 .............................................................................................................................. 1, 4

11 U.S.C. § 524(a) .............................................................................................................................. 3

IRS code § 221(d)(1) ............................................................................................................... 5

Pursuant to Bankruptcy Rule 7065 and Federal Rule of Civil Procedure 65, Plaintiffs Hilal K. Homaidan and Reeham Youssef, on behalf of themselves and all others similarly situated, submit this Memorandum of Law in Support of Their Motion for a Preliminary Injunction.

## INTRODUCTION

For at least the past 10 years, Defendants have been knowingly violating 11 U.S.C. § 524 by collecting on discharged debts in violation of the discharge orders and the statutory injunction applicable to all members of the class. Instead of making loans that are disbursed to qualified educational institutions and thereby obtaining the benefits of non-dischargeability contained in 11 U.S.C. § 523(a)(8)(B), Defendants have made direct-to-consumer loans to individuals without obtaining any certification from the educational institution that such loans were within the cost of attendance and were, therefore, a "qualified higher education expense." As a result, Defendants have a portfolio of hundreds of millions of dollars of purported "student loans" that are not exempt from discharge under § 523. Nonetheless, Defendants have been collecting or attempting to collect these debts despite the fact that they have been discharged in bankruptcy. Further, Defendants' own internal documents and their public statements demonstrate that they are fully aware that these loans were outside the terms of § 523(a)(8)(B). Yet, they continue to collect such debts without seeking a prior court determination that such collections did not violate § 524 or the discharge orders.

Because Defendants are continuing to collect on discharged debts without any possible legal justification, this Court should enter a preliminary injunction enjoining Defendants from collecting on any direct-to-consumer loan that they cannot establish do not exceed the cost of attendance. Since the burden is on Defendants to establish nondischargeability, collection on all direct-to-consumer loans to students whose loans were in existence at the time of discharge should

1

immediately cease. If and when Defendants can establish that particular loans do not exceed the cost of attendance, they may apply to the Court for permission to resume collection as to those loans.

## STATEMENT OF FACTS

For a full statement of facts, Plaintiffs respectfully refer the Court to their memoranda in support of class certification and their motion for partial summary judgment.

## ARGUMENT

### I. PLAINTIFF NEED NOT SHOW IRREPARABLE INJURY.

Normally "[t]o obtain a preliminary injunction, a party must: (1) demonstrate that [he or she] will be irreparably harmed if an injunction is not granted, and (2) either (a) likelihood of success on the merits or (b) sufficiently serious questions going to the merits for making them a fair ground for litigation, and a balance of hardship tipping decidedly in its favor." *Lusk v. Vill. of Coldspring*, 475 F.3d 480, 485 (2d Cir. 2005) (internal quotations omitted). However, a bankruptcy court, pursuant to its powers under § 105, may grant a preliminary injunction to protect the debtor or the estate without a showing of irreparable injury. *The 1031 Tax Group, LLC, v. Alvarez* (*In re The 1031 Tax Group, LLC*) 397 B.R. 670, 684 (Bankr. S.D.N.Y. 2008); *Britestarr Homes, Inc. v. City of New York* (*In re Britestarr Homes, Inc.*) 368 B.R. 106, 108 (Bankr. D. Conn. 2007); *Eastern Airlines, Inc. v. Rolleston* (*In re Ionosphere Clubs, Inc.*) 111 B.R. 423, 431 (Bankr. S.D.N.Y. 1990) affirmed in part and reversed in part on other grounds, 124 B.R. 635 (S.D.N.Y. 1999); *LTV Steel Co., Inc. v. Board of Education* (*In re Chateaugay Corp.*) 93 B.R. 26, 29 (S.D.N.Y. 1988); *Garrity v. Leffler* (*In re Neuman*) 71 B.R. 567, 571 (S.D.N.Y. 1987); *Fisher v. Apostolou*, 155 F.3d 876, 882 (7th Cir. 1998).

Stated another way, "[a]n injunction against violation of the discharge already exists by operation of law." Thus, "[p]laintiff in reality seeks a contempt order for the violation of an

injunction that already exists." *Barrientos v. Wells Fargo Bank, N.A.,* 633 F.3d 1186, 1190 (9th Cir. 2011); *Northwestern Corp. v. McGreevey* (*In re Northwestern Corp.*) 2005 WL 2847228, at *6 (D. Del. Oct. 25, 2005) ("Under settled law, where a party unilaterally violates a bankruptcy court order, that violation, standing alone, constitutes the only harm necessary for an injunction.").

As former Bankruptcy Judge Gerber explained,

> … it is manifestly proper, in this Court's view, to invoke section 105(a) "to enforce or implement" the Court's earlier orders and to prevent abuses of process. Exercise of the Court's section 105(a) authority in this manner, and for this purpose, vindicates the interests of the *Court*, as much as (and perhaps more than) it vindicates the interest of an individual litigant. Particularly in such a situation, it is not surprising that the usual grounds for injunctive relief, such as irreparable injury, need not be shown in a proceeding for an injunction under section 105(a).

*NWL Holdings, Inc. v. Eden Center, Inc.* (*In re Ames Department Stores, Inc.*), 317 B.R. 260, 274 (Bankr. S.D.N.Y. 2004) (emphasis original).

## II.    IN ANY EVENT, PLAINTIFF AND THE CLASS WILL SUFFER IRREPARABLE INJURY IF AN INJUNCTION IS NOT GRANTED.

The mere act of repeatedly attempting to collect a debt that has been discharged in and of itself creates irreparable injury. *See In re Diaz*, 526 B.R. 685, 964 (Bankr. S.D. Tex. 2015):

> If ARA continues to call Plaintiffs, damages alone would not compensate them for the stress caused by the harassing phone calls. It appears that ARA continued to make calls as recently as October of 2014, when Plaintiffs met with their attorney regarding a new round of phone calls. . . . ARA persisted in their conduct despite facing the threat of court-ordered damages due to the complaint pending against them. In junctive relief is necessary to prevent further violations of the discharge injunction.

*Id.* at 695.

Similarly, in *In re Daniel*, a debtor who had been granted a discharge sought a preliminary and permanent injunction enforcing the provisions of § 524(a), prohibiting a law firm representing a creditor from proceeding against the debtor in a state court lawsuit, and ordering the firm to cease and desist any further attempts to collect on that debt. 98 B.R. 73 (Bankr. M.D. Fla. 1989). The

court held that "any action or attempt to collect [the debt] in spite of a discharge is a clear violation of the permanent injunction included in the discharge," and held that "if the injunctive relief sought by the Debtors in this adversary proceeding is not granted the Debtors will suffer irreparable harm." *Id*. at 76.

In this case, as in *Diaz* and *Daniel*, Defendants have acted in "flagrant disregard" of the discharge injunctions by repeatedly attempting to collect on Plaintiffs' and Class Members' discharged debts. And as in *Diaz* and *Daniel*, Defendants' continued efforts will cause Plaintiff Youssef and Class Members to suffer irreparable harm if an injunction is not entered.

### III. PLAINTIFFS ARE LIKLEY TO SUCCEED ON THE MERITS.

As is more fully set forth in Plaintiff's motion for partial summary judgment, Defendants have no legal basis for collecting on debts that exceed the cost of attendance. Defendants actions are illegal and violative of the injunction of § 524. Therefore, not only are Plaintiffs likely to succeed on the merits, but they have already established Defendants' liability.

### IV. THE BALANCE OF HARDSHIPS TIPS IN FAVOR OF PLAINTIFFS AND THE CLASS.

In the absence of a preliminary injunction, Plaintiff Youssef and the other members of the class will continue to be harassed by Defendants for payment of discharged debts. This will cause not only the stress of harassing phone calls and letters, but also the financial hardship of continued payment on these discharged loans. In contrast, Defendants will suffer not at all from the entry of a preliminary injunction since they have absolutely no legal right to collect on these debts. Even if Defendants had a colorable claim (and they do not), the balance of hardship still weighs in favor of Plaintiffs and the class since Defendants, multi-billion dollar companies, would not suffer any serious loss from a disruption in payment on these loans, which constitute a fraction of their overall portfolio. To the extent the injunction affects loans that were not in excess of the cost of

4

attendance, and therefore nondischargebale, Defendants have it within their power to establish those facts and apply to the Court for relief from the preliminary injunction on those loans.

It should be noted that these very same Defendants have already voluntarily agreed to a court order requiring them to discontinue collection on direct-to-consumer loans made to individuals who received a discharge in bankruptcy and who were not attending Title IV schools at the time they received their loans. *See* Agreed Order, *In re Crocker (a/k/a Haas),* Case No. 16-03175 Dkt. 122, April 11, 2017 (S.D. Tex.). [1]

### V.     THE COURT SHOULD NOT REQUIRE THE POSTING OF A BOND.

Rule 7065 specifically provides that this Court may grant a preliminary injunction on the application of a debtor without compliance with Rule 65(c), the provision applicable bonds. This rule was obviously enacted in recognition of the limited means of the debtor and the fact that injunctions are often needed to protect the bankruptcy court's jurisdiction over the estate of the debtor. In this case, given the vast financial resources of Defendants and the limited means of the class members, this court should exercise its discretion and not require the posting of a bond. *See Rivera v. Town of Huntington Hous. Auth.*, 2012 WL 19337667 (E.D.N.Y. May 29, 2012) (requiring no bond where there was no showing that Defendants were likely to suffer harm and Plaintiff was of limited means).

### CONCLUSION

For all of the foregoing reasons Plaintiffs respectfully request that the Court grant their motion for preliminary injunction.

---

[1] In order to come within the terms of § 523(a)(8)(B), a student loan must be a "qualified education loan" within the terms of § 221(d)(1) of the Internal Revenue Code which limits such loans to those that do not exceed the cost of attendance at so-called Title IV schools.

Dated:  December 19, 2019               Respectfully submitted,

**BOIES SCHILLER FLEXNER LLP**

By:     */s/ George F. Carpinello*
George F. Carpinello
Adam R. Shaw
30 South Pearl Street
Albany, NY  12207
(518) 434-0600

**SMITH LAW GROUP**
Austin C. Smith, Esq.
3 Mitchell Place, Suite 5
New York, NY  10017

**JONES, SWANSON, HUDDELL & GARRISON, L.L.C.**
Lynn E. Swanson (admitted *pro hac vice*)
Peter Freiberg (admitted *pro hac vice*)
601 Poydras Street, Suite 2655
New Orleans, Louisiana 70130

**FISHMAN HAYGOOD LLP**
Jason W. Burge (admitted *pro hac vice*)
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170

*Counsel for Plaintiffs*