UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>HILAL K. HOMAIDAN fka Helal K. Homaidan<br><br>               Debtor, | Chapter 7<br><br>Case No. 08-48275 (ESS) |
| In re:<br><br>REEHAM YOUSSEF aka Reeham Navarro Youssef aka Reeham N. Youssef<br><br>               Debtor, | Chapter 7<br><br>Case No. 13-46495 (ESS) |
| HILAL K. HOMAIDAN and REEHAM YOUSSEF on behalf of themselves and all others similarly situated<br><br>               Plaintiffs,<br><br>   v.<br><br>SALLIE MAE, INC, NAVIENT SOLUTIONS, LLC, NAVIENT CREDIT FINANCE CORPORATION<br><br>               Defendants. | Adv. Pro. No. 17-1085 |

**PLAINTIFFS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR A PRELIMINARY INJUNCTION**

February 12, 2020

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ii-iii

PRELIMINARY STATEMENT ...............................................................................................1

ARGUMENT...............................................................................................................................2

I.     PLAINTIFFS DO NOT NEED TO SHOW IRREPERABLE INJURY ............................2

II.    THIS COURT HAS THE POWER TO ENTER A PRELIMINARY INJUNCTION ........4

III.   THIS COURT HAS AUTHORITY TO EXERCISE JURIDICTION OVER A
NATIONWIDE CLASS ....................................................................................................5

IV.   PLAINTIFFS' REQUEST FOR RELIEF IS NOT OVERBROAD ..................................5

V.    A PRELIMINARY INJUNCTION WILL NOT CAUSE HARDSHIP
TO BORROWERS.............................................................................................................6

VI.   DEFENDANTS FAIL TO DELINEATE WHAT SUBSTANTIAL
ADMINISTRATIVE OR OTHER COSTS THEY WILL INCUR ...................................7

VII.  THE PROPOSED INJUNCTION ORDER IS NOT INDEFINITE ...................................8

VIII. THIS COURT NEED NOT IMPOSE A BOND ...............................................................8

CONCLUSION..............................................................................................................................8

# TABLE OF AUTHORITIES

| Cases | Page(s) |
| --- | --- |

*Bank of Crete v. Koskotas*,
   733 F. Supp. 648 (S.D.N.Y. 1990) ................................................................................ 4

*Barrientos v. Wells Fargo Bank, N.A.*,
   633 F.3d 1186 (9th Cir. 2011) ....................................................................................... 5

*Haynes v. Chase*,
   2014 WL 3608891 (Bankr. S.D.N.Y. 2014) .................................................................. 3

*IGT v. High 5 Games, LLC*,
   2018 WL 2939032 (S.D.N.Y. April 17, 2018) .............................................................. 5

*In re Anderson*,
   550 B.R. 228 (S.D.N.Y. 2016) ....................................................................................... 5

*In re Brizinova*,
   565 B.R. 488 (Bankr. E.D.N.Y. 2017) ........................................................................... 6

*In re Diaz*,
   526 B.R. 685 (Bankr. S.D. Tex. 2015) ..................................................................... 3, 5

*In re Homaidan*,
   596 B.R. 86 (E.D.N.Y. 2019) ..................................................................................... 4, 5

*In re Torres*,
   367 B.R. 478 (Bankr. S.D.N.Y. 2007) ........................................................................... 3

*In re Tronok, Inc. v. Anadarko Petroleum Corp.*,
   594 B.R. 21 (S.D.N.Y. 2016) ......................................................................................... 4

*McKenzie–Gilyard v. HSBC Bank, Nevada NA*,
   388 B.R. 474 (Bankr. E.D.N.Y. 2007) ........................................................................... 3

*Solow v. Kalikow (In re Kalikow)*,
   602 F.3d 82 (2d Cir. 2010) ............................................................................................. 4

*Tennessee Student Assistance Corp. v. Hood*,
   541 U.S. 440 (2004) ....................................................................................................... 3

*United Student Aid Funds, Inc. v. Espinosa*,
   559 U.S. 260 (2010) ....................................................................................................... 3

Statutes

Section 105 of the Bankruptcy Code .......................................................................................... 4

Rules

Federal Rule of Civil Procedure 65 ............................................................................................. 1

Pursuant to Bankruptcy Rule 7065 and Federal Rule of Civil Procedure 65, Plaintiffs Hilal Homaidan, and Reeham Youssef, on behalf of themselves and all others similarly situated (collectively "Plaintiffs"), submit this reply memorandum of law in support of their motion for a preliminary injunction against Defendants Navient Solutions LLC and Navient Credit Finance Corporation ("Defendants" or "Navient").

## PRELIMINARY STATEMENT

Defendants complain that Plaintiffs seek preliminary injunction relief five years after the most recent bankruptcy discharge of any of the named Plaintiffs. Defendants can hardly complain about any delay in Plaintiffs' attempt to stop Defendants' illegal actions. Defendants knew their actions were illegal. Yet, in the face of that illegality, they nonetheless advised borrowers that their debts were still due and owing despite the fact that those debts had been discharged. Given these facts, one cannot fault Plaintiffs or any other members of the class for believing Defendants' assertions that their debts were nondischargeable. Thus, any defense of laches is utterly unsupportable. *See* Pls.' Reply Memorandum of Law in Support of Their Motion for Summary Judgment at Part V.

Moreover, Defendants can hardly complain that this motion was brought two years after the commencement of this adversary proceeding given the substantial motion practice brought by Defendants and their delay in providing adequate discovery.

*Second*, Defendants argue that a preliminary injunction would be "unfair" because of the borrowers' "certifications" to Defendants that their loans were within the cost of attendance. As further pointed out in Plaintiffs' Reply Memorandum of Law in Support of Their Motion for Summary Judgment, Defendants have no basis to rely on any supposed "certifications" in their boilerplate loan documents when they could have easily determined the cost of attendance of each

1

loan and knew that, by not seeking such certification, they were running the risk that many of their loans would be discharged.

*Third*, Defendants argue that this Court lacks authority to interpret and enforce discharge orders entered by bankruptcy courts outside of the Eastern District of New York. That argument is fully rebutted in Plaintiffs' Motion for Class Certification.

*Fourth*, Defendants argue that Plaintiffs are seeking an "injunction to enforce an injunction which is not a permissible form of relief." That argument is entirely without merit. Section 524 operates as an injunction and Defendants are violating that injunction. No one can credibly argue that this Court cannot order Defendants to stop their continuing violation of that injunction.

*Finally*, Plaintiffs are not required to show irreparable injury, although such irreparable injury is clearly occurring. Further, as demonstrated in Plaintiffs' Motion for Summary Judgment, there is clearly a substantial likelihood of success on the merits of their claims. In addition, the balance of equities and public interest favor such an injunction.

## ARGUMENT

### I.  PLAINTIFFS DO NOT NEED TO SHOW IRREPERABLE INJURY.

The case law is clear that a bankruptcy court exercising its powers pursuant to § 105 may grant a preliminary injunction to protect the debtor and the estate without a showing of irreparable injury. Defendants attempt to distinguish the cases cited in Plaintiffs' brief (Dkt. 171 at 2) but the cases unequivocally stand for the proposition for which they are cited. Moreover, Defendants' cite absolutely no case law to the contrary. In any event, it is clear that the class is being subjected to continuing harm from Defendants' unremitting collection efforts and their placement of derogatory notations on Plaintiffs' credit reports which impede their ability to do such things as rent an apartment, buy a car, or obtain any other kind of credit.

In this regard, Defendants attempt to distinguish in *In re Diaz*, 526 B.R. 685 (Bankr. S.D. Tex. 2015), noting, in particular, that the creditor in *Diaz* "threatened to ruin the credit rating of plaintiff's son." Dkt. 189 at 16. But that is *exactly* what Defendants are doing on a nationwide scale. They do not dispute that, despite the entry of discharge orders, Defendants are continuing to provide credit reporting agencies with derogatory information indicating that those loans are still due and owing, a clear violation of § 524. *See, e.g., McKenzie–Gilyard v. HSBC Bank, Nevada NA*, 388 B.R. 474 (Bankr. E.D.N.Y. 2007); *In re Torres*, 367 B.R. 478 (Bankr. S.D.N.Y. 2007); *Haynes v. Chase*, 2014 WL 3608891 (Bankr. S.D.N.Y. 2014).

Defendants also argue that Plaintiffs are not entitled to an injunction because they have "offered no evidence of any abusive conduct." Dkt. 189 at 16. The irony of this statement, given Defendants' contemptuous refusal to stop collecting on discharged debts, is evident. In any event, whether Defendants are guilty of contempt or not (an issue for another day), they should be ordered to stop telling former debtors that their discharged debts are still due and owing; harassing them by attempting to collect on those debts; and threatening them with ruining their credit rating by reporting their debts as past due.

Defendants also rely upon Supreme Court's decision in *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010) and *Tennessee Student Assistance Corp. v. Hood*, 541 U.S. 440 (2004) presumably for the proposition that a preliminary injunction is unnecessary. Neither case supports Defendants' position.

*First*, as noted in Plaintiffs' Reply Memorandum of Law in Support of Their Motion for Summary Judgment, both cases involved loans that were clearly within the terms of § 523(a)(8) and where the debtor was seeking a undue hardship discharge. In such a circumstance, absent any request for an undue hardship discharge, a student loan is presumed to be nondischargeable. That

is not the case here, since Defendants' direct-to-consumer loans do not fall within the ambit of § 523(a)(8).

*Second*, even if there were an initial presumption of nondischargeability here (and there is not) that presumption has clearly been rebutted through Plaintiffs' Motion for Partial Summary Judgment. Defendants have no defense to the dischargeability of loans that exceed the cost of attendance.

## II.     THIS COURT HAS THE POWER TO ENTER A PRELIMINARY INJUNCTION.

Defendants argue that this Court has no power to enjoin them from continuing to violate § 524 because they are already subject to an injunction prohibiting them from doing so. Dkt. 189, at 12-13.  Defendants are correct that they are subject to a statutory injunction prohibiting them from continuing to collect on discharged debts. *But they are still doing it*. Obviously, this Court has the power under § 105 to tell Defendants that what they are doing violates § 524 and to order them to stop under penalty of contempt. Section 105 of the Bankruptcy Code gives the Bankruptcy Court the power to exercise any equitable remedy "demonstrably necessary to preserve a right elsewhere provided in the Code" including any form of relief "to the extent such awards are necessary and appropriate to carry out the provisions of the Bankruptcy Code and provide full remedial relief." *Solow v. Kalikow* (*In re Kalikow*), 602 F.3d 82, 97 (2d Cir. 2010).

A court always has the power, in enforcing an injunction, to require the parties to take specific steps in compliance with the injunction. *In re Tronok, Inc. v. Anadarko Petroleum Corp.*, 594 B.R. 21, 55 (S.D.N.Y. 2016) *appeal dismissed* 855 F.3d 84 (2d Cir. 2017).

Whether one calls what Plaintiffs seek a new injunction or merely this Court's declaration that Defendants' acts violate the injunction of § 524 is a matter of semantics. *See In re Homaidan*, 596 B.R. 86, 100-101 (E.D.N.Y. 2019) (holding that Plaintiffs state a claim for declaratory relief); *Bank of Crete v. Koskotas*, 733 F. Supp. 648, 649 (S.D.N.Y. 1990) ("federal courts that issue

injunctions can and should give declaratory guidance defining the meaning and scope of injunctions issued."); *IGT v. High 5 Games, LLC*, 2018 WL 2939032 (S.D.N.Y. April 17, 2018) (same). Ultimately, this Court can issue an order that requires Defendants to stop collecting on the loans.

Defendants rely on *Barrientos v. Wells Fargo Bank, N.A.*, 633 F.3d 1186, 1190 (9th Cir. 2011) and its progeny, which hold that a violation of § 524 must be brought by way of a motion for contempt rather than through an adversary proceeding because there is no private right of action to enforce § 524. In coming to this holding,[1] *Barrientos* stated in dicta that a claim for an injunction would be superfluous and would add no additional relief since the parties were already subject to an injunction under § 524. This dicta is neither compelling nor binding on this Court. When a party claims that a statutory injunction does not apply to it and, therefore, continues to violate the injunction, a court has the inherent power to direct it to stop. To hold otherwise would drastically undermine the Court's ability to enforce § 524. *See In re Diaz*, 526 B.R. at 688 (specifically enjoining party from taking further acts to collect a particular debt from plaintiffs.).

### III. THIS COURT HAS AUTHORITY TO EXERCISE JURISDICTION OVER A NATIONWIDE CLASS.

Defendants argue that this Court has no authority to exercise jurisdiction over a nationwide class. Plaintiffs exhaustively address this issue in their motion for class certification. Dkt. 169 at 38-48. In summary, this Court clearly has jurisdiction to certify a nationwide class, which Defendants concede (Dkt. 189 at 9, n.1) and there is no reason that this Court should abstain from exercising that jurisdiction in a case such as this, where Defendants are engaging in the same conduct nationwide affecting literally tens of thousands of people and where the exact same factual

---

[1] The holding in *Barrientos*, that a violation of § 524 can only be brought by motion rather than by adversary proceeding has been expressly rejected by this Court and by District Judge Roman in the Southern District of New York. *In re Homaidan*, 596 B.R. 86 at 108; *In re Anderson*, 550 B.R. 228, 240 (S.D.N.Y. 2016).

and legal issues arise in all such cases. This Court expressly recognized the compelling logic of such an approach in *In re Brizinova*, 565 B.R. 488, 503 (Bankr. E.D.N.Y. 2017).

## IV.     PLAINTIFFS' REQUEST FOR RELIEF IS NOT OVERBROAD.

Defendants claim that the request for relief is overbroad because it is not limited to recipients of Tuition Answer Loans. That is not a basis to deny the injunction. The class as defined in Plaintiffs' Motion for Class Certification is not limited to individuals who received Tuition Answer Loans but includes all individuals who attended Title IV institutions and received private loans owned or serviced by Defendants which exceed the cost of attendance and who obtained bankruptcy discharge but are still subject to Defendants' attempts to collect. Dkt. 169 at 15. The fact that the Amended Complaint references Tuition Answer Loans does not limit Plaintiffs from certifying a class justified by the facts. *See* Pls.' Reply Memorandum of Law in Support of Pls.' Motion for Partial Summary Judgment at n.2. Significantly, nowhere do Defendants argue that the Tuition Answer Loans are somehow unique and different from other direct-to-consumer loans made by Defendants.

*Second*, Defendants argue that the Court cannot grant an injunction because it has not yet certified a class. As noted in Plaintiffs' Reply on the Motion for Summary Judgment, this is a disingenuous argument because Plaintiffs made a motion for class certification at the same time they made this motion. The motion for class certification is being argued on March 24 and Plaintiffs are not asking for the entry of an injunction prior to the Court's determination of the class certification issue.

## V.     A PRELIMINARY INJUNCTION WILL NOT CAUSE HARDSHIP TO BORROWERS.

Defendants claim that the grant of a preliminary injunction would cause "significant confusion, and possibly further financial hardship, to borrowers." They claim that this confusion

would come from the failure of borrowers to receive communications regarding their student loans. That is easily cured. If a preliminary injunction is granted, the Court should order Defendants to provide notice to all members of the class that, pursuant to a court order, Defendants have been enjoined from taking any acts to collect the subject debts and the borrowers do not need to make payment until they receive further notice from the Court. Borrowers will understand that they are not "relieved of their student loan debt" because the notice will clearly advise them that the notice is issued pursuant to a preliminary order from the Court and that no final disposition of the case has been made. Borrowers who choose to continue making payments may continue to do so. [2] Of course, every borrower whose loan exceeds the cost of attendance will ultimately receive a complete discharge because Defendants have no basis to further collect on those loans.

## VI. DEFENDANTS FAIL TO DELINEATE WHAT SUBSTANTIAL ADMINISTRATIVE OR OTHER COSTS THEY WILL INCUR.

Defendants claim that an injunction should not be entered because they will "necessarily incur substantial administrative and other costs and damages complying with any preliminary injunction relief this Court orders." Dkt. 189 at 19. Defendants provide absolutely no evidence by affidavit or otherwise of any such additional costs. Thus, the assertion should be ignored as unsupported. In any event, it is quite clear that any cost incurred by Defendants in complying with the order is of Defendants' own making. Defendants chose to make these loans without a determination as to whether they are within the cost of attendance; they continue to collect on these

---

[2] Such payments would not be "voluntary" within the meaning of the Bankruptcy Code for the reasons set forth in Plaintiffs' Reply Memorandum of Law in Support of Their Motion for Summary Judgment. Payments can only be voluntary if they are not affected in any way by any actions of the creditor. Here, all members of the class have received notification from Defendants that their loans are due and owing, that they would be subject to collection and that they will receive derogatory notations on their credit reports if they do not make payment. Given those actions, no payment made by any member of the class could ever be considered voluntary. *See* Pls.' Reply Memorandum of Law in Support of Their Motion for Summary Judgment at Part IV.

loans after discharge without making any such determination. They are hardly in a position to seek equity, given their unclean hands.

Moreover, these same Defendants have already agreed to a court order requiring them to discontinue collection on direct-to-consumer loans made to individuals who received a discharge in bankruptcy for career training loans. *See* Agreed Order, *In re Crocker a/k/a Haas*, Case No. 16-03175 (Dkt. 122) April 11, 2017 (Bankr. S.D. Tex.). That consent order apparently did not cause any administrative disruption or undue cost.

## VII.  THE PROPOSED INJUNCTION ORDER IS NOT INDEFINITE.

Defendants claim that the proposed order submitted by Plaintiffs does not state the reasons for its issuance. That objection is meritless because the Court can set forth the reasons in a separate decision. With regard to the terms of the injunction, Defendants must cease any acts of collection on any loan that they cannot establish does not exceed the cost of attendance. Defendants do not need a delineation on what an act of collection means. As they concede themselves, § 524 is already a statutory injunction against acts to collect on a discharged debt. That means that Defendants cannot take any affirmative steps to collect on the discharged debts nor can they continue to report to credit reporting agencies that discharged debts are past due or delinquent in any way.[3]

## VIII.  THIS COURT NEED NOT IMPOSE A BOND.

As pointed out in Plaintiffs' Brief in Support of Their Motion for Preliminary Injunction (Dkt. 171 at 5), Rule 7065 specifically provides that this Court may grant a preliminary injunction

---

[3] At this stage, Plaintiffs are not asking the Court to order Defendants to revise tradelines that have already been erroneously labeled as past due or delinquent, and are only seeking prospective relief as to credit reporting. Ultimately, Plaintiffs believe that Defendants must correct all tradelines to reflect that the debt has been included in bankruptcy but in such a way that does not harm class members by "re-aging" the bankruptcy to a current event.

without the posting of a bond. Defendants completely ignore this rule and demand a bond without delineating or supporting any claim of injury. Thus, no bond should be required.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that the Court grant their motion for a preliminary injunction.

Dated:  February 12, 2020			Respectfully submitted,

**BOIES SCHILLER FLEXNER LLP**

By:	*/s/ George F. Carpinello*
George F. Carpinello
Adam R. Shaw
30 South Pearl Street
Albany, NY  12207
(518) 434-0600

**SMITH LAW GROUP**
Austin C. Smith, Esq.
3 Mitchell Place, Suite 5
New York, NY  10017

**JONES, SWANSON, HUDDELL & GARRISON, L.L.C.**
Lynn E. Swanson (admitted *pro hac vice*)
Peter Freiberg (admitted *pro hac vice*)
601 Poydras Street, Suite 2655
New Orleans, Louisiana 70130

**FISHMAN HAYGOOD LLP**
Jason W. Burge (admitted *pro hac vice*)
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I, George F. Carpinello, hereby certify that on the 12th day of February, 2020, I served the forgoing document on all counsel of record via ECF.

/s/ *George F. Carpinello*
George F. Carpinello