# Exhibit D

to

Declaration of George F. Carpinello

# LOAN 1

CONFIDENTIAL
NAVHOM01201118

## Federal Family Education Loan Program (FFELP)

# Federal Stafford Loan
# Master Promissory Note

**WARNING:** Any person who knowingly makes a false statement or misrepresentation on this form is subject to penalties which may include fines, imprisonment, or both, under the United States Criminal Code and 20 U.S.C. 1097.

Guarantor, Program, or Lender Identification

UNITED STUDENT AID FUNDS, INC.                              94
CITIZENS BANK                               817729
PO BOX 59012
PANAMA CITY, FL 32412-9012

OMB No. 1845-0006
Form approved
Exp. date 9-30-2005

### Borrower Information

*Please print neatly or type. Read the instructions carefully.*

| 1. Last Name | First Name | MI | 2. Social Security Number |
|---|---|---|---|
| HOMAIDAN | HELAL | K | |

| 3. Permanent Street Address (if P.O. Box, see instructions.) | | 4. Home Area Code/Telephone Number | 5. Date of Birth (Month/Day/Year) |
|---|---|---|---|
| City | State | Zip Code | ( ) | |

| 6. Driver's License State and Number | 7. E-mail Address |
|---|---|
| State / | |

| 8. Lender Name | City | State | Zip Code | 9. Lender Code, if known |
|---|---|---|---|---|
| CITIZENS BANK | | | | 817729 |

10. **References:** You must provide two separate references with different U.S. addresses. The first reference should be a parent (if living) or legal guardian. Both references must be completed in full.

| | A. | B. |
|---|---|---|
| Name | | |
| Permanent Address | | |
| City, State, Zip Code | way | |
| E-mail Address | | |
| Area Code/Telephone Number | ( ) | ( ) |
| Relationship to Borrower | Mother | |

11. **Requested Loan Amount:** I request a total amount of subsidized and unsubsidized loans under this Master Promissory Note not to exceed the allowable maximum under the Higher Education Act. My school will notify me of the type(s) and amount(s) of loan(s) that I am eligible to receive. I may cancel my loan or request a lower amount by contacting my lender or school. Additional information about my right to cancel a loan or request a lower amount is included in the Borrower's Rights and Responsibilities Statement and Disclosure Statements that have been or will be provided to me.

12. **Interest Payments:** (Optional):

☐ I want to pay unsubsidized interest while I am in school.

### Borrower Certifications and Authorizations

*Read carefully before signing below.*

13. Under penalty of perjury I certify that:

**A.** The information I have provided on this Master Promissory Note and as updated by me from time to time is true, complete, and correct to the best of my knowledge and belief and is made in good faith.

**B.** I will immediately repay any loan proceeds that cannot be attributed to educational expenses for attendance on at least a half-time basis at the school that certified my loan eligibility.

**C. (i)** I do not now owe an overpayment on a Federal Pell Grant, Supplemental Educational Opportunity Grant, or a Leveraging Educational Assistance Partnership Grant (formerly State Student Incentive Grant); or, if I owe an overpayment, I have made repayment arrangements with the holder to repay the amount owed. **(ii)** I am not now in default on any loan received under the Federal Perkins Loan Program (including NDSL loans), the Federal Direct Loan Program, or the Federal Family Education Loan Program ("FFELP" as defined in the Borrower's Rights and Responsibilities Statement); or **(iii)** I am in default on a loan, and I have made satisfactory arrangements with the holder of the defaulted loan.

14. For all subsidized and unsubsidized Federal Stafford Loans (as described in the additional MPN provisions and the Borrower's Rights and Responsibilities Statement) I receive under this Master Promissory Note, and for certain other loans as described below, I make the following authorizations:

**A.** I authorize my school to certify my eligibility for loans under this Master Promissory Note.

**B.** I authorize my school to transfer loan proceeds received by electronic funds transfer (EFT) or master check to my student account.

**C.** I authorize my school to pay to the lender any refund that may be due up to the full amount of the loan(s).

**D.** I authorize the lender, the guarantor, or their agents, to investigate my credit record and report information concerning my loan status to persons and organizations permitted by law to receive such information.

**E.** I request and authorize my lender to: (i) during the in-school and grace periods of any loans made under this Master Promissory Note, defer and align the repayment of principal on all of my FFELP loans that are in repayment status; and (ii) add unpaid interest that accrues on all of my FFELP loans to the principal balance of such loans ("capitalization") including such loans made under this Master Promissory Note, during forbearance periods, and for unsubsidized loans, during in-school, grace, and deferment periods as provided under the Act. "Capitalization" will increase the principal balance on my loans and the total amount of interest charges I must pay.

**F.** I authorize the release of information pertinent to my loans: (i) by the school, the lender, and the guarantor, or their agents, to the references on the applicable loans and to members of my immediate family unless I submit written directions otherwise; and, (ii) by and among my schools, lenders, guarantors, the Department of Education, and their agents.

**G.** So that the loans requested can be approved, I authorize the Department of Education to send any information about me that is under its control, including information from the Free Application for Federal Student Aid, to the school, the lender, and to state agencies and nonprofit organizations that administer financial aid programs under the FFELP.

### Promise to Pay

*In this Master Promissory Note (MPN), "lender" refers to, and this MPN benefits, the original lender and its successors and assigns, including any subsequent holder of this MPN.*

15. I promise to pay to the order of the lender all loan amounts disbursed under the terms of this MPN, plus interest and other charges and fees that may become due as provided in this MPN. I understand that multiple loans may be made to me under this MPN. I understand that by accepting any disbursements issued at any time under this MPN, I agree to repay the loans. I understand that, within certain time frames, I may cancel or reduce the amount of any loan by refusing to accept or by returning all or a portion of any disbursement that is issued. Unless I make interest payments, interest that accrues on my unsubsidized loans during in-school, grace, and deferment periods will be capitalized. I understand that the Act to the principal balance of such loans. If I do not make any payment on any loan made under this MPN when it is due, I will also pay reasonable collection costs, including but not limited to attorney's fees, court costs, and other fees. I will not sign this MPN before reading the entire MPN, even if I am told not to read it, or told that I am not required to read it. I am entitled to an exact copy of this MPN and the Borrower's Rights and Responsibilities Statement. My signature certifies I have read, understand, and agree to the terms and conditions of this MPN, including the Borrower Certifications and Authorizations printed above, the Notice About Subsequent Loans Made Under This MPN, and the Borrower's Rights and Responsibilities Statement.

**I UNDERSTAND THAT I MAY RECEIVE ONE OR MORE LOANS UNDER THIS MPN, AND THAT I MUST REPAY ALL LOANS THAT I RECEIVE UNDER THIS MPN.**

| 16. Borrower's Signature | 17. Today's Date (Month/Day/Year) |
|---|---|
| *Helal Hill* | Feb 12, 2004 |

| LENDER COPY | 21-1610 (REV. 9-02) 01 | *Additional MPN provisions follow* |
|---|---|---|

# Master Promissory Note *(continued)*

### Disclosure of Loan Terms

This MPN applies to both subsidized and unsubsidized Federal Stafford Loans described in the Interest section below. I agree that the lender may sell or assign this MPN and/or my loans and acknowledge that any loan may be assigned independently of any other loan to which this MPN applies. I agree that each loan is separately enforceable based on a true and exact copy of this MPN. Loans disbursed under this MPN are subject to the annual and aggregate loan limits specified in the Higher Education Act of 1965, as amended, 20 U.S.C. 1070, et seq., and applicable U.S. Department of Education regulations (collectively referred to as the "Act"). Under this MPN, the principal amount that I owe, and am required to repay, will be the sum of all disbursements issued (unless I reduce or cancel any disbursements as provided below).

My lender will determine whether to make any loan under this MPN after my loan eligibility is determined by the school where I am enrolled on at least a half-time basis. At or before the time of the first disbursement for each loan, a disclosure statement will be sent to me identifying the amount of the loan and additional terms of the loan. Important additional information is also disclosed in the Borrower's Rights and Responsibilities Statement accompanying this MPN. The Borrower's Rights and Responsibilities Statement and any disclosure statement I receive in connection with any loan under this MPN are hereby incorporated into this MPN.

I may request additional loan funds for my educational costs (up to the annual and aggregate loan limits). If my school determines that I am eligible for any additional or adjusted loan amount, my school may certify such amount. My eligibility for subsidized and/or unsubsidized loans may change based on changes in my financial circumstances. My school will notify me of any changes in my eligibility. I will be notified of any changes or additions to my subsidized and/or unsubsidized loans in a separate disclosure statement.

### Loan Cancellation

I may pay back all or a part of a disbursement within timeframes set by the Act, as explained in the Borrower's Rights and Responsibilities Statement or other disclosure statement I receive at or before disbursement. In such case, the origination fee and guarantee fee will be reduced or eliminated in proportion to the amount of the disbursement returned within those timeframes. I will not have to pay interest charges if I return the full loan amount as provided in the Act.

### Interest

Unless my lender notifies me in writing of a lower rate(s), the rate(s) of interest for my loans are those specified in the Act. The interest rate information is presented in the Borrower's Rights and Responsibilities Statement accompanying this MPN. The interest rate is presented in a disclosure statement that is issued to me.

Interest accrues on the unpaid principal balance of each loan from the date of disbursement by the lender until the loan is paid in full. I agree to pay all interest charges on my subsidized Federal Stafford Loans except interest payable by the federal government under the Act. I agree to pay all interest charges on my unsubsidized Federal Stafford Loans. If I fail to make required payments of interest before the beginning or resumption of principal repayment, or during a period of deferment or forbearance, I agree that the lender may capitalize such interest as provided under the Act. There is no federal interest subsidy on unsubsidized loans, so the total amount of interest I am required to repay on unsubsidized loans will be higher than on subsidized loans.

### Origination Fee and Guarantee Fee

For each subsidized and unsubsidized loan, the federal government charges an origination fee equal to the amount required by the Act. The guaranty agency(ies) that guarantee(s) my loan(s) (in each case, the "guarantor") may charge a per loan guarantee fee to not exceed a maximum amount specified in the Act. I will pay these fees, as

identified in the disclosure statement, which will be deducted proportionately from each disbursement of my loans. I understand the origination and guarantee fees may be refundable only to the extent permitted by the Act.

### Late Charges and Collection Costs

The lender may collect from me: **(i)** a late charge for each late installment payment if I fail to make any part of a required installment payment within 15 days after it becomes due, and **(ii)** any other charges and fees that are permitted by the Act for the collection of my loans. If I default on any loans, I will pay reasonable collection fees and costs, plus court costs and attorney fees.

### Repayment

I must repay the full amount of the loans made under this MPN and accrued interest. Federal Stafford Loans have a repayment grace period, which will be disclosed in my disclosure statement. I will repay the principal of each loan in periodic installments during a repayment period that begins on the day immediately following the end of the applicable grace period. Payments submitted by me or on my behalf (exclusive of refunds) may be applied first to charges and collection costs that are due, then to accrued interest that has not been capitalized, and finally to the principal amount.

I understand that the school's certification of my loan eligibility determines whether my loans must be repaid as subsidized and/or unsubsidized loans.

The lender will provide me with a repayment schedule that identifies my payment amounts and due dates. Except as otherwise provided in the Act, the minimum annual payment required on all my FFELP loans is $600 or the amount of interest due and payable, whichever is larger. My lender must provide me with a choice of repayment plans consistent with the provisions of the Act.

If I am unable to make my scheduled loan payments, the lender may allow me to reduce my payment amount, to extend the time for making payments, or to temporarily stop making payments as long as I intend to repay my loan. Allowing me to temporarily delay or reduce loan payments is called forbearance. The lender may align payment dates on my loans or grant me a forbearance to eliminate a delinquency that persists even though I am making scheduled payments.

I may prepay all or any part of the unpaid balance on my loans at any time without penalty. If I do not specify which loans I am prepaying, the lender will determine how to apply the prepayment in accordance with the Act. Upon repayment in full of each loan under this MPN, I agree to accept written notification of such loan payoff in place of receiving the original MPN.

### Acceleration and Default

At the option of the lender, the entire unpaid balance of the applicable loan(s) made under this MPN will become immediately due and payable, (this is called "acceleration"), upon the occurrence of any one of the following events: **(i)** I fail to enroll as at least a half-time student at the school that certified my loan eligibility, **(ii)** I fail to use the proceeds of the loan solely for educational expenses, **(iii)** I make a false representation(s) that results in my receiving a loan for which I am not eligible, or **(iv)** I default on the loan.

The following events shall constitute a default on my loan: **(i)** I fail to pay the entire unpaid balance of the applicable loans after the lender has exercised its option under items (i), (ii), or (iii) in the preceding paragraph; **(ii)** I fail to make installment payments when due, provided my failure has persisted for at least 270 days for payments due monthly or 330 days for payments due less frequently than monthly; or **(iii)** I fail to comply with other terms of the loans, and the lender or guarantor reasonably concludes I no longer intend to honor my repayment obligation. If I default, the guarantor may purchase my loan and capitalize all then-outstanding interest into a new principal balance, and collection fees will become immediately due and payable.

If I default, the default will be reported to all national credit bureaus and will significantly and adversely affect my credit history. I acknowledge that a default shall have additional adverse consequences to me as disclosed in the Borrower's Rights and Responsibilities Statement. Following default, the loans may be subject to income-contingent repayment (including potential collection of amounts in excess of the principal and interest) in accordance with the Act.

### Governing Law and Notices

The terms of this MPN will be interpreted in accordance with the applicable federal statutes and regulations, and the guarantor's policies. Applicable state law, except as preempted by federal law, may provide for certain borrower rights, remedies, and defenses in addition to those stated in this MPN.

If a particular loan under this MPN is made by the school, or if the proceeds of a particular loan under this MPN are used to pay tuition and charges of a for-profit school that refers loan applicants to the lender, or that is affiliated with the lender by common control, contract, or business arrangement, any lender holding such loan is subject to all claims and defenses that I could assert against the school with respect to such loan. My recovery under this provision shall not exceed the amount I paid on such loan.

If I reside in the state in which the principal office of the guarantor is located, the guarantor may sue to enforce the applicable loans in the county in which the guarantor's office is located. However, if I object to being sued there and I mail a written objection to the guarantor that is postmarked no later than 30 days after I am served with the suit, the guarantor will either have the court transfer the suit to the county in which I live or will dismiss the lawsuit.

Any notice required to be given to me will be effective if sent by first class mail to the latest address the lender has for me or by electronic means to an electronic address that I have provided. I will immediately notify the lender of any change of address or status as specified in the Borrower's Rights and Responsibilities Statement. Failure by the lender to enforce or insist on compliance with any term on this MPN shall not be a waiver of any right of the lender. No provision of this MPN may be modified or waived except in writing. If any provision of this MPN is determined to be unenforceable, the remaining provisions shall remain in force.

---

### Notice About Subsequent Loans Made Under This Master Promissory Note

This Master Promissory Note authorizes the lender to disburse multiple loans during the multi-year term of this MPN upon my request and upon the school's certification of my loan eligibility. Subsequent loans may be made under this MPN for the same or subsequent periods of enrollment only at schools designated by the Secretary of the U.S. Department of Education.

I understand that no subsequent loans will be made under this MPN after the earliest of the following dates: **(i)** the date my lender receives my written notice that no further loans may be disbursed under the MPN; **(ii)** one year after the date of my signature on this MPN if no disbursement is made during such twelve month period; or **(iii)** ten years after the date of my signature on this MPN or the date the lender receives this MPN.

Any amendment to the Act governs the terms of any loans disbursed on or after the effective date of such amendment, and such amended terms are hereby incorporated into this MPN.

NAVHOM01201120

# Borrower's Rights and Responsibilities Statement

**Important Notice:** The Borrower's Rights and Responsibilities Statement provides additional information about the terms and conditions of loans you receive under the Federal Stafford Loan Master Promissory Note (MPN). Please keep a copy of this statement because it applies to present and subsequent loans received under the MPN. You may contact your lender at any time for another copy of this statement.

The Federal Family Education Loan Program (FFELP) includes the following loans:

- Subsidized Federal Stafford Loan (formerly known as Guaranteed Student Loan [GSL]),
- Unsubsidized Federal Stafford Loan,
- Federal Insured Student Loan (FISL),
- Federal Supplemental Loans for Students (SLS), also known as ALAS,
- Federal PLUS (parent) Loan, and
- Federal Consolidation Loan.

The FFELP is authorized by Title IV, Part B of the Higher Education Act of 1965, as amended.

**1. Governing Law** – Loans disbursed under this Master Promissory Note (MPN) are subject to the Higher Education Act of 1965, as amended (20 U.S.C. 1070 et seq.), and applicable U. S. Department of Education regulations (collectively referred to as the "Act"). **NOTE: Any change to the Act applies to the terms of any loans made on or after the effective date of the change.**

**2. Use of this MPN** – I may receive more than one loan under this MPN over a period of up to ten years. Whether I may receive loans under this MPN for only one academic period, or for multiple academic periods, depends on the school I am attending. I may receive loans under this MPN from the original lender, or a lender who assumes the right to offer loans under this MPN, even if I change my school (provided the school is authorized to certify subsequent loans under this MPN) and even if the guaranty agency changes. I must sign a new MPN if I wish to receive loans from a lender other than my original lender, or a lender who assumes the right to offer me loans under this MPN.

**3. Subsidized and Unsubsidized Loans** – There are two types of Federal Stafford Loans that I may be eligible for under this MPN: subsidized and unsubsidized. The subsidized Federal Stafford Loan is based on need. If I qualify, the government pays the lender the interest due on my subsidized loans while I am in school and during grace and deferment periods ("lender" refers to the original lender and its successors, including any subsequent holder of this MPN). I am otherwise responsible for interest that accrues on my subsidized loan. The unsubsidized Federal Stafford Loan is not based on need. I am responsible for all interest that accrues on my unsubsidized loans.

**4. Maximum Program Loan Amounts** – Under the Federal Stafford Loan Program (including both subsidized and unsubsidized loans), I may borrow amounts under this MPN up to and including the dollar amounts shown in the chart on this page (Federal Stafford Loan Maximums).

I am subject to the limits on these loan amounts on the basis of the following:

| Federal Stafford Loan Maximums[1] | | |
|---|---|---|
| **DEPENDENT UNDERGRADUATES**[2] | **Subsidized** | **Total** (Subsidized & Unsubsidized)[3] |
| First Year | $2,625 | $2,625 |
| Second Year | $3,500 | $3,500 |
| Third Year and Beyond | $5,500 | $5,500 |
| **INDEPENDENT UNDERGRADUATES** (and dependents whose parents are unable to borrow under the PLUS program) | | |
| First Year | $2,625 | $6,625 |
| Second Year | $3,500 | $7,500 |
| Third Year and Beyond | $5,500 | $10,500 |
| **GRADUATE AND PROFESSIONAL STUDENTS** | $8,500 | $18,500 |
| | **AGGREGATE LIMITS**[3] | |
| **DEPENDENT UNDERGRADUATES** | $23,000 | $23,000 |
| **INDEPENDENT UNDERGRADUATES** (and dependents whose parents are unable to borrow under the PLUS program) | $23,000 | $46,000 |
| **GRADUATE AND PROFESSIONAL STUDENTS** | $65,500 | $138,500 |

1   Certain health professions students may qualify for higher limits.
2   All undergraduate annual loan limits are subject to proration.
3   If the borrower does not have financial need for a subsidized Federal Stafford Loan using expected family contribution (EFC), or has reached the aggregate limit in subsidized Federal Stafford Loans, the borrower may receive up to and including this entire amount in unsubsidized Federal Stafford Loans assuming he or she has remaining eligibility for the loan.

- My academic level (freshman, sophomore, etc.),
- My status as a dependent student or independent student,
- The length of the academic program in which I am enrolled,
- The length of the remainder of my undergraduate program of study if it is less than one academic year, and
- As otherwise authorized by the Act.

**5. Maximum Individual Loan Limits** – For each academic period, my school determines the maximum loan amount I am eligible to receive by considering the factors in Section 4 above and other factors such as my Cost of Attendance, Expected Family Contribution, and other financial aid awarded to me. If my school awards both subsidized Federal Stafford Loans and unsubsidized Federal Stafford Loans, it is required to determine my eligibility for a subsidized Federal Stafford Loan before determining my eligibility for an unsubsidized Federal Stafford Loan.

If I have received loans from more than one lender or from other federal student loan programs, I am responsible for informing my school and my lender of my other student loans. In some cases, I may not be eligible for loans for which I have applied.

**6. Use of Loan Money** – I must use the loan money for authorized educational expenses for attendance at the school that certified my eligibility

for the time period shown on my disclosure statement. Authorized expenses include the following:

- Tuition,
- Room,
- Board,
- Institutional fees,
- Books,
- Supplies,
- Equipment,
- Dependent child care,
- Transportation,
- Commuting expenses,
- Rental or purchase of a personal computer,
- Origination fee and guarantee fee, and/or
- Other documented, authorized costs.

**7. Loan Fees** – I may be charged an origination fee and/or a guarantee fee for each loan made under this MPN. Neither fee may exceed the rate as specified in the Act. The amount of these fees will be deducted proportionally from each disbursement.

**8. Disbursement of Loan Money** – Generally, my loan money will be disbursed in varying but multiple installments based on the academic terms at my school. If my school does not have academic terms, my loan money will generally be disbursed in at least two installments, one at the beginning and one at the midpoint of my enrollment period for the applicable loans.

NAVHOM01201121

If I am enrolled in a foreign school, or in a study abroad program through a school in the U.S. (home institution), the disbursement requirements stated above do not apply and:

- The loan money may be sent in one installment directly to me, or
- I may provide my foreign school or home institution, as applicable, a written authorization designating an individual not affiliated with the foreign school or home institution as my power-of-attorney to negotiate any loan disbursements on my behalf.

Loan money may be credited to my account at my school or disbursed by a check or other means made payable to me.

If this is my first student loan under either the Direct Loan Program or the FFELP, I must receive entrance counseling before the first disbursement of my subsidized or unsubsidized Federal Stafford Loan can be made.

**9. Change of Status** – I must notify my school and/or lender of certain changes.

I must notify my school's financial aid office if any of the following events take place:

- I reduce my enrollment status to less than half time,
- I withdraw from school,
- I stop attending classes,
- I fail to re-enroll for any term,
- I have a change in my expected graduation date, and/or
- I change my name, local address, permanent address, or e-mail address.

Shortly before my enrollment ends, I must participate in exit counseling with my school, during which I will update my loan records about my:

- Permanent address,
- E-mail address,
- Telephone number,
- Future employer, and
- References.

I must notify the lender of a particular loan if I fail to enroll with respect to such loan:

- At least half time for the loan period certified, or
- At the school that certified my eligibility.

I must promptly notify my lender(s) if any of the following events occur before loans held by my lender(s) are repaid:

- I change my address, telephone number, or e-mail address
- I change my name (for example, maiden name to married name),
- I withdraw from school or begin attending less than half time,
- I transfer from one school to another school,
- I change my employer or my employer's address or telephone number changes, and/or
- I have any other change in status that would affect my

loan (for example, the loss of eligibility for an unemployment deferment by obtaining a job).

**10. Effect of Loans on Other Student Aid** – Federal law requires that before receiving a Federal Stafford Loan, my school must receive a determination of my Pell Grant eligibility. Also, because an unsubsidized loan is more expensive to borrow than a subsidized loan, my school must determine my subsidized loan eligibility before I am offered an unsubsidized loan.

**11. Grace Period** – I will receive a 6-month grace period before the first payment of my Federal Stafford Loan must be made. The grace period begins the day after I cease to be enrolled at least half time at an eligible school.

My grace period does not include any period up to 3 years during which I am called or ordered to active duty for more than 30 days from a reserve component of the Armed Forces of the United States, including the period necessary for me to resume enrollment at the next available regular enrollment period.

**12. Repayment** – All of my loans made under this MPN must be repaid.

The repayment period for my loans begins the day after my 6-month grace period ends. My lender will notify me of the date my first payment is due.

I must make payments on my loans even if I do not receive a bill or repayment notice. Billing information is sent to me as a convenience, and I am obligated to make payments even if I do not receive any notice. My minimum annual payment required on all my FFELP loans will not, unless the lender otherwise agrees, be less than $600, except as provided in a graduated or income-sensitive repayment plan. Notwithstanding the preceding sentence, my minimum annual payment will never be less than the amount of interest due and payable.

My repayment period for each loan lasts at least 5 years but may not exceed 10 years (except under an extended repayment plan) from the day after the grace period ends.

I will be given the opportunity to choose one of the following repayment plans (for the following repayment plans, the time limits shown do not include periods of deferment and forbearance):

- **Standard Repayment Plan** – Under this plan, I will make fixed monthly payments and repay my loan in full within 10 years (not including periods of deferment or forbearance) from the date the loan entered repayment. Payments must be at least $50 a month and will be more, if necessary, to repay the loan within the required time period.
- **Graduated Repayment Plan** – Under this plan, I will usually make lower monthly payments at first, and my payments will increase over time. No single payment will be more than three times greater than any other payment.
- **Extended Repayment Plan** – Under this plan, I will make monthly payments based on fixed annual or graduated repayment amounts over a period not to exceed 25 years. Payments must be at least $50 a

month and will be more, if necessary, to repay the loan within the required time period. I am only eligible for this plan if **(i)** at the time I obtain a loan under this MPN I have no outstanding balance on a FFELP loan made before October 7, 1998, and **(ii)** I accumulate outstanding FFELP Program loans exceeding $30,000.

- **Income-Sensitive Repayment Plan** – If I choose this plan, my monthly payments will be adjusted annually, based on my expected total monthly gross income from all sources. I may call my lender at any time for more information about this repayment plan option.

Under each plan, the number or amount of the payments may need to be adjusted to reflect annual changes in the variable interest rate.

These repayment plans will be explained in more detail during my exit counseling session. If I do not choose an income-sensitive, graduated, or extended repayment plan within 45 days after notification of my repayment choices, or if I choose an income-sensitive repayment plan but do not provide the required documentation within the lender-specified time frame, my lender will require that I repay the loan under a standard repayment plan. I may change the repayment plan on my loan(s) once a year.

There will be no penalty for prepaying any portion of my loans.

All payments and prepayments may be applied in the following order: late charges, fees, and collection costs first, outstanding interest second, and outstanding principal last.

If I fail to make any part of an installment payment within 15 days after it becomes due, I may owe a late charge. This charge may not exceed six cents for each dollar of each late installment.

**13. Interest Rates** – The interest rate on a Federal Subsidized Stafford Loan and a Federal Unsubsidized Stafford Loan is a variable rate that is based on a formula established in the Act. The interest rate may be adjusted each year on July 1. As a result, my interest rate may change annually, but it will never exceed 8.25 percent. After reviewing the actual interest rate, I may cancel or reduce any loan obtained under this MPN in accordance with the "Loan Cancellation" section that follows.

**14. Payment of Interest** – My lender will, during the in-school, grace, and deferment periods and during any period in which I am on active-duty military service, defer and align principal payments on my outstanding FFELP loans. Interest that accrues on all my subsidized FFELP loans during authorized forbearance periods, and on all my unsubsidized FFELP loans during periods when I am not making regularly scheduled payments may, unless precluded by the Act, be capitalized (added to the principal of my loans) — unless I pay the interest as it accrues.

Except for interest charges the federal government pays on my behalf for subsidized Federal Stafford

NAVHOM01201122

Loans (while I am in school at least half time, for up to 3 years during active duty service in the Armed Forces as described in the Grace Period section above, during the grace period after I leave school, or during any period of authorized deferment), it is my responsibility to pay interest on the principal amount of my loans from the date of disbursement until the loans are paid in full. For all other periods and for unsubsidized Federal Stafford Loans, it is my responsibility to pay interest on my loans.

If I inform my lender that I wish to pay interest as it accrues, but I do not submit the payments, my lender may capitalize that interest.

Capitalized interest increases the principal balance of my loans and the total amount of interest charges I must pay. Interest will be capitalized on my loans as provided under the Act. Generally, capitalization may occur no more frequently than quarterly. However interest that accrues on my unsubsidized Federal Stafford Loans during in-school, grace and deferment periods may only be capitalized at the end of such periods. In addition, interest may not be capitalized if my lender grants an administrative forbearance for up to 60 days in order to collect and process documentation supporting my request for a deferment, forbearance, change in repayment plan, or consolidation. (See the chart entitled, "Capitalization of Federal Stafford Loan Interest," for further information on capitalization.)

The charts entitled Repaying Your Loans allow me to estimate the cost of capitalization and estimate the effect of capitalization on my monthly payments. If necessary, I must add two or more estimates of my payments together to approximate more closely the total monthly payment.

I may be able to claim a federal income tax deduction for interest payments I make on my FFELP loans. For further information, I may refer to the IRS Publication 970, which is available at http://www.irs.ustreas.gov.

**15. Loan Cancellation** – I understand that the terms of a full or partial loan cancellation depend on when I request the cancellation.

At any time before my loan money is disbursed, I may decline all or part of my loan money by notifying my school or lender. No origination fee, guarantee fee or interest will be charged on the amount of the loan that is cancelled.

■ If my school credits my loan to my student account, **I may cancel all or a part of my loan by informing my school within 14 days** after the date my school sends me a disbursement notice, or by the first day of the school's payment period, whichever is later. (My school can tell me the first day of the payment period.) If I cancel all or a portion of my loan as described in this paragraph, my school will return to my lender the cancelled amount of the loan money and the loan fees will be reduced or eliminated in proportion to the amount returned.

■ At any time within 120 days of disbursement, I may pay back all or a part of my loan. The loan fees will be reduced or eliminated in proportion to the amount returned.

**16. Sale or Transfer of Loans** – The lender may sell or otherwise transfer one or all of my loans without my consent. Should ownership of a loan be transferred, I will be notified of the name, address, and telephone number of the new lender if the address to which I make my payments changes. Sale or transfer of my loans does not affect my rights and responsibilities under such loans. If the lender sells my loans to another originating lender, the lender may also transfer the right to offer subsequent loans under the MPN to such purchaser. I always have the right to terminate a lender's ability to make loans to me under this MPN by written notice to the lender.

**17. Loan Discharge** – My loans will be discharged if documentation of my death is submitted to my lender. My loan(s) may also be discharged if a physician certifies that I am totally and permanently disabled as

defined by the Act. In addition, I must meet certain income requirements and may not receive any additional FFELP, Direct, or Federal Perkins Loans during a 3-year conditional discharge period. I may not receive a discharge due to total and permanent disability based on a condition that existed before I applied for that loan, unless a physician certifies that the condition substantially deteriorated after the loan was made.

My loan will not automatically be discharged in bankruptcy. In order to discharge a loan in bankruptcy, I must prove undue hardship in an adversary proceeding before the bankruptcy court.

In certain cases, the Act provides for loan discharge for borrowers who are unable to complete a course of study because the institution closes, or borrowers whose loan eligibility was falsely certified by the institution. The Act also provides for loan discharge in the amount of any required refund that my school failed to make to my lender on my behalf.

Neither the lender, the guarantor, nor the Department of Education vouch for the quality or suitability of the academic programs offered by participating schools. Unless I qualify for loan discharge under the Act, I must repay the loans even if I do not complete my education, I am unable to obtain employment in my field of study, or I am dissatisfied with, or do not receive, the education I paid for with the loans.

For additional information, I should contact my lender or guarantor.

**18. Consequences of Default** – Default is defined in detail in my MPN. If I default, the entire unpaid balance and any accrued collection fees on the applicable loans will become immediately due and payable. Failure to repay loans made under this MPN may result in any or all of the following:

■ Loss of federal and state income tax refunds,
■ Loss of other federal or state payments,
■ Legal action against me,

## Capitalization of Federal Stafford Loan Interest

**What Is Capitalization?**

Capitalization is a process whereby a lender adds unpaid interest to the principal balance of a loan. You are responsible for paying the interest due on your loan as described in Item 3 of this Rights and Responsibilities Statement.

If you fail to make required interest payments before the beginning or resumption of principal repayment, or if you are granted a deferment (on an unsubsidized Federal Stafford Loan) or forbearance, your lender may capitalize such interest as provided under the Act. The principal balance of your loan will increase each time your lender capitalizes unpaid interest. As a result, you will pay more interest charges over the life of the loan. When you leave school and begin repaying your loan, your monthly payment amount will be higher or, if your loan is subject to the $50 minimum payment, you will make more payments.

This chart compares the monthly payments on unsubsidized Federal Stafford Loans where interest is paid while the borrower is in school and loans where the interest is capitalized. This example uses the maximum interest rate for Federal Stafford Loans, 8.25%. This is an estimate only. The actual interest capitalized will depend on factors such as disbursement date, number of disbursements, and the variable interest rate.

| Treatment of Interest | Loan Amount | Capitalized Interest for 12 months | Principal to be Repaid | Monthly Payment | Number of Payments | Total Amount Repaid |
|---|---|---|---|---|---|---|
| When you pay the interest | $15,000 | $ 0 | $15,000 | $184 | 120 | $23,315* |
| When you don't pay the interest | $15,000 | $1,238 | $16,238 | $199 | 120 | $23,900 |

*Total amount repaid includes $1,238 of interest paid by the borrower before the borrower entered repayment.

**Result:** During repayment, you pay $15 less per month and $585 less over the lifetime of your loan(s) when you pay the interest as it is charged.

*Contact your lender if you have questions or need more information.*

- Collection charges (including attorney fees) being assessed against me,
- Loss of my professional license,
- An increase in my interest rate,
- Loss of eligibility for other student aid and assistance under most federal benefit programs,
- Loss of eligibility for loan deferments,
- Negative credit reports to credit bureaus, and/or
- My employer withholding part of my wages to give them to my guarantor (administrative wage garnishment).

**19. Credit Bureau Notification –** Information concerning the amount, disbursement, and repayment status (current or delinquent) of loans will be reported to one or more national credit bureau organizations on a regular basis. If I default on any loans made under this MPN, that default also will be reported to all national credit bureaus. Before any guaranty agency reports such a default, I will be given at least 30 days notice that default information will be disclosed to the credit bureaus unless I enter into repayment arrangements within 30 days of the date on the notice. The guarantor will give me a chance to ask for a review of the debt(s) before the default is reported. My lender and guarantor must provide a timely response to a request from any credit organization regarding objections I might raise with that organization about the accuracy and completeness of information reported by the lender or guarantor.

**20. Special Repayment Arrangements –**
- A Federal Consolidation Loan Program is available under which I (or my spouse and I jointly) may consolidate (combine) into one debt federal education loans received from different lenders and/or under different education loan programs. Depending on the amount I borrow, this program may result in an extension of my repayment period. Consolidation permits multiple debts to be combined into one monthly payment. For additional information, I should contact my lender or guarantor.
- Under certain circumstances, military personnel may have their educational loans repaid by the Secretary of Defense. Questions should be addressed to the local service recruiter. This is a recruiting program and does not pertain to prior service individuals or those not eligible for enlistment in the Armed Forces.
- In addition, volunteers who complete service in an approved national or community service program can earn an educational award. The award can be used to repay a Federal Stafford Loan. If I receive an educational award, I am responsible for providing my lender with information and documentation regarding my term of service and the award.
- If I have no outstanding loan balance on a FFEL or Direct Loan Program loan on October 1, 1998, or if I have no outstanding loan balance on the date I obtain a loan after October 1, 1998, I may be eligible for teacher loan forgiveness. The Department of Education will repay a fixed amount of my subsidized and unsubsidized Federal Stafford Loans if I have worked as a full-time teacher for five consecutive

school years, and if I meet all other eligibility requirements under the Act. If I am in default on a FFELP loan or a Direct loan, I am not eligible for forgiveness on that loan(s) unless I have made satisfactory repayment arrangements.
- If I am a full-time child care provider and I had no outstanding balance on a FFELP loan or a Direct loan on October 7, 1998, or I had no outstanding balance on a FFELP loan on the date I obtained a loan after October 7, 1998, I may qualify for loan forgiveness under a demonstration program set forth in the Act. I understand that I must meet other eligibility requirements under the Act and that this program requires annual federal funding.

**21. Deferments –** Under certain circumstances, I have a right to defer (postpone) repayment. The types of deferments that are available to me depend on when I first obtained a FFELP loan. Upon request, my lender will provide me with a deferment application that explains the eligibility requirements. If I am in default on my loan(s), I am not eligible for a deferment.

If all of my outstanding FFELP loans were made on or after July 1, 1993, and when my first FFELP loan was made on or after July 1, 1993, I had no outstanding FFELP loans that were made before July 1, 1993, a deferment is available to me while I am:

- Enrolled at least half time at an eligible school,
- Engaged in a full-time course of study in a graduate fellowship program,
- Engaged in a full-time rehabilitation training program for individuals with disabilities (if the program is approved by the Department of Education),
- Conscientiously seeking, but unable to find, full-time employment (for up to three years),
- Experiencing an economic hardship as determined by federal law (for up to three years).

My lender will process an in-school deferment based on **(i)** my request along with documentation verifying my eligibility, or **(ii)** the lender's receipt of a school certification of eligibility in connection with a new loan, or **(iii)** the lender's receipt of student status information indicating that I am enrolled on at least a half-time basis.

In all other cases, I must provide my lender with a deferment request and evidence that verifies my eligibility.

If at the time I obtain a loan under this MPN I have an outstanding FFELP loan disbursed before July 1, 1993, information on applicable deferment opportunities will be found in my earlier promissory note materials.

**22. Forbearance –** If I am unable to make my scheduled loan payments, the lender may allow me to reduce my payment amount, to extend the time for making payments, or to temporarily stop making payments as long as I intend to repay my loan. Allowing me to temporarily delay or reduce loan payments is called a forbearance. Interest charges continue to accrue during a forbearance period. The lender may grant me a forbearance in the following circumstances:

- Financial hardship, and/or
- Illness.

My lender is generally not required to grant me a forbearance and may require me to provide my reasons for the request and other information. The lender may grant me a forbearance to eliminate a delinquency that persists even though I am making scheduled installment payments. My lender may grant me an administrative forbearance for up to 60 days in order to collect and process documentation supporting my request for a deferment, forbearance, change in repayment plan, or consolidation.

Circumstances that require my lender to grant me a forbearance include:

- Serving in a medical or dental internship or residency program, if I meet certain criteria.
- Serving in a national service position for which I receive a national service education award under the National and Community Service Trust Act of 1993. In some cases, the interest that accrues on a qualified loan during the service period will be paid by the Corporation for National and Community Service.
- Qualifying for partial repayment of my loans under the Student Loan Repayment Program, as administered by the Department of Defense.
- Qualifying for loan forgiveness under the Teacher Loan Forgiveness Program, if I meet certain criteria (for up to five years).
- Qualifying for loan forgiveness under the Child Care Provider Loan Forgiveness Program (for up to five years).
- Having a monthly debt burden for Title IV loans that collectively equals or exceeds 20% of my total monthly gross income (for up to three years).

Upon request, my lender will provide me with forbearance information and a forbearance request form.

**Repayment information follows**

---

*Important Notice: Please retain this statement because it applies to present and subsequent loans received under the Master Promissory Note.*

NAVHOM01201124

# LOAN 3

CONFIDENTIAL

# Signature Student Loan®

*Application and Promissory Note*

**For Loans First Disbursed Through May 31, 2006**

SallieMae

**Academic Year 2005-2006**

**XS**

| Lender Name | Citizens Bank | Lender City | RIVERSIDE | Lender State | RI | 8 |

## Section A: Borrower Information   Please read instructions before completing this section.

| Social Security Number | | Last Name and Suffix | HOMAIDAN | First Name | HELAL | MI | K |

| Permanent Address | | City | | State | | Zip Code | |

| Permanent Phone Number | | Time At Address (If less than 1 year, provide prior address) | | Years | 0 | | Months | 0 |

| Prior Address | | City | | State | | Zip Code | |

| Address While In School | | City | | State | | Zip Code | |

| Phone Number While In School | | Date of birth (mm/dd/yy) | | Email Address | |

Citizenship (select one)  a) U.S. citizen **X**   b) Non-Citizen Permanent Resident ___   c) Foreign Resident ___    Have you ever defaulted on a student loan?  Yes /   If yes, see instructions for required action
Note: For options b or c, see instructions

**Total Loan Amount Requested** We encourage you to borrow conservatively, but try to borrow the full
$ 2,000.00   amount you need so you will not have to submit another application. (See instructions)

Amount requested is for the Enrollment Period:   From (mm / yy) 08/05   To (mm / yy) 05/06

| School Name | EMERSON COLLEGE | City | BOSTON | State | MA |

Grade Level (Refer to instructions) 03    Course of Study (Refer to instructions) ART    Student Loan Education Debt Total Federal $ 800.00    Total Non-Federal / Private $ .00

Reference – You must provide an adult reference other than the cosigner(s)

| Last Name and Suffix | | First Name | | MI | | Relationship to Borrower Friend |
| Address (No PO Boxes) | | City | | State | | Zip Code | | Phone Number (cell phone not acceptable) |

## Section B: Cosigner Information   Please read instructions before completing this section.

As a cosigner, you are not required to add a second cosigner. However, if you want a second cosigner's income and debts to be considered in the loan decision, please have him/her complete the second cosigner section. **Second cosigner must reside at primary cosigner's address.**

| Social Security Number | | Last Name and Suffix | | First Name | | MI | |

| Address (No PO Boxes) | | City | | State | | Zip Code | | Phone Number | |

| Date of Birth (mm/dd/yy) | | Email Address | |

Have you ever defaulted on a student loan?  Yes /  No    Bank Name    Checking Account or Savings Account #    Citizenship (select one)  a) U.S. citizen ___  b) Non-Citizen Permanent Resident ___
Note: For option b, see instructions

| Present Employer Name | | Employer Address (City, State, Zip Code) | | Work Phone Number | |

Gross Monthly Income (See Instructions) **Note: You do not have to reveal alimony, child support or separate maintenance income unless you wish it to be considered as a basis for loan repayment**
Salary $    Other $    Source    Monthly Mortgage/Rent Amount $  Circle one: Own / Rent    Other Monthly Payment $

Reference – You must provide an adult reference other than the borrower

| Last Name and Suffix | | First Name | | MI | | Relationship to Cosigner |
| Address (No PO Boxes) | | City | | State | | Zip Code | | Phone Number (cell phone not acceptable) |

## Second Cosigner Information

| Social Security Number | | Last Name and Suffix | | First Name | | MI | |

Date of Birth (mm/dd/yy)    Have you ever defaulted on a student loan?  Yes /  No    Citizenship (select one)  a) U.S. citizen ___  b) Non-Citizen Permanent Resident ___
Note: For option b, see instructions

| Present Employer Name | | Employer Address (City, State, Zip Code) | | Work Phone Number | | Gross Monthly Salary (See Instructions) $ | | Other Monthly Payment $ |

## Section C: Borrower and Cosigner(s) Signature

**CAUTION – IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT. I/WE, THE COSIGNER(S), HAVE READ THE APPLICABLE COSIGNER NOTICE.**

**Notice to Customer** (a) Do not sign this before you read the promissory note even if otherwise advised. (b) Do not sign this if it contains any blank spaces. (c) You are entitled to an exact copy of any agreement you sign. (d) You have the right at any time to pay in advance the unpaid balance due under this agreement and you may be entitled to a partial refund of the finance charge.

I declare that the information provided above is true and complete to the best of my knowledge and belief. I have read the Promissory Note accompanying this application and the Notice to Cosigner(s). **Promise to pay:** Jointly and severally with the other signers below, I promise to pay the lender or any other holder of this loan all sums disbursed under the terms of the Promissory Note, plus interest and all other charges that may become due. The terms and conditions set forth in the Promissory Note constitute the entire agreement between us.

Borrower Signature  Helal _____ K  Homaidan _____ **(seal)** Date 08/22/2005

Cosigner Signature (if applicable) _____ **(seal)** Date _____

Second Cosigner Signature (if applicable) _____ **(seal)** Date _____

## Section D: School Certification   Must be completed by an authorized school official.

| School Name | EMERSON COLLEGE | School Code/Branch | 0021460000 | Disbursement Date (mm/dd/yy) | Disbursement Amount |

For the Enrollment Period (not to exceed 12 months)    Grade Level (Circle one) Please refer to instructions.    Undergraduate  1  2  ③  4  5    1. __/__/__   1. $ 1,000.00

From Date (mm/dd/yy) 08/01/2005 To Date (mm/dd/yy) 05/31/2006    Graduate  A  B  C  D    2. __/__/__   2. $ 1,000.00

Enrollment Status (Circle one)  ⓕFull-time   Half-time    Course of Study (Refer to Instructions) ART    Anticipated Grad Date (mm/dd/yy)    3. __/__/__   3. $
    4. __/__/__   4. $

Total Certified Amount $

I hereby certify that the Borrower is eligible for a Signature Student Loan; that the Total Certified Amount does not exceed the student's cost of attendance minus other financial aid; that the School will, at the request of the lender, provide the lender with subsequent information regarding the Borrower's whereabouts; that this School will comply with all applicable loan policies and provisions; and that information provided in Sections A and B is true, complete and correct to the best of my knowledge and belief.

Authorized school official    Print or  type    Phone    Certification Sent Electronically
Sign and date:    name and title:    Yes /  No

ONWLD_SWIS

Return Application To: Sallie Mae Servicing • PO Box 59030 • Panama City, FL 32412 (Copyright Sallie Mae 2000-05 1/2005)   SS2005-A

**Signature Student Loan Promissory Note**
**Document SS2005-A**

In this Promissory Note ("Note") the words "I", "me", "my", "mine" and "we" mean the above signed borrower and cosigner(s), unless the language specifically refers to only one or the other. "You", "your" and "yours" mean the lender as listed on the front of the application and any subsequent holder of this Note.

**A. PROMISE TO PAY**

I promise to pay to your order according to the terms below the sum of: the Loan Amount Requested, to the extent it is advanced to me, or on my behalf, which includes the Supplemental Fees (together, the "Loan Amount"); other interest, fees and charges accrued or capitalized on the Loan Amount as described in this Note; and, in the event of default, reasonable attorney's fees, court costs and collection agency fees to the extent permitted by law.

**B. DEFINITIONS**

1. Interim Period - The "Interim Period" will begin on the date my loan is disbursed. My Interim Period will end 6 months after I graduate or drop below half-time enrollment at an eligible school. If I am enrolled in a health profession and obtain an internship or residency deferment within 6 months after leaving school, my Interim Period will end 6 months after the deferment ends.

2. Repayment Period - The "Repayment Period" will begin on the day after the Interim Period ends and will continue up to 300 months depending on my loan balance. If my loan is made six months or more after I graduate or drop below half-time enrollment, my Repayment Period begins on the day of my first disbursement.

3. Capitalized Interest and Other Amounts - From time to time, any interest, fees, charges and costs due and not yet paid may be added, without notice, to the principal amount of the loan. This addition is called "capitalizing." Since interest accrues on the outstanding principal balance, capitalizing increases the total cost of the loan.

4. Default - You may declare my loan in default following an event described in Section J except as follows: IDAHO, IOWA, KANSAS, MAINE and SOUTH CAROLINA RESIDENTS ONLY: I will be in default if I fail to make a payment as required by this Note (or within 10 days of the time required by this Note, for Iowa residents) or if the prospect of my payment or performance is significantly impaired. The burden of establishing the prospect of significant impairment is on the lender.
WISCONSIN RESIDENTS ONLY: I will be in default (a) if I permit to be outstanding an amount exceeding 1 full payment which has remained unpaid for more than 10 days after its scheduled due date or deferred due date, or I fail to pay the first payment or the last payment within 40 days of its scheduled due date or deferred due date, or (b) if I fail to observe any other provision of this Note, the breach of which materially impairs my ability to pay the amounts due under the Note.

5. Disbursement Date –The date shown on the loan check or the date the loan funds are electronically transferred to my school named in Section D of the application ("School").

6. Disclosure - The Truth in Lending Disclosure that will be sent at the time of my first disbursement and which is hereby incorporated into this Note.

7. The terms "Interest", "Late Charge", "Payment Return Fee", "Collection Costs" and "Supplemental Fees" are defined in the Note sections so titled. "Variable Rate" is defined under Section C, Interest, of this Note.

**C. INTEREST**

1. Interest on this Note will accrue at the Variable Rate (as defined below), beginning on the first Disbursement Date, on the principal balance advanced and Capitalized Interest and Other Amounts, until the principal balance and all accrued interest are paid in full.

2. The Variable Rate will change monthly on the first day of each month if the Current Index changes. The Variable Rate for the Interim Period and the Repayment Period is the annual rate equal to the highest U.S. Prime Rate published in The Wall Street Journal (Eastern Edition) "Interest Rates & Bonds" section, "Consumer Rates" table or any successor section or table for the purposes of displaying such rate, the next to the last New York business day before the end of the prior month (the "Current Index"), plus or minus the percentage identified on my Disclosure (the "Margin"), rounded to the nearest one-eighth of one percent (0.125%). A New York business day is defined as any day that is not a Saturday, Sunday, holiday or other day on which banking institutions in New York are authorized or ordered to close by law or executive order. For example, the Variable Rate for January will be determined by the highest U.S. Prime Rate published in The Wall Street Journal on the preceding December 30th if there is no intervening weekend.

3. The Margin is based on my School, credit history and cosigners' credit history. Once set, the Margin does not change. If The Wall Street Journal is not published or the U.S. Prime Rate is not stated in the " "Consumer Rates" table on the date to be used for the Current Index, then the Current Index will be determined by using the immediately preceding published U.S. Prime Rate. If the Current Index ceases to be available, you will choose a comparable substitute.

**D. TERMS OF REPAYMENT**

1. Interim Period - I am not required to make payments during the Interim Period. You will capitalize unpaid accrued interest at the beginning of the Repayment Period. If I am an eligible health student, you will capitalize unpaid accrued interest annually during any residency or internship deferment, at the end of any residency or internship deferment period of less than 12 months, and when I enter repayment.

2. Repayment Period - I will make consecutive monthly payments during the Repayment Period in the amounts and on or before the payment due dates shown on my statements until I have paid all of the principal and interest and any other charges I may owe under this Note.

3. Standard Repayment Terms - Subject to the terms of paragraph 4, you will establish a schedule whereby I will repay my loan in consecutive monthly installments of principal and interest calculated to equal the amount necessary to amortize the unpaid principal and interest at the Variable Rate then in effect over the number of months remaining in the Repayment Period with the payment amount changing in the months of February, May, August, and November.

4. Graduated Repayment Option - I may choose a graduated repayment option, if available. If I convert to this option, I will notify you in writing.

5. Amounts Owing at the End of the Repayment Period - Since interest accrues daily upon the unpaid principal balance of my loan, if I make payments after my payment due dates, I may owe additional principal and interest, fees and charges at the end of the Repayment Period. In such case, I shall pay the additional amounts, and you may, but are not required to, lengthen the Repayment Period.

6. Minimum Repayment - Notwithstanding paragraphs 3, 4 and 5 of this Section, I agree to pay at least $50 per month, or the unpaid balance, whichever is less, on all my Signature Student Loans.

7. Payments - Payments will be applied first to Late Charges, then to Payment Return Fees and Collection Costs, then to accrued interest, and the remainder to principal. Payments in excess of the amount due will advance the next payment due date by the number of whole payments satisfied by the extra funds. (For example, if my payment amount is $100, I am not delinquent and I pay $400 for the month of January, my next payment due date will be May.)

**8. If I wish to make a payment in satisfaction of a disputed amount or balance, I must send it to P.O. Box 3800, Wilkes-Barre, PA 18773-3800 with a letter of explanation.** To the extent permitted by law, you may accept late payments, partial payments, or payments marked "payment in full", or having similar language, without waiving your rights under this Note.

**E. LATE CHARGE**

I will pay a Late Charge if I fail to make all or part of an installment payment within 15 days after it becomes due. The amount of the Late Charge will be identified on my Disclosure.

**F. SUPPLEMENTAL FEES**

1.Fee at Disbursement – You may charge an amount equal to the Supplemental Fee at disbursement of my loan. This fee will be identified on my Disclosure and will be a percentage of the principal balance of my loan. At the time you issue each disbursement, you may add to the principal loan balance an amount equal to the pro rata portion of the Supplemental Fee.

2. Fee at Repayment – You may charge me a Supplemental Fee, which will be identified on my Disclosure, either at the beginning of my Repayment Period, upon total repayment of my loan, or upon an event described in Section J, whichever is earlier. This fee will be a percentage of the principal balance of my loan after unpaid interest accrued during the Interim Period is capitalized.

3. Supplemental Fees are based on my School, credit history and cosigners' credit history. I understand and agree that the Supplemental Fees are earned when they are assessed and are not subject to rebate if I prepay my loan.

Copyright Sallie Mae 2000-05 (1/2005)

CONFIDENTIAL

## G. PAYMENT RETURN FEE

If I make a payment and that payment is returned or refused by my bank for any reason, I agree to pay a charge of up to $20.00 for each payment so returned.

## H. CHARGES FOR OPTIONAL SERVICES

If I request and you agree to provide optional services to me in connection with my loan, you may charge me and I agree to pay the fees for such services. The fee will be disclosed to me before I accept any such service. Optional services may include, but are not limited to: (1) allowing me to make an expedited payment on my loan; and (2) sending documents to me by express delivery or facsimile transmission.

## I. RIGHT TO PREPAY

I have the right to prepay all or any part of my loan at any time without penalty.

## J. WHOLE LOAN DUE

Subject to applicable law, you have the right to give me notice that the whole outstanding principal balance, accrued interest, and all other amounts payable to you under the terms of this Note are due and payable at once and to cease to make any further disbursements to me, if:
1. I fail to make any payment to you when due; or
2. I fail to provide a notice required in Section L.1 on time; or
3. I break any of my other promises in this Note; or
4. Any bankruptcy proceeding is begun by or against me, or I assign any of my assets to or for the benefit of my creditors, and such proceeding has not been dismissed in 60 days; or
5. I make any false written statement in applying for this loan or at any time during the Interim Period or Repayment Period; or
6. I die or any cosigner dies; or
7. I am in default on any loans I may already have with you, or on any loans I may have with you in the future. My failure to receive a statement does not relieve me of my obligation to make my required loan payments in accordance with the terms and conditions of this Note. If any of the listed events occur, I will be required to pay interest on this loan accruing afterwards at the Variable Rate applicable to this loan prior to such event. The Variable Rate will be subject to adjustment in the same manner as before.

## K. COLLECTION COSTS

If I am in default, I agree to pay you reasonable amounts permitted by law, including collection agency fees, outside attorneys' fees and court costs, which you incur in enforcing the terms of this Note. Any such amounts include fees and costs incurred in connection with any appellate or bankruptcy proceedings.

## L. NOTICES

1. I will send written notice to you, or any subsequent holder of this Note, within 10 days after any change in my name, address, telephone number or School enrollment status.
2. Any notice required to be given to me by you will be effective when mailed to the latest address you have for me.

3. You may report the status of this loan to the School and to any credit bureaus. Late payments, missed payments, or other defaults on my account may be reflected in my credit bureau report.
4. CALIFORNIA RESIDENTS ONLY: A married applicant may apply for a separate account. If you take any adverse action as defined by § 1785.3 of the California Civil Code and the adverse action is based, in whole or in part, on any information contained in a consumer credit report, I have the right to obtain within 60 days a free copy of my consumer credit report from the consumer reporting agency who furnished you my consumer credit report and from any other consumer credit reporting agency which compiles and maintains files on consumers on a nationwide basis. CALIFORNIA and UTAH RESIDENTS: As required by California and Utah law, I am hereby notified that a negative credit report reflecting on my credit record may be submitted to a credit reporting agency if I fail to fulfill the terms of my credit obligations. IOWA and KANSAS RESIDENTS ONLY: (For purposes of the following notice to Iowa and Kansas residents, "you" means the borrower and cosigner, not the lender.) NOTICE TO CONSUMER 1. Do not sign this paper before you read it. 2. You are entitled to a copy of this paper. 3. You may prepay the unpaid balance at any time without penalty and may be entitled to receive a refund of unearned charges in accordance with law. MARYLAND RESIDENTS ONLY: You elect to make this loan pursuant to Subtitle 10 (Credit Grantor Closed End Credit provisions) of Title 12 of the Maryland Commercial Law Article only to the extent that such provisions are not inconsistent with your authority under federal law (12 U.S.C. § 85, § 1463(g), or § 1831d, as appropriate) and related regulations and interpretations, which authority you expressly reserve. MASSACHUSETTS RESIDENTS ONLY: Massachusetts law prohibits discrimination based upon marital status or sexual orientation. MISSOURI RESIDENTS ONLY: ORAL AGREEMENTS OR COMMITMENTS TO LOAN MONEY, EXTEND CREDIT OR FORBEAR FROM ENFORCING REPAYMENT OF DEBT INCLUDING PROMISES TO EXTEND OR RENEW SUCH DEBT ARE NOT ENFORCEABLE. TO PROTECT YOU (BORROWER(S)) AND US (CREDITOR) FROM MISUNDERSTANDING OR DISAPPOINTMENT, ANY AGREEMENTS WE REACH COVERING SUCH MATTERS ARE CONTAINED IN THIS WRITING, WHICH IS THE COMPLETE AND EXCLUSIVE STATEMENT OF THE AGREEMENT BETWEEN US, EXCEPT AS WE MAY LATER AGREE IN WRITING TO MODIFY IT. NEVADA RESIDENTS ONLY: This is a loan for study. NEW JERSEY RESIDENTS ONLY: The section headings of the Note are a table of contents and not contract terms. Portions of this Note with references to actions taken to the extent of applicable law apply to acts or practices that New Jersey law permits or requires. In this Note, acts or practices (i) by you which are or may be permitted by "applicable law" are permitted by New Jersey law, and (ii) that may or will be taken by you unless prohibited by "applicable law" are permitted by New Jersey law. NEW YORK, RHODE ISLAND and VERMONT RESIDENTS: I understand and agree that you may obtain a consumer credit report in connection with this application and in connection with any updates,

renewals or extensions of any credit as a result of this application. If I ask, I will be informed whether or not such a report was obtained and, if so, the name and address of the agency that furnished the report. I also understand and agree that you may obtain a consumer credit report in connection with the review or collection of any loan made to me as a result of this application or for other legitimate purposes related to such loans. OHIO RESIDENTS ONLY: The Ohio laws against discrimination require that all creditors make credit equally available to all credit-worthy customers, and that credit reporting agencies maintain separate credit histories on each individual upon request. The Ohio Civil Rights Commission administers compliance with this law. VERMONT RESIDENTS ONLY: (For purposes of the following notice to Vermont residents, "you" means any cosigner, not the lender.) NOTICE TO COSIGNER: YOUR SIGNATURE ON THIS NOTE MEANS THAT YOU ARE EQUALLY LIABLE FOR REPAYMENT OF THIS LOAN. IF THE BORROWER DOES NOT PAY, THE LENDER HAS A LEGAL RIGHT TO COLLECT FROM YOU. WISCONSIN RESIDENTS ONLY: For married Wisconsin residents, my signature confirms that this loan obligation is being incurred in the interest of my marriage or family. No provision of any marital property agreement (pre-marital agreement), unilateral statement under § 766.59 of the Wisconsin Statutes or court decree under § 766.70 adversely affects your interest unless, prior to the time that the loan is approved, you are furnished with a copy of the marital property agreement, statement, or decree or have actual knowledge of the adverse provision. If the loan for which I am applying is granted, I will notify you if I have a spouse who needs to receive notification that credit has been extended to me.

## M. ADDITIONAL AGREEMENTS

1. I understand that when you accept the attached application, you are not agreeing to lend me money and that there will be no such agreement until the time the first disbursement of the loan is made. You have the right to lend an amount less than the Loan Amount Requested if the School certifies a lower cost of attendance. You also have the right to cancel any undisbursed amount if (a) I cease to be enrolled at least half time at the School and I do not owe the School for any amounts incurred before I ceased to be enrolled at least half time, (b) any cosigner notifies you that he or she no longer wants to repay the amount not yet disbursed, or (c) an event occurs as described in Section J, or (d) the School ceases to be eligible to participate in the Signature Student Loan program.
2. If this Note is assigned, the assignee will become the owner of this Note and will have all your rights to enforce this Note against me.
3. I understand that you are located in the State listed on the front of the attached application and this Note will be entered into in the same State. Consequently, the provisions of this Note will be governed by federal laws and the laws of that State to the extent not preempted, without regard to conflict of law rules.
4. Upon receipt of the Disclosure, I will review it and if I am not satisfied with the terms of my loan as approved, I may cancel this Note and all

Copyright  Sallie Mae 2000-05 (1/2005)

CONFIDENTIAL

disbursements. To cancel this Note, I will contact you within 3 days of receipt by me of the loan check and I will not cash any loan checks, or if funds are transmitted electronically, I will instruct the School, within 3 days of receipt by me of the Disclosure, to return the funds to you.

5. By accepting past due payments you do not waive or affect any right to accelerate this Note. I waive any notice of dishonor, notice of protest, presentment, demand for payment, and all other notices or demands in connection with this Note and consent to the addition of a party who will be liable upon this loan or any other loans I have outstanding under the program, to any and all extensions, renewals, or releases of any party liable upon this loan or any other loans I have outstanding under the program, or waiver or modification that may be granted by you, all without affecting or releasing any borrower or cosigner from such loans.  My responsibility for repaying this loan is not affected by the liability of any other person to you or by your failure to notify me that a payment has not been made.

6. If any provision of this Note is held invalid or unenforceable, that provision shall be considered omitted from this Note without affecting the validity or enforceability of the remainder of this Note.

7. This Note may be modified only if you put the modification in writing and the modification is agreed to by any borrower or cosigner.  Any such modification does not require the consent of any other borrower or cosigner and will not affect the validity or enforceability of the remainder of this Note.

8. I understand that this loan is an educational loan and is made under a program that includes Stafford loans and other loans and which is funded in part by non-profit organizations, including governmental units and, therefore, is not dischargeable in bankruptcy, except pursuant to 11 U.S. Code § 523(a) 8.

9. I acknowledge that I have received a true and exact copy of this Note.

10. I may not assign this Note or any of its benefits or obligations. You may assign this Note at any time. The obligations of this Note will be binding on my estate.

11. Your failure to exercise any right hereunder does not constitute a waiver thereof. All waivers must be in writing.

12. I hereby waive all my defenses to this Note based on suretyship.

13. I understand that you may use automated telephone dialing equipment or an artificial or pre-recorded voice message to contact me in connection with this loan or loan application. You may contact me at any telephone number I provide in this application or I provide in the future, even if that number is a cellular telephone number.

## IMPORTANT INFORMATION ABOUT PROCEDURES FOR OPENING A NEW ACCOUNT

To help the government fight the funding of terrorism and money laundering activities, Federal law requires all financial institutions to obtain, verify, and record information that identifies each person who opens an account.

What this means for me:  When I apply for a student loan, you will ask for my name, address, date of birth, and other information that will allow you to identify me.

You may also ask to see my driver's license or other identifying documents.

## N.CERTIFICATION AND CONSENT TO INFORMATION SHARING

1. I certify that the information contained in Sections A, B and C of the application is true, complete and correct to the best of my knowledge and belief and is made in good faith, that I am eligible for this loan and that I will repay it according to the terms of this Note. I understand and agree that my lender will be as listed on the front of the attached application. I hereby authorize the School to pay to you any refund that may be due me up to the amount of this loan. I understand that I must immediately repay any funds that I receive which cannot reasonably be attributed to meeting my educational expenses related to attendance at the School. At your option, you may either electronically transmit funds to the School to be applied to my account, or if you issue checks, I authorize you to issue a check jointly payable to me and the School, and send it to the School. If funds are electronically transmitted, I hereby authorize the School to transfer the funds to my account at the School. I understand that failure to complete the educational program undertaken by me does not relieve me of any obligation of this Note.

2. **I authorize any school that I may attend to release to you, the U.S. Department of Education, the guarantor or their agents, any requested information pertinent to this loan (e.g., employment, enrollment status, current address) and to advise you whether I am eligible for a future loan. I authorize you, your agents, the guarantor or its agents to check my credit and employment history for this loan and for future loans that may be offered to me, to answer questions about their credit experience with me, and to release the results of the credit review process to the School. I further authorize you to release any other information on this loan to the School, to other schools I have attended for which I have taken out a student loan, and to the guarantor.**

3. **I consent to the sharing of any information about this loan with my parent, guardian, child, spouse or sibling who complies with your procedures unless I revoke this consent or unless prohibited by law.** I understand that I may revoke this consent by contacting the servicer at 1-888-2SALLIE or P.O. Box 9500, Wilkes-Barre, PA 18773-9500.

4. I certify that **all** of the loan proceeds are solely to pay for my qualified higher education expenses at the School.

5. I also certify that: I have read the materials explaining the loan program that have been provided to me; I have read, understand and agree to the provisions of the program, my responsibilities and my rights under this program, the terms of this Note and this "Certification and Consent to Information Sharing" and that the program is funded in part by non-profit organizations.

## O.  CORRECTION OF ERRORS

All parties to this Note agree to fully cooperate and adjust all typographical, computer, calculation or clerical errors discovered in any or all of the loan documents including the application, Note and

Disclosure. In the event this procedure is used, all parties involved will be notified and receive a corrected copy of the changed document.

## P.  COSIGNER/STUDENT RELEASE

I agree that, if any cosigner applicant fails to qualify for this loan, said cosigner applicant will be released from liability hereunder, but this Note will still bind the student borrower and any remaining cosigner.  I also agree that an approved cosigner may be released from liability hereunder upon application by a student borrower who has made 24 consecutive on-time monthly payments of principal and interest during the first 2 years of the Repayment Period of this loan (not including deferments and forbearances) and who meets applicable credit criteria at the time of the application, with the student borrower remaining liable for this loan after such cosigner release.  As cosigner, I agree that if the student borrower is released from liability on this loan for any reason, including infancy, I hereby consent to such release and to my continued liability for this loan after such release.

Copyright  Sallie Mae 2000-05 (1/2005)

CONFIDENTIAL

# LOAN 4

CONFIDENTIAL

# Signature Student Loan®

*Application and Promissory Note*

**For Loans First Disbursed Through May 31, 2006**

SallieMae

**Academic Year 2005-2006**

**XS**

| Lender Name | Lender City | Lender State | Lender Code |
|---|---|---|---|
| Citizens Bank | RIVERSIDE | RI | ▇ |

## Section A: Borrower Information    Please read instructions before completing this section.

| Social Security Number | Last Name and Suffix | First Name | MI |
|---|---|---|---|
| ▇ | Homaidan | Helal | K |

| Permanent Address (No PO Boxes) | City | State | Zip Code |
|---|---|---|---|
| ▇ | | | |

| Permanent Phone Number | Time At Address (If less than 1 year, provide prior address) | Years | Months |
|---|---|---|---|
| ▇ | | 0 | 6 |

| Prior Address | City | State | Zip Code |
|---|---|---|---|
| | | | |

| Address While In School | City | State | Zip Code |
|---|---|---|---|
| | | | |

| Phone Number While In School | Date of birth (mm/dd/yy) | Email Address |
|---|---|---|
| ▇ | | ▇ |

Citizenship (select one)  a) U.S. citizen  **X**     b) Non-Citizen Permanent Resident _____     c) Foreign Resident _____     Have you ever defaulted on a student loan?  Yes / **No**    If yes, see instructions for required action
Note: For options b or c, see instructions

Total Loan Amount Requested   We encourage you to borrow conservatively, but try to borrow the full amount you need so you will not have to submit another application. (See instructions)
$ 4,300.00

Amount requested is for the Enrollment Period:    From (mm / yy) 01/06    To (mm / yy) 05/06

| School Name | City | State |
|---|---|---|
| EMERSON COLLEGE | BOSTON | MA |

| Grade Level (Refer to instructions) | Course of Study (Refer to instructions) | Student Loan Education Debt Total Federal $ 845.00 | Total Non-Federal / Private $ 5,150.00 |
|---|---|---|---|
| 03 | ART | | |

Reference – You must provide an adult reference other than the cosigner(s)

| Last Name and Suffix | First Name | MI | Relationship to Borrower |
|---|---|---|---|
| | | | Friend |

| Address (No PO Boxes) | City | State | Zip Code | Phone Number (cell phone not acceptable) |
|---|---|---|---|---|
| ▇ | | | | ( ) |

## Section B: Cosigner Information    Please read instructions before completing this section.

As a cosigner, you are not required to add a second cosigner. However, if you want a second cosigner's income and debts to be considered in the loan decision, please have him/her complete the second cosigner section. **Second cosigner must reside at primary cosigner's address.**

| Social Security Number | Last Name and Suffix | First Name | MI |
|---|---|---|---|
| | | | |

| Address (No PO Boxes) | City | State | Zip Code | Phone Number |
|---|---|---|---|---|
| | | | | |

| Date of Birth (mm/dd/yy) | Email Address |
|---|---|
| | |

Have you ever defaulted on a student loan?  Yes / No     Bank Name     Checking Account or Savings Account #     Citizenship (select one) a) U.S. citizen _____  b) Non-Citizen Permanent Resident _____
Note: For option b, see instructions

| Present Employer Name | Employer Address (City, State, Zip Code) | Work Phone Number |
|---|---|---|
| | | |

Gross Monthly Income (See Instructions) Note: **You do not have to reveal alimony, child support or separate maintenance income unless you wish it to be considered as a basis for loan repayment**
Salary $ _____   Other $ _____   Source _____

Monthly Mortgage/Rent Amount  Circle one: Own / Rent  $ _____     Other Monthly Payment  $ _____

Reference – You must provide an adult reference other than the borrower

| Last Name and Suffix | First Name | MI | Relationship to Cosigner |
|---|---|---|---|
| | | | |

| Address (No PO Boxes) | City | State | Zip Code | Phone Number (cell phone not acceptable) |
|---|---|---|---|---|
| | | | | |

### Second Cosigner Information

| Social Security Number | Last Name and Suffix | First Name | MI |
|---|---|---|---|
| | | | |

Date of Birth (mm/dd/yy)     Have you ever defaulted on a student loan?  Yes / No     Citizenship (select one)  a) U.S. citizen _____  b) Non-Citizen Permanent Resident _____
Note: For option b, see instructions

| Present Employer Name | Employer Address (City, State, Zip Code) | Work Phone Number | Gross Monthly Salary (See Instructions) $ | Other Monthly Payment $ |
|---|---|---|---|---|
| | | | | |

## Section C: Borrower and Cosigner(s) Signature

**CAUTION – IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT. I/WE, THE COSIGNER(S), HAVE READ THE APPLICABLE COSIGNER NOTICE.**

**Notice to Customer** (a) Do not sign this before you read the promissory note even if otherwise advised. (b) Do not sign this if it contains any blank spaces. (c) You are entitled to an exact copy of any agreement you sign. (d) You have the right at any time to pay in advance the unpaid balance due under this agreement and you may be entitled to a partial refund of the finance charge.

I declare that the information provided above is true and complete to the best of my knowledge and belief. I have read the Promissory Note accompanying this application and the Notice to Cosigner(s). **Promise to pay:** Jointly and severally with the other signers below, I promise to pay the lender or any other holder of this loan all sums disbursed under the terms of the Promissory Note, plus interest and all other charges that may become due. The terms and conditions set forth in the Promissory Note constitute the entire agreement between us.

**Borrower Signature** Helal                    K  Homaidan                    (seal)  Date 01/24/2006
69D151CFADEFD3EE42061665E5F55B0C

**Cosigner Signature (if applicable)** _____ (seal)  Date _____

**Second Cosigner Signature (if applicable)** _____ (seal)  Date _____

## Section D: School Certification    Must be completed by an authorized school official.

| School Name | School Code/Branch | Disbursement Date (mm/dd/yy) | Disbursement Amount |
|---|---|---|---|
| EMERSON COLLEGE | 0021460000 | 1. __/__/__ | 1. $ |

For the Enrollment Period (not to exceed 12 months)     Grade Level (Circle one) Please refer to instructions.
Undergraduate   1   2   ③   4   5                                  2. __/__/__     2. $

From Date (mm/dd/yy) 01/17/2006  To Date (mm/dd/yy) 05/02/2006     Graduate   A   B   C   D     3. __/__/__     3. $

| Enrollment Status (Circle one) | Course of Study (Refer to Instructions) | Anticipated Grad Date (mm/dd/yy) | 4. __/__/__ | 4. $ |
|---|---|---|---|---|
| Full-time        Half-time | ART | | Total Certified Amount: $ | |

I hereby certify that the Borrower is eligible for a Signature Student Loan; that the Total Certified Amount does not exceed the student's cost of attendance minus other financial aid; that the School will, at the request of the lender, provide the lender with subsequent information regarding the Borrower's whereabouts; that this School will comply with all applicable loan policies and provisions; and that information provided in Sections A and B is true, complete and correct to the best of my knowledge and belief.

Authorized school official Sign and date:                    Print or type name and title:                    Phone                    Certification Sent Electronically  Yes / No

ONWLD_SWIS

Return Application To: Sallie Mae Servicing • PO Box 59030 • Panama City, FL 32412   (Copyright Sallie Mae 2000-05 1/2005)    SS2005-A



CONFIDENTIAL

NAVHOM01201131

**Signature Student Loan Promissory Note**
**Document SS2005-A**

In this Promissory Note ("Note") the words "I", "me", "my", "mine" and "we" mean the above signed borrower and cosigner(s), unless the language specifically refers to only one or the other. "You", "your" and "yours" mean the lender as listed on the front of the application and any subsequent holder of this Note.

**A. PROMISE TO PAY**
I promise to pay to your order according to the terms below the sum of: the Loan Amount Requested, to the extent it is advanced to me, or on my behalf, which includes the Supplemental Fees (together, the "Loan Amount"); other interest, fees and charges accrued or capitalized on the Loan Amount as described in this Note; and, in the event of default, reasonable attorney's fees, court costs and collection agency fees to the extent permitted by law.

**B. DEFINITIONS**
1. Interim Period - The "Interim Period" will begin on the date my loan is disbursed. My Interim Period will end 6 months after I graduate or drop below half-time enrollment at an eligible school. If I am enrolled in a health profession and obtain an internship or residency deferment within 6 months after leaving school, my Interim Period will end 6 months after the deferment ends.
2. Repayment Period - The "Repayment Period" will begin on the day after the Interim Period ends and will continue up to 300 months depending on my loan balance. If my loan is made six months or more after I graduate or drop below half-time enrollment, my Repayment Period begins on the day of my first disbursement.
3. Capitalized Interest and Other Amounts - From time to time, any interest, fees, charges and costs due and not yet paid may be added, without notice, to the principal amount of the loan. This addition is called "capitalizing". Since interest accrues on the outstanding principal balance, capitalizing increases the total cost of the loan.
4. Default - You may declare my loan in default following an event described in Section J except as follows: IDAHO, IOWA, KANSAS, MAINE and SOUTH CAROLINA RESIDENTS ONLY: I will be in default if I fail to make a payment as required by this Note (or within 10 days of the time required by this Note, for Iowa residents) or if the prospect of my payment or performance is significantly impaired. The burden of establishing the prospect of significant impairment is on the lender.
WISCONSIN RESIDENTS ONLY: I will be in default (a) if I permit to be outstanding an amount exceeding 1 full payment which has remained unpaid for more than 10 days after its scheduled due date or deferred due date, or I fail to pay the first payment or the last payment within 40 days of its scheduled due date or deferred due date, or (b) if I fail to observe any other provision of this Note, the breach of which materially impairs my ability to pay the amounts due under the Note.
5. Disbursement Date –The date shown on the loan check or the date the loan funds are electronically transferred to my school named in Section D of the application ("School").
6. Disclosure - The Truth in Lending Disclosure that will be sent at the time of my first disbursement and which is hereby incorporated into this Note.
7. The terms "Interest", "Late Charge", "Payment Return Fee", "Collection Costs" and "Supplemental Fees" are defined in the Note sections so titled. "Variable Rate" is defined under Section C, Interest, of this Note.

**C. INTEREST**
1. Interest on this Note will accrue at the Variable Rate (as defined below), beginning on the first Disbursement Date, on the principal balance advanced and Capitalized Interest and Other Amounts, until the principal balance and all accrued interest are paid in full.
2. The Variable Rate will change monthly on the first day of each month if the Current Index changes. The Variable Rate for the Interim Period and for the Repayment Period is the annual rate equal to the highest U.S. Prime Rate published in the *The Wall Street Journal* (Eastern Edition) "Interest Rates & Bonds" section, "Consumer Rates" table or any successor section or table for the purposes of displaying such rate, the next to the last New York business day before the end of the prior month (the "Current Index"), plus or minus the percentage identified on my Disclosure (the "Margin"), rounded to the nearest one-eighth of one percent (0.125%). A New York business day is defined as any day that is not a Saturday, Sunday, holiday or other day on which banking institutions in New York are authorized or ordered to close by law or executive order. For example, the Variable Rate for January will be determined by the highest U.S. Prime Rate published in *The Wall Street Journal* on the preceding December 30th if there is no intervening weekend.
3. The Margin is based on my School, credit history and cosigners' credit history. Once set, the Margin does not change. If *The Wall Street Journal* is not published or the U.S. Prime Rate is not stated in the " "Consumer Rates" table on the date to be used for the Current Index, then the Current Index will be determined by using the immediately preceding published U.S. Prime Rate. If the Current Index ceases to be available, you will choose a comparable substitute.

**D. TERMS OF REPAYMENT**
1. Interim Period - I am not required to make payments during the Interim Period. You will capitalize unpaid accrued interest at the beginning of the Repayment Period. If I am an eligible health student, you will capitalize unpaid accrued interest annually during any residency or internship deferment, at the end of any residency or internship deferment period of less than 12 months, and when I enter repayment.
2. Repayment Period - I will make consecutive monthly payments during the Repayment Period in the amounts and on or before the payment due dates shown on my statements until I have paid all of the principal and interest and any other charges I may owe under this Note.
3. Standard Repayment Terms - Subject to the terms of paragraph 4, you will establish a schedule whereby I will repay my loan in consecutive monthly installments of principal and interest calculated to equal the amount necessary to amortize the unpaid principal and interest at the Variable Rate then in effect over the number of months remaining in the Repayment Period with the payment amount changing in the months of February, May, August, and November.
4. Graduated Repayment Option - I may choose a graduated repayment option, if available. If I convert to this option, I will notify you in writing.
5. Amounts Owing at the End of the Repayment Period - Since interest accrues daily upon the unpaid principal balance of my loan, if I make payments after my payment due dates, I may owe additional principal and interest, fees and charges at the end of the Repayment Period. In such case, I shall pay the additional amounts, and you may, but are not required to, lengthen the Repayment Period.
6. Minimum Repayment - Notwithstanding paragraphs 3, 4 and 5 of this Section, I agree to pay at least $50 per month, or the unpaid balance, whichever is less, on all my Signature Student Loans.
7. Payments - Payments will be applied first to Late Charges, then to Payment Return Fees and Collection Costs, then to accrued interest, and the remainder to principal. Payments in excess of the amount due will advance the next payment due date by the number of whole payments satisfied by the extra funds. (For example, if my payment amount is $100, I am not delinquent and I pay $400 for the month of January, my next payment due date will be May.)
**8. If I wish to make a payment in satisfaction of a disputed amount or balance, I must send it to P.O. Box 3800, Wilkes-Barre, PA 18773-3800 with a letter of explanation.** To the extent permitted by law, you may accept late payments, partial payments, or payments marked "payment in full", or having similar language, without waiving your rights under this Note.

**E. LATE CHARGE**
I will pay a Late Charge if I fail to make any part of an installment payment within 15 days after it becomes due. The amount of the Late Charge will be identified on my Disclosure.

**F. SUPPLEMENTAL FEES**
1. Fee at Disbursement – You may charge an amount equal to the Supplemental Fee at disbursement of my loan. This fee will be identified on my Disclosure and will be a percentage of the principal balance of my loan. At the time you issue each disbursement, you may add to the principal loan balance an amount equal to the pro rata portion of the Supplemental Fee.
2. Fee at Repayment – You may charge me a Supplemental Fee, which will be identified on my Disclosure, either at the beginning of my Repayment Period, upon total repayment of my loan, or upon an event described in Section J, whichever is earlier. This fee will be a percentage of the principal balance of my loan after unpaid interest accrued during the Interim Period is capitalized.
3. Supplemental Fees are based on my School, credit history and cosigners' credit history. I understand and agree that the Supplemental Fees are earned when they are assessed and are not subject to rebate if I prepay my loan.

Copyright  Sallie Mae 2000-05 (1/2005)

CONFIDENTIAL

NAVHOM01201132

## G. PAYMENT RETURN FEE
If I make a payment and that payment is returned or refused by my bank for any reason, I agree to pay a charge of up to $20.00 for each payment so returned.

## H. CHARGES FOR OPTIONAL SERVICES
If I request and you agree to provide optional services to me in connection with my loan, you may charge me and I agree to pay the fees for such services. The fee will be disclosed to me before I accept any such service. Optional services may include, but are not limited to: (1) allowing me to make an expedited payment on my loan; and (2) sending documents to me by express delivery or facsimile transmission.

## I. RIGHT TO PREPAY
**I have the right to prepay all or any part of my loan at any time without penalty.**

## J. WHOLE LOAN DUE
Subject to applicable law, you have the right to give me notice that the whole outstanding principal balance, accrued interest, and all other amounts payable to you under the terms of this Note are due and payable at once and to cease to make any further disbursements to me, if:
1. I fail to make any payment to you when due; or
2. I fail to provide a notice required in Section L.1 on time; or
3. I break any of my other promises in this Note; or
4. Any bankruptcy proceeding is begun by or against me, or I assign any of my assets to or for the benefit of my creditors, and such proceeding has not been dismissed in 60 days; or
5. I make any false written statement in applying for this loan or at any time during the Interim Period or Repayment Period; or
6. I die or any cosigner dies; or
7. I am in default on any loans I may already have with you, or on any loans I may have with you in the future. My failure to receive a statement does not relieve me of my obligation to make my required loan payments in accordance with the terms and conditions of this Note. If any of the listed events occur, I will be required to pay interest on this loan accruing afterwards at the Variable Rate applicable to this loan prior to such event. The Variable Rate will be subject to adjustment in the same manner as before.

## K. COLLECTION COSTS
If I am in default, I agree to pay you reasonable amounts permitted by law, including collection agency fees, outside attorneys' fees and court costs, which you incur in enforcing the terms of this Note. Any such amounts include fees and costs incurred in connection with any appellate or bankruptcy proceedings.

## L. NOTICES
1. I will send written notice to you, or any subsequent holder of this Note, within 10 days after any change in my name, address, telephone number or School enrollment status.
2. Any notice required to be given to me by you will be effective when mailed to the latest address you have for me.

3. You may report the status of this loan to the School and to any credit bureaus. **Late payments, missed payments, or other defaults on my account may be reflected in my credit bureau report.**
4. CALIFORNIA RESIDENTS ONLY: A married applicant may apply for a separate account. If you take any adverse action as defined by § 1785.3 of the California Civil Code and the adverse action is based, in whole or in part, on any information contained in a consumer credit report, I have the right to obtain within 60 days a free copy of my consumer credit report from the consumer reporting agency who furnished you my consumer credit report and from any other consumer credit reporting agency which compiles and maintains files on consumers on a nationwide basis. CALIFORNIA and UTAH RESIDENTS: As required by California and Utah law, I am hereby notified that a negative credit report reflecting on my credit record may be submitted to a credit reporting agency if I fail to fulfill the terms of my credit obligations. IOWA and KANSAS RESIDENTS ONLY: (For purposes of the following notice to Iowa and Kansas residents, "you" means the borrower and cosigner, not the lender.) NOTICE TO CONSUMER 1. Do not sign this paper before you read it. 2. You are entitled to a copy of this paper. 3. You may prepay the unpaid balance at any time without penalty and may be entitled to receive a refund of unearned charges in accordance with law. MARYLAND RESIDENTS ONLY: I have made this loan pursuant to Subtitle 10 (Credit Grantor Closed End Credit provisions) of Title 12 of the Maryland Commercial Law Article only to the extent that such provisions are not inconsistent with your authority under federal law (12 U.S.C. § 85, § 1463(g), or § 1831d, as appropriate) and related regulations and interpretations, which authority you expressly reserve. MASSACHUSETTS RESIDENTS ONLY: Massachusetts law prohibits discrimination based upon marital status or sexual orientation. MISSOURI RESIDENTS ONLY: ORAL AGREEMENTS OR COMMITMENTS TO LOAN MONEY, EXTEND CREDIT OR FORBEAR FROM ENFORCING REPAYMENT OF DEBT INCLUDING PROMISES TO EXTEND OR RENEW SUCH DEBT ARE NOT ENFORCEABLE. TO PROTECT YOU (BORROWER(S)) AND US (CREDITOR) FROM MISUNDERSTANDING OR DISAPPOINTMENT, ANY AGREEMENTS WE REACH COVERING SUCH MATTERS ARE CONTAINED IN THIS WRITING, WHICH IS THE COMPLETE AND EXCLUSIVE STATEMENT OF THE AGREEMENT BETWEEN US, EXCEPT AS WE MAY LATER AGREE IN WRITING TO MODIFY IT. NEVADA RESIDENTS ONLY: This is a loan for study. NEW JERSEY RESIDENTS ONLY: The section headings of the Note are a table of contents and not contract terms. Portions of this Note with references to actions taken to the extent of applicable law apply to acts or practices that New Jersey law permits or requires. In this Note, acts or practices (i) by you which are or may be permitted by "applicable law" are permitted by New Jersey law, and (ii) that may or will be taken by you unless prohibited by "applicable law" are permitted by New Jersey law. NEW YORK, RHODE ISLAND and VERMONT RESIDENTS: I understand and agree that you may obtain a consumer credit report in connection with this application and in connection with any updates,

renewals or extensions of any credit as a result of this application. If I ask, I will be informed whether or not such a report was obtained and, if so, the name and address of the agency that furnished the report. I also understand and agree that you may obtain a consumer credit report in connection with the review or collection of any loan made to me as a result of this application or for other legitimate purposes related to such loans. OHIO RESIDENTS ONLY: The Ohio laws against discrimination require that all creditors make credit equally available to all credit-worthy customers, and that credit reporting agencies maintain separate credit histories on each individual upon request. The Ohio Civil Rights Commission administers compliance with this law. VERMONT RESIDENTS ONLY: (For purposes of the following notice to Vermont residents, "you" means any cosigner, not the lender.) **NOTICE TO COSIGNER: YOUR SIGNATURE ON THIS NOTE MEANS THAT YOU ARE EQUALLY LIABLE FOR REPAYMENT OF THIS LOAN. IF THE BORROWER DOES NOT PAY, THE LENDER HAS A LEGAL RIGHT TO COLLECT FROM YOU.** WISCONSIN RESIDENTS ONLY: For married Wisconsin residents, my signature confirms that this loan obligation is being incurred in the interest of my marriage or family. No provision of any marital property agreement (pre-marital agreement), unilateral statement under § 766.59 of the Wisconsin Statutes or court decree under § 766.70 adversely affects your interest unless, prior to the time that the loan is approved, you are furnished with a copy of the marital property agreement, statement, or decree or have actual knowledge of the adverse provision. If the loan for which I am applying is granted, I will notify you if I have a spouse who needs to receive notification that credit has been extended to me.

## M. ADDITIONAL AGREEMENTS
1. **I understand that when you accept the attached application, you are not agreeing to lend me money and that there will be no such agreement until the time the first disbursement of the loan is made.** You have the right to lend an amount less than the Loan Amount Requested if the School certifies a lower cost of attendance. You also have the right to cancel any undisbursed amount if (a) I cease to be enrolled at least half time at the School and I do not owe the School for any amounts incurred before I ceased to be enrolled at least half time, (b) any cosigner notifies you that he or she no longer wants to repay the amount not yet disbursed, or (c) an event occurs as described in Section J, or (d) the School ceases to be eligible to participate in the Signature Student Loan program.
2. If this Note is assigned, the assignee will become the owner of this Note and will have all your rights to enforce this Note against me.
3. **I understand that you are located in the State listed on the front of the attached application and this Note will be entered into in the same State. Consequently, the provisions of this Note will be governed by federal laws and the laws of that State to the extent not preempted, without regard to conflict of law rules.**
4. Upon receipt of the Disclosure, I will review it and if I am not satisfied with the terms of my loan as approved, I may cancel this Note and all

Copyright Sallie Mae 2000-05 (1/2005)

05-06 FINAL Sig App packet 12-6-04

CONFIDENTIAL

disbursements. To cancel this Note, I will contact you within 3 days of receipt by me of the loan check and I will not cash any loan checks, or if funds are transmitted electronically, I will instruct the School, within 3 days of receipt by me of the Disclosure, to return the funds to you.

5. By accepting past due payments you do not waive or affect any right to accelerate this Note. I waive any notice of dishonor, notice of protest, presentment, demand for payment, and all other notices or demands in connection with this Note and consent to the addition of a party who will be liable upon this loan or any other loans I have outstanding under the program, to any and all extensions, renewals, or releases of any party liable upon this loan or any other loans I have outstanding under the program, or waiver or modification that may be granted by you, all without affecting or releasing any borrower or cosigner from such loans. My responsibility for repaying this loan is not affected by the liability of any other person to you or by your failure to notify me that a payment has not been made.

6. If any provision of this Note is held invalid or unenforceable, that provision shall be considered omitted from this Note without affecting the validity or enforceability of the remainder of this Note.

7. This Note may be modified only if you put the modification in writing and the modification is agreed to by any borrower or cosigner. Any such modification does not require the consent of any other borrower or cosigner and will not affect the validity or enforceability of the remainder of this Note.

8. I understand that this loan is an educational loan and is made under a program that includes Stafford loans and other loans and which is funded in part by non-profit organizations, including governmental units and, therefore, is not dischargeable in bankruptcy, except pursuant to 11 U.S. Code § 523(a) 8.

9. I acknowledge that I have received a true and exact copy of this Note.

10. I may not assign this Note or any of its benefits or obligations. You may assign this Note at any time. The obligations of this Note will be binding on my estate.

11. Your failure to exercise any right hereunder does not constitute a waiver thereof. All waivers must be in writing.

12. I hereby waive all my defenses to this Note based on suretyship.

13. I understand that you may use automated telephone dialing equipment or an artificial or pre-recorded voice message to contact me in connection with this loan or loan application. You may contact me at any telephone number I provide in this application or I provide in the future, even if that number is a cellular telephone number.

## IMPORTANT INFORMATION ABOUT PROCEDURES FOR OPENING A NEW ACCOUNT

To help the government fight the funding of terrorism and money laundering activities, Federal law requires all financial institutions to obtain, verify, and record information that identifies each person who opens an account.

What this means for me: When I apply for a student loan, you will ask for my name, address, date of birth, and other information that will allow you to identify me.

You may also ask to see my driver's license or other identifying documents.

## N.CERTIFICATION AND CONSENT TO INFORMATION SHARING

1. I certify that the information contained in Sections A, B and C of the application is true, complete and correct to the best of my knowledge and belief and is made in good faith, that I am eligible for this loan and that I will repay it according to the terms of this Note. I understand and agree that my lender will be as listed on the front of the attached application. I hereby authorize the School to pay to you any refund that may be due me up to the amount of this loan. I understand that I must immediately repay any funds that I receive which cannot reasonably be attributed to meeting my educational expenses related to attendance at the School. At your option, you may either electronically transmit funds to the School to be applied to my account, or if you issue checks, I authorize you to issue a check jointly payable to me and the School, and send it to the School. If funds are electronically transmitted, I hereby authorize the School to transfer the funds to my account at the School. I understand that failure to complete the educational program undertaken by me does not relieve me of any obligation of this Note.

2. **I authorize any school that I may attend to release to you, the U.S. Department of Education, the guarantor or their agents, any requested information pertinent to this loan (***e.g.***, employment, enrollment status, current address) and to advise you whether I am eligible for a future loan. I authorize you, your agents, the guarantor or its agents to check my credit and employment history for this loan and for future loans that may be offered to me, to answer questions about their credit experience with me, and to release the results of the credit review process to the School. I further authorize you to release any other information on this loan to the School, to other schools I have attended for which I have taken out a student loan, and to the guarantor.**

3. **I consent to the sharing of any information about this loan with my parent, guardian, child, spouse or sibling who complies with your procedures unless I revoke this consent or unless prohibited by law.** I understand that I may revoke this consent by contacting the servicer at 1-888-2SALLIE or P.O. Box 9500, Wilkes-Barre, PA 18773-9500.

4. I certify that all of the loan proceeds are solely to pay for my qualified higher education expenses at the School.

5. I also certify that: I have read the materials explaining the loan program that have been provided to me; I have read, understand and agree to the provisions of the program, my responsibilities and my rights under this program, the terms of this Note and this "Certification and Consent to Information Sharing" and that the program is funded in part by non-profit organizations.

## O. CORRECTION OF ERRORS

All parties to this Note agree to fully cooperate and adjust all typographical, computer, calculation or clerical errors discovered in any or all of the loan documents including the application, Note and

Disclosure. In the event this procedure is used, all parties involved will be notified and receive a corrected copy of the changed document.

## P. COSIGNER/STUDENT RELEASE

I agree that, if any cosigner applicant fails to qualify for this loan, said cosigner applicant will be released from liability hereunder, but this Note will still bind the student borrower and any remaining cosigner. I also agree that an approved cosigner may be released from liability hereunder upon application by a student borrower who has made 24 consecutive on-time monthly payments of principal and interest during the first 2 years of the Repayment Period of this loan (not including deferments and forbearances) and who meets applicable credit criteria at the time of the application, with the student borrower remaining liable for this loan after such cosigner release. As cosigner, I agree that if the student borrower is released from liability on this loan for any reason, including infancy, I hereby consent to such release and to my continued liability for this loan after such release.

Copyright  Sallie Mae 2000-05 (1/2005)

05-06 FINAL Sig App packet 12-6-04

CONFIDENTIAL

# LOAN 5

NAVHOM01201135

# Signature Student Loan®

*Application and Promissory Note*

**For Loans First Disbursed Through May 31, 2006**

SallieMae

**Academic Year 2005-2006**

**XS**

| Lender Name Citizens Bank | Lender City RIVERSIDE | Lender State RI | Lender Code |

## Section A: Borrower Information    Please read instructions before completing this section.

| Social Security Number | Last Name and Suffix Homaidan | First Name Helal | MI K |

Permanent Address (No PO Boxes) 50 _____ St        City _____        State _____  Zip Code _____

Permanent Phone Number (_____)        Time At Address (If less than 1 year, provide prior address)   Years 0   Months 9

Prior Address        City _____   State _____   Zip Code _____

Address While In School        City _____   State _____   Zip Code _____

Phone Number While In School        Date of birth (mm/dd/yy)        Email Address

Citizenship (select one)  a) U.S. citizen  **X**   b) Non-Citizen Permanent Resident        c) Foreign Resident        Have you ever defaulted on a student loan? Yes / No ☑  If yes, see instructions for required action
Note: For options b or c, see instructions

**Total Loan Amount Requested**  We encourage you to borrow conservatively, but try to borrow the full amount you need so you will not have to submit another application. (See instructions)  $ 4,000.00        Amount requested is for the Enrollment Period:   From (mm / yy) 01/06   To (mm / yy) 05/06

School Name EMERSON COLLEGE        City BOSTON        State MA

Grade Level (Refer to instructions) 03        Course of Study (Refer to instructions) ART        Student Loan Education Debt  Total Federal $ 845.00        Total Non-Federal / Private $ 10,000.00

Reference – You must provide an adult reference other than the cosigner(s)

Last Name and Suffix        First Name        MI        Relationship to Borrower Friend

Address (No PO Boxes)        City _____        State _____  Zip Code _____        Phone Number (cell phone not acceptable) (_____)

## Section B: Cosigner Information    Please read instructions before completing this section.

As a cosigner, you are not required to add a second cosigner. However, if you want a second cosigner's income and debts to be considered in the loan decision, please have him/her complete the second cosigner section. **Second cosigner must reside at primary cosigner's address.**

Social Security Number        Last Name and Suffix        First Name        MI

Address (No PO Boxes)        City        State  Zip Code   Phone Number

Date of Birth (mm/dd/yy)        Email Address

Have you ever defaulted on a student loan?  Yes / No   Bank Name   Checking Account or Savings Account #   Citizenship (select one)  a) U.S. citizen _____  b) Non-Citizen Permanent Resident _____
Note: For option b, see instructions

Present Employer Name        Employer Address (City, State, Zip Code)        Work Phone Number

Gross Monthly Income (See Instructions) **Note: You do not have to reveal alimony, child support or separate maintenance income unless you wish it to be considered as a basis for loan repayment**   Salary $   Other $   Source        Monthly Mortgage/Rent  Amount $   Circle one: Own / Rent        Other Monthly Payment $

Reference – You must provide an adult reference other than the borrower

Last Name and Suffix        First Name        MI        Relationship to Cosigner

Address (No PO Boxes)        City        State  Zip Code   Phone Number (cell phone not acceptable)

### Second Cosigner Information

Social Security Number        Last Name and Suffix        First Name        MI

Date of Birth (mm/dd/yy)        Have you ever defaulted on a student loan?  Yes / No        Citizenship (select one)  a) U.S. citizen _____  b) Non-Citizen Permanent Resident _____
Note: For option b, see instructions

Present Employer Name        Employer Address (City, State, Zip Code)        Work Phone Number        Gross Monthly Salary (See Instructions) $        Other Monthly Payment $

## Section C: Borrower and Cosigner(s) Signature

**CAUTION – IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT. I/WE, THE COSIGNER(S), HAVE READ THE APPLICABLE COSIGNER NOTICE.**

**Notice to Customer** (a) Do not sign this note even if otherwise advised. (b) Do not sign this if it contains any blank spaces. (c) You are entitled to an exact copy of any agreement you sign. (d) You have the right at any time to pay in advance the unpaid balance due under this agreement and you may be entitled to a partial refund of the finance charge.

I declare that the information provided above is true and complete to the best of my knowledge and belief. I have read the Promissory Note accompanying this application and the Notice to Cosigner(s). **Promise to pay:** Jointly and severally with the other signers below, I promise to pay the lender or any other holder of this loan all sums disbursed under the terms of the Promissory Note, plus interest and all other charges that may become due. The terms and conditions set forth in the Promissory Note constitute the entire agreement between us.

**Borrower Signature** Helal _____ K  Homaidan _____ **(seal)** Date 03/19/2006

**Cosigner Signature (if applicable)** _____ **(seal)** Date _____

**Second Cosigner Signature (if applicable)** _____ **(seal)** Date _____

## Section D: School Certification    Must be completed by an authorized school official.

School Name EMERSON COLLEGE        School Code/Branch 0021460000

For the Enrollment Period (not to exceed 12 months)        Grade Level (Circle one ) Please refer to instructions.
Undergraduate   1   2   ③   4   5
Graduate   A   B   C   D

From Date (mm/dd/yy) 01/17/2006  To Date (mm/dd/yy) 05/02/2006

Enrollment Status (Circle one)   Full-time   Half-time        Course of Study (Refer to Instructions) ART        Anticipated Grad Date (mm/dd/yy)

| Disbursement Date (mm/dd/yy) | Disbursement Amount |
| 1. / / | 1. $ |
| 2. / / | 2. $ |
| 3. / / | 3. $ |
| 4. / / | 4. $ |
| Total Certified Amount: $ | |

I hereby certify that the Borrower is eligible for a Signature Student Loan; that the Total Certified Amount does not exceed the student's cost of attendance minus other financial aid; that the School will, at the request of the lender, provide the lender with subsequent information regarding the Borrower's whereabouts; that this School will comply with all applicable loan policies and provisions; and that information provided in Sections A and B is true, complete and correct to the best of my knowledge and belief.

Authorized school official Sign and date:        Print or type name and title:        Phone        Certification Sent Electronically  Yes _____  No _____

ONWLD_SWIS        Return Application To: Sallie Mae Servicing • PO Box 59030 • Panama City, FL 32412  (Copyright Sallie Mae 2000-05 1/2005)        SS2005-A



CONFIDENTIAL        NAVHOM01201136

**Signature Student Loan Promissory Note**
**Document SS2005-A**

In this Promissory Note ("Note") the words "I", "me", "my", "mine" and "we" mean the above signed borrower and cosigner(s), unless the language specifically refers to only one or the other. "You", "your" and "yours" mean the lender as listed on the front of the application and any subsequent holder of this Note.

**A. PROMISE TO PAY**
I promise to pay to your order according to the terms below the sum of: the Loan Amount Requested, to the extent it is advanced to me, or on my behalf, which includes the Supplemental Fees (together, the "Loan Amount"); other interest, fees and charges accrued or capitalized on the Loan Amount as described in this Note; and, in the event of default, reasonable attorney's fees, court costs and collection agency fees to the extent permitted by law.

**B. DEFINITIONS**
1. Interim Period - The "Interim Period" will begin on the date my loan is disbursed. My Interim Period will end 6 months after I graduate or drop below half-time enrollment at an eligible school. If I am enrolled in a health profession and obtain an internship or residency deferment within 6 months after leaving school, my Interim Period will end 6 months after the deferment ends.
2. Repayment Period - The "Repayment Period" will begin on the day after the Interim Period ends and will continue up to 300 months depending on my loan balance. If my loan is made six months or more after I graduate or drop below half-time enrollment, my Repayment Period begins on the day of my first disbursement.
3. Capitalized Interest and Other Amounts - From time to time, any interest, fees, charges and costs due and not yet paid may be added, without notice, to the principal amount of the loan. This addition is called "capitalizing". Since interest accrues on the outstanding principal balance, capitalizing increases the total cost of the loan.
4. Default - You may declare my loan in default following an event described in Section J except as follows: IDAHO, IOWA, KANSAS, MAINE and SOUTH CAROLINA RESIDENTS ONLY: I will be in default if I fail to make a payment as required by this Note (or within 10 days of the time required by this Note, for Iowa residents) or if the prospect of my payment or performance is significantly impaired. The burden of establishing the prospect of significant impairment is on the lender.
WISCONSIN RESIDENTS ONLY: I will be in default (a) if I permit to be outstanding an amount exceeding 1 full payment which has remained unpaid for more than 10 days after its scheduled due date or deferred due date, or I fail to pay the first payment or the last payment within 40 days of its scheduled due date or deferred due date, or (b) if I fail to observe any other provision of this Note, the breach of which materially impairs my ability to pay the amounts due under the Note.
5. Disbursement Date – The date shown on the loan check or the date the loan funds are electronically

transferred to my school named in Section D of the application ("School").
6. Disclosure - The Truth in Lending Disclosure that will be sent at the time of my first disbursement and which is hereby incorporated into this Note.
7. The terms "Interest", "Late Charge", "Payment Return Fee", "Collection Costs" and "Supplemental Fees" are defined in the Note sections so titled. "Variable Rate" is defined under Section C, Interest, of this Note.

**C. INTEREST**
1. Interest on this Note will accrue at the Variable Rate (as defined below), beginning on the first Disbursement Date, on the principal balance advanced and Capitalized Interest and Other Amounts, until the principal balance and all accrued interest are paid in full.
2. The Variable Rate will change monthly on the first day of each month if the Current Index changes. The Variable Rate for the Interim Period and for the Repayment Period is the annual rate equal to the highest U.S. Prime Rate published in The Wall Street Journal (Eastern Edition) "Interest Rates & Bonds" section, "Consumer Rates" table or any successor section or table for the purposes of displaying such rate, the next to the last New York business day before the end of the prior month (the "Current Index"), plus or minus the percentage identified on my Disclosure (the "Margin"), rounded to the nearest one-eighth of one percent (0.125%). A New York business day is defined as any day that is not a Saturday, Sunday, holiday or other day on which banking institutions in New York are authorized or ordered to close by law or executive order. For example, the Variable Rate for January will be determined by the highest U.S. Prime Rate published in The Wall Street Journal on the preceding December 30th if there is no intervening weekend.
3. The Margin is based on my School, credit history and cosigners' credit history. Once set, the Margin does not change. If The Wall Street Journal is not published or the U.S. Prime Rate is not stated in the " "Consumer Rates" table on the date to be used for the Current Index, then the Current Index will be determined by using the immediately preceding published U.S. Prime Rate. If the Current Index ceases to be available, you will choose a comparable substitute.

**D. TERMS OF REPAYMENT**
1. Interim Period - I am not required to make payments during the Interim Period. You will capitalize unpaid accrued interest at the beginning of the Repayment Period. If I am an eligible health student, you will capitalize unpaid accrued interest annually during any residency or internship deferment, at the end of any residency or internship deferment period of less than 12 months, and when I enter repayment.
2. Repayment Period - I will make consecutive monthly payments during the Repayment Period in the amounts and on or before the payment due dates shown on my statements until I have paid all of the principal and interest and any other charges I may owe under this Note.
3. Standard Repayment Terms - Subject to the terms of paragraph 4, you will establish a schedule whereby

I will repay my loan in consecutive monthly installments of principal and interest calculated to equal the amount necessary to amortize the unpaid principal and interest at the Variable Rate then in effect over the number of months remaining in the Repayment Period with the payment amount changing in the months of February, May, August, and November.
4. Graduated Repayment Option - I may choose a graduated repayment option, if available. If I convert to this option, I will notify you in writing.
5. Amounts Owing at the End of the Repayment Period - Since interest accrues daily upon the unpaid principal balance of my loan, if I make payments after my payment due dates, I may owe additional principal and interest, fees and charges at the end of the Repayment Period. In such case, I shall pay the additional amounts, and you may, but are not required to, lengthen the Repayment Period.
6. Minimum Repayment - Notwithstanding paragraphs 3, 4 and 5 of this Section, I agree to pay at least $50 per month, or the unpaid balance, whichever is less, on all my Signature Student Loans.
7. Payments - Payments will be applied first to Late Charges, then to Payment Return Fees and Collection Costs, then to accrued interest, and the remainder to principal. Payments in excess of the amount due will advance the next payment due date by the number of whole payments satisfied by the extra funds. (For example, if my payment amount is $100, I am not delinquent and I pay $400 for the month of January, my next payment due date will be May.)
**8. If I wish to make a payment in satisfaction of a disputed amount or balance, I must send it to P.O. Box 3800, Wilkes-Barre, PA 18773-3800 with a letter of explanation.** To the extent permitted by law, you may accept late payments, partial payments, or payments marked "payment in full", or having similar language, without waiving your rights under this Note.

**E. LATE CHARGE**
I will pay a Late Charge if I fail to make any part of an installment payment within 15 days after it becomes due. The amount of the Late Charge will be identified on my Disclosure.

**F. SUPPLEMENTAL FEES**
1. Fee at Disbursement – You may charge an amount equal to the Supplemental Fee at disbursement of my loan. This fee will be identified on my Disclosure and will be a percentage of the principal balance of my loan. At the time you issue each disbursement, you may add to the principal loan balance an amount equal to the pro rata portion of the Supplemental Fee.
2. Fee at Repayment – You may charge me a Supplemental Fee, which will be identified on my Disclosure, either at the beginning of my Repayment Period, upon total repayment of my loan, or upon an event described in Section J, whichever is earlier. This fee will be a percentage of the principal balance of my loan after unpaid interest accrued during the Interim Period is capitalized.
3. Supplemental Fees are based on my School, credit history and cosigners' credit history. I understand and agree that the Supplemental Fees are earned when they are assessed and are not subject to rebate if I prepay my loan.

Copyright Sallie Mae 2000-05 (1/2005)

05-06 FINAL Sig App packet 12-6-04

CONFIDENTIAL                                                                                         NAVHOM01201137

**G. PAYMENT RETURN FEE**

If I make a payment and that payment is returned or refused by my bank for any reason, I agree to pay a charge of up to $20.00 for each payment so returned.

**H. CHARGES FOR OPTIONAL SERVICES**

If I request and you agree to provide optional services to me in connection with my loan, you may charge me and I agree to pay the fees for such services. The fee will be disclosed to me before I accept any such service. Optional services may include, but are not limited to: (1) allowing me to make an expedited payment on my loan; and (2) sending documents to me by express delivery or facsimile transmission.

**I. RIGHT TO PREPAY**

I have the right to prepay all or any part of my loan at any time without penalty.

**J. WHOLE LOAN DUE**

Subject to applicable law, you have the right to give me notice that the whole outstanding principal balance, accrued interest, and all other amounts payable to you under the terms of this Note are due and payable at once and to cease to make any further disbursements to me, if:
1. I fail to make any payment to you when due; or
2. I fail to provide a notice required in Section L.1 on time; or
3. I break any of my other promises in this Note; or
4. Any bankruptcy proceeding is begun by or against me, or I assign any of my assets to or for the benefit of my creditors, and such proceeding has not been dismissed in 60 days; or
5. I make any false written statement in applying for this loan or at any time during the Interim Period or Repayment Period; or
6. I die or any cosigner dies; or
7. I am in default on any loans I may already have with you, or on any loans I may have with you in the future. My failure to receive a statement does not relieve me of my obligation to make my required loan payments in accordance with the terms and conditions of this Note. If any of the listed events occur, I will be required to pay interest on this loan accruing afterwards at the Variable Rate applicable to this loan prior to such event. The Variable Rate will be subject to adjustment in the same manner as before.

**K. COLLECTION COSTS**

If I am in default, I agree to pay you reasonable amounts permitted by law, including collection agency fees, outside attorneys' fees and court costs, which you incur in enforcing the terms of this Note. Any such amounts include fees and costs incurred in connection with any appellate or bankruptcy proceedings.

**L. NOTICES**

1. I will send written notice to you, or any subsequent holder of this Note, within 10 days after any change in my name, address, telephone number or School enrollment status.
2. Any notice required to be given to me by you will be effective when mailed to the latest address you have for me.

3. You may report the status of this loan to the School and to any credit bureaus. **Late payments, missed payments, or other defaults on my account may be reflected in my credit bureau report.**
4. CALIFORNIA RESIDENTS ONLY: A married applicant may apply for a separate account. If you take any adverse action as defined by § 1785.3 of the California Civil Code and the adverse action is based, in whole or in part, on any information contained in a consumer credit report, I have the right to obtain within 60 days a free copy of my consumer credit report from the consumer reporting agency who furnished you my consumer credit report and from any other consumer credit reporting agency which compiles and maintains files on consumers on a nationwide basis. CALIFORNIA and UTAH RESIDENTS: As required by California and Utah law, I am hereby notified that a negative credit report reflecting on my credit record may be submitted to a credit reporting agency if I fail to fulfill the terms of my credit obligations. IOWA and KANSAS RESIDENTS ONLY: (For purposes of the following notice to Iowa and Kansas residents, "you" means the borrower and cosigner, not the lender.) NOTICE TO CONSUMER 1. Do not sign this paper before you read it. 2. You are entitled to a copy of this paper. 3. You may prepay the unpaid balance at any time without penalty and may be entitled to receive a refund of unearned charges in accordance with law. MARYLAND RESIDENTS ONLY: I have made this loan pursuant to Subtitle 10 (Credit Grantor Closed End Credit provisions) of Title 12 of the Maryland Commercial Law Article only to the extent that such provisions are not inconsistent with your authority under federal law (12 U.S.C. § 85, § 1463(g), or § 1831d, as appropriate) and related regulations and interpretations, which authority you expressly reserve. MASSACHUSETTS RESIDENTS ONLY: Massachusetts law prohibits discrimination based upon marital status or sexual orientation. MISSOURI RESIDENTS ONLY: ORAL AGREEMENTS OR COMMITMENTS TO LOAN MONEY, EXTEND CREDIT OR FORBEAR FROM ENFORCING REPAYMENT OF DEBT INCLUDING PROMISES TO EXTEND OR RENEW SUCH DEBT ARE NOT ENFORCEABLE. TO PROTECT YOU (BORROWER(S)) AND US (CREDITOR) FROM MISUNDERSTANDING OR DISAPPOINTMENT, ANY AGREEMENTS WE REACH COVERING SUCH MATTERS ARE CONTAINED IN THIS WRITING, WHICH IS THE COMPLETE AND EXCLUSIVE STATEMENT OF THE AGREEMENT BETWEEN US, EXCEPT AS WE MAY LATER AGREE IN WRITING TO MODIFY IT. NEVADA RESIDENTS ONLY: This is a loan for study. NEW JERSEY RESIDENTS ONLY: The section headings of this Note are a table of contents and not contract terms. Portions of this Note with references to actions taken to the extent of applicable law apply to acts or practices that New Jersey law permits or requires. In this Note, acts or practices (i) by you which are or may be permitted by "applicable law" are permitted by New Jersey law, and (ii) that may or will be taken by you unless prohibited by "applicable law" are permitted by New Jersey law. NEW YORK, RHODE ISLAND and VERMONT RESIDENTS: I understand and agree that you may obtain a consumer credit report in connection with this application and in connection with any updates,

renewals or extensions of any credit as a result of this application. If I ask, I will be informed whether or not such a report was obtained and, if so, the name and address of the agency that furnished the report. I also understand and agree that you may obtain a consumer credit report in connection with the review or collection of any loan made to me as a result of this application or for other legitimate purposes related to such loans. OHIO RESIDENTS ONLY: The Ohio laws against discrimination require that all creditors make credit equally available to all credit-worthy customers, and that credit reporting agencies maintain separate credit histories on each individual upon request. The Ohio Civil Rights Commission administers compliance with this law. VERMONT RESIDENTS ONLY: (For purposes of the following notice to Vermont residents, "you" means any cosigner, not the lender.) NOTICE TO COSIGNER: YOUR SIGNATURE ON THIS NOTE MEANS THAT YOU ARE EQUALLY LIABLE FOR REPAYMENT OF THIS LOAN. IF THE BORROWER DOES NOT PAY, THE LENDER HAS A LEGAL RIGHT TO COLLECT FROM YOU. WISCONSIN RESIDENTS ONLY: For married Wisconsin residents, my signature confirms that this loan obligation is being incurred in the interest of my marriage or family. No provision of any marital property agreement (pre-marital agreement), unilateral statement under § 766.59 of the Wisconsin Statutes or court decree under § 766.70 adversely affects your interest unless, prior to the time that the loan is approved, you are furnished with a copy of the marital property agreement, statement, or decree or have actual knowledge of the adverse provision. If the loan for which I am applying is granted, I will notify you if I have a spouse who needs to receive notification that credit has been extended to me.

**M. ADDITIONAL AGREEMENTS**

1. I understand that when you accept the attached application, you are not agreeing to lend me money and that there will be no such agreement until the time the first disbursement of the loan is made. You have the right to lend an amount less than the Loan Amount Requested if the School certifies a lower cost of attendance. You also have the right to cancel any undisbursed amount if (a) I cease to be enrolled at least half time at the School and I do not owe the School for any amounts incurred before I ceased to be enrolled at least half time, (b) any cosigner notifies you that he or she no longer wants to repay the amount not yet disbursed, or (c) an event occurs as described in Section J, or (d) the School ceases to be eligible to participate in the Signature Student Loan program.
2. If this Note is assigned, the assignee will become the owner of this Note and will have all your rights to enforce this Note against me.
3. I understand that you are located in the State listed on the front of the attached application and this Note will be entered into in the same State. Consequently, the provisions of this Note will be governed by federal laws and the laws of that State to the extent not preempted, without regard to conflict of law rules.
4. Upon receipt of the Disclosure, I will review it and if I am not satisfied with the terms of my loan as approved, I may cancel this Note and all

Copyright Sallie Mae 2000-05 (1/2005)

CONFIDENTIAL

NAVHOM01201138

disbursements. To cancel this Note, I will contact you within 3 days of receipt by me of the loan check and I will not cash any loan checks, or if funds are transmitted electronically, I will instruct the School, within 3 days of receipt by me of the Disclosure, to return the funds to you.

5. By accepting past due payments you do not waive or affect any right to accelerate this Note. I waive any notice of dishonor, notice of protest, presentment, demand for payment, and all other notices or demands in connection with this Note and consent to the addition of a party who will be liable upon this loan or any other loans I have outstanding under the program, to any and all extensions, renewals, or releases of any party liable upon this loan or any other loans I have outstanding under the program, or waiver or modification that may be granted by you, all without affecting or releasing any borrower or cosigner from such loans. My responsibility for repaying this loan is not affected by the liability of any other person to you or by your failure to notify me that a payment has not been made.

6. If any provision of this Note is held invalid or unenforceable, that provision shall be considered omitted from this Note without affecting the validity or enforceability of the remainder of this Note.

7. This Note may be modified only if you put the modification in writing and the modification is agreed to by any borrower or cosigner. Any such modification does not require the consent of any other borrower or cosigner and will not affect the validity or enforceability of the remainder of this Note.

8. I understand that this loan is an educational loan and is made under a program that includes Stafford loans and other loans and which is funded in part by non-profit organizations, including governmental units and, therefore, is not dischargeable in bankruptcy, except pursuant to 11 U.S. Code § 523(a) 8.

9. I acknowledge that I have received a true and exact copy of this Note.

10. I may not assign this Note or any of its benefits or obligations. You may assign this Note at any time. The obligations of this Note will be binding on my estate.

11. Your failure to exercise any right hereunder does not constitute a waiver thereof. All waivers must be in writing.

12. I hereby waive all my defenses to this Note based on suretyship.

13. I understand that you may use automated telephone dialing equipment or an artificial or pre-recorded voice message to contact me in connection with this loan or loan application. You may contact me at any telephone number I provide in this application or I provide in the future, even if that number is a cellular telephone number.

**IMPORTANT INFORMATION ABOUT PROCEDURES FOR OPENING A NEW ACCOUNT**
To help the government fight the funding of terrorism and money laundering activities, Federal law requires all financial institutions to obtain, verify, and record information that identifies each person who opens an account.

What this means for me: When I apply for a student loan, you will ask for my name, address, date of birth, and other information that will allow you to identify me.

You may also ask to see my driver's license or other identifying documents.

**N. CERTIFICATION AND CONSENT TO INFORMATION SHARING**

1. I certify that the information contained in Sections A, B and C of the application is true, complete and correct to the best of my knowledge and belief and is made in good faith, that I am eligible for this loan and that I will repay it according to the terms of this Note. I understand and agree that my lender will be as listed on the front of the attached application. I hereby authorize the School to pay to you any refund that may be due me up to the amount of this loan. I understand that I must immediately repay any funds that I receive which cannot reasonably be attributed to meeting my educational expenses related to attendance at the School. At your option, you may either electronically transmit funds to the School to be applied to my account, or if you issue checks, I authorize you to issue a check jointly payable to me and the School, and send it to the School. If funds are electronically transmitted, I hereby authorize the School to transfer the funds to my account at the School. I understand that failure to complete the educational program undertaken by me does not relieve me of any obligation of this Note.

2. **I authorize any school that I may attend to release to you, the U.S. Department of Education, the guarantor or their agents, any requested information pertinent to this loan (**e.g.**, employment, enrollment status, current address) and to advise you whether I am eligible for a future loan. I authorize you, your agents, the guarantor or its agents to check my credit and employment history for this loan and for future loans that may be offered to me, to answer questions about their credit experience with me, and to release the results of the credit review process to the School. I further authorize you to release any other information on this loan to the School, to other schools I have attended for which I have taken out a student loan, and to the guarantor.**

3. **I consent to the sharing of any information about this loan with my parent, guardian, child, spouse or sibling who complies with your procedures unless I revoke this consent or unless prohibited by law. I understand that I may revoke this consent by contacting the servicer at 1-888-2SALLIE** or P.O. Box 9500, Wilkes-Barre, PA 18773-9500.

4. I certify that **all** of the loan proceeds are solely to pay for my qualified higher education expenses at the School.

5. I also certify that: I have read the materials explaining the loan program that have been provided to me; I have read, understand and agree to the provisions of the program, my responsibilities and my rights under this program, the terms of this Note and this "Certification and Consent to Information Sharing" and that the program is funded in part by non-profit organizations.

**O. CORRECTION OF ERRORS**
All parties to this Note agree to fully cooperate and adjust all typographical, computer, calculation or clerical errors discovered in any or all of the loan documents including the application, Note and

Disclosure. In the event this procedure is used, all parties involved will be notified and receive a corrected copy of the changed document.

**P. COSIGNER/STUDENT RELEASE**
I agree that, if any cosigner applicant fails to qualify for this loan, said cosigner applicant will be released from liability hereunder, but this Note will still bind the student borrower and any remaining cosigner. I also agree that an approved cosigner may be released from liability hereunder upon application by a student borrower who has made 24 consecutive on-time monthly payments of principal and interest during the first 2 years of the Repayment Period of this loan (not including deferments and forbearances) and who meets applicable credit criteria at the time of the application, with the student borrower remaining liable for this loan after such cosigner release. As cosigner, I agree that if the student borrower is released from liability on this loan for any reason, including infancy, I hereby consent to such release and to my continued liability for this loan after such release.

Copyright Sallie Mae 2000-05 (1/2005)

05-06 FINAL Sig App packet 12-6-04

CONFIDENTIAL

# LOAN 8

CONFIDENTIAL

NAVHOM01201140

# Signature Student Loan®

*Application and Promissory Note*

**For Loan Applications Received by May 31, 2007**

**SallieMae**

**Academic Year 2006-2007**

XS

## Section A: Borrower Information    Please read instructions before completing this section.

| Social Security Number | Last Name and Suffix Homaidan | First Name Helal | MI K |
|---|---|---|---|

| Permanent Address (No P.O. Boxes) t | City | State | ZIP Code |
|---|---|---|---|

| Permanent Phone Number | Cellular Phone Number | Time at Address (if less than one year, provide prior address) Years 6 | Months 0 |
|---|---|---|---|

| Prior Address | City | State | ZIP Code |
|---|---|---|---|

| Address While in School | City | State | ZIP Code |
|---|---|---|---|

| Phone Number While in School | Date of Birth (mm/dd/yy) | Email Address |
|---|---|---|

Citizenship (check one)  a) U.S. Citizen ☑  b) Non-Citizen Permanent Resident ☐  c) Foreign Resident ☐
d) Foreign Resident not eligible for a Social Security Number ☐  Note: For options b, c or d see instructions

Have you ever defaulted on a student loan? (check one)  Yes ☐  No ☑    If yes, see instructions for required action

| Total Loan Amount Requested $ 5,600.00 | We encourage you to borrow conservatively, but try to borrow the full amount you need so you will not have to submit another application. (see instructions) | Enrollment Period for which you want to borrow money (cannot exceed 12 months) | From (mm/yy) 09/06 | To (mm/yy) 12/06 |
|---|---|---|---|---|

| School Name EMERSON COLLEGE | City BOSTON | State MA |
|---|---|---|

| Grade Level (refer to instructions) 04 | Course of Study (refer to instructions) COM | Current Outstanding Student Loan Debt (refer to instructions) $ 15,878.00 |
|---|---|---|

**References—You must provide two (2) adult references other than the borrower**

| 1) Last Name and Suffix | First Name | MI | Relationship to Borrower Friend |
|---|---|---|---|
| Email Address | Permanent Phone Number ( | | Alternate Phone Number N/A |

| 2) Last Name and Suffix | First Name | MI | Relationship to Borrower Friend |
|---|---|---|---|
| Email Address | Permanent Phone Number | | Alternate Phone Number N/A |

## Section B: Cosigner Information    Please read instructions before completing this section.

| Social Security Number | Last Name and Suffix | First Name | MI |
|---|---|---|---|

| Address (No P.O. Boxes) | City | State | ZIP Code |
|---|---|---|---|

| Permanent Phone Number | Cellular Phone Number | Time at Residence (if less than one year, provide prior address) Years | Months |
|---|---|---|---|

| Prior Address (No P.O. Boxes) | City | State | ZIP Code |
|---|---|---|---|

Citizenship (check one)  a) U.S. Citizen ☐  b) Non-Citizen Permanent Resident ☐  Date of Birth (mm/dd/yy)  Note: For option b, see instructions

Have you ever defaulted on a student loan? (check one)  Yes ☐  No ☐    If yes, see instructions for required action

| Present Employer Name | Employer Address (City, State, ZIP Code) | Work Phone Number |
|---|---|---|

| Gross Monthly Income (see instructions) Note: You do not have to reveal alimony, child support or separate maintenance income unless you wish it to be considered as a basis for loan repayment  Salary $      Other $      Source | Monthly Mortgage/Rent Amount (check one) $      Own ☐ Rent ☐ | Cosigner's Email Address |
|---|---|---|

**References—You must provide two (2) adult references other than the borrower**

| 1) Last Name and Suffix | First Name | MI | Relationship to Cosigner |
|---|---|---|---|
| Email Address | Permanent Phone Number | | Alternate Phone Number |

| 2) Last Name and Suffix | First Name | MI | Relationship to Cosigner |
|---|---|---|---|
| Email Address | Permanent Phone Number | | Alternate Phone Number |

## Section C: Borrower and Cosigner Signature

**CAUTION – IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT. I, THE COSIGNER, HAVE READ THE APPLICABLE COSIGNER NOTICE.**

**Notice to Customer** (a) Do not sign this before you read the Promissory Note even if otherwise advised. (b) Do not sign this if it contains any blank spaces. (c) You are entitled to an exact copy of any agreement you sign. (d) You have the right at any time to pay in advance the unpaid balance due under this agreement and you may be entitled to a partial refund of the finance charge.

I declare that the information provided above is true and complete to the best of my knowledge and belief. I have read the Promissory Note accompanying this application and the Notice to Cosigner. **Promise to pay:** Jointly and severally with the other signers below, I promise to pay the lender or any other holder of this loan all sums disbursed under the terms of the Promissory Note, plus interest and all other charges that may become due. The terms and conditions set forth in the Promissory Note constitute the entire agreement between us.

| Borrower Signature Helal    7E641C5E1D78FB49686BC82C98E36090 | K    Homaidan | (seal) Date 08/25/2006 |
|---|---|---|

| Cosigner Signature (if applicable) | | (seal) Date |
|---|---|---|

## Section D: School Certification    Must be completed by an authorized school official.

| School Name EMERSON COLLEGE | School Code/Branch 0021460000 | Disbursement Date (mm/dd/yy) | Disbursement Amount |
|---|---|---|---|

| For the Enrollment Period (not to exceed 12 months) From Date (mm/dd/yy) 09/11/2006    To Date (mm/dd/yy) 12/19/2006 | Grade Level (circle one) Please refer to instructions. Undergraduate  1  2 ③ 4  5    Graduate  A  B  C  D | 1. / / | 1. $ |
| | | 2. / / | 2. $ |
| Enrollment Status (check one) Full-time ☐  Half-time ☐ | Course of Study (refer to instructions) COM    Anticipated Graduation Date (mm/dd/yy) | 3. / / | 3. $ |
| | | 4. / / | 4. $ |
| | | Total Certified Amount: $ | |

I hereby certify that the Borrower is eligible for a Signature Student Loan; that the Total Certified Amount does not exceed the student's cost of attendance minus other financial aid; that the School will, at the request of the lender, provide the lender with subsequent information regarding the Borrower's whereabouts; that this School will comply with all applicable loan policies and provisions; and that information provided in Sections A and B is true, complete and correct to the best of my knowledge and belief.

| Authorized school official | Print or type | Phone |
|---|---|---|

ONWLD_SWIS    Return Application To: Sallie Mae · PO Box 147023 · Gainesville, FL 32614-7023 (Copyright © Sallie Mae 2000-06)    App Code: 1XSP0601  Prom Note Code: 3XSP0602





## Signature Student Loan Promissory Note Document 3XSP0602

In this Promissory Note ("Note") the words "I," "me," "my," "mine" and "we" mean the borrower and cosigner who signed the application, unless the language specifically refers to only one or the other. "You," "your" and "yours" mean the lender as listed below and any subsequent holder of this Note.
Lender:

Sallie Mae Bank Murray, Utah

### A. PROMISE TO PAY

I promise to pay to your order according to the terms below the sum of: the Loan Amount Requested, to the extent it is advanced to me, or on my behalf, which includes the Supplemental Fees (together, the "Loan Amount"); other interest, fees and charges accrued or capitalized on the Loan Amount as described in this Note; and, in the event of default, reasonable attorney's fees, court costs and collection agency fees to the extent permitted by law.

### B. DEFINITIONS

1. Interim Period - The "Interim Period" will begin on the day of my first disbursement. My Interim Period will end 6 months after I graduate or drop below half-time enrollment at an eligible school. If I am enrolled in a health profession and obtain an internship or residency deferment within 6 months after leaving school, my Interim Period will end 6 months after the deferment ends.

2. Repayment Period - The "Repayment Period" will begin on the day after the Interim Period ends and will continue up to 360 months depending on my loan balance. If my loan is made six months or more after I graduate or drop below half-time enrollment there is no interim period and my Repayment Period begins on the day of my first disbursement.

3. Capitalized Interest and Other Amounts - From time to time, any interest, fees, charges and costs due and not yet paid may be added, without notice, to the principal amount of the loan. This addition is called "capitalizing." Since interest accrues on the outstanding principal balance, capitalizing increases the total cost of the loan.

4. Default. You may declare my loan in default following an event described in Section J except as follows: IDAHO, IOWA, KANSAS, MAINE and SOUTH CAROLINA RESIDENTS ONLY: I will be in default if I fail to make a payment as required by this Note (or within 10 days of the time required by this Note, for Iowa residents) or if the prospect of my payment or performance is significantly impaired. The burden of establishing the prospect of significant impairment is on the lender. WISCONSIN RESIDENTS ONLY: I will be in default (a) if I permit to be outstanding an amount exceeding 1 full payment which has remained unpaid for more than 10

days after its scheduled due date or deferred due date, or I fail to pay the first payment or the last payment within 40 days of its scheduled due date or deferred due date, or (b) if I fail to observe any other provision of this Note, the breach of which materially impairs my ability to pay the amounts due under the Note.

5. Disbursement Date - The date shown on the loan check or the date the loan funds are electronically transferred to my school named in Section D of the application ("School").

6. Interim Disclosure - The Truth in Lending Disclosure that will be sent at the time of my first disbursement and which is hereby incorporated into this Note.

7. Final Disclosure - The Truth in Lending Disclosure that will be sent at the time the repayment schedule for my loan is established and which is incorporated into this Note. In the event of any conflict between the Interim Disclosure and the Final Disclosure, the Final Disclosure shall govern.

8. The terms "Interest," "Late Charge," "Payment Return Fee," "Collection Costs," and "Supplemental Fees" are defined in the Note sections so titled. "Variable Rate" is defined under Section C, Interest, of this Note.

### C. INTEREST

1. Interest on this Note will accrue at the Variable Rate (as defined below), beginning on the first Disbursement Date, on the principal balance advanced and Capitalized Interest and Other Amounts, until the principal balance and all accrued interest are paid in full.

2. The Variable Rate will change monthly on the first day of each month if the Current Index changes. The Variable Rate for any month during the Interim Period and for the Repayment Period is the annual rate equal to the highest U.S. Prime Rate published in The Wall Street Journal "Money Rates" section, or any successor section or table for the purposes of displaying such rate, on the next to the last New York business day before the end of the prior month (the "Current Index"), plus or minus the percentage identified on my Interim Disclosure (the "Margin"), rounded to the nearest one-eighth of one percent (0.125%). A New York business day is defined as any day that is not a Saturday, Sunday, holiday or other day on which banking institutions in New York are authorized or ordered to close by law or executive order. For example, the Variable Rate for January will be determined by the highest U.S. Prime Rate published in The Wall Street Journal on the preceding December 30th if both the 30th and 31st are New York business days.

3. The Margin is based on my School, credit history and cosigner's credit history. Once set, the Margin does not change. If The Wall Street Journal is not published on the date to be used for the Current Index, then the Current Index will be determined by using the immediately preceding published

U.S. Prime Rate. If the Current Index ceases to be available, you will choose a comparable substitute.

### D. TERMS OF REPAYMENT

1. I am not required to make payments during the Interim Period. You will capitalize unpaid accrued interest at the beginning of the Repayment Period. If I am an eligible health student, you will capitalize unpaid accrued interest annually during any residency or internship deferment, at the end of any residency or internship deferment period of less than 12 months, and when I enter repayment.

2. You and I agree that the repayment schedule will be established as follows: subject to the terms of paragraph 4 of this section, prior to the start of the Repayment Period you will send me a Final Disclosure setting forth an initial repayment schedule whereby I will repay my loan in consecutive monthly installments of principal and interest calculated to equal the amounts necessary to amortize the unpaid principal and interest at the Variable Rate then in effect over the entire Repayment Period. You will also send me statements showing the amounts and payment due dates of my monthly payments.

3. Subject to the terms of paragraph 4 of this Section, you will revise the repayment schedule so that I will repay my loan in consecutive monthly installments of principal and interest calculated to equal the amounts necessary to amortize the unpaid principal and interest at the Variable Rate then in effect over the number of months remaining in the Repayment Period with the payment amount changing in the months of February, May, August, and November, as necessary. The statements that you send me will reflect any changes in the amounts of my monthly payments.

4. I may choose a graduated repayment option, if available. If I convert to this option, I will notify you in writing.

5. I will make consecutive monthly payments during the Repayment Period in the amounts and on or before the payment due dates shown on my statements until I have paid all of the principal and interest and any other fees, charges, and costs I may owe under this Note.

6. Since interest accrues daily upon the unpaid principal balance of my loan, if I make payments after my payment due dates, I may owe additional principal and interest, fees and charges at the end of the Repayment Period. In such case, I shall pay the additional amounts, and you may, but are not required to, lengthen the Repayment Period.

7. Notwithstanding paragraphs 3, 4 and 6 of this Section, I agree to pay at least $50 per month, or the unpaid balance, whichever is less, on all my Signature Student Loans.

8. Payments will be applied first to applicable fees, then to accrued interest, and the remainder to principal, as permitted by applicable law. Payments in excess of the

(Copyright © Sallie Mae 2000-06) 3XSP0602

NAVHOM01201142

amount due will advance the next payment due date by the number of whole payments satisfied by the extra funds. (For example, if my payment amount is $100, I am not delinquent and I pay $400 for the month of January, my next payment due date will be May.)

9. **If I wish to make a payment in satisfaction of a disputed amount or balance, I must send it to P.O. Box 3800, Wilkes-Barre, PA 18773-3800 with a letter of explanation.** To the extent permitted by law, you may accept late payments, partial payments, or payments marked "payment in full," or having similar language, without waiving your rights under this Note.

### E.  LATE CHARGE

I will pay a Late Charge if I fail to make any part of an installment payment within 15 days after it becomes due. The amount of the Late Charge will be identified on my Disclosures.

### F.  SUPPLEMENTAL FEES

1. You may charge an amount equal to the Supplemental Fee at disbursement of my loan. This fee will be identified on my Disclosures and will be a percentage of the principal balance of my loan. At the time you issue each disbursement, you may add to the principal loan balance an amount equal to the pro rata portion of the Supplemental Fee.

2. You may charge me a Supplemental Fee, which will be identified on my Disclosures, either at the beginning of my Repayment Period, upon total repayment of my loan, or upon an event described in Section J, whichever is earlier. This fee will be a percentage of the principal balance of my loan after unpaid interest accrued during the Interim Period is capitalized.

3. Supplemental Fees are based on my School, credit history and cosigners' credit history. I understand and agree that the Supplemental Fees are earned when they are assessed and are not subject to rebate if I prepay my loan.

### G.  PAYMENT RETURN FEE

If I make a payment and that payment is returned or refused by my bank for any reason, I agree to pay a charge of up to $20.00 for each payment so returned.

### H.  CHARGES FOR OPTIONAL SERVICES

If I request and you agree to provide optional services to me in connection with my loan, you may charge me and I agree to pay the fees for such services. The fee will be disclosed to me before I accept any such service. Optional services may include, but are not limited to: (1) allowing me to make an expedited payment on my loan; and (2) sending documents to me by express delivery or facsimile transmission.

### I.  RIGHT TO PREPAY

**I have the right to prepay all or any part of my loan at any time without penalty.**

### J.  WHOLE LOAN DUE

Subject to applicable law, you have the right to give me notice that the whole outstanding principal balance, accrued interest, and all other amounts payable to you under the terms of this Note are due and payable at once and to cease to make any further disbursements to me, if:

1. I fail to make any payment to you when due; or

2. I fail to provide a notice required in Section L.1 on time; or

3. I break any of my other promises in this Note; or

4. Any bankruptcy proceeding is begun by or against me, or I assign any of my assets to or for the benefit of my creditors, and such proceeding has not been dismissed in 60 days; or

5. I make any false written statement in applying for this loan or at any time during the Interim Period or Repayment Period; or

6. I die or my cosigner dies; or

7. I am in default on any loans I may already have with you, or on any loans I may have with you in the future. My failure to receive a statement does not relieve me of my obligation to make my required loan payments in accordance with the terms and conditions of this Note. If any of the listed events occur, I will be required to pay interest on this loan accruing afterwards at the Variable Rate applicable to this loan prior to such event. The Variable Rate will be subject to adjustment in the same manner as before.

### K.  COLLECTION COSTS

If I am in default, I agree to pay you reasonable amounts permitted by law, including collection agency fees, outside attorneys' fees and court costs, which you incur in enforcing the terms of this Note. Any such amounts include fees and costs incurred in connection with any appellate or bankruptcy proceedings.

### L.  NOTICES

1. I will send written notice to you, or any subsequent holder of this Note, within 10 days after any change in my name, address, telephone number or School enrollment status.

2. Any notice required to be given to me by you will be effective when mailed to the latest address you have for me.

3. **You may report the status of this loan to the School and to any credit bureaus. Late payments, missed payments, or other defaults on my account may be reflected in my credit bureau report.**

4. I understand that the following notice is required by federal law and that for purposes of this notice, the word "you" means the cosigner(s) who signed the application.

**NOTICE TO COSIGNER:**

**You are being asked to guarantee this debt. Think carefully before you do. If the borrower doesn't pay the debt, you will have to. Be sure you can afford to pay if you have to, and that you want to accept this responsibility.**

**You may have to pay up to the full amount of the debt if the borrower does not pay. You may also have to pay late fees or collection costs, which increase this amount.**

**The lender can collect this debt from you without first trying to collect from the borrower. The bank can use the same collection methods against you that can be used against the borrower, such as suing you, garnishing your wages, etc. If this debt is ever in default, that fact may become a part of your credit record.**

**This notice is not the contract that makes you liable for the debt.**

5. I understand that the following notice is required by federal law and is only applicable to loans issued to finance educational expenses at for-profit educational institutions or institutions otherwise subject to the FTC Holder Rule under 16 C.F.R. §433.2.

**NOTICE:**

**ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

6. I understand that the following notices are required by or necessary under state law and that these notices may not describe all of the rights that I have under state and federal law. Unless otherwise indicated, each notice applies to borrowers and cosigners who live in the indicated state on the date that they sign this Note and to borrowers and cosigners who are residents of that state.

CALIFORNIA RESIDENTS ONLY: A married applicant may apply for a separate account. CALIFORNIA and UTAH RESIDENTS: As required by California and Utah law, I am hereby notified that a negative credit report reflecting on my credit record may be submitted to a credit reporting agency if I fail to fulfill the terms of my credit obligations. IOWA and KANSAS RESIDENTS ONLY: (For purposes of the following notice to Iowa and Kansas residents, "you" means the borrower and

(Copyright © Sallie Mae 2000-06) 3XSP0602

NAVHOM01201143

cosigner, not the lender.) NOTICE TO CONSUMER: 1. Do not sign this paper before you read it. 2. You are entitled to a copy of this paper. 3. You may prepay the unpaid balance at any time without penalty and may be entitled to receive a refund of unearned charges in accordance with law. MARYLAND RESIDENTS ONLY: You elect to make this loan pursuant to Subtitle 10 (Credit Grantor Closed End Credit provisions) of Title 12 of the Maryland Commercial Law Article only to the extent that such provisions are not inconsistent with your authority under federal law (12 U.S.C. § 85, § 1463(g), or § 1831d, as appropriate) and related regulations and interpretations, which authority you expressly reserve. MASSACHUSETTS RESIDENTS ONLY: Massachusetts law prohibits discrimination based upon marital status or sexual orientation. MISSOURI RESIDENTS ONLY: ORAL AGREEMENTS OR COMMITMENTS TO LOAN MONEY, EXTEND CREDIT OR FORBEAR FROM ENFORCING REPAYMENT OF DEBT INCLUDING PROMISES TO EXTEND OR RENEW SUCH DEBT ARE NOT ENFORCEABLE. TO PROTECT YOU (BORROWER(S)) AND US (CREDITOR) FROM MISUNDERSTANDING OR DISAP-POINTMENT, ANY AGREEMENTS WE REACH COVERING SUCH MATTERS ARE CONTAINED IN THIS WRITING, WHICH IS THE COMPLETE AND EXCLUSIVE STATEMENT OF THE AGREEMENT BETWEEN US, EXCEPT AS WE MAY LATER AGREE IN WRITING TO MODIFY IT. NEVADA RESIDENTS ONLY: This is a loan for study. NEW JERSEY RESIDENTS ONLY: The section headings of the Note are a table of contents and not contract terms. Portions of this Note with references to actions taken to the extent of applicable law apply to acts or practices that New Jersey law permits or requires. In this Note, acts or practices (i) by you which are or may be permitted by "applicable law" are permitted by New Jersey law, and (ii) that may or will be taken by you unless prohibited by "applicable law" are permitted by New Jersey law. NEW YORK, RHODE ISLAND and VERMONT RESIDENTS: I understand and agree that you may obtain a consumer credit report in connection with this application and in connection with any updates, renewals or extensions of any credit as a result of this application. If I ask, I will be informed whether or not such a report was obtained and, if so, the name and address of the agency that furnished the report. I also understand and agree that you may obtain a consumer credit report in connection with the review or collection of any loan made to me as a result of this application or for other legitimate purposes related to such loans. OHIO RESIDENTS ONLY: The Ohio laws against discrimination require that all creditors make credit equally available to all credit-worthy customers, and that credit reporting agencies maintain separate credit histories on each individual upon request. The Ohio Civil Rights Commission administers compliance with this law.

VERMONT RESIDENTS ONLY: (For purposes of the following notice to Vermont residents, "you" means any cosigner, not the lender.) NOTICE TO COSIGNER: YOUR SIGNATURE ON THIS NOTE MEANS THAT YOU ARE EQUALLY LIABLE FOR REPAYMENT OF THIS LOAN. IF THE BORROWER DOES NOT PAY, THE LENDER HAS A LEGAL RIGHT TO COLLECT FROM YOU. WISCONSIN RESIDENTS ONLY: For married Wisconsin residents, my signature confirms that this loan obligation is being incurred in the interest of my marriage or family. No provision of any marital property agreement, unilateral statement under § 766.59 of the Wisconsin Statutes or court decree under § 766.70 adversely affects your interest unless, prior to the time that the loan is approved, you are furnished with a copy of the marital property agreement, statement, or decree or have actual knowledge of the adverse provision.

## M. ADDITIONAL AGREEMENTS

1. I understand that when you accept the attached application, you are not agreeing to lend me money and that there will be no such agreement until the later of the time the first disbursement of the loan is made or my right to cancel in paragraph 4 of this section has expired. You have the right to lend an amount less than the Loan Amount Requested if the School certifies a lower cost of attendance. You also have the right to cancel any undisbursed amount if (a) I cease to be enrolled at least half time at the School and I do not owe the School for any amounts incurred before I ceased to be enrolled at least half time, (b) any cosigner notifies you that he or she no longer wants to repay the amount not yet disbursed, or (c) an event occurs as described in Section J, or (d) the School ceases to be eligible to participate in the Signature Student Loan program.

2. If this Note is assigned, the assignee will become the owner of this Note and will have all your rights to enforce this Note against me.

3. I understand that I am located in the State listed in the introductory paragraph of this Note and this Note will be entered into in the same State. Consequently, the provisions of this Note will be governed by federal laws and the laws of that State to the extent not preempted, without regard to conflict of law rules.

4. Upon receipt of the Interim Disclosure, I will review it and if I am not satisfied with the terms of my loan as approved, I may cancel this Note and all disbursements. To cancel this Note, I will contact you within 3 days of receipt by me of the loan check and I will not cash any loan checks, or if funds are transmitted electronically, I will instruct the School, within 3 days of receipt by me of the Interim Disclosure, to return the funds to you. I understand and agree that if the information on my Interim or Final Disclosure conflicts with the information in this Note, the information on the Disclosures applies.

5. Your acceptance of past due payments does not waive or affect your right to

accelerate this Note. I waive any notice of dishonor, notice of protest, presentment, demand for payment, and all other notices or demands in connection with this Note and consent to the addition of a party who will be liable upon this loan or any other loans I have outstanding under the program, to any and all extensions, renewals, or releases of any party liable upon this loan or any other loans I have outstanding under the program, or waiver or modification that may be granted by you, all without affecting or releasing any borrower or cosigner from such loans. My responsibility for repaying this loan is not affected by the liability of any other person to you or by your failure to notify me that a payment has not been made.

6. If any provision of this Note is held invalid or unenforceable, that provision shall be considered omitted from this Note without affecting the validity or enforceability of the remainder of this Note.

7. This Note may be modified only if you put the modification in writing and the modification is agreed to by any borrower or cosigner. Any such modification does not require the consent of any other borrower or cosigner and will not affect the validity or enforceability of the remainder of this Note.

8. I understand that this loan is an educational loan and is made under a program that includes Stafford loans and other loans and which is funded in part by non-profit organizations, including governmental units and, therefore, is not dischargeable in bankruptcy, except pursuant to 11 U.S.C. § 523(a)(8).

9. I acknowledge that I have received a true and exact copy of this Note.

10. I may not assign this Note or any of its benefits or obligations. You may assign this Note at any time. The obligations of this Note will be binding on my estate.

11. Your failure to exercise any right hereunder does not constitute a waiver thereof. All waivers must be in writing.

12. I hereby waive all my defenses to this Note based on suretyship.

13. I understand that you may use automated telephone dialing equipment or an artificial or pre-recorded voice message to contact me in connection with this loan or loan application. You may contact me at any telephone number I provide in this application or I provide in the future, even if that number is a cellular telephone number.

---

**IMPORTANT INFORMATION ABOUT PROCEDURES FOR OPENING A NEW ACCOUNT**

To help the government fight the funding of terrorism and money laundering activities, Federal law requires all financial institutions to obtain, verify, and record information that identifies each person who opens an account.

What this means for me: When I apply for a student loan, you will ask for my name, address, date of birth, and other information that will allow you to identify me. You may also ask to see my driver's license or other identifying documents.

---

(Copyright © Sallie Mae 2000-06) 3XSP0602

NAVHOM01201144

**N. CERTIFICATION AND CONSENT TO INFORMATION SHARING**

1. I certify that the information contained in Sections A, B and C of the application is true, complete and correct to the best of my knowledge and belief and is made in good faith, that I am eligible for this loan and that I will repay it according to the terms of this Note. I understand and agree that my Lender is listed in the introductory paragraph of this Note. I hereby authorize the School to pay to you any refund that may be due me up to the amount of this loan. I understand that I must immediately repay any funds that I receive which cannot reasonably be attributed to meeting my educational expenses related to attendance at the School and hereby authorize the School at its discretion, to refund any portion of my loan that exceeds direct institutional charges. At your option, you may either electronically transmit funds to the School to be applied to my account, or if you issue checks, you may issue a check jointly payable to me and the School, and send it to the School. If funds are electronically transmitted, I hereby authorize the School to transfer the funds to my account at the School. I understand that failure to complete the educational program undertaken by me does not relieve me of any obligation under this Note.

2. **I authorize any school that I may attend to release to you, the U.S. Department of Education, the guarantor or their agents, any requested information pertinent to this loan (e.g., employment, enrollment status, current address) and to advise you whether I am eligible for a future loan. I authorize you, your agents, and the guarantor or its agents, if any, to check my credit and employment history for this loan and for future loans that may be offered to me, to answer questions about their credit experience with me, and to release the results of the credit review process to the School. I further authorize you to release any other information on this loan to the School, to other schools I have attended for which I have taken out a student loan, and to the guarantor, if any.**

3. **I consent to the sharing of any information about this loan with my parent, guardian, child, spouse or sibling who complies with your procedures unless I revoke this consent or unless prohibited by law.** I understand that I may revoke this consent by contacting the servicer at 1-888-2SALLIE or P.O. Box 9500, Wilkes-Barre, PA 18773-9500.

4. I certify that all of the loan proceeds are solely to pay for my qualified higher education expenses at the School.

5. I also certify that: I have read the materials explaining the loan program that have been provided to me; I have read, understand and agree to the provisions of the program, my responsibilities and my rights under this program, the terms of this Note and this "Certification and Consent to Information Sharing" and that the program is funded in part by non-profit organizations.

**O. CORRECTION OF ERRORS**

All parties to this Note agree to fully cooperate and adjust all typographical, computer, calculation or clerical errors discovered in any or all of the loan documents including the Application, Note and Disclosures. In the event this procedure is used, all parties involved will be notified and receive a corrected copy of the changed document.

**P. COSIGNER/BORROWER RELEASE**

I agree that, if any cosigner applicant fails to qualify for this loan, said cosigner applicant will be released from liability hereunder, but this Note will still bind the borrower. I also agree that an approved cosigner may be released from liability hereunder upon application by a borrower who has made 24 consecutive on-time monthly payments of principal and interest during the first 2 years of the Repayment Period of this loan (not including deferments and forbearances) and who meets applicable credit criteria at the time of the application, with the borrower remaining liable for this loan after such cosigner release. As cosigner, I agree that if the borrower is released from liability on this loan for any reason, including infancy, I hereby consent to such release and to my continued liability for this loan after such release.

**Q. ARBITRATION AGREEMENT – READ CAREFULLY**

You and I agree that either party may elect to arbitrate – and require the other party to arbitrate – any Claim under the following terms and conditions. This Arbitration Agreement is part of the Signature Student Loan Promissory Note ("Note").

1. **RIGHT TO REJECT - I may reject this Arbitration Agreement by sending you a rejection notice by certified or registered mail or by messenger service within 60 days after the date of my first disbursement. Any Rejection Notice must include my name, address, telephone number and loan or account number, and must be sent to Sallie Mae, P.O. Box 59030, Panama City, FL 32412.**

2. **IMPORTANT WAIVERS AND WARNING - If you or I elect to arbitrate a Claim, you and I both waive the right to: (A) have a court or a jury decide the Claim; (B) participate in a class action in court or in arbitration, either as a class representative or a class member, or act as a private attorney general in court or in arbitration (the "Class Action Waiver"); (C) join or consolidate Claim(s) with claims involving any other person; or (D) obtain information except as provided herein. WARNING: Other rights are more limited or not available in arbitration.**

3. DEFINITIONS - In this Arbitration Agreement, the following definitions will apply:
"I," "me" and "my" mean each and every borrower and cosigner on the Note; the Student on whose behalf the proceeds of the Note have been advanced; and the heirs, executors and assigns of all of the foregoing. "You," "your" and "yours" mean the Lender; any other subsequent holder of the note; Sallie Mae, Inc.; any Sallie Mae

affiliate or subsidiary; all of their parents, wholly or majority owned subsidiaries and affiliates; any predecessors, successors and assigns of these entities; and all officers, directors and employees thereof. It also includes any party named as a co-defendant with you in a Claim asserted by me, such as investors or potential investors, credit bureaus, credit insurance companies, closing agents, escrow agents, insurance agents, loan originators, rating agencies, loan servicers, debt collectors, loan guarantors, performance bond trustees, tuition recovery funds, the School, and any of the School's financial aid offices or officers. "Administrator" means, as applicable, the American Arbitration Association, 335 Madison Avenue, New York, NY 10017, www.adr.org, (800) 778-7879, or the National Arbitration Forum, P.O. Box 50191, Minneapolis, MN 55405, www.arb-forum.com, (800) 474-2371, provided that the Administrator must not have in place a formal or informal policy that is inconsistent with and purports to override the terms of this Arbitration Agreement.

"Claim" means any claim, dispute or controversy between you and me that arises from or relates in any way to the Note, including any dispute arising before the date of this Arbitration Agreement and any dispute relating to: (1) the Note and any applications, disclosures and other documents relating in any way to the transactions evidenced by the Note; (2) any insurance or other service or product offered or made available by or through you in connection with the Note, and any associated fees or charges; and (3) any documents, instruments, advertising or promotional materials that contain information about the Note or any associated insurance or other service or product. This includes, without limitation, disputes concerning the validity, enforceability, arbitrability or scope of this Arbitration Agreement or the Note; disputes involving alleged fraud or misrepresentation, breach of contract, negligence or violation of statute, regulation or common law; and disputes involving requests for injunctions or other equitable relief. However, "Claim" does not include any individual action brought by me in small claims court or my state's equivalent court, unless such action is transferred, removed, or appealed to a different court. **"Claim" does not include any challenge to the validity and effect of the Class Action Waiver, which must be decided by a court.**

4. STARTING AN ARBITRATION - To initiate an arbitration, you or I must give written notice of an election to arbitrate. This notice may be given after a lawsuit has been filed and may be given in papers or motions in the lawsuit. If such a notice is given, the Claim shall be resolved by arbitration under this Arbitration Agreement and the applicable rules of the Administrator then in effect. I must select the Administrator when I give notice of my election to arbitrate or within 20 days of your notice; otherwise, you will select the

(Copyright © Sallie Mae 2000-06) 3XSP0602

NAVHOM01201145

Administrator. The arbitrator will be selected under the Administrator's rules, except that the arbitrator must be a lawyer with at least ten years of experience or a retired judge.

5. LOCATION AND COSTS - Any arbitration hearing that I attend will take place in a location that is reasonably convenient to me. You will consider (and generally honor) any good faith request by me for you to bear the fees charged by the Administrator and the arbitrator and will always pay the fees if required by applicable law. You will not seek reimbursement from me of fees you are required to pay or agree to pay on my behalf. Each party must pay the expense of that party's attorneys, experts and witnesses, regardless of which party prevails in the arbitration, unless applicable law otherwise provides.

6. DISCOVERY; GETTING INFORMATION - Either party may obtain from the other party prior to the hearing any information available under the Administrator's rules or any information the arbitrator determines should be made available.

7. EFFECT OF ARBITRATION AWARD - Any court with jurisdiction may enter judgment upon the arbitrator's award. The arbitrator's award will be final and binding, except for: (A) any appeal right under the Federal Arbitration Act, 9 U.S.C. §§1 et seq. (the "FAA"); and (B) Claims involving more than $50,000. For Claims involving more than $50,000, any party may appeal the award to a three-arbitrator panel appointed by the Administrator, which will reconsider de novo any aspect of the initial award that is appealed. The panel's decision will be final and binding, except for any appeal right under the FAA. Except as provided above under the caption "Location and Costs," the appealing party will pay the Administrator's and arbitrator's costs of the appeal.

8. GOVERNING LAW - This Arbitration Agreement is made pursuant to a transaction involving interstate commerce and shall be governed by the FAA, and not by any state law concerning arbitration. The arbitrator shall follow applicable substantive law to the extent consistent with the FAA, applicable statutes of limitation and applicable privilege rules, and shall be authorized to award all remedies permitted by applicable substantive law, including, without limitation, compensatory, statutory and punitive damages (subject to constitutional limits that would apply in court), declaratory, injunctive and other equitable relief, and attorneys' fees and costs. Upon the timely request of either party, the arbitrator shall write a brief explanation of the basis of his or her award.

9. SURVIVAL, SEVERABILITY, PRIMACY - This Arbitration Agreement shall survive my full payment of the Note; your sale or transfer of the Note; any legal proceeding to collect a debt owed by me; any bankruptcy or insolvency; any forbearance or modification granted pursuant to the Note; any cancellation, or request for cancellation, of any or all disbursements under the Note; and any change in the School enrollment status of the Student. If any portion of this Arbitration Agreement cannot be enforced, the rest of the Arbitration Agreement will continue to apply, provided that the entire Arbitration Agreement shall be null and void if the Class Action Waiver is held to be invalid with respect to any class or representative Claim, subject to any right to appeal such holding. In the event of any conflict or inconsistency between this Arbitration Agreement and the Administrator's rules or the Note, this Arbitration Agreement will govern; in the event of any conflict or inconsistency between the Administrator's rules and the Note, the Administrator's rules will govern.

(Copyright © Sallie Mae 2000-06) 3XSP0602

NAVHOM01201146

# LOAN 9

CONFIDENTIAL

NAVHOM01201147

# Tuition Answer Loan Application                    2006-2007

*Correction fluid may not be used on this application.*

## Borrower Information

| HOMAIDAN | HELAL | K | | |
|---|---|---|---|---|
| Last name | First name | MI | Suffix (Jr., III) | Social Security number |

| | | | US | | | STUDENT |
|---|---|---|---|---|---|---|
| Permanent street address (If your permanent street address is a P.O. Box, you must complete the physical street address section below.) | | | | | Apt | Years at address |
| City | State | Zip Code | Country Code | Date of birth | | **6** |
| | | | | | | Relationship to student |

Physical street address (If different from permanent address)

| | | | US | | Apt |
|---|---|---|---|---|---|
| City | State | Zip Code | Country Code | | |

| 1 | | | 1 | | |
|---|---|---|---|---|---|
| Country Prefix | Area Code | Telephone Number | Extension | Country Prefix | Area Code | Telephone Number | Extension |
| Permanent telephone number | | | | Mobile/cellular telephone number | |

E-mail address

**OTHER**
Name of employer

| OTHER | 02 01 | 1 | | | $ 5,000 |
|---|---|---|---|---|---|
| Occupation | Years Months at present employer | Country Prefix Work telephone number | Area Code Telephone Number | Extension | Gross annual salary (Documentation required, see page 1.) |

How often paid?  ☐ weekly  ☐ bi-weekly  ☐ twice monthly  ☒ monthly    $ **6,000**        **OTHER**

Additional income    Source of additional income

*Alimony, child support, or separate maintenance income need not be revealed if you do not wish to have it considered as a basis for repaying this loan.*

Monthly payment amount

$ **0**        $
Rent    or    Mortgage    Name of mortgage holder

## Borrower citizenship information

☒ YES, I am a U.S. citizen  ☐ NO, I am not a U.S. citizen but I am an eligible permanent resident  ☐ NO, I am NOT a U.S. citizen or permanent resident  *(See page 1, Who is eligible for Tuition Answer?)*

## Student borrower information

| HOMAIDAN | HELAL | K | | |
|---|---|---|---|---|
| Last name | First name | MI | Suffix (Jr., III) | Social Security number |

| | | | US | | | **6** |
|---|---|---|---|---|---|---|
| Permanent street address (If your permanent street address is a P.O. Box, you must complete the physical street address section below.) | | | | | Apt | Years at address |
| City | State | Zip Code | Country Code | Date of birth | | |

Physical street address (If different from permanent address)

| | | | US | | Apt |
|---|---|---|---|---|---|
| City | State | Zip Code | Country Code | | |

| 1 | | | 1 | | |
|---|---|---|---|---|---|
| Country Prefix | Area Code | Telephone Number | Extension | Country Prefix | Area Code | Telephone Number | Extension |
| Permanent telephone number | | | | Mobile/cellular telephone number | |

E-mail address

## Student borrower citizenship information

☒ YES, I am a U.S. citizen  ☐ NO, I am not a U.S. citizen but I am an eligible permanent resident  ☐ NO, I am NOT a U.S. citizen or permanent resident  *(See page 1, Who is eligible for Tuition Answer?)*

## College information

| EMERSON COLLEGE | BOSTON | MA |
|---|---|---|
| College name | College city | State |

For the academic period from **09 200€** to **12 200€**    Anticipated graduation date **05 2007**    Enrollment: ☐ Full time  ☐ Half time  ☐ Less than half time
Month Year    Month Year    Month Year

**Grade Level**
Undergraduate  ☐ Freshman  ☐ Sophomore  ☐ Junior  ☒ Senior  ☐ 5th Year and beyond    Graduate  ☐ 1st Year  ☐ 2nd Year  ☐ 3rd Year  ☐ Beyond 3rd Year

APPLICATION PAGE ONE    Continue to page two ➤➤➤

**Mail to:** Sallie Mae, Private Loan Processing, 50 Braintree Hill Park, Suite 300, Braintree, MA 02184

*Tuition Answer Loan Application and Promissory Note 2006-2007*

## Reference Information   *Reference can be a relative, friend, co-worker, etc. who is not living with you. Student, borrower, or cosigner cannot be listed as a reference.*

**Reference 1:**

Last name █████████                     First name █████

MI    Suffix (Jr., III)

Permanent street address *(P.O. Boxes not accepted)*                    Apt

1
Country Prefix  Area Code  Telephone Number   Extension
Permanent telephone number

City  ██A ████              State   Zip Code      US
Country Code

FRIEND
Relationship to borrower

**Reference 2:**

Last name ███████████                   First name

MI    Suffix (Jr., III)

Permanent street address *(P.O. Boxes not accepted)*                    Apt

1
Country Prefix  Area Code  Telephone Number   Extension
Permanent telephone number

City  ███████             State   Zip Code  ████   US
Country Code

FRIEND
Relationship to borrower

## Cosigner Information   **If no cosigner, leave this section blank.**

Last name                               First name                       MI    Suffix (Jr., III)   Social Security number

Permanent street address *(If your permanent street address is a P.O. Box, you must complete the physical street address section below.)*   Apt   Years at address

City                          State   Zip Code      US         Date of birth          Relationship to student
Country Code

Physical street address *(If different from permanent address)*                    Apt

City                          State   Zip Code      US
Country Code

Country Prefix  Area Code  Telephone Number   Extension      Country Prefix  Area Code  Telephone Number   Extension
Permanent telephone number                                  Mobile/cellular telephone number

E-mail address

Name of employer

Occupation            Years  Months    Country Prefix  Area Code  Telephone Number   Extension    $
                      at present   Work telephone number                                          Gross annual salary
                      employer                                                                     *(Documentation required, see page 1.)*

How often paid?  ☐ weekly  ☐ bi-weekly  ☐ twice monthly  ☐ monthly   $_____   Source of      *Alimony, child support, or separate*
                                                          Additional income   additional income   *maintenance income need not be revealed if you do not wish to have it considered as a basis for repaying this loan.*

Monthly payment amount

$_____  or  $_____
Rent          Mortgage      Name of mortgage holder

## Cosigner citizenship information

☐ YES, I am a U.S. citizen   ☐ NO, I am not a U.S. citizen but I am an eligible permanent resident   ☐ NO, I am NOT a U.S. citizen or permanent resident   *(See page 1, Who is eligible for Tuition Answer?)*

©2006 Sallie Mae
V06.04.24

*Tuition Answer Loan Application and Promissory Note 2006-2007*

## Loan request information

$ 5,800.00 _____ Amount may be from $1,500 up to $40,000, (depending on the type of school, and may not exceed the estimated cost of attendance). The lender will add the supplemental fee to your requested loan amount. If any borrower changes the loan amount, all borrowers must initial this field.

Anticipated use of Tuition Answer Loan funds: (dollar allocation) $ _____ Tuition, Fees, Room, Board (paid directly to school)   $ 1,000.00 Other Expenses (educational expenses not paid directly to the institution)

(HH)   4800   (HH)

## Loan options

Repayment options check one   ☐ Pay principal and interest while in school   ☐ Pay only interest while in school   ☒ Defer principal and interest while in school
If you do not make a choice, you will pay only interest while in school. Deferment of payments will result in higher fees. Loan repayment option may not be changed after disbursement.

## Signatures   All borrowers must sign below.

I understand that I am not required to fax my signature on this Application/Promissory Note to the Lender. If I choose to fax my signature on this Application/Promissory Note to the Lender, I intend: (i) my fax signature to be binding on me and to be an electronic signature under applicable federal and state law, (ii) the fax printout received by the Lender to be an original document, (iii) to conduct business with the Lender by electronic records and electronic signatures, and (iv) that this Application/Promissory Note will not be governed by Article 3 or Article 9 of the Uniform Commercial code.

**Notice to ALL BORROWERS**
(a) Do not sign this before you read the Promissory Note even if otherwise advised.
(b) Do not sign this if it contains any blank spaces.
(c) You are entitled to an exact copy of any agreement you sign.
(d) You have the right at any time to pay in advance the unpaid balance due under this agreement without penalty and you may be entitled to a partial refund of the finance charge.

I declare that the information provided above is true and complete to the best of my knowledge and belief. I have read and agree to the terms of the Promissory Note accompanying this application.

**I, THE COSIGNER HAVE READ THE APPLICABLE COSIGNER NOTICE.**

**Promise to pay:** Jointly and severally with the other signers below, I promise to pay the lender or any other holder of this loan all sums disbursed under the terms of the Promissory Note, plus interest and all other charges that may become due. The terms and conditions set forth in the Promissory Note constitute the entire agreement between us.

**CAUTION – IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT.**

| | | |
|---|---|---|
| _(signature)_ | Helal Homaidan | 8/30/06 |
| Borrower signature | Please print full name | Date |
| _(signature)_ | Hiyal Homaidan | 8/30/06 |
| Student borrower signature | Please print full name | Date |
| | | |
| Cosigner signature | Please print full name | Date |

**Lender use only**

| TA_WEB | 002146 | 965192 |
|---|---|---|
| Source code | School code | Pre-approval code |

Sallie Mae Bank, Murray, UT   c/o Sallie Mae, 50 Braintree Hill Park, Suite 300, Braintree, MA 02184
Originating lender

**Cosigner(s):** Please read your state-specific notice, then, if applicable, sign, date and return it to:
**Sallie Mae, Tuition Answer Loan Processing, 50 Braintree Hill Park, Suite 300, Braintree, MA 02184.**
Retain a copy for your records.

**Wisconsin Borrower(s) and Cosigner(s):** If you are married, your spouse must read the notice to married
**Wisconsin residents and sign, date and return it to:**
**Sallie Mae, Tuition Answer Loan Processing, 50 Braintree Hill Park, Suite 300, Braintree, MA 02184.**
Retain a copy for your records.

**APPLICATION PAGE THREE**

©2006 Sallie Mae
V06.04.24

Tuition Answer Loan Application and Promissory Note 2006-2007

CONFIDENTIAL

# Promissory Note

In this Promissory Note ("Note") the words "I", "me", "my", "mine" and "we" mean the borrower, student borrower and cosigner(s), unless the language specifically refers to only one or the other. "You", "your" and "yours" means the lender as listed on page three of the application and any subsequent holder of this Note.

## A. PROMISE TO PAY

I promise to pay to your order according to the terms below: the sum of the Loan Amount Requested to the extent it is advanced to me, or on my behalf, which includes the Supplemental Fee (together the "Loan Amount"); other interest, fees and charges accrued or Capitalized on the Loan Amount as described in this Note; and, in the event of Default, reasonable attorneys' fees, court costs and collection agency fees to the extent permitted by law.

## B. DEFINITIONS

1. Interim Period - The "Interim Period" will begin on the Disbursement Date. The Interim Period will end 4 1/2 years after the Disbursement Date or 6 months after the student graduates or drops below half time enrollment at an eligible school, whichever is earlier.
2. Repayment Period - The "Repayment Period" will begin on the day after the Interim Period ends, or earlier if elected (see Section D. Terms of Repayment) and will continue for up to 360 months after the first principal and interest payment is due, until the loan is paid in full.
3. Capitalized Interest and Other Amounts - From time to time, interest, fees or charges due and not yet paid may be added, without notice, to the principal amount of the loan as provided in this Note. This addition is called "capitalizing" and such amounts are considered to be "Capitalized." Since interest accrues on the outstanding principal balance, capitalizing increases the total cost of the loan.
4. Default - You may declare my loan in default following an event described in Section K. End to Interim Period; Whole Loan Due; Rate After Default except as follows:
– IDAHO, IOWA, KANSAS, MAINE and SOUTH CAROLINA RESIDENTS ONLY: I will be in default if I fail to make a payment as required by this Note (or within 10 days of the time required by this Note, for Iowa residents), or if the prospect of my payment or performance is significantly impaired. The burden of establishing the prospect of significant impairment is on you.
– WISCONSIN RESIDENTS ONLY: I will be in default (a) if I permit to be outstanding an amount exceeding one full payment which has remained unpaid for more than 10 days after its scheduled due date or deferred due date, or I fail to pay the first payment or the last payment within 40 days of its scheduled due date or deferred due date, or (b) if I fail to observe any other provision of this Note, the breach of which materially impairs my ability to pay the amounts due under the Note.
5. Disbursement Date – The date shown on the first Loan check.

6. Disclosure Statement – The Truth In Lending Disclosure Statement that will be sent prior to the time of the first Disbursement Date and which is hereby incorporated into this Note.
7. Additional Terms - The terms "Interest", "Late Charge", "Supplemental Fee", "Payment Return Fee", "Forbearance Fee", "Modification Fee" and "Collection Costs" are defined in the Note sections so titled. "Variable Rate", "Index", "Prime Rate", and "Margin" are defined under Section C. Interest.

## C. INTEREST

1. Accrual of Interest - Interest will accrue on the unpaid balance of the Loan from the Disbursement Date until payment in full at the Variable Rate (as defined below). The interest rate will not exceed the maximum allowed by law.
2. Variable Rate - I will pay interest at a Variable Rate equal to the Index plus or minus the percentage identified on my Disclosure Statement (the "Margin"), rounded to the nearest one-fourth of one percent (0.25%). The Variable Rate will change on the first day of each month if the Index changes. The Index is the highest U.S. Prime Rate as published in The Wall Street Journal under the "Money Rates" section on the next to last New York business day of the prior month. A New York business day is defined as any day that is not a Saturday, Sunday, holiday or other day on which banking institutions in New York are authorized or ordered to close by law or executive order.
3. Substitute Index - If The Wall Street Journal is not published or the U.S. Prime Rate is not stated, then the Index will be determined by using the immediately preceding published highest U.S. Prime Rate. If the U.S. Prime Rate ceases to be available, you will choose a comparable substitute.

## D. TERMS OF REPAYMENT

1. Payment Due Date - My loan payments are due on the date specified by you. All payments must be made in U.S. dollars at the address specified by you.
2. Repayment Election: Pay Principal and Interest While in School - If I elected to pay principal and interest while the student is in school, I agree to repay this loan in consecutive monthly payments of principal and interest with the first payment due within 45 days after the first Disbursement Date.
3. Repayment Election: Pay only Interest While in School - If I elected to pay only interest while the student is in school or I did not make a choice, I will pay only interest on my loan during my Interim Period. I must pay principal and interest in consecutive monthly installments during my Repayment Period.
4. Repayment election: Defer Principal and Interest While in School - If I elected to defer principal and interest payments while the student is in school, I agree to repay this loan in consecutive monthly installments of principal and interest during my Repayment Period. Interest that accrues on my loan during the Interim Period is Capitalized at the start of my Repayment Period.
5. Determining the Repayment Period - When the Interim Period ends, you will determine the Repayment Period for my loan, based on the then outstanding balance of my loan,

Tuition Answer Loan Application and Promissory Note 2006-2007

**4**

NAVHOM01201151

including any Capitalized interest and other amounts, as follows:

Outstanding Balance/Repayment Period
Up to $2,999/up to 4 years
$3,000 to $3,999/6 years
$4,000 to $7,499/10 years
$7,500 to $9,999/15 years
$10,000 to $39,999/20 years
$40,000 to $59,999/25 years
$60,000 and above/30 years

The Repayment Period may change if the interest rate changes (see Section D.7. Interest Rate Changes During Principal and Interest Payment Period). I agree to make monthly payments of principal and interest to repay my loan within the Repayment Period. You will send me statements showing the amounts I must pay.

6. Interest Rate Changes During Interest-Only Payment Period - My monthly statement during periods of interest-only payments will reflect the interest due based on the current rate. If the interest rate increases or decreases during any period when I am required to make interest-only payments, my monthly payment amounts will increase or decrease.

7. Interest Rate Changes During Principal and Interest Payment Period - If the interest rate changes during any period when I am required to make principal and interest payments, my monthly payment amounts will stay the same but I will be required to make more or fewer payments than would otherwise be required, unless my monthly payment is not enough to pay my principal and interest within a Repayment Period of 30 years or twice the period set forth in the table in Section D.5, whichever is less. During any month when there is a decrease from the interest rate in effect at the last payment adjustment, any amount remaining after accrued interest is paid will be applied to principal. During any month when there is an increase from the interest rate in effect at the last payment adjustment, there will be excess interest that is not paid (unless I voluntarily pay such interest). Any interest that remains unpaid will be Capitalized. If the interest rate increases so that my monthly payment is not enough to pay my principal and interest within a Repayment Period of 30 years or twice the period set forth in the table in Section D.5. Determining the Repayment Period, whichever is less, you will increase my monthly payment to an amount that will do so. My statements will reflect any change in my payment amount.

8. Amounts Owing at the End of the Repayment Period - Since interest accrues daily upon the unpaid principal balance of my loan, if I make payments after my payment due dates, I may owe additional principal and interest, fees and charges at the end of the Repayment Period.

9. Minimum Payment; Changing Payments - Notwithstanding any paragraph of this Section, my combined monthly principal and interest payments for all my Tuition Answer Loans will never be less than $50, or the sum of the unpaid balances, whichever is less. If I wish to modify this Note to increase my monthly payment amounts, or to choose a graduated repayment option, if available, I must call 1-888-2SALLIE. A fee may be charged for such modifications, as provided under Section H. Fees for Forbearance or Modification.

10. Payments - Payments will be applied first to Late Charges, then to Payment Return Fees and Collection Costs, then to accrued interest, and the remainder to principal.

Payments in excess of the amount due will advance the next payment due date by the number of whole payments satisfied by the extra funds. (For example, if my payment amount is $100, I am not delinquent and I pay $400 for the month of January, my next payment due date will be May).

11. Payment in Full - **If I wish to make a payment in satis-faction of a disputed amount or balance, I must send it to P.O. Box 3800, Wilkes-Barre, PA 18773-3800 with a letter of explanation.** To the extent permitted by law, you may accept late payments, partial payments, or payments marked "payment in full" or having similar language, without waiving your rights under this Note.

### E. LATE CHARGE

If my payment (or any part of my payment) is more than 15 days late, I will pay a late charge of either $15 or 5% of the amount that is late, whichever is less.

### F. SUPPLEMENTAL FEE

1. Fee at Disbursement - You may charge a Supplemental Fee and capitalize it at the Disbursement Dates of my loan. The amount of this fee, if charged, will be identified on my Disclosure Statement as the Supplemental Fee paid or Prepaid Finance Charge and will be a percentage of the principal balance of my loan.

2. When Earned - I understand and agree that the Supplemental Fee, if any, is earned when assessed and is not subject to rebate if I prepay my loan.

### G. PAYMENT RETURN FEE

If I make a payment and that payment is returned or refused by my bank for any reason, I agree to pay a charge of up to $20.00 for each payment so returned. Such Payment Return Fee may be Capitalized at your option.

### H. FEES FOR FORBEARANCE OR MODIFICATION

1. I may request, and you, at your sole discretion, may grant me a Forbearance under which I may defer regularly scheduled payments for a maximum of 6 months at a time. Interest that accrues and remains unpaid during this period will be Capitalized at the end of the Forbearance. If I request a Forbearance and you grant it, I agree to pay a Forbearance Fee. The fee will be disclosed to me before any such Forbearance and will not exceed the amount then set by the lender for Forbearance.

2. I may request, and you, at your sole discretion, may grant me a Modification of my payment amount. If I request such Modification and you grant it, I agree to pay a Modification Fee. The fee will be disclosed to me before any such Modification and will not exceed the amount then set by the lender for Modification.

### I. CHARGES FOR OPTIONAL SERVICES

If I request and you agree to provide optional services to me in connection with my loan, you may charge me and I agree to pay the fees for such services. The fee will be disclosed to me before I accept any such service and will not exceed the amount then set by the lender for each service. Optional services may include, but are not limited to: (a) allowing me to make an expedited payment on my loan; (b) sending documents to me by express delivery or facsimile transmission.

Tuition Answer Loan Application and Promissory Note 2006-2007

CONFIDENTIAL

NAVHOM01201152

## J. RIGHT TO PREPAY

I have the right to prepay all or any part of my loan at any time without penalty.

## K. END OF INTERIM PERIOD; WHOLE LOAN DUE; RATE AFTER DEFAULT

Subject to Section B.4. Default, you have the right to cease to make further disbursements to me and to give me notice that the Interim Period will end at once and the Repayment Period will begin immediately or to give me notice that the whole out-standing principal balance, accrued interest, and all other amounts payable to you under the terms of this Note are due and payable at once if:

1. I fail to make any payment to you when due; or
2. I fail to provide a notice required in Section M.1 Notices/Change in My Information on time; or
3. I break any of my other promises in this Note; or
4. Any bankruptcy proceeding is begun by or against me and not dismissed within 60 days, or I assign any of my assets to or for the benefit of my creditors; or
5. I make any false written statement in applying for this loan or at any time during the Interim Period or Repayment Period; or
6. I die or any cosigner dies; or
7. I am in Default on any loans I may already have with you, or on any loans I may have with you in the future.

You have these rights even if the listed event occurs during the Interim Period.  In addition, if any of the listed events occur, I will be required to pay interest on this loan accruing afterwards at the Variable Rate applicable to this loan prior to such event plus 2%. The Variable Rate will be subject to adjustment in the same manner as before.

## L. COLLECTION COSTS

Unless prohibited by applicable law,  I agree to pay you  all amounts, including reasonable attorneys' fees, and collection agency, court and other collection costs  that you incur in enforcing the terms of this Note (collectively, "Collection Costs"). The Collection Costs that I agree to pay also include fees and costs incurred in connection with any appellate or bankruptcy proceedings.

## M. NOTICES

1. <u>Change in My Information</u>  - I will send written notice to you, or any subsequent holder of this Note, within 10 days after any change in my name, address or telephone number or School enrollment status.
2. <u>When Effective</u> - Any notice required to be given to me by you will be effective when mailed to the latest address you have for me.
3. <u>Reports to Credit Bureau</u> - **You may report information about my account to credit bureaus. Late payments, missed payments, or other defaults on my account may be reflected in my credit bureau report.**
4. <u>Not Negotiable</u> - This is a non-negotiable consumer note.
5. <u>Federal Notices</u> - I understand that the following notice is required by federal law. [For purposes of this notice, the words "you" and "yours" mean the Cosigner(s) who signed the application, not the lender.]

**NOTICE TO COSIGNER:**
You are being asked to guarantee this debt.  Think carefully before you do. If the borrower doesn't pay the debt, you will have to. Be sure you can afford to pay if you have to, and that you want to accept this responsibility.
You may have to pay up to the full amount of the debt if the borrower does not pay. You may also have to pay late fees or collection costs, which increase this amount.
The lender can collect this debt from you without first trying to collect from the borrower. The lender can use the same collection methods against you that can be used against the borrower, such as suing you, gar-nishing your wages, etc. If this debt is ever in default, that fact may become a part of *your* credit record.
This notice is not the contract that makes you liable for the debt.

I understand that the following notice is required by federal law and is only applicable to loans issued to finance educational expenses at for-profit educational institutions or institutions oth-erwise subject to the FTC Holder Rule under 16 C.F.R. §433.2.

**NOTICE:
ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

6. <u>State Notices</u> - I understand that the following notices are required by or are necessary under state law and that these notices may not describe all of the rights that I have under state or federal law. Unless otherwise indicated, each notice applies to Borrowers and Cosigners who live in the indicated state on the date that they sign this Note and to Borrowers and Cosigners who are residents of that state.

– CALIFORNIA RESIDENTS ONLY: A married applicant may apply for a separate account.
– CALIFORNIA and UTAH RESIDENTS ONLY: As required by California and Utah law, I am hereby notified that a nega-tive credit report reflecting on my credit record may be sub-mitted to a credit reporting agency if I fail to fulfill the terms of my credit obligations.
– IOWA and KANSAS RESIDENTS ONLY: (For purposes of the following notice to Iowa and Kansas residents, "you" means the borrower and co-borrower, not the lender.) NOTICE TO CONSUMER 1. Do not sign this paper before you read it. 2. You are entitled to a copy of this paper. 3. You may prepay the unpaid balance at any time without penalty and may be entitled to receive a refund of unearned charges in accordance with law.

Tuition Answer Loan Application and Promissory Note 2006-2007

6

NAVHOM01201153

– MARYLAND RESIDENTS ONLY: You elect to make this loan pursuant to Subtitle 10 (Credit Grantor Closed End Credit provisions) of Title 12 of the Maryland Commercial Law Article only to the extent that such provisions are not inconsistent with your authority under federal law (12 U.S.C. §85, §1463(g), or §1831d, as appropriate) and related regulations and interpretations, which authority you expressly reserve.

– MASSACHUSETTS RESIDENTS ONLY: Massachusetts law prohibits discrimination based upon marital status or sexual orientation.

– MISSOURI RESIDENTS ONLY: **ORAL AGREE-MENTS OR COMMITMENTS TO LOAN MONEY, EXTEND CREDIT OR FORBEAR FROM ENFORCING REPAYMENT OF DEBT INCLUDING PROMISES TO EXTEND OR RENEW SUCH DEBT ARE NOT ENFORCE-ABLE. TO PROTECT YOU (BORROWER(S)) AND US (CREDITOR) FROM MISUNDER-STANDING OR DISAPPOINTMENT, ANY AGREEMENTS WE REACH COVERING SUCH MATTERS ARE CONTAINED IN THIS WRITING, WHICH IS THE COMPLETE AND EXCLUSIVE STATEMENT OF THE AGREE-MENT BETWEEN US, EXCEPT AS WE MAY LATER AGREE IN WRITING TO MODIFY IT.**

– NEVADA RESIDENTS ONLY: This is a loan for study.

– NEW JERSEY RESIDENTS ONLY: The section headings of the Note are a table of contents and not contract terms. Portions of this Note with references to actions taken to the extent of applicable law apply to acts or practices that New Jersey law permits or requires. In this Note, acts or practices (i) by you which are or may be permitted by "applicable law" are permitted by New Jersey law, and (ii) that may or will be taken by you unless prohibited by "applicable law" are permitted by New Jersey law.

– NEW YORK, RHODE ISLAND AND VERMONT RESIDENTS ONLY: I understand and agree that you may obtain a consumer credit report in connection with this application and in connection with any updates, renewals or extensions of any credit as a result of this application. If I ask, I will be informed whether or not such a report was obtained and, if so, the name and address of the agency that furnished the report. I also understand and agree that you may obtain a consumer credit report in connection with the review or collection of any loan made to me as a result of this application or for other legitimate purposes related to such loan.

– OHIO RESIDENTS ONLY: The Ohio laws against discrimination require that all creditors make credit equally available to all creditworthy customers, and that credit reporting agencies maintain separate credit histories on each individual upon request. The Ohio Civil Rights Commission administers compliance with this law.

– VERMONT RESIDENTS ONLY: (For purposes of the following notice to Vermont residents, "your" and "you" means any cosigner, not the lender.) **NOTICE TO COSIGN-ER: YOUR SIGNATURE ON THIS NOTE MEANS THAT YOU ARE EQUALLY LIABLE FOR REPAYMENT OF THIS LOAN. IF THE BORROWER DOES NOT PAY, THE LENDER HAS A LEGAL RIGHT TO COLLECT FROM YOU.**

– WISCONSIN RESIDENTS ONLY: For married Wisconsin residents, my signature confirms that this loan obligation is being incurred in the interest of my marriage or family. No provision of any marital property agreement, unilateral statement under §766.59 of the Wisconsin Statutes or court decree under §766.70 adversely affects your interest unless, prior to the time that the loan is approved, you are furnished with a copy of the marital property agreement, statement, or decree or have actual knowledge of the adverse provision. My spouse has actual knowledge that this credit is being extended to me and has waived the requirements of Wisconsin Statute §766.56(3)(b), as acknowledged by his or her signature on the Notice to Married Wisconsin Residents.

**N. WHEN BOUND: CANCELLING**

1. I understand that when you accept the attached signed application, you are not agreeing to lend me money, and I am not bound to these credit terms, and that there will be no such agreement until the later of the time of the Disbursement Date or my right to cancel as described in paragraph 2 has expired.

2. Upon receipt of the Disclosure Statement, I will review it and if I am not satisfied with the terms of my loan as approved, I may cancel the Note and all disbursements. To cancel this Note, I must call 1-800-749-9100 within 5 days of the date of the Disclosure Statement and I will not cash the loan check.

**O. ADDITIONAL AGREEMENTS**

1. You have the right to lend an amount less than the Loan Amount Requested or to accept or reject my application. You also have the right to cancel any undisbursed amount if (a) the student ceases to be enrolled (at least half time) at the School or (b) any cosigner notifies you that he or she no longer wants to repay the amount not yet disbursed, or (c) an event occurs as described in Section K End to Interim Period; Whole Loan Due; Rate After Default, or (d) the School ceases to be eligible to participate in the Tuition Answer Loan program. The reasons that the school may cease to be eligible to participate include, but are not limited to, voluntary agreement with you to that effect, loss of eligibility to participate in one or more federally guaranteed student loan programs, and a default rate on federally guaranteed student loans, sometimes referred to as a "cohort default rate," deemed by you, in your sole discretion, to be excessive. I may go to https://tuitionanswer.salliemae.com/TA/welcome.asp to determine whether my School participates at the time I access this web page.

2. You may assign this Note at any time. If this Note is assigned, the assignee will become the owner of this Note and will have all your rights to enforce this Note against me. I may not assign this Note or any of its benefits or any of my obligations. The obligations of this Note will be binding on my estate.

3. **I understand that the lender is located in the State of Utah and this Note will be entered into in the same State.**

Tuition Answer Loan Application and Promissory Note 2006-2007

Consequently, the provisions of this Note will be governed by federal laws and the laws of that State, to the extent not preempted, without regard to conflict of laws rules.

4. I understand that if the information on my Disclosure Statement conflicts with this Note, the information on my Disclosure Statement applies.

5. My failure to receive a statement does not relieve me of my obligation to make my required loan payments in accordance with the terms and conditions of this Note.

6. By accepting past due payments you do not waive or affect any right to accelerate this Note. I waive any notice of dishonor, notice of protest, presentment, demand for payment, and all other notices or demands in connection with this Note and consent to the addition of a party who will be liable upon this loan or any other loans I have outstanding under the program, to any and all extensions, renewals, or releases of any party liable upon this loan or any other loans I have outstanding under the program and to any waiver or modification that may be granted by you, all without affecting or releasing any borrower or cosigner from such loans. My responsibility for repaying this loan is not affected by the liability of any other person to you or by your failure to notify me that a payment has not been made.

7. If any provision of this Note is held invalid or unenforceable, that provision shall be considered omitted from this Note without affecting the validity or enforceability of the remainder of this Note.

8. This Note may be modified only if you put the modification in writing and the modification is agreed to by any borrower or cosigner. Any such modification does not require the consent of any other borrower or cosigner and will not affect the validity or enforceability of the remainder of this Note.

9. Your failure to exercise any right hereunder does not constitute a waiver thereof. All waivers must be in writing.

10. I understand that any communication you are required or permitted under the Federal Bankruptcy Code must in writing, must include my account number, and must be sent to P.O. Box 9400, Wilkes-Barre, PA 18773-9400.

11. I hereby waive all my defenses to this Note based on suretyship.

12. I understand that you may use automated telephone dialing equipment or an artificial or pre-recorded voice message to contact me in connection with this loan or loan application. You may contact me at any telephone number I provide in the application or I provide in the future, even if that number is a cellular telephone number.

13. I acknowledge that I have received a true and exact copy of this Note.

14. A photocopy, facsimile, electronic or other copy of the Disclosure Statement, this Note or any Cosigner Notice shall have the same effect for all purposes as the original and a photocopy, facsimile, electronic or other copy of my signature on the Disclosure Statement, this Note or any Cosigner Notice shall be binding on me.

15. I agree to provide promptly, upon request, any additional information that you may require to identify me, to confirm that I continue to be eligible for this loan, or to confirm that none of the events listed in Section K. End to Interim Period; Whole Loan Due; Rate after Default has occurred.

## P. CERTIFICATION AND CONSENT TO INFORMATION SHARING

1. I certify that the information contained in the application is true, complete and correct to the best of my knowledge and belief and is made in good faith, that I am eligible for this loan and that I will repay it according to the terms of this Note.

2. I authorize any school that the student may attend to release to you or your agents any requested information pertinent to this loan (e.g., employment, enrollment status, current address) and advise you whether I am eligible for a future loan. I authorize you or your agents to check my credit and employment history for this loan and for future loans that may be offered to me, to answer questions about their credit experience with me, and to release the results of the credit review process to the School.  I further authorize you to release any other information on this loan to the School or to other schools the student has attended for which I have taken out a student loan.

3. I authorize you to verify my identity by comparing information provided by me with information obtained from a consumer reporting agency, public database or other source.

4. I consent to the sharing of any information about this loan with my parent, guardian, child, spouse or sibling who complies with your procedures unless I revoke this consent or unless prohibited by law. I understand that I may revoke this consent by contacting the servicer at 1-888-2SALLIE or P.O. Box 9500, Wilkes-Barre, PA 18773-9500.

5. I certify that this loan is a qualified education loan as described in Section 221(d)(1) of the Internal Revenue Code of 1986, 26 U.S.C. §221 (d)(1), and that therefore this loan is not dischargeable in bankruptcy except pursuant to 11 U.S.C. §523 (a)(8).  I understand that I must immediately repay any funds that I receive which cannot reasonably be attributed to meeting the student's qualified higher education expenses related to attendance at the School. I understand that failure to complete the educational program undertaken by the student does not relieve me of any obligation on this Note.

6. I also certify that: I have read the materials explaining the loan program that have been provided to me; I have read, understand and agree to the provisions of the program, my responsibilities and my rights under this program, the terms of this Note and this "Certification and Consent to Information Sharing."

## Q. CORRECTION OF ERRORS

All parties to this Note agree to cooperate fully and adjust all typographical, computer, calculation or clerical errors discovered in any or all of the loan documents including the application, Note and Disclosure Statement. In the event this procedure is used, all parties involved will be notified and receive a corrected copy of the changed document.

## R. BORROWER/COSIGNER/STUDENT RELEASE

I agree that, if a cosigner applicant fails to qualify for this loan, but you approve the application on the basis of the creditworthiness of the student borrower and any other cosigner applicant, or on the basis of the borrower, student borrower, and

Tuition Answer Loan Application and Promissory Note 2006-2007

CONFIDENTIAL

NAVHOM01201155

any other cosigner applicant, as applicable, then you may release said cosigner applicant from liability hereunder, but this Note will still bind the student borrower and any remaining cosigner, or the borrower, student borrower, and any remaining cosigner, as applicable. As a borrower or cosigner, I agree that if the student borrower is released from liability on this loan for any reason, including infancy, I hereby consent to such release and to my continued liability for this loan after such release.

## ARBITRATION AGREEMENT

You and I agree that either party may elect to arbitrate— and require the other party to arbitrate—any Claim under the following terms and conditions. This Arbitration Agreement is part of the Tuition Answer Loan Promissory Note ("Note").

**A. RIGHT TO REJECT:** I may reject this Arbitration Agreement by sending you a rejection notice by certified or registered mail or by messenger service within 60 days after the date of my First Disbursement. Any Rejection Notice must include my name, address, telephone number and loan or account number, and must be sent to Sallie Mae Servicing, PO Box 59030, Panama City, FL 32412.

**B. IMPORTANT WAIVERS AND WARNING:** If you or I elect to arbitrate a Claim, you and I both waive the right to: (1) have a court or a jury decide the Claim; (2) participate in a class action in court or in arbitration, either as a class representative or a class member, or act as a private attorney general in court or in arbitration (the "Class Action Waiver"); (3) join or consolidate Claim(s) with claims involving any other person; or (4) obtain information except as provided herein. WARNING: Other rights are more limited or not available in arbitration.

**C. DEFINITIONS:** In this Arbitration Agreement, the following definitions will apply:
- "I," "me" and "my" mean each and every Borrower and Cosigner on the Note; the Student on whose behalf the proceeds of the Note have been advanced; and the heirs, executors and assigns of all of the foregoing.
- "You," "your" and "yours" mean the Lender; Sallie Mae, Inc.; any Sallie Mae affiliate or subsidiary; all of their parents, wholly or majority owned subsidiaries and affiliates; any predecessors and successors of these entities; and all officers, directors and employees thereof. It also includes any party named as a co-defendant with you in a Claim asserted by me, such as investors or potential investors, credit bureaus, credit insurance companies, closing agents, escrow agents, insurance agents, loan originators, rating agencies, loan servicers, debt collectors, loan guarantors, performance bond trustees, tuition recovery funds, the School, and any of the School's financial aid offices or officers.
- "Administrator" means, as applicable, the American Arbitration Association, 335 Madison Avenue, New York, NY 10017, www.adr.org, (800) 778-7879, or the National Arbitration Forum, P.O. Box 50191, Minneapolis, MN 55405, www.arb-forum.com, (800) 474-2371, provided that the Administrator must not have in place a formal or informal policy that is inconsistent with and purports to override the terms of this Arbitration Agreement.

- "Claim" means any claim, dispute or controversy between you and me that arises from or relates in any way to the Note, including any dispute arising before the date of this Arbitration Agreement and any dispute relating to: (1) the Note and any applications, disclosures and other documents relating in any way to the transactions evidenced by the Note; (2) any insurance or other service or product offered or made available by or through you in connection with the Note, and any associated fees or charges; and (3) any documents, instruments, advertising or promotional materials that contain information about the Note or any associated insurance or other service or product. This includes, without limitation, disputes concerning the validity, enforceability, arbitrability or scope of this Arbitration Agreement or the Note; disputes involving alleged fraud or misrepresentation, breach of contract, negligence or violation of statute, regulation or common law; and disputes involving requests for injunctions or other equitable relief. However, "Claim" does not include any individual action brought by me in small claims court or my state's equivalent court, unless such action is transferred, removed, or appealed to a different court. **"Claim" does not include any challenge to the validity and effect of the Class Action Waiver, which must be decided by a court.**

**D. STARTING AN ARBITRATION:** To initiate an arbitration, you or I must give written notice of an election to arbitrate. This notice may be given after a lawsuit has been filed and may be given in papers or motions in the lawsuit. If such a notice is given, the Claim shall be resolved by arbitration under this Arbitration Agreement and the applicable rules of the Administrator then in effect. I must select the Administrator when I give notice of my election to arbitrate or within 20 days of your notice; otherwise, you will select the Administrator. The arbitrator will be selected under the Administrator's rules, except that the arbitrator must be a lawyer with at least ten years of experience or a retired judge.

**E. LOCATION AND COSTS:** Any arbitration hearing that I attend will take place in a location that is reasonably convenient to me. You will consider (and generally honor) any good faith request by me for you to bear the fees charged by the Administrator and the arbitrator and will always pay the fees if required by applicable law. You will not seek reimbursement from me of fees you are required to pay or agree to pay on my behalf. Each party must pay the expense of that party's attorneys, experts and witnesses, regardless of which party prevails in the arbitration, unless applicable law otherwise provides.

**F. DISCOVERY; GETTING INFORMATION:** Either party may obtain from the other party prior to the hearing any information available under the Administrator's rules or any information the arbitrator determines should be made available.

**G. EFFECT OF ARBITRATION AWARD:** Any court with jurisdiction may enter judgment upon the arbitrator's award. The arbitrator's award will be final and binding, except for: (1) any appeal right under the Federal Arbitration Act, 9 U.S.C. §§1 et seq. (the "FAA"); and (2) Claims involving more than $50,000. For Claims involving more than $50,000, any party may appeal the award to a three-arbitrator panel appointed by the Administrator, which will reconsider de novo any aspect of

Tuition Answer Loan Application and Promissory Note 2006-2007

CONFIDENTIAL

NAVHOM01201156

the initial award that is appealed. The panel's decision will be final and binding, except for any appeal right under the FAA. Except as provided above under the caption "Location and Costs," the appealing party will pay the Administrator's and arbitrator's costs of the appeal.

**H. GOVERNING LAW:** This Arbitration Agreement is made pursuant to a transaction involving interstate commerce and shall be governed by the FAA, and not by any state law concerning arbitration. The arbitrator shall follow applicable substantive law to the extent consistent with the FAA, applicable statutes of limitation and applicable privilege rules, and shall be authorized to award all remedies permitted by applicable substantive law, including, without limitation, compensatory, statutory and punitive damages (subject to constitutional limits that would apply in court), declaratory, injunctive and other equitable relief, and attorneys' fees and costs. Upon the timely request of either party, the arbitrator shall write a brief explanation of the basis of his or her award.

**I. SURVIVAL, SEVERABILITY, PRIMACY:** This Arbitration Agreement shall survive my full payment of the Note; your sale or transfer of the Note; any legal proceeding to collect a debt owed by me; any bankruptcy or insolvency; any forbearance or modification granted pursuant to the Note; and any cancellation, or request for cancellation, of any or all disbursements under the Note. If any portion of this Arbitration Agreement cannot be enforced, that portion will be severed, and the rest of the Arbitration Agreement will continue to apply, provided that the entire Arbitration Agreement shall be null and void if the Class Action Waiver is held to be invalid with respect to any class or representative Claim, subject to any right to appeal such holding. In the event of any conflict or inconsistency between this Arbitration Agreement and the Administrator's rules or the Note, this Arbitration Agreement will govern; in the event of any conflict or inconsistency between the Administrator's rules and the Note, the Administrator's rules will govern.

---

**IMPORTANT INFORMATION ABOUT PROCEDURES FOR OPENING A NEW ACCOUNT**
Federal law requires all financial institutions to obtain, verify, and record information that identifies each person who opens an account.

What this means for me: When I apply for a student loan, you will ask for my name, address, date of birth, and other information that will allow you to identify me. You may also ask to see my driver's license or other identifying documents.

---

**WARNING: KNOWINGLY MAKING ANY FALSE STATEMENT OR REPORT OR WILLFULLY OVERVALUING ANY PROPERTY FOR THE PURPOSE OF INFLUENCING IN ANY WAY ANY ACTION OF SALLIE MAE BANK ON THE APPLICATION OR ON THE LOAN IS A FEDERAL CRIME PUNISHABLE BY A FINE OF UP TO $1,000,000 OR IMPRISONMENT FOR UP TO 30 YEARS OR BOTH.**

---

Tuition Answer Loan Application and Promissory Note 2006-2007

CONFIDENTIAL

NAVHOM01201157

# LOAN 10

CONFIDENTIAL

NAVHOM01201158

TUITIONANSWER - ▮▮▮▮▮▮.jpg

## Tuition Answer' Loan Application                    2006-2007

### Borrower Information
*Correction fluid may not be used on the application.*

| HOMAIDAN | HELAL | K | | Social Security number |
|---|---|---|---|---|
| Last name | First name | MI | Suffix (Jr., III) | 7 |

Permanent street address (If your permanent street address is a P.O. Box, you must complete the physical street address section below.) | Apt | Years at address

| ▮▮▮▮▮▮ | | | US | | STUDENT |
|---|---|---|---|---|---|
| City | State | Zip Code | Country Code | Date of birth | Relationship to student |

Physical street address (If different from permanent address) | Apt

| | | | 1 |
|---|---|---|---|
| City | State | Zip Code | Country Code |

| | | | |
|---|---|---|---|
| Country Prefix  Area Code  Telephone Number  Extension<br>Permanent telephone number | Country Prefix  Area Code  Telephone Number  Extension<br>Mobile/cellular telephone number | | |

E-mail address

**SELF**
Name of employer

| OTHER | 2 | 0 | 1 | ▮▮▮▮▮ | $ 5,000 |
|---|---|---|---|---|---|
| Occupation | Years  Months<br>at present<br>employer | | Country Prefix  Area Code  Telephone Number  Extension<br>Work telephone number | | Gross annual salary<br>(Documentation<br>required, see page 1.) |

| How often paid?  ☐ weekly  ☐ bi-weekly  ☐ twice monthly  ☒ monthly | $ 10,000<br>Additional income | OTHER<br>Source of<br>additional income | *Alimony, child support, or separate maintenance income need not be revealed if you do not wish to have it considered as a basis for repaying this loan.* |
|---|---|---|---|

Monthly payment amount
$ ▮ 500 $ ___(N/A)___
Rent   or   Mortgage        Name of mortgage holder

### Borrower citizenship information

☒ YES, I am a U.S. citizen  ☐ NO, I am not a U.S. citizen but I am an eligible permanent resident  ☐ NO, I am NOT a U.S. citizen or permanent resident  *(See page 1, Who is eligible for Tuition Answer?)*

### Student borrower information

| | | MI | Suffix (Jr., III) | Social Security number |
|---|---|---|---|---|
| Last name | First name | | | |

Permanent street address (If your permanent street address is a P.O. Box, you must complete the physical street address section below.) | Apt | Years at address

| | | | | |
|---|---|---|---|---|
| City | State | Zip Code | Country Code | Date of birth |

Physical street address (If different from permanent address) | Apt

| | | | |
|---|---|---|---|
| City | State | Zip Code | Country Code |

| | |
|---|---|
| Country Prefix  Area Code  Telephone Number  Extension<br>Permanent telephone number | Country Prefix  Area Code  Telephone Number  Extension<br>Mobile/cellular telephone number |

E-mail address

### Student borrower citizenship information

☐ YES, I am a U.S. citizen  ☐ NO, I am not a U.S. citizen but I am an eligible permanent resident  ☐ NO, I am NOT a U.S. citizen or permanent resident  *(See page 1, Who is eligible for Tuition Answer?)*

### College Information

| EMERSON COLLEGE | BOSTON | MA |
|---|---|---|
| College name | College city | State |

For the academic period from 09 2006 to 05 2007    Anticipated graduation date 5  2007    Enrollment: ☒ Full time  ☐ Half time  ☐ Less than half time
                 Month Year  Month Year                          Month Year

**Grade Level**
Undergraduate  ☐ Freshman  ☐ Sophomore  ☐ Junior  ☒ Senior  ☐ 5th Year and beyond  Graduate  ☐ 1st Year  ☐ 2nd Year  ☐ 3rd Year  ☐ Beyond 3rd Year

APPLICATION PAGE ONE    Continue to page two  ➜➜➜

Mail to: Sallie Mae, Private Loan Processing, 50 Braintree Hill Park, Suite 300, Braintree, MA 02184

*Tuition Answer Loan Application and Promissory Note 2006-2007*

## Reference Information
*Reference can be a relative, friend, co-worker, etc. who is not living with you. Student, borrower, or cosigner cannot be listed as a reference.*

**Reference 1:**

| | | MI | Suffix (Jr., II) |
|---|---|---|---|
| Last name | First name | | |

| | | 1 | | | |
|---|---|---|---|---|---|
| Permanent street address (P.O. Boxes not accepted) | Apt | Country Prefix | Area Code | Telephone Number | Extension |
| | | Permanent telephone number | | | |

| | | | US | FRIEND |
|---|---|---|---|---|
| City | State | Zip Code | Country Code | Relationship to borrower |

**Reference 2:**

| | | MI | Suffix (Jr., II) |
|---|---|---|---|
| Last name | First name | | |

| | | 1 | 888 | | |
|---|---|---|---|---|---|
| Permanent street address (P.O. Boxes not accepted) | Apt | Country Prefix | Area Code | Telephone Number | Extension |
| | | Permanent telephone number | | | |

| | | | US | FRIEND |
|---|---|---|---|---|
| City | State | Zip Code | Country Code | Relationship to borrower |

## Cosigner Information
*If no cosigner, leave this section blank.*

| | | MI | Suffix (Jr., III) | Social Security number |
|---|---|---|---|---|
| Last name | First name | | | |

| | | | | | Apt | Years of address |
|---|---|---|---|---|---|---|
| Permanent street address (If your permanent street address is a P.O. Box, you must complete the physical street address section below.) | | | | | | |

| | | | | | Relationship to student |
|---|---|---|---|---|---|
| City | State | Zip Code | Country Code | Date of birth | |

| | | | | Apt |
|---|---|---|---|---|
| Physical street address (if different from permanent address) | | | | |

| | | | |
|---|---|---|---|
| City | State | Zip Code | Country Code |

| | Extension | | | Extension |
|---|---|---|---|---|
| Country Prefix  Area Code  Telephone Number | | Country Prefix  Area Code  Telephone Number | | |
| Permanent telephone number | | Mobile/cellular telephone number | | |

| |
|---|
| E-mail address |

| |
|---|
| Name of employer |

| | Years  Months | | | Extension | $ |
|---|---|---|---|---|---|
| Occupation | at present employer | Country Prefix  Area Code  Telephone Number | Work telephone number | | Gross annual salary (Documentation required, see page 1.) |

How often paid?  ☐ weekly  ☐ bi-weekly  ☐ twice monthly  ☐ monthly   $_____   Source of additional income   *Alimony, child support, or separate maintenance income need not be revealed if you do not wish to have it considered as a basis for repaying this loan.*
Additional income

Monthly payment amount

$_____  $_____
Rent    or   Mortgage    Name of mortgage holder

## Cosigner citizenship information

☐ YES, I am a U.S. citizen  ☐ NO, I am not a U.S. citizen but I am an eligible permanent resident  ☐ NO, I am NOT a U.S. citizen or permanent resident  *(See page 1, Who is eligible for Tuition Answer?)*

Tuition Answer Loan Application and Promissory Note 2006-2007

**APPLICATION PAGE TWO**   *Continue to page three to complete application and sign*  ➜➜➜

©2006 Sallie Mae
V06.04.24

CONFIDENTIAL

CONFIDENTIAL

NAVHOM01201161

## Loan request information

$ 6,000.00

*Amount may be less $1,500 up to $40,000, depending on the type of school and may not exceed the estimated cost of attendance.*

Anticipated use of Tuition Answer Loan funds: (dollar allocations)

The lender will not disburse the supplemental fee to your supplemental loan account. Check this field.

| | |
|---|---|
| Tuition/Fees Balance | $ 4,000.00 |
| (Loan directly to school) | |
| Technology Items Balance | $ 2,000.00 |
| (educational expenses not paid directly to the institution) | |

☐ Other this field

■ Defer principal and interest while in school *Loan repayment option may not be changed after disbursement.*

## Loan options

Repayment options check one

*If you do not make a choice, pre-will pay interest while in school.*

☐ Pay principal and interest while in school   ☐ Pay only interest while in school

## Signatures — All borrowers must sign below.

I understand that I am not required to list my signature on the Application/Promissory Note to the Lender. If I choose to list my signature on the Application/Promissory Note to the Lender, I intend: (i) my signature to be binding on me and to be an electronic signature under applicable federal and state law, (ii) to be bound and to conduct business with the Lender by (iii) the records to be an original document, (iii) to authorize the Lender to act in reliance on this Application/Promissory Note will not be governed by Article 3 or Article 9 of the Uniform Commercial Code.

**Notice to ALL BORROWERS**
(a) Do not sign this before you read the Promissory Note even if otherwise advised.
(b) Do not sign this if it contains any blank spaces.
(c) You are entitled to an exact copy of any agreement you sign.
(d) You have the right at any time to pay in advance the unpaid balance due under this agreement without penalty and you may be entitled to a partial refund of the finance charge.

I declare that the information provided above is true and complete to the best of my knowledge and belief. I have read and agree to the terms of the Promissory Note accompanying this application.

**I, THE COSIGNER, HAVE READ THE APPLICABLE COSIGNER NOTICE.**

CAUTION — IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT.

Promise to pay, identify and severally with the other signers below, I promise to pay the lender or any other holder of this loan at sums disbursed under the terms of the Promissory Note, plus interest and all other charges that may become due. The terms and conditions set forth in the Promissory Note constitute the entire agreement between us.

| Borrower signature | Please print full name | Date |
|---|---|---|
| | Helal Hovelson | 09/14/06 |

| Subject/borrower signature | Please print full name | Date |
|---|---|---|
| | Helal Hovelson | 09/1/06 |

| Cosigner signature | Please print full name | Date |
|---|---|---|
| | | |

Lender use only

| TA WEB | 002146 | 930250 |
|---|---|---|
| Source code | School code | Pre-approved code |

Sallie Mae Bank, Murray, UT   c/o Sallie Mae, 50 Braintree Hill Park, Suite 300, Braintree, MA 02184

Originating lender

Cosigner(s): Please read your state-specific notice, then, if applicable, sign, date and return it to:
Sallie Mae, Tuition Answer Loan Processing, 50 Braintree Hill Park, Suite 300, Braintree, MA 02184.
Retain a copy for your records.

Wisconsin Borrower(s) and Cosigner(s): If you are married, your spouse must read this notice to married
Wisconsin residents and sign, date and return it to:
Sallie Mae, Tuition Answer Loan Processing, 50 Braintree Hill Park, Suite 300, Braintree, MA 02184.
Retain a copy for your records.

APPLICATION PAGE THREE

Tuition Answer Loan Application and Promissory Note 2006-2007

©2006 Sallie Mae
VXLX/L04

# Promissory Note

In this Promissory Note ("Note") the words "I", "me", "my", "mine" and "we" mean the borrower, student borrower and cosigner(s), unless the language specifically refers to only one or the other. "You", "your" and "yours" means the lender as listed on page three of the application and any subsequent holder of this Note.

## A. PROMISE TO PAY

I promise to pay to your order according to the terms below: the sum of the Loan Amount Requested to the extent it is advanced to me, or on my behalf, which includes the Supplemental Fee (together the "Loan Amount"); other interest, fees and charges accrued or Capitalized on the Loan Amount as described in this Note; and, in the event of Default, reasonable attorneys' fees, court costs and collection agency fees to the extent permitted by law.

## B. DEFINITIONS

1. Interim Period - The "Interim Period" will begin on the Disbursement Date. The Interim Period will end 4 1/2 years after the Disbursement Date or 6 months after the student graduates or drops below half time enrollment at an eligible school, whichever is earlier.
2. Repayment Period - The "Repayment Period" will begin on the day after the Interim Period ends, or earlier if elected (see Section D. Terms of Repayment) and will continue for up to 360 months after the first principal and interest payment is due, until the loan is paid in full.
3. Capitalized Interest and Other Amounts - From time to time, interest, fees or charges due and not yet paid may be added, without notice, to the principal amount of the loan as provided in this Note. This addition is called "capitalizing" and such amounts are considered to be "Capitalized." Since interest accrues on the outstanding principal balance, capitalizing increases the total cost of the loan.
4. Default - You may declare my loan in default following an event described in Section K. End to Interim Period; Whole Loan Due; Rate After Default except as follows:
– IDAHO, IOWA, KANSAS, MAINE and SOUTH CAROLINA RESIDENTS ONLY: I will be in default if I fail to make a payment as required by this Note (or within 10 days of the time required by this Note, for Iowa residents), or if the prospect of my payment or performance is significantly impaired.  The burden of establishing the prospect of significant impairment is on you.
– WISCONSIN RESIDENTS ONLY: I will be in default (a) if I permit to be outstanding an amount exceeding one full payment which has remained unpaid for more than 10 days after its scheduled due date or deferred due date, or I fail to pay the first payment or the last payment within 40 days of its scheduled due date or deferred due date, or (b) if I fail to observe any other provision of this Note, the breach of which materially impairs my ability to pay the amounts due under the Note.
5. Disbursement Date – The date shown on the first Loan check.

6. Disclosure Statement – The Truth In Lending Disclosure Statement that will be sent prior to the time of the first Disbursement Date and which is hereby incorporated into this Note.
7. Additional Terms - The terms "Interest", "Late Charge", "Supplemental Fee", "Payment Return Fee", "Forbearance Fee", "Modification Fee" and "Collection Costs" are defined in the Note sections so titled. "Variable Rate", "Index", "Prime Rate", and "Margin" are defined under Section C. Interest.

## C. INTEREST

1. Accrual of Interest - Interest will accrue on the unpaid balance of the Loan from the Disbursement Date until payment in full at the Variable Rate (as defined below).  The interest rate will not exceed the maximum allowed by law.
2. Variable Rate - I will pay interest at a Variable Rate equal to the Index plus or minus the percentage identified on my Disclosure Statement (the "Margin"), rounded to the nearest one-fourth of one percent (0.25%).  The Variable Rate will change on the first day of each month if the Index changes. The Index is the highest U.S. Prime Rate as published in The Wall Street Journal under the "Money Rates" section on the next to last New York business day of the prior month.  A New York business day is defined as any day that is not a Saturday, Sunday, holiday or other day on which banking institutions in New York are authorized or ordered to close by law or executive order.
3. Substitute Index - If The Wall Street Journal is not published or the U.S. Prime Rate is not stated, then the Index will be determined by using the immediately preceding published highest U.S. Prime Rate.  If the U.S. Prime Rate ceases to be available, you will choose a comparable substitute.

## D. TERMS OF REPAYMENT

1. Payment Due Date - My loan payments are due on the date specified by you. All payments must be made in U.S. dollars at the address specified by you.
2. Repayment Election: Pay Principal and Interest While in School - If I elected to pay principal and interest while the student is in school, I agree to repay this loan in consecutive monthly payments of principal and interest with the first payment due within 45 days after the first Disbursement Date.
3. Repayment Election: Pay only Interest While in School - If I elected to pay only interest while the student is in school or I did not make a choice, I will pay only interest on my loan during my Interim Period. I must pay principal and interest in consecutive monthly installments during my Repayment Period.
4. Repayment election: Defer Principal and Interest While in School - If I elected to defer principal and interest payments while the student is in school, I agree to repay this loan in consecutive monthly installments of principal and interest during my Repayment Period. Interest that accrues on my loan during the Interim Period is Capitalized at the start of my Repayment Period.
5. Determining the Repayment Period - When the Interim Period ends, you will determine the Repayment Period for my loan, based on the then outstanding balance of my loan,

Tuition Answer Loan Application and Promissory Note 2006-2007

CONFIDENTIAL

NAVHOM01201162

including any Capitalized interest and other amounts, as follows:

Outstanding Balance/Repayment Period
Up to $2,999/up to 4 years
$3,000 to $3,999/6 years
$4,000 to $7,499/10 years
$7,500 to $9,999/15 years
$10,000 to $39,999/20 years
$40,000 to $59,999/25 years
$60,000 and above/30 years

The Repayment Period may change if the interest rate changes (see Section D.7. Interest Rate Changes During Principal and Interest Payment Period). I agree to make monthly payments of principal and interest to repay my loan within the Repayment Period. You will send me statements showing the amounts I must pay.

6. Interest Rate Changes During Interest-Only Payment Period - My monthly statement during periods of interest-only payments will reflect the interest due based on the current rate. If the interest rate increases or decreases during any period when I am required to make interest-only payments, my monthly payment amounts will increase or decrease.

7. Interest Rate Changes During Principal and Interest Payment Period - If the interest rate changes during any period when I am required to make principal and interest payments, my monthly payment amounts will stay the same but I will be required to make more or fewer payments than would otherwise be required, unless my monthly payment is not enough to pay my principal and interest within a Repayment Period of 30 years or twice the period set forth in the table in Section D.5, whichever is less. During any month when there is a decrease from the interest rate in effect at the last payment adjustment, any amount remaining after accrued interest is paid will be applied to principal. During any month when there is an increase from the interest rate in effect at the last payment adjustment, there will be excess interest that is not paid (unless I voluntarily pay such interest). Any interest that remains unpaid will be Capitalized. If the interest rate increases so that my monthly payment is not enough to pay my principal and interest within a Repayment Period of 30 years or twice the period set forth in the table in Section D.5. Determining the Repayment Period, whichever is less, you will increase my monthly payment to an amount that will do so. My statements will reflect any change in my payment amount.

8. Amounts Owing at the End of the Repayment Period - Since interest accrues daily upon the unpaid principal balance of my loan, if I make payments after my payment due dates, I may owe additional principal and interest, fees and charges at the end of the Repayment Period.

9. Minimum Payment; Changing Payments - Notwithstanding any paragraph of this Section, my combined monthly principal and interest payments for all my Tuition Answer Loans will never be less than $50, or the sum of the unpaid balances, whichever is less. If I wish to modify this Note to increase my monthly payment amounts, or to choose a graduated repayment option, if available, I must call 1-888-2SALLIE. A fee may be charged for such modifications, as provided under Section H. Fees for Forbearance or Modification.

10. Payments - Payments will be applied first to Late Charges, then to Payment Return Fees and Collection Costs, then to accrued interest, and the remainder to principal.

Payments in excess of the amount due will advance the next payment due date by the number of whole payments satisfied by the extra funds. (For example, if my payment amount is $100, I am not delinquent and I pay $400 for the month of January, my next payment due date will be May).

11. Payment in Full - **If I wish to make a payment in satisfaction of a disputed amount or balance, I must send it to P.O. Box 3800, Wilkes-Barre, PA 18773-3800 with a letter of explanation.** To the extent permitted by law, you may accept late payments, partial payments, or payments marked "payment in full" or having similar language, without waiving your rights under this Note.

### E. LATE CHARGE

If my payment (or any part of my payment) is more than 15 days late, I will pay a late charge of either $15 or 5% of the amount that is late, whichever is less.

### F. SUPPLEMENTAL FEE

1. Fee at Disbursement - You may charge a Supplemental Fee and capitalize it at the Disbursement Dates of my loan. The amount of this fee, if charged, will be identified on my Disclosure Statement as the Supplemental Fee paid or Prepaid Finance Charge and will be a percentage of the principal balance of my loan.

2. When Earned - I understand and agree that the Supplemental Fee, if any, is earned when assessed and is not subject to rebate if I prepay my loan.

### G. PAYMENT RETURN FEE

If I make a payment and that payment is returned or refused by my bank for any reason, I agree to pay a charge of up to $20.00 for each payment so returned. Such Payment Return Fee may be Capitalized at your option.

### H. FEES FOR FORBEARANCE OR MODIFICATION

1. I may request, and you, at your sole discretion, may grant me a Forbearance under which I may defer regularly scheduled payments for a maximum of 6 months at a time. Interest that accrues and remains unpaid during this period will be Capitalized at the end of the Forbearance. If I request a Forbearance and you grant it, I agree to pay a Forbearance Fee. The fee will be disclosed to me before any such Forbearance and will not exceed the amount then set by the lender for Forbearance.

2. I may request, and you, at your sole discretion, may grant me a Modification of my payment amount. If I request such Modification and you grant it, I agree to pay a Modification Fee. The fee will be disclosed to me before any such Modification and will not exceed the amount then set by the lender for Modification.

### I. CHARGES FOR OPTIONAL SERVICES

If I request and you agree to provide optional services to me in connection with my loan, you may charge me and I agree to pay the fees for such services. The fee will be disclosed to me before I accept any such service and will not exceed the amount then set by the lender for each service. Optional services may include, but are not limited to: (a) allowing me to make an expedited payment on my loan; (b) sending documents to me by express delivery or facsimile transmission.

Tuition Answer Loan Application and Promissory Note 2006-2007

**5**

## J. RIGHT TO PREPAY
I have the right to prepay all or any part of my loan at any time without penalty.

## K. END OF INTERIM PERIOD; WHOLE LOAN DUE; RATE AFTER DEFAULT
Subject to Section B.4. Default, you have the right to cease to make further disbursements to me and to give me notice that the Interim Period will end at once and the Repayment Period will begin immediately or to give me notice that the whole out-standing principal balance, accrued interest, and all other amounts payable to you under the terms of this Note are due and payable at once if:
1. I fail to make any payment to you when due; or
2. I fail to provide a notice required in Section M.1 Notices/Change in My Information on time; or
3. I break any of my other promises in this Note; or
4. Any bankruptcy proceeding is begun by or against me and not dismissed within 60 days, or I assign any of my assets to or for the benefit of my creditors; or
5. I make any false written statement in applying for this loan or at any time during the Interim Period or Repayment Period; or
6. I die or any cosigner dies; or
7. I am in Default on any loans I may already have with you, or on any loans I may have with you in the future.
You have these rights even if the listed event occurs during the Interim Period.  In addition, if any of the listed events occur, I will be required to pay interest on this loan accruing afterwards at the Variable Rate applicable to this loan prior to such event plus 2%. The Variable Rate will be subject to adjustment in the same manner as before.

## L. COLLECTION COSTS
Unless prohibited by applicable law,  I agree to pay you  all amounts, including reasonable attorneys' fees, and collection agency, court and other collection costs  that you incur in enforcing the terms of this Note (collectively, "Collection Costs"). The Collection Costs that I agree to pay also include fees and costs incurred in connection with any appellate or bankruptcy proceedings.

## M. NOTICES
1. Change in My Information  - I will send written notice to you, or any subsequent holder of this Note, within 10 days after any change in my name, address or telephone number or School enrollment status.
2. When Effective - Any notice required to be given to me by you will be effective when mailed to the latest address you have for me.
3. Reports to Credit Bureau - **You may report information about my account to credit bureaus. Late payments, missed payments, or other defaults on my account may be reflected in my credit bureau report.**
4. Not Negotiable - This is a non-negotiable consumer note.
5. Federal Notices - I understand that the following notice is required by federal law. [For purposes of this notice, the words "you" and "yours" mean the Cosigner(s) who signed the application, not the lender.]

**NOTICE TO COSIGNER:**
You are being asked to guarantee this debt.  Think carefully before you do. If the borrower doesn't pay the debt, you will have to. Be sure you can afford to pay if you have to, and that you want to accept this responsibility.
You may have to pay up to the full amount of the debt if the borrower does not pay. You may also have to pay late fees or collection costs, which increase this amount.
The lender can collect this debt from you without first trying to collect from the borrower. The lender can use the same collection methods against you that can be used against the borrower, such as suing you, gar-nishing your wages, etc. If this debt is ever in default, that fact may become a part of *your* credit record.
This notice is not the contract that makes you liable for the debt.

I understand that the following notice is required by federal law and is only applicable to loans issued to finance educational expenses at for-profit educational institutions or institutions oth-erwise subject to the FTC Holder Rule under 16 C.F.R. §433.2.

**NOTICE:**
**ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

6. State Notices - I understand that the following notices are required by or are necessary under state law and that these notices may not describe all of the rights that I have under state or federal law. Unless otherwise indicated, each notice applies to Borrowers and Cosigners who live in the indicated state on the date that they sign this Note and to Borrowers and Cosigners who are residents of that state.
– CALIFORNIA RESIDENTS ONLY: A married applicant may apply for a separate account.
– CALIFORNIA and UTAH RESIDENTS ONLY: As required by California and Utah law, I am hereby notified that a nega-tive credit report reflecting on my credit record may be sub-mitted to a credit reporting agency if I fail to fulfill the terms of my credit obligations.
– IOWA and KANSAS RESIDENTS ONLY: (For purposes of the following notice to Iowa and Kansas residents, "you" means the borrower and co-borrower, not the lender.) NOTICE TO CONSUMER 1. Do not sign this paper before you read it. 2. You are entitled to a copy of this paper. 3. You may prepay the unpaid balance at any time without penalty and may be entitled to receive a refund of unearned charges in accordance with law.

Tuition Answer Loan Application and Promissory Note 2006-2007

CONFIDENTIAL

NAVHOM01201164

– MARYLAND RESIDENTS ONLY: You elect to make this loan pursuant to Subtitle 10 (Credit Grantor Closed End Credit provisions) of Title 12 of the Maryland Commercial Law Article only to the extent that such provisions are not inconsistent with your authority under federal law (12 U.S.C. §85, §1463(g), or §1831d, as appropriate) and related regulations and interpretations, which authority you expressly reserve.

– MASSACHUSETTS RESIDENTS ONLY: Massachusetts law prohibits discrimination based upon marital status or sexual orientation.

– MISSOURI RESIDENTS ONLY: **ORAL AGREE-MENTS OR COMMITMENTS TO LOAN MONEY, EXTEND CREDIT OR FORBEAR FROM ENFORCING REPAYMENT OF DEBT INCLUDING PROMISES TO EXTEND OR RENEW SUCH DEBT ARE NOT ENFORCE-ABLE. TO PROTECT YOU (BORROWER(S)) AND US (CREDITOR) FROM MISUNDER-STANDING OR DISAPPOINTMENT, ANY AGREEMENTS WE REACH COVERING SUCH MATTERS ARE CONTAINED IN THIS WRITING, WHICH IS THE COMPLETE AND EXCLUSIVE STATEMENT OF THE AGREE-MENT BETWEEN US, EXCEPT AS WE MAY LATER AGREE IN WRITING TO MODIFY IT.**

– NEVADA RESIDENTS ONLY: This is a loan for study.

– NEW JERSEY RESIDENTS ONLY: The section headings of the Note are a table of contents and not contract terms. Portions of this Note with references to actions taken to the extent of applicable law apply to acts or practices that New Jersey law permits or requires. In this Note, acts or prac-tices (i) by you which are or may be permitted by "applica-ble law" are permitted by New Jersey law, and (ii) that may or will be taken by you unless prohibited by "applicable law" are permitted by New Jersey law.

– NEW YORK, RHODE ISLAND AND VERMONT RESI-DENTS ONLY: I understand and agree that you may obtain a consumer credit report in connection with this application and in connection with any updates, renewals or extensions of any credit as a result of this application. If I ask, I will be informed whether or not such a report was obtained and, if so, the name and address of the agency that furnished the report. I also understand and agree that you may obtain a consumer credit report in connection with the review or collection of any loan made to me as a result of this applica-tion or for other legitimate purposes related to such loan.

– OHIO RESIDENTS ONLY: The Ohio laws against discrimi-nation require that all creditors make credit equally available to all creditworthy customers, and that credit reporting agencies maintain separate credit histories on each individ-ual upon request. The Ohio Civil Rights Commission admin-isters compliance with this law.

– VERMONT RESIDENTS ONLY: (For purposes of the fol-lowing notice to Vermont residents, "your" and "you" means any cosigner, not the lender.) **NOTICE TO COSIGN-ER: YOUR SIGNATURE ON THIS NOTE MEANS THAT YOU ARE EQUALLY LIABLE**

**FOR REPAYMENT OF THIS LOAN. IF THE BORROWER DOES NOT PAY, THE LENDER HAS A LEGAL RIGHT TO COLLECT FROM YOU.**

– WISCONSIN RESIDENTS ONLY: For married Wisconsin residents, my signature confirms that this loan obligation is being incurred in the interest of my marriage or family. No provision of any marital property agreement, unilateral state-ment under §766.59 of the Wisconsin Statutes or court decree under §766.70 adversely affects your interest unless, prior to the time that the loan is approved, you are furnished with a copy of the marital property agreement, statement, or decree or have actual knowledge of the adverse provision. My spouse has actual knowledge that this credit is being extended to me and has waived the requirements of Wisconsin Statute §766.56(3)(b), as acknowledged by his or her signature on the Notice to Married Wisconsin Residents.

## N. WHEN BOUND: CANCELLING

1. I understand that when you accept the attached signed application, you are not agreeing to lend me money, and I am not bound to these credit terms, and that there will be no such agreement until the later of the time of the Disbursement Date or my right to cancel as described in paragraph 2 has expired.

2. Upon receipt of the Disclosure Statement, I will review it and if I am not satisfied with the terms of my loan as approved, I may cancel the Note and all disbursements. To cancel this Note, I must call 1-800-749-9100 within 5 days of the date of the Disclosure Statement and I will not cash the loan check.

## O. ADDITIONAL AGREEMENTS

1. You have the right to lend an amount less than the Loan Amount Requested or to accept or reject my application. You also have the right to cancel any undisbursed amount if (a) the student ceases to be enrolled (at least half time) at the School or (b) any cosigner notifies you that he or she no longer wants to repay the amount not yet disbursed, or (c) an event occurs as described in Section K End to Interim Period; Whole Loan Due; Rate After Default, or (d) the School ceases to be eligible to participate in the Tuition Answer Loan pro-gram. The reasons that the school may cease to be eligible to participate include, but are not limited to, voluntary agree-ment with you to that effect, loss of eligibility to participate in one or more federally guaranteed student loan programs, and a default rate on federally guaranteed student loans, some-times referred to as a "cohort default rate," deemed by you, in your sole discretion, to be excessive. I may go to https://tuitionanswer.salliemae.com/TA/welcome.asp to determine whether my School participates at the time I access this web page.

2. You may assign this Note at any time. If this Note is assigned, the assignee will become the owner of this Note and will have all your rights to enforce this Note against me. I may not assign this Note or any of its benefits or any of my obligations. The obligations of this Note will be binding on my estate.

3. **I understand that the lender is located in the State of Utah and this Note will be entered into in the same State.**

<div style="writing-mode: vertical">Tuition Answer Loan Application and Promissory Note 2006-2007</div>

CONFIDENTIAL

NAVHOM01201165

Consequently, the provisions of this Note will be governed by federal laws and the laws of that State, to the extent not preempted, without regard to conflict of laws rules.

4. I understand that if the information on my Disclosure Statement conflicts with this Note, the information on my Disclosure Statement applies.

5. My failure to receive a statement does not relieve me of my obligation to make my required loan payments in accordance with the terms and conditions of this Note.

6. By accepting past due payments you do not waive or affect any right to accelerate this Note. I waive any notice of dishonor, notice of protest, presentment, demand for payment, and all other notices or demands in connection with this Note and consent to the addition of a party who will be liable upon this loan or any other loans I have outstanding under the program, to any and all extensions, renewals, or releases of any party liable upon this loan or any other loans I have outstanding under the program and to any waiver or modification that may be granted by you, all without affecting or releasing any borrower or cosigner from such loans. My responsibility for repaying this loan is not affected by the liability of any other person to you or by your failure to notify me that a payment has not been made.

7. If any provision of this Note is held invalid or unenforceable, that provision shall be considered omitted from this Note without affecting the validity or enforceability of the remainder of this Note.

8. This Note may be modified only if you put the modification in writing and the modification is agreed to by any borrower or cosigner. Any such modification does not require the consent of any other borrower or cosigner and will not affect the validity or enforceability of the remainder of this Note.

9. Your failure to exercise any right hereunder does not constitute a waiver thereof. All waivers must be in writing.

10. I understand that any communication you are required or permitted under the Federal Bankruptcy Code must in writing, must include my account number, and must be sent to P.O. Box 9400, Wilkes-Barre, PA 18773-9400.

11. I hereby waive all my defenses to this Note based on suretyship.

12. I understand that you may use automated telephone dialing equipment or an artificial or pre-recorded voice message to contact me in connection with this loan or loan application. You may contact me at any telephone number I provide in the application or I provide in the future, even if that number is a cellular telephone number.

13. I acknowledge that I have received a true and exact copy of this Note.

14. A photocopy, facsimile, electronic or other copy of the Disclosure Statement, this Note or any Cosigner Notice shall have the same effect for all purposes as the original and a photocopy, facsimile, electronic or other copy of my signature on the Disclosure Statement, this Note or any Cosigner Notice shall be binding on me.

15. I agree to provide promptly, upon request, any additional information that you may require to identify me, to confirm that I continue to be eligible for this loan, or to confirm that none of the events listed in Section K. End to Interim Period; Whole Loan Due; Rate after Default has occurred.

## P. CERTIFICATION AND CONSENT TO INFORMATION SHARING

1. I certify that the information contained in the application is true, complete and correct to the best of my knowledge and belief and is made in good faith, that I am eligible for this loan and that I will repay it according to the terms of this Note.

2. **I authorize any school that the student may attend to release to you or your agents any requested information pertinent to this loan (e.g., employment, enrollment status, current address) and advise you whether I am eligible for a future loan. I authorize you or your agents to check my credit and employment history for this loan and for future loans that may be offered to me, to answer questions about their credit experience with me, and to release the results of the credit review process to the School. I further authorize you to release any other information on this loan to the School or to other schools the student has attended for which I have taken out a student loan.**

3. **I authorize you to verify my identity by comparing information provided by me with information obtained from a consumer reporting agency, public database or other source.**

4. **I consent to the sharing of any information about this loan with my parent, guardian, child, spouse or sibling who complies with your procedures unless I revoke this consent or unless prohibited by law. I understand that I may revoke this consent by contacting the servicer at 1-888-2SALLIE or P.O. Box 9500, Wilkes-Barre, PA 18773-9500.**

5. I certify that this loan is a qualified education loan as described in Section 221(d)(1) of the Internal Revenue Code of 1986, 26 U.S.C. §221 (d)(1), and that therefore this loan is not dischargeable in bankruptcy except pursuant to 11 U.S.C. §523 (a)(8). I understand that I must immediately repay any funds that I receive which cannot reasonably be attributed to meeting the student's qualified higher education expenses related to attendance at the School. I understand that failure to complete the educational program undertaken by the student does not relieve me of any obligation on this Note.

6. I also certify that: I have read the materials explaining the loan program that have been provided to me; I have read, understand and agree to the provisions of the program, my responsibilities and my rights under this program, the terms of this Note and this "Certification and Consent to Information Sharing."

## Q. CORRECTION OF ERRORS

All parties to this Note agree to cooperate fully and adjust all typographical, computer, calculation or clerical errors discovered in any or all of the loan documents including the application, Note and Disclosure Statement. In the event this procedure is used, all parties involved will be notified and receive a corrected copy of the changed document.

## R. BORROWER/COSIGNER/STUDENT RELEASE

I agree that, if a cosigner applicant fails to qualify for this loan, but you approve the application on the basis of the creditworthiness of the student borrower and any other cosigner applicant, or on the basis of the borrower, student borrower, and

Tuition Answer Loan Application and Promissory Note 2006-2007

8

CONFIDENTIAL

NAVHOM01201166

any other cosigner applicant, as applicable, then you may release said cosigner applicant from liability hereunder, but this Note will still bind the student borrower and any remaining cosigner, or the borrower, student borrower, and any remaining cosigner, as applicable. As a borrower or cosigner, I agree that if the student borrower is released from liability on this loan for any reason, including infancy, I hereby consent to such release and to my continued liability for this loan after such release.

## ARBITRATION AGREEMENT

You and I agree that either party may elect to arbitrate—and require the other party to arbitrate—any Claim under the following terms and conditions. This Arbitration Agreement is part of the Tuition Answer Loan Promissory Note ("Note").

**A. RIGHT TO REJECT:** I may reject this Arbitration Agreement by sending you a rejection notice by certified or registered mail or by messenger service within 60 days after the date of my First Disbursement. Any Rejection Notice must include my name, address, telephone number and loan or account number, and must be sent to Sallie Mae Servicing, PO Box 59030, Panama City, FL 32412.

**B. IMPORTANT WAIVERS AND WARNING:** If you or I elect to arbitrate a Claim, you and I both waive the right to: (1) have a court or a jury decide the Claim; (2) participate in a class action in court or in arbitration, either as a class representative or a class member, or act as a private attorney general in court or in arbitration (the "Class Action Waiver"); (3) join or consolidate Claim(s) with claims involving any other person; or (4) obtain information except as provided herein. WARNING: Other rights are more limited or not available in arbitration.

**C. DEFINITIONS:** In this Arbitration Agreement, the following definitions will apply:
- "I," "me" and "my" mean each and every Borrower and Cosigner on the Note; the Student on whose behalf the proceeds of the Note have been advanced; and the heirs, executors and assigns of all of the foregoing.
- "You," "your" and "yours" mean the Lender; Sallie Mae, Inc.; any Sallie Mae affiliate or subsidiary; all of their parents, wholly or majority owned subsidiaries and affiliates; any predecessors and successors of these entities; and all officers, directors and employees thereof. It also includes any party named as a co-defendant with you in a Claim asserted by me, such as investors or potential investors, credit bureaus, credit insurance companies, closing agents, escrow agents, insurance agents, loan originators, rating agencies, loan servicers, debt collectors, loan guarantors, performance bond trustees, tuition recovery funds, the School, and any of the School's financial aid offices or officers.
- "Administrator" means, as applicable, the American Arbitration Association, 335 Madison Avenue, New York, NY 10017, www.adr.org, (800) 778-7879, or the National Arbitration Forum, P.O. Box 50191, Minneapolis, MN 55405, www.arb-forum.com, (800) 474-2371, provided that the Administrator must not have in place a formal or informal policy that is inconsistent with and purports to override the terms of this Arbitration Agreement.

- "Claim" means any claim, dispute or controversy between you and me that arises from or relates in any way to the Note, including any dispute arising before the date of this Arbitration Agreement and any dispute relating to: (1) the Note and any applications, disclosures and other documents relating in any way to the transactions evidenced by the Note; (2) any insurance or other service or product offered or made available by or through you in connection with the Note, and any associated fees or charges; and (3) any documents, instruments, advertising or promotional materials that contain information about the Note or any associated insurance or other service or product. This includes, without limitation, disputes concerning the validity, enforceability, arbitrability or scope of this Arbitration Agreement or the Note; disputes involving alleged fraud or misrepresentation, breach of contract, negligence or violation of statute, regulation or common law; and disputes involving requests for injunctions or other equitable relief. However, "Claim" does not include any individual action brought by me in small claims court or my state's equivalent court, unless such action is transferred, removed, or appealed to a different court. **"Claim" does not include any challenge to the validity and effect of the Class Action Waiver, which must be decided by a court.**

**D. STARTING AN ARBITRATION:** To initiate an arbitration, you or I must give written notice of an election to arbitrate. This notice may be given after a lawsuit has been filed and may be given in papers or motions in the lawsuit. If such a notice is given, the Claim shall be resolved by arbitration under this Arbitration Agreement and the applicable rules of the Administrator then in effect. I must select the Administrator when I give notice of my election to arbitrate or within 20 days of your notice; otherwise, you will select the Administrator. The arbitrator will be selected under the Administrator's rules, except that the arbitrator must be a lawyer with at least ten years of experience or a retired judge.

**E. LOCATION AND COSTS:** Any arbitration hearing that I attend will take place in a location that is reasonably convenient to me. You will consider (and generally honor) any good faith request by me for you to bear the fees charged by the Administrator and the arbitrator and will always pay the fees if required by applicable law. You will not seek reimbursement from me of fees you are required to pay or agree to pay on my behalf. Each party must pay the expense of that party's attorneys, experts and witnesses, regardless of which party prevails in the arbitration, unless applicable law otherwise provides.

**F. DISCOVERY; GETTING INFORMATION:** Either party may obtain from the other party prior to the hearing any information available under the Administrator's rules or any information the arbitrator determines should be made available.

**G. EFFECT OF ARBITRATION AWARD:** Any court with jurisdiction may enter judgment upon the arbitrator's award. The arbitrator's award will be final and binding, except for: (1) any appeal right under the Federal Arbitration Act, 9 U.S.C. §§1 et seq. (the "FAA"); and (2) Claims involving more than $50,000. For Claims involving more than $50,000, any party may appeal the award to a three-arbitrator panel appointed by the Administrator, which will reconsider de novo any aspect of

Tuition Answer Loan Application and Promissory Note 2006-2007

CONFIDENTIAL

NAVHOM01201167

the initial award that is appealed. The panel's decision will be final and binding, except for any appeal right under the FAA. Except as provided above under the caption "Location and Costs," the appealing party will pay the Administrator's and arbitrator's costs of the appeal.

**H. GOVERNING LAW:** This Arbitration Agreement is made pursuant to a transaction involving interstate commerce and shall be governed by the FAA, and not by any state law concerning arbitration. The arbitrator shall follow applicable substantive law to the extent consistent with the FAA, applicable statutes of limitation and applicable privilege rules, and shall be authorized to award all remedies permitted by applicable substantive law, including, without limitation, compensatory, statutory and punitive damages (subject to constitutional limits that would apply in court), declaratory, injunctive and other equitable relief, and attorneys' fees and costs. Upon the timely request of either party, the arbitrator shall write a brief explanation of the basis of his or her award.

**I. SURVIVAL, SEVERABILITY, PRIMACY:** This Arbitration Agreement shall survive my full payment of the Note; your sale or transfer of the Note; any legal proceeding to collect a debt owed by me; any bankruptcy or insolvency; any forbearance or modification granted pursuant to the Note; and any cancellation, or request for cancellation, of any or all disbursements under the Note. If any portion of this Arbitration Agreement cannot be enforced, that portion will be severed, and the rest of the Arbitration Agreement will continue to apply, provided that the entire Arbitration Agreement shall be null and void if the Class Action Waiver is held to be invalid with respect to any class or representative Claim, subject to any right to appeal such holding. In the event of any conflict or inconsistency between this Arbitration Agreement and the Administrator's rules or the Note, this Arbitration Agreement will govern; in the event of any conflict or inconsistency between the Administrator's rules and the Note, the Administrator's rules will govern.

---

**IMPORTANT INFORMATION ABOUT PROCEDURES FOR OPENING A NEW ACCOUNT**
Federal law requires all financial institutions to obtain, verify, and record information that identifies each person who opens an account.

What this means for me: When I apply for a student loan, you will ask for my name, address, date of birth, and other information that will allow you to identify me. You may also ask to see my driver's license or other identifying documents.

---

**WARNING: KNOWINGLY MAKING ANY FALSE STATEMENT OR REPORT OR WILLFULLY OVERVALUING ANY PROPERTY FOR THE PURPOSE OF INFLUENCING IN ANY WAY ANY ACTION OF SALLIE MAE BANK ON THE APPLICATION OR ON THE LOAN IS A FEDERAL CRIME PUNISHABLE BY A FINE OF UP TO $1,000,000 OR IMPRISONMENT FOR UP TO 30 YEARS OR BOTH.**

---

Tuition Answer Loan Application and Promissory Note 2006-2007

CONFIDENTIAL

NAVHOM01201168

# LOAN 11

CONFIDENTIAL

NAVHOM01201169

# Signature Student Loan®

*Application and Promissory Note*
**For Loan Applications Received by May 31, 2007**

**SallieMae**

**Academic Year 2006-2007**

XS

## Section A: Borrower Information    Please read instructions before completing this section.

| | | | |
|---|---|---|---|
| Social Security Number ▮ | Last Name and Suffix **Homaidan** | First Name **Helal** | MI **K** |

| | | | |
|---|---|---|---|
| Permanent Address (No P.O. Boxes) ▮ | City ▮ | State ▮ | ZIP Code ▮ |

| | | | |
|---|---|---|---|
| Permanent Phone Number ▮ | Cellular Phone Number (857) 204-4021 | Time at Address (if less than one year, provide prior address) | Years **7**    Months **2** |

| | | |
|---|---|---|
| Prior Address | City | State    ZIP Code |

| | | |
|---|---|---|
| Address While in School ▮ | City ▮ | State ▮    ZIP Code ▮ |

| | | |
|---|---|---|
| Phone Number While in School ▮ | Date of Birth (mm/dd/yy) ▮ | Email Address ▮ |

Citizenship (check one)  a) U.S. Citizen ☒  b) Non-Citizen Permanent Resident ☐  c) Foreign Resident ☐
d) Foreign Resident not eligible for a Social Security Number ☐  Note: For options b, c or d see instructions

Have you ever defaulted on a student loan? (check one)  Yes ☐  No ☒    If yes, see instructions for required action

| | | | |
|---|---|---|---|
| Total Loan Amount Requested $ **12,000.00** We encourage you to borrow conservatively, but try to borrow the full amount you need so you will not have to submit another application. (see instructions) | Enrollment Period for loan/tuition you want to borrow money (cannot exceed 12 months) | From (mm/yy) **01/07** | To (mm/yy) **05/07** |

| | | |
|---|---|---|
| School Name **EMERSON COLLEGE** | City **BOSTON** | State **MA** |

| | | |
|---|---|---|
| Grade Level (refer to instructions) **04** | Course of Study (refer to instructions) **COM** | Current Outstanding Student Loan Debt (refer to instructions) $ **17,000.00** |

**References—You must provide two (2) adult references other than the cosigner**

| | | | |
|---|---|---|---|
| 1) Last Name and Suffix ▮ | First Name ▮ | MI | Relationship to Borrower **Friend** |
| Email Address ▮ | Permanent Phone Number ( ▮ | | Alternate Phone Number **N/A** |
| 2) Last Name and Suffix | First Name | MI | Relationship to Borrower |
| Email Address | Permanent Phone Number | | Alternate Phone Number |

## Section B: Cosigner Information    Please read instructions before completing this section.

| | | |
|---|---|---|
| Social Security Number | Last Name and Suffix | First Name    MI |

| | | |
|---|---|---|
| Address (No P.O. Boxes) | City | State    ZIP Code |

| | | |
|---|---|---|
| Permanent Phone Number | Cellular Phone Number | Time at Residence (if less than one year, provide prior address)    Years    Months |

| | | |
|---|---|---|
| Prior Address (No P.O. Boxes) | City | State    ZIP Code |

Citizenship (check one)  a) U.S. Citizen ☐  b) Non-Citizen Permanent Resident ☐    Date of Birth (mm/dd/yy)
Note: For option b, see instructions

Have you ever defaulted on a student loan? (check one)  Yes ☐  No ☐    If yes, see instructions for required action

| | | |
|---|---|---|
| Present Employer Name | Employer Address (City, State, ZIP Code) | Work Phone Number |

| | | |
|---|---|---|
| Gross Monthly Income (see instructions) Note: You do not have to reveal alimony, child support or separate maintenance income unless you wish it to be considered as a basis for loan repayment  Salary $    Other $    Source | Monthly Mortgage/Rent Amount (check one) $    Own ☐  Rent ☐ | Cosigner's Email Address |

**References—You must provide two (2) adult references other than the borrower**

| | | | |
|---|---|---|---|
| 1) Last Name and Suffix | First Name | MI | Relationship to Cosigner |
| Email Address | Permanent Phone Number | | Alternate Phone Number |
| 2) Last Name and Suffix | First Name | MI | Relationship to Cosigner |
| Email Address | Permanent Phone Number | | Alternate Phone Number |

## Section C: Borrower and Cosigner Signature

**CAUTION – IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT. I, THE COSIGNER, HAVE READ THE APPLICABLE COSIGNER NOTICE.**

**Notice to Customer** (a) Do not sign this before you read the Promissory Note even if otherwise advised. (b) Do not sign this if it contains any blank spaces. (c) You are entitled to an exact copy of any agreement you sign. (d) You have the right at any time to pay in advance the unpaid balance due under this agreement and you may be entitled to a partial refund of the finance charge.

I declare that the information provided above is true and complete to the best of my knowledge and belief. I have read the Promissory Note accompanying this application and the Notice to Cosigner. **Promise to pay:** Jointly and severally with the other signers below, I promise to pay the lender or any other holder of this loan all sums disbursed under the terms of the Promissory Note, plus interest and all other charges that may become due. The terms and conditions set forth in the Promissory Note constitute the entire agreement between us.

**Borrower Signature** *Helal*    K    *Homaidan*    (seal)    Date **11/06/2006**
B9410A0BC30856CF58E3D9B7FEF0F0E3

**Cosigner Signature (if applicable)**    (seal)    Date

## Section D: School Certification    Must be completed by an authorized school official.

| | |
|---|---|
| School Name **EMERSON COLLEGE** | School Code/Branch **0021460000** |

Disbursement Date (mm/dd/yy)    Disbursement Amount

| | | |
|---|---|---|
| For the Enrollment Period (not to exceed 12 months) From Date (mm/dd/yy) **01/17/2007**  To Date (mm/dd/yy) **05/01/2007** | Grade Level (circle one) Please refer to instructions. Undergraduate  1  2  ③  5    Graduate  A  B  C  D | 1. / / — 1. $<br>2. / / — 2. $<br>3. / / — 3. $<br>4. / / — 4. $ |

| | | |
|---|---|---|
| Enrollment Status (check one)  Full-time ☐  Half-time ☐ | Course of Study (refer to instructions) **COM** | Anticipated Graduation Date (mm/dd/yy) |

Total Certified Amount: $

I hereby certify that the Borrower is eligible for a Signature Student Loan; that the Total Certified Amount does not exceed the student's cost of attendance minus other financial aid; that the School will, at the request of the lender, provide the lender with subsequent information regarding the Borrower's whereabouts; that this School will comply with all applicable loan policies and provisions; and that information provided in Sections A and B is true, complete and correct to the best of my knowledge and belief.

| | | |
|---|---|---|
| Authorized school official Sign and date | Print or type | Phone |

ONWLD_SWIS    Return Application To: Sallie Mae · PO Box 147023 · Gainesville, FL 32614-7023 (Copyright © Sallie Mae 2000-06)    App Code: 1XSP0601  Prom Note Code:3XSP0603




CONFIDENTIAL

NAVHOM01201170

## Signature Student Loan Promissory Note Document 3XSP0603

In this Promissory Note ("Note") the words "I," "me," "my," "mine" and "we" mean the borrower and cosigner who signed the application, unless the language specifically refers to only one or the other. "You," "your" and "yours" mean the lender as listed below and any subsequent holder of this Note.

Lender:

Sallie Mae Bank

MURRAY                    UT

### A.  PROMISE TO PAY

I promise to pay to your order according to the terms below the sum of: the Loan Amount Requested, to the extent it is advanced to me, or on my behalf, which includes the Supplemental Fees (together, the "Loan Amount"); other interest, fees and charges accrued or capitalized on the Loan Amount as described in this Note; and, in the event of default, reasonable attorney's fees, court costs and collection agency fees to the extent permitted by law.

### B.  DEFINITIONS

1. Interim Period - The "Interim Period" will begin on the day of my first disbursement. My Interim Period will end 6 months after I graduate or drop below half-time enrollment at an eligible school. If I am enrolled in a health profession and obtain an internship or residency deferment within 6 months after leaving school, my Interim Period will end 6 months after the deferment ends. The portion of the Interim Period while I am in school is the "School Period" and the portion of the Interim Period after I drop below half-time enrollment or graduate is the "Grace Period."

2. Repayment Period - The "Repayment Period" will begin on the day after the Interim Period ends and will continue up to 360 months depending on my loan balance. If my loan is made six months or more after I graduate or drop below half-time enrollment there is no interim period and my Repayment Period begins on the day of my first disbursement.

3. Capitalized Interest and Other Amounts - From time to time, any interest, fees, charges and costs due and not yet paid may be added, without notice, to the principal amount of the loan. This addition is called "capitalizing." Since interest accrues on the outstanding principal balance, capitalizing increases the total cost of the loan.

4. Default - You may declare my loan in default following an event described in Section J except as follows: IDAHO, IOWA, KANSAS, MAINE and SOUTH CAROLINA RESIDENTS ONLY: I will be in default if I fail to make a payment as required by this Note (or within 10 days of the time required by this Note, for Iowa residents) or if the prospect of my payment or performance is significantly impaired. The burden of establishing the prospect of significant impairment is on the lender.

WISCONSIN RESIDENTS ONLY: I will be in default (a) if I permit to be outstanding an amount exceeding 1 full payment which has remained unpaid for more than 10 days after its scheduled due date or deferred due date, or I fail to pay the first payment or the last payment within 40 days of its scheduled due date or deferred due date, or (b) if I fail to observe any other provision of this Note, the breach of which materially impairs my ability to pay the amounts due under the Note.

5. Disbursement Date - The date shown on the loan check or the date the loan funds are electronically transferred to my school named in Section D of the application ("School").

6. Disclosure - The Truth in Lending Disclosure that will be sent at the time of my first disbursement and which is hereby incorporated into this Note.

7. The terms "Interest," "Late Charge," "Payment Return Fee," "Collection Costs," and "Supplemental Fees" are defined in the Note sections so titled. "Variable Rate" is defined under Section C, Interest, of this Note.

### C.  INTEREST

1. Interest on this Note will accrue at the Variable Rate (as defined below), beginning on the first Disbursement Date, on the principal balance advanced and Capitalized Interest and Other Amounts, until the principal balance and all accrued interest are paid in full.

2. The Variable Rate will change monthly on the first day of each month if the Current Index changes, the Margin changes, or both change. The Variable Rate for any month during the Interim Period and for the Repayment Period is the annual rate equal to the highest U.S. Prime Rate published in The Wall Street Journal "Money Rates" section, or any successor section or table for the purposes of displaying such rate, on the next to the last New York business day before the end of the prior month (the "Current Index"), plus or minus the percentage identified on my Disclosure (the "Margin") for the School Period, Grace Period, or Repayment Period, as applicable, rounded to the nearest one-eighth of one percent (0.125%). A New York business day is defined as any day that is not a Saturday, Sunday, holiday or other day on which banking institutions in New York are authorized or ordered to close by law or executive order. For example, the Variable Rate for January will be determined by the highest U.S. Prime Rate published in The Wall Street Journal on the preceding December 30th if both the 30th and 31st are New York business days.

3. The Margin is based on my School, credit history and cosigner's credit history. Once set, the Margin does not change. If The Wall Street Journal is not published on the date to be used for the Current Index, then the Current Index will be determined by using the immediately preceding published U.S. Prime Rate. If the Current Index

ceases to be available, you will choose a comparable substitute.

### D.  TERMS OF REPAYMENT

1. I am not required to make payments during the Interim Period. You will capitalize unpaid accrued interest at the beginning of the Repayment Period. If I am an eligible health student, you will capitalize unpaid accrued interest annually during any residency or internship deferment, at the end of any residency or internship deferment period of less than 12 months, and when I enter repayment.

2. You and I agree that the repayment schedule will be established as follows: subject to the terms of paragraph 4 of this section, prior to the start of the Repayment Period you will send me a statement setting forth an initial repayment schedule whereby I will repay my loan in consecutive monthly installments of principal and interest calculated to equal the amounts necessary to amortize the unpaid principal and interest at the Variable Rate then in effect over the entire Repayment Period. You will also send me statements showing the amounts and payment due dates of my monthly payments.

3. Subject to the terms of paragraph 4 of this Section, you will revise the repayment schedule so that I will repay my loan in consecutive monthly installments of principal and interest calculated to equal the amounts necessary to amortize the unpaid principal and interest at the Variable Rate then in effect over the number of months remaining in the Repayment Period with the payment amount changing in the months of February, May, August, and November, as necessary. The statements that you send me will reflect any changes in the amounts of my monthly payments.

4. I may choose a graduated repayment option, if available. If I convert to this option, I will notify you in writing.

5. I will make consecutive monthly payments during the Repayment Period in the amounts and on or before the payment due dates shown on my statements until I have paid all of the principal and interest and any other fees, charges, and costs I may owe under this Note.

6. Since interest accrues daily upon the unpaid principal balance of my loan, if I make payments after my payment due dates, I may owe additional principal and interest, fees and charges at the end of the Repayment Period. In such case, I shall pay the additional amounts and you may, but are not required to, lengthen the Repayment Period.

7. Notwithstanding paragraphs 3, 4 and 6 of this Section, I agree to pay at least $50 per month, or the unpaid balance, whichever is less, on all my Signature Student Loans.

8. Payments will be applied first to applicable fees, then to accrued interest, and the remainder to principal, as permitted by applicable law. Payments in excess of the amount due will advance the next payment

(Copyright © Sallie Mae 2000-06) 3XSP0603

CONFIDENTIAL

due date by the number of whole payments satisfied by the extra funds. (For example, if my payment amount is $100, I am not delinquent and I pay $400 for the month of January, my next payment due date will be May.)

9. If I wish to make a payment in satisfaction of a disputed amount or balance, I must send it to P.O. Box 3800, Wilkes-Barre, PA 18773-3800 with a letter of explanation. To the extent permitted by law, you may accept late payments, partial payments, or payments marked "payment in full," or having similar language, without waiving your rights under this Note.

## E. LATE CHARGE

I will pay a Late Charge if I fail to make any part of an installment payment within 15 days after it becomes due. The amount of the Late Charge will be identified on my Disclosure.

## F. SUPPLEMENTAL FEES

1. You may charge an amount equal to the Supplemental Fee at disbursement of my loan. This fee will be identified on my Disclosure and will be a percentage of the principal balance of my loan. At the time you issue each disbursement, you may add to the principal loan balance an amount equal to the pro rata portion of the Supplemental Fee.

2. You may charge me a Supplemental Fee, which will be identified on my Disclosure, either at the beginning of my Repayment Period, upon total repayment of my loan, or upon an event described in Section J, whichever is earlier. This fee will be a percentage of the principal balance of my loan after unpaid interest accrued during the Interim Period is capitalized.

3. Supplemental Fees are based on my School, credit history and cosigners' credit history. I understand and agree that the Supplemental Fees are earned when they are assessed and are not subject to rebate if I prepay my loan.

## G. PAYMENT RETURN FEE

If I make a payment and that payment is returned or refused by my bank for any reason, I agree to pay a charge of up to $20.00 for each payment so returned.

## H. CHARGES FOR OPTIONAL SERVICES

If I request and you agree to provide optional services to me in connection with my loan, you may charge me and I agree to pay the fees for such services. The fee will be disclosed to me before I accept any such service. Optional services may include, but are not limited to: (1) allowing me to make an expedited payment on my loan; and (2) sending documents to me by express delivery or facsimile transmission.

## I. RIGHT TO PREPAY

I have the right to prepay all or any part of my loan at any time without penalty.

## J. WHOLE LOAN DUE

Subject to applicable law, you have the right to give me notice that the whole outstanding principal balance, accrued interest, and all other amounts payable to you under the terms of this Note are due and payable at once and to cease to make any further disbursements to me, if:

1. I fail to make any payment to you when due; or

2. I fail to provide a notice required in Section L.1 on time; or

3. I break any of my other promises in this Note; or

4. Any bankruptcy proceeding is begun by or against me, or I assign any of my assets to or for the benefit of my creditors, and such proceeding has not been dismissed in 60 days; or

5. I make any false written statement in applying for this loan or at any time during the Interim Period or Repayment Period; or

6. I die or my cosigner dies; or

7. I am in default on any loans I may already have with you, or on any loans I may have with you in the future. My failure to receive a statement does not relieve me of my obligation to make my required loan payments in accordance with the terms and conditions of this Note. If any of the listed events occur, I will be required to pay interest on this loan accruing afterwards at the Variable Rate applicable to this loan prior to such event. The Variable Rate will be subject to adjustment in the same manner as before.

## K. COLLECTION COSTS

If I am in default, I agree to pay you reasonable amounts permitted by law, including collection agency fees, outside attorneys' fees and court costs, which you incur in enforcing the terms of this Note. Any such amounts include fees and costs incurred in connection with any appellate or bankruptcy proceedings.

## L. NOTICES

1. I will send written notice to you, or any subsequent holder of this Note, within 10 days after any change in my name, address, telephone number or School enrollment status.

2. Any notice required to be given to me by you will be effective when mailed to the latest address you have for me.

3. You may report the status of this loan to the School and to any credit bureaus. Late payments, missed payments, or other defaults on my account may be reflected in my credit bureau report.

4. I understand that the following notice is required by federal law and that for purposes of this notice, the word "you" means the cosigner(s) who signed the application.

---

**NOTICE TO COSIGNER:**

You are being asked to guarantee this debt. Think carefully before you do. If the borrower doesn't pay the debt, you will have to. Be sure you can afford to pay if you have to, and that you want to accept this responsibility.

You may have to pay up to the full amount of the debt if the borrower does not pay. You may also have to pay late fees or collection costs, which increase this amount.

The lender can collect this debt from you without first trying to collect from the borrower. The bank can use the same collection methods against you that can be used against the borrower, such as suing you, garnishing your wages, etc. If this debt is ever in default, that fact may become a part of your credit record.

This notice is not the contract that makes you liable for the debt.

5. I understand that the following notice is required by federal law and is only applicable to loans issued to finance educational expenses at for-profit educational institutions or institutions otherwise subject to the FTC Holder Rule under 16 C.F.R. §433.2.

---

**NOTICE:**

ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

---

6. I understand that the following notices are required by or necessary under state law and that these notices may not describe all of the rights that I have under state and federal law. Unless otherwise indicated, each notice applies to borrowers and cosigners who live in the indicated state on the date that they sign this Note and to borrowers and cosigners who are residents of that state.

CALIFORNIA RESIDENTS ONLY: A married applicant may apply for a separate account. CALIFORNIA and UTAH RESIDENTS: As required by California and Utah law, I am hereby notified that a negative credit report reflecting on my credit record may be submitted to a credit reporting agency if I fail to fulfill the terms of my credit obligations. IOWA and KANSAS RESIDENTS ONLY: (For purposes of the following notice to Iowa and Kansas residents, "you" means the borrower and

(Copyright © Sallie Mae 2000-06) 3XSP0603

cosigner, not the lender.) NOTICE TO CONSUMER: 1. Do not sign this paper before you read it. 2. You are entitled to a copy of this paper. 3. You may prepay the unpaid balance at any time without penalty and may be entitled to receive a refund of unearned charges in accordance with law. MARYLAND RESIDENTS ONLY: You elect to make this loan pursuant to Subtitle 10 (Credit Grantor Closed End Credit provisions) of Title 12 of the Maryland Commercial Law Article only to the extent that such provisions are not inconsistent with your authority under federal law (12 U.S.C. § 85, § 1463(g), or § 1831d, as appropriate) and related regulations and interpretations, which authority you expressly reserve. MASSACHUSETTS RESIDENTS ONLY: Massachusetts law prohibits discrimination based upon marital status or sexual orientation. MISSOURI RESIDENTS ONLY: ORAL AGREEMENTS OR COMMITMENTS TO LOAN MONEY, EXTEND CREDIT OR FORBEAR FROM ENFORCING REPAYMENT OF DEBT INCLUDING PROMISES TO EXTEND OR RENEW SUCH DEBT ARE NOT ENFORCE-ABLE. TO PROTECT YOU (BORROW-ER(S)) AND US (CREDITOR) FROM MISUNDERSTANDING OR DISAP-POINTMENT, ANY AGREEMENTS WE REACH COVERING SUCH MATTERS ARE CONTAINED IN THIS WRITING, WHICH IS THE COMPLETE AND EXCLUSIVE STATEMENT OF THE AGREEMENT BETWEEN US, EXCEPT AS WE MAY LATER AGREE IN WRITING TO MODIFY IT. NEVADA RESIDENTS ONLY: This is a loan for study. NEW JERSEY RESIDENTS ONLY: The section headings of the Note are a table of contents and not contract terms. Portions of this Note with references to actions taken to the extent of applicable law apply to acts or practices that New Jersey law permits or requires. In this Note, acts or practices (i) by you which are or may be permitted by "applicable law" are permitted by New Jersey law, and (ii) that may or will be taken by you unless prohibited by "applicable law" are permitted by New Jersey law. NEW YORK, RHODE ISLAND and VERMONT RESIDENTS: I understand and agree that you may obtain a consumer credit report in connection with this application and in connection with any updates, renewals or extensions of any credit as a result of this application. If I ask, I will be informed whether or not such a report was obtained and, if so, the name and address of the agency that furnished the report. I also understand and agree that you may obtain a consumer credit report in connection with the review or collection of any loan made to me as a result of this application or for other legitimate purposes related to such loans. OHIO RESIDENTS ONLY: The Ohio laws against discrimination require that all creditors make credit equally available to all credit-worthy customers, and that credit reporting agencies maintain separate credit histories on each individual upon request. The Ohio Civil Rights Commission administers compliance with this law.

VERMONT RESIDENTS ONLY: (For purposes of the following notice to Vermont residents, "you" means any cosigner, not the lender.) NOTICE TO COSIGNER: YOUR SIGNATURE ON THIS NOTE MEANS THAT YOU ARE EQUALLY LIABLE FOR REPAYMENT OF THIS LOAN. IF THE BORROWER DOES NOT PAY, THE LENDER HAS A LEGAL RIGHT TO COLLECT FROM YOU. WISCONSIN RESIDENTS ONLY: For married Wisconsin residents, my signature confirms that this loan obligation is being incurred in the interest of my marriage or family. No provision of any marital property agreement, unilateral statement under § 766.59 of the Wisconsin Statutes or court decree under § 766.70 adversely affects your interest unless, prior to the time that the loan is approved, you are furnished with a copy of the marital property agreement, statement, or decree or have actual knowledge of the adverse provision.

## M. ADDITIONAL AGREEMENTS

1. I understand that when you accept the attached application, you are not agreeing to lend me money and that there will be no such agreement until the later of the time the first disbursement of the loan is made or my right to cancel in paragraph 4 of this section has expired. You have the right to lend an amount less than the Loan Amount Requested if the School certifies a lower cost of attendance. You also have the right to cancel any undisbursed amount if (a) I cease to be enrolled at least half time at the School and I do not owe the School for any amounts incurred before I ceased to be enrolled at least half time, (b) any cosigner notifies you that he or she no longer wants to repay the amount not yet disbursed, or (c) an event occurs as described in Section J, or (d) the School ceases to be eligible to participate in the Signature Student Loan program.

2. If this Note is assigned, the assignee will become the owner of this Note and will have all your rights to enforce this Note against me.

3. I understand that you are located in the State listed in the introductory paragraph of this Note and this Note will be entered into in the same State. Consequently, the provisions of this Note will be governed by federal laws and the laws of that State to the extent not preempted, without regard to conflict of law rules.

4. Upon receipt of the Disclosure, I will review it and if I am not satisfied with the terms of my loan as approved, I may cancel this Note and all disbursements. To cancel this Note, I will contact you within 5 business days of the date of the Disclosure and I will not cash any loan checks, or if funds are transmitted electronically, I will instruct the School, within 5 business days of the date of the Disclosure, to return the funds to you. I understand and agree that if the information on my Disclosure conflicts with the information in this Note, the information on the Disclosure applies.

5. Your acceptance of past due payments does not waive or affect your right to

accelerate this Note. I waive any notice of dishonor, notice of protest, presentment, demand for payment, and all other notices or demands in connection with this Note and consent to the addition of a party who will be liable upon this loan or any other loans I have outstanding under the program, to any and all extensions, renewals, or releases of any party liable upon this loan or any other loans I have outstanding under the program, or waiver or modification that may be granted by you, all without affecting or releasing any borrower or cosigner from such loans. My responsibility for repaying this loan is not affected by the liability of any other person to you or by your failure to notify me that a payment has not been made.

6. If any provision of this Note is held invalid or unenforceable, that provision shall be considered omitted from this Note without affecting the validity or enforceability of the remainder of this Note.

7. This Note may be modified only if you put the modification in writing and the modification is agreed to by any borrower or cosigner. Any such modification does not require the consent of any other borrower or cosigner and will not affect the validity or enforceability of the remainder of this Note.

8. I understand that this loan is an educational loan and is made under a program that includes Stafford loans and other loans and which is funded in part by non-profit organizations, including governmental units and, therefore, is not dischargeable in bankruptcy, except pursuant to 11 U.S.C. § 523(a)(8).

9. I acknowledge that I have received a true and exact copy of this Note.

10. I may not assign this Note or any of its benefits or obligations. You may assign this Note at any time. The obligations of this Note will be binding on my estate.

11. Your failure to exercise any right hereunder does not constitute a waiver thereof. All waivers must be in writing.

12. I hereby waive all my defenses to this Note based on suretyship.

13. I understand that you may use automated telephone dialing equipment or an artificial or pre-recorded voice message to contact me in connection with this loan or loan application. You may contact me at any telephone number I provide in this application or I provide in the future, even if that number is a cellular telephone number.

---

**IMPORTANT INFORMATION ABOUT PROCEDURES FOR OPENING A NEW ACCOUNT**

To help the government fight the funding of terrorism and money laundering activities, Federal law requires all financial institutions to obtain, verify, and record information that identifies each person who opens an account.

What this means for me: When I apply for a student loan, you will ask for my name, address, date of birth, and other information that will allow you to identify me. You may also ask to see my driver's license or other identifying documents.

---

(Copyright © Sallie Mae 2000-06) 3XSP0603

CONFIDENTIAL

**N. CERTIFICATION AND CONSENT TO INFORMATION SHARING**

1. I certify that the information contained in Sections A, B and C of the application is true, complete and correct to the best of my knowledge and belief and is made in good faith, that I am eligible for this loan and that I will repay it according to the terms of this Note. I understand and agree that my Lender is listed in the introductory paragraph of this Note. I hereby authorize the School to pay to you any refund that may be due me up to the amount of this loan. I understand that I must immediately repay any funds that I receive which cannot reasonably be attributed to meeting my educational expenses related to attendance at the School and hereby authorize the School at its discretion, to refund any portion of my loan that exceeds direct institutional charges. At your option, you may either electronically transmit funds to the School to be applied to my account, or if you issue checks, you may issue a check jointly payable to me and the School, and send it to the School. If funds are electronically transmitted, I hereby authorize the School to transfer the funds to my account at the School. I understand that failure to complete the educational program undertaken by me does not relieve me of any obligation under this Note.

2. **I authorize any school that I may attend to release to you, the U.S. Department of Education, the guarantor or their agents, any requested information pertinent to this loan (e.g., employment, enrollment status, current address) and to advise you whether I am eligible for a future loan. I authorize you, your agents, and the guarantor or its agents, if any, to check my credit and employment history for this loan and for future loans that may be offered to me, to answer questions about their credit experience with me, and to release the results of the credit review process to the School. I further authorize you to release any other information on this loan to the School, to other schools I have attended for which I have taken out a student loan, and to the guarantor, if any.**

3. **I consent to the sharing of any information about this loan with my parent, guardian, child, spouse or sibling who complies with your procedures unless I revoke this consent or unless prohibited by law.** I understand that I may revoke this consent by contacting the servicer at 1-888-2SALLIE or P.O. Box 9500, Wilkes-Barre, PA 18773-9500.

4. I certify that **all** of the loan proceeds are solely to pay for my qualified higher education expenses at the School.

5. I also certify that: I have read the materials explaining the loan program that have been provided to me; I have read, understand and agree to the provisions of the program, my responsibilities and my rights under this program, the terms of this Note and this "Certification and Consent to Information Sharing" and that the program is funded in part by non-profit organizations.

**O. CORRECTION OF ERRORS**

All parties to this Note agree to fully cooperate and adjust all typographical, computer, calculation or clerical errors discovered in any or all of the loan documents including the Application, Note and Disclosure. In the event this procedure is used, all parties involved will be notified and receive a corrected copy of the changed document.

**P. COSIGNER/BORROWER RELEASE**

I agree that, if any cosigner applicant fails to qualify for this loan, said cosigner applicant will be released from liability hereunder, but this Note will still bind the borrower. I also agree that an approved cosigner may be released from liability hereunder upon application by a borrower who has made 24 consecutive on-time monthly payments of principal and interest during the first 2 years of the Repayment Period of this loan (not including deferments and forbearances) and who meets applicable credit criteria at the time of the application, with the borrower remaining liable for this loan after such cosigner release. **As** cosigner, I agree that if the borrower is released from liability on this loan for any reason, including infancy, I hereby consent to such release and to my continued liability for this loan after such release.

**Q. ARBITRATION AGREEMENT – READ CAREFULLY**

You and I agree that either party may elect to arbitrate – and require the other party to arbitrate – any Claim under the following terms and conditions. This Arbitration Agreement is part of the Signature Student Loan Promissory Note.

1. **RIGHT TO REJECT - I may reject this Arbitration Agreement by sending you a rejection notice by certified or registered mail or by messenger service within 60 days after the date of my first disbursement. Any Rejection Notice must include my name, address, telephone number and loan or account number, and must be sent to Sallie Mae, P.O. Box 59030, Panama City, FL 32412.**

2. **IMPORTANT WAIVERS AND WARNING - If you or I elect to arbitrate a Claim, you and I both waive the right to: (A) have a court or a jury decide the Claim; (B) participate in a class action in court or in arbitration, either as a class representative or a class member, or act as a private attorney general in court or in arbitration (the "Class Action Waiver"); (C) join or consolidate Claim(s) with claims involving any other person; or (D) obtain information except as provided herein. WARNING: Other rights are more limited or not available in arbitration.**

3. DEFINITIONS - In this Arbitration Agreement, the following definitions will apply:
"I," "me" and "my" mean each and every borrower and cosigner on the Note; the Student on whose behalf the proceeds of the Note have been advanced; and the heirs, executors and assigns of all of the foregoing. "You," "your" and "yours" mean the Lender; any other subsequent holder of the note; Sallie Mae, Inc.; any Sallie Mae

affiliate or subsidiary; all of their parents, wholly or majority owned subsidiaries and affiliates; any predecessors, successors and assigns of these entities; and all officers, directors and employees thereof. It also includes any party named as a co-defendant with you in a Claim asserted by me, such as investors or potential investors, credit bureaus, credit insurance companies, closing agents, escrow agents, insurance agents, loan originators, rating agencies, loan servicers, debt collectors, loan guarantors, performance bond trustees, tuition recovery funds, the School, and any of the School's financial aid offices or officers. "Administrator" means, as applicable, the American Arbitration Association, 335 Madison Avenue, New York, NY 10017, www.adr.org, (800) 778-7879, or the National Arbitration Forum, P.O. Box 50191, Minneapolis, MN 55405, www.arb-forum.com, (800) 474-2371, provided that the Administrator must not have in place a formal or informal policy that is inconsistent with and purports to override the terms of this Arbitration Agreement.

"Claim" means any claim, dispute or controversy between you and me that arises from or relates in any way to the Note, including any dispute arising before the date of this Arbitration Agreement and any dispute relating to: (1) the Note and any applications, disclosures and other documents relating in any way to the transactions evidenced by the Note; (2) any insurance or other service or product offered or made available by or through you in connection with the Note, and any associated fees or charges; and (3) any documents, instruments, advertising or promotional materials that contain information about the Note or any associated insurance or other service or product. This includes, without limitation, disputes concerning the validity, enforceability, arbitrability or scope of this Arbitration Agreement or the Note; disputes involving alleged fraud or misrepresentation, breach of contract, negligence or violation of statute, regulation or common law; and disputes involving requests for injunctions or other equitable relief. However, "Claim" does not include any individual action brought by me in small claims court or my state's equivalent court, unless such action is transferred, removed, or appealed to a different court. **"Claim" does not include any challenge to the validity and effect of the Class Action Waiver, which must be decided by a court.**

4. STARTING AN ARBITRATION - To initiate an arbitration, you or I must give written notice of an election to arbitrate. This notice may be given after a lawsuit has been filed and may be given in papers or motions in the lawsuit. If such a notice is given, the Claim shall be resolved by arbitration under this Arbitration Agreement and the applicable rules of the Administrator then in effect. I must select the Administrator when I give notice of my election to arbitrate or within 20 days of your notice; otherwise, you will select the

(Copyright © Sallie Mae 2000-06) 3XSP0603

Administrator. The arbitrator will be selected under the Administrator's rules, except that the arbitrator must be a lawyer with at least ten years of experience or a retired judge.

5. LOCATION AND COSTS - Any arbitration hearing that I attend will take place in a location that is reasonably convenient to me. You will consider (and generally honor) any good faith request by me for you to bear the fees charged by the Administrator and the arbitrator and will always pay the fees if required by applicable law. You will not seek reimbursement from me of fees you are required to pay or agree to pay on my behalf. Each party must pay the expense of that party's attorneys, experts and witnesses, regardless of which party prevails in the arbitration, unless applicable law otherwise provides.

6. DISCOVERY; GETTING INFORMATION - Either party may obtain from the other party prior to the hearing any information available under the Administrator's rules or any information the arbitrator determines should be made available.

7. EFFECT OF ARBITRATION AWARD - Any court with jurisdiction may enter judgment upon the arbitrator's award. The arbitrator's award will be final and binding, except for: (A) any appeal right under the Federal Arbitration Act, 9 U.S.C. §§1 et seq. (the "FAA"); and (B) Claims involving more than $50,000. For Claims involving more than $50,000, any party may appeal the award to a three-arbitrator panel appointed by the Administrator, which will reconsider de novo any aspect of the initial award that is appealed. The panel's decision will be final and binding, except for any appeal right under the FAA. Except as provided above under the caption "Location and Costs," the appealing party will pay the Administrator's and arbitrator's costs of the appeal.

8. GOVERNING LAW - This Arbitration Agreement is made pursuant to a transaction involving interstate commerce and shall be governed by the FAA, and not by any state law concerning arbitration. The arbitrator shall follow applicable substantive law to the extent consistent with the FAA, applicable statutes of limitation and applicable privilege rules, and shall be authorized to award all remedies permitted by applicable substantive law, including, without limitation, compensatory, statutory and punitive damages (subject to constitutional limits that would apply in court), declaratory, injunctive and other equitable relief, and attorneys' fees and costs. Upon the timely request of either party, the arbitrator shall write a brief explanation of the basis of his or her award.

9. SURVIVAL, SEVERABILITY, PRIMACY - This Arbitration Agreement shall survive my full payment of the Note; your sale or transfer of the Note; any legal proceeding to collect a debt owed by me; any bankruptcy or insolvency; any forbearance or modification granted pursuant to the Note; any cancellation, or request for cancellation, of any or all disbursements under the Note; and any change in the School enrollment status of the Student. If any portion of this Arbitration Agreement cannot be enforced, the rest of the Arbitration Agreement will continue to apply, provided that the entire Arbitration Agreement shall be null and void if the Class Action Waiver is held to be invalid with respect to any class or representative Claim, subject to any right to appeal such holding. In the event of any conflict or inconsistency between this Arbitration Agreement and the Administrator's rules or the Note, this Arbitration Agreement will govern; in the event of any conflict or inconsistency between the Administrator's rules and the Note, the Administrator's rules will govern.

(Copyright © Sallie Mae 2000-06) 3XSP0603

NAVHOM01201175

# LOAN 12

# Signature Student Loan®

*Application and Promissory Note*

**For Loan Applications Received by May 31, 2007**

**SallieMae**

**Academic Year 2006-2007**

XS ▮▮▮▮▮▮

## Section A: Borrower Information    Please read instructions before completing this section.

| Social Security Number ▮▮▮▮ | Last Name and Suffix HOMAIDAN | First Name HELAL | MI K |
|---|---|---|---|

| Permanent Address (No P.O. Boxes) ▮▮▮▮ | City | State ▮ | ZIP Code ▮ |
|---|---|---|---|

| Permanent Phone Number (▮▮)▮▮▮ | Cellular Phone Number (▮▮)▮▮▮ | Time at Address (if less than one year, provide prior address) Years 0 Months 2 |
|---|---|---|

| Prior Address | City | State ▮ | ZIP Code ▮ |
|---|---|---|---|

| Address While in School | City | State ▮ | ZIP Code ▮ |
|---|---|---|---|

| Phone Number While in School | Date of Birth (mm/dd/yy) ▮ | Email Address ▮▮▮ |
|---|---|---|

Citizenship (check one)   a) U.S. Citizen ☒   b) Non-Citizen Permanent Resident ☐   c) Foreign Resident ☐   Have you ever defaulted on a student loan? (check one)   Yes ☐  No ☒   If yes, see instructions for required action
d) Foreign Resident not eligible for a Social Security Number ☐   Note: For options b, c or d see instructions

| Total Loan Amount Requested $ 4,500.00 | We encourage you to borrow conservatively, but try to borrow the full amount you need so you will not have to submit another application. (see instructions) | | From (mm/yy) 09/06 | To (mm/yy) 05/07 |
|---|---|---|---|---|

| School Name EMERSON COLLEGE | City BOSTON | State MA |
|---|---|---|

| Grade Level (refer to instructions) 04 | Course of Study (refer to instructions) ART | Current Outstanding Student Loan Debt (refer to instructions) $ 35,000.00 |
|---|---|---|

**References—You must provide two (2) adult references other than the cosigner**

| 1) Last Name and Suffix ▮▮▮ | First Name | MI | Relationship to Borrower Friend |
|---|---|---|---|
| Email Address ▮▮▮ | Permanent Phone Number (▮▮▮) | | Alternate Phone Number (▮▮▮ |

| 2) Last Name and Suffix ▮▮▮ | First Name | MI | Relationship to Borrower Friend |
|---|---|---|---|
| Email Address ▮▮▮ | Permanent Phone Number | | Alternate Phone Number |

## Section B: Cosigner Information    Please read instructions before completing this section.

| Social Security Number | Last Name and Suffix | First Name | MI |
|---|---|---|---|

| Address (No P.O. Boxes) | City | State | ZIP Code |
|---|---|---|---|

| Permanent Phone Number | Cellular Phone Number | Time at Residence (if less than one year, provide prior address) Years | Months |
|---|---|---|---|

| Prior Address (No P.O. Boxes) | City | State | ZIP Code |
|---|---|---|---|

Citizenship (check one)   a) U.S. Citizen ☐   b) Non-Citizen Permanent Resident ☐   Date of Birth (mm/dd/yy)   Have you ever defaulted on a student loan? (check one)   Yes ☐  No ☐   If yes, see instructions for required action
Note: For option b, see instructions

| Present Employer Name | Employer Address (City, State, ZIP Code) | Work Phone Number |
|---|---|---|

Gross Monthly Income (see instructions) **Note: You do not have to reveal alimony, child support or separate maintenance income unless you wish it to be considered as a basis for loan repayment**  Salary $ _____ Other $ _____ Source _____ | Monthly Mortgage/Rent Amount (check one) $ _____ Own ☐ Rent ☐ | Cosigner's Email Address

**References—You must provide two (2) adult references other than the borrower**

| 1) Last Name and Suffix | First Name | MI | Relationship to Cosigner |
|---|---|---|---|
| Email Address | Permanent Phone Number | | Alternate Phone Number |

| 2) Last Name and Suffix | First Name | MI | Relationship to Cosigner |
|---|---|---|---|
| Email Address | Permanent Phone Number | | Alternate Phone Number |

## Section C: Borrower and Cosigner Signature

**CAUTION – IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT. I, THE COSIGNER, HAVE READ THE APPLICABLE COSIGNER NOTICE.**

**Notice to Customer** (a) Do not sign this before you read the Promissory Note even if otherwise advised. (b) Do not sign this if it contains any blank spaces. (c) You are entitled to an exact copy of any agreement you sign. (d) You have the right at any time to pay in advance the unpaid balance due under this agreement and you may be entitled to a partial refund of the finance charge.

I declare that the information provided above is true and complete to the best of my knowledge and belief. I have read the Promissory Note accompanying this application and the Notice to Cosigner. **Promise to pay:** Jointly and severally with the other signers below, I promise to pay the lender or any other holder of this loan all sums disbursed under the terms of the Promissory Note, plus interest and all other charges that may become due. The terms and conditions set forth in the Promissory Note constitute the entire agreement between us.

**Borrower Signature** Helal    K    Homaidan    (seal) Date 03/06/2007
F261A646A11E260B6BE386BC27DD799C

**Cosigner Signature (if applicable)** _____ (seal) Date _____

## Section D: School Certification    Must be completed by an authorized school official.

| School Name EMERSON COLLEGE | School Code/Branch 0021460000 | | Disbursement Date (mm/dd/yy) | Disbursement Amount |
|---|---|---|---|---|

For the Enrollment Period (not to exceed 12 months)  From Date (mm/dd/yy) 09/11/2006   To Date (mm/dd/yy) 05/01/2007 | Grade Level (circle one) Please refer to instructions.  Undergraduate  1  2  ③  5   Graduate  A  B  C  D | 1. ___/___/___   1. $ _____
2. ___/___/___   2. $ _____

Enrollment Status (check one)  Full-time ☐   Half-time ☐ | Course of Study (refer to instructions) ART | Anticipated Graduation Date (mm/dd/yy) | 3. ___/___/___   3. $ _____
4. ___/___/___   4. $ _____

Total Certified Amount: $ _____

I hereby certify that the Borrower is eligible for a Signature Student Loan; that the Total Certified Amount does not exceed the student's cost of attendance minus other financial aid; that the School will, at the request of the lender, provide the lender with subsequent information regarding the Borrower's whereabouts; that this School will comply with all applicable loan policies and provisions; and that information provided in Sections A and B is true, complete and correct to the best of my knowledge and belief.

| Authorized school official  Sign and date: | Print or type  Print name and title: | Phone |
|---|---|---|

ONWLD_SWIS    Return Application To: Sallie Mae · PO Box 147023 · Gainesville, FL 32614-7023 (Copyright © Sallie Mae 2000-06)    App Code: 1XSP0601   Prom Note Code:3XSP0603




## Signature Student Loan Promissory Note Document 3XSP0603

In this Promissory Note ("Note") the words "I," "me," "my," "mine" and "we" mean the borrower and cosigner who signed the application, unless the language specifically refers to only one or the other. "You," "your" and "yours" mean the lender as listed below and any subsequent holder of this Note.
Lender:

Sallie Mae Bank


MURRAY                    UT


### A. PROMISE TO PAY

I promise to pay to your order according to the terms below the sum of: the Loan Amount Requested, to the extent it is advanced to me, or on my behalf, which includes the Supplemental Fees (together, the "Loan Amount"); other interest, fees and charges accrued or capitalized on the Loan Amount as described in this Note; and, in the event of default, reasonable attorney's fees, court costs and collection agency fees to the extent permitted by law.

### B. DEFINITIONS

1. Interim Period - The "Interim Period" will begin on the day of my first disbursement. My Interim Period will end 6 months after I graduate or drop below half-time enrollment at an eligible school. If I am enrolled in a health profession and obtain an internship or residency deferment within 6 months after leaving school, my Interim Period will end 6 months after the deferment ends. The portion of the Interim Period while I am in school is the "School Period" and the portion of the Interim Period after I drop below half-time enrollment or graduate is the "Grace Period."

2. Repayment Period - The "Repayment Period" will begin on the day after the Interim Period ends and will continue up to 360 months depending on my loan balance. If my loan is made six months or more after I graduate or drop below half-time enrollment there is no interim period and my Repayment Period begins on the day of my first disbursement.

3. Capitalized Interest and Other Amounts - From time to time, any interest, fees, charges and costs due and not yet paid may be added, without notice, to the principal amount of the loan. This addition is called "capitalizing." Since interest accrues on the outstanding principal balance, capitalizing increases the total cost of the loan.

4. Default - You may declare my loan in default following an event described in Section J except as follows: IDAHO, IOWA, KANSAS, MAINE and SOUTH CAROLINA RESIDENTS ONLY: I will be in default if I fail to make a payment as required by this Note (or within 10 days of the time required by this Note, for Iowa residents) or if the prospect of my payment or performance is significantly impaired. The burden of establishing the prospect of significant impairment is on the lender.

WISCONSIN RESIDENTS ONLY: I will be in default (a) if I permit to be outstanding an amount exceeding 1 full payment which has remained unpaid for more than 10 days after its scheduled due date or deferred due date, or I fail to pay the first payment or the last payment within 40 days of its scheduled due date or deferred due date, or (b) if I fail to observe any other provision of this Note, the breach of which materially impairs my ability to pay the amounts due under the Note.

5. Disbursement Date - The date shown on the loan check or the date the loan funds are electronically transferred to my school named in Section D of the application ("School").

6. Disclosure - The Truth in Lending Disclosure that will be sent at the time of my first disbursement and which is hereby incorporated into this Note.

7. The terms "Interest," "Late Charge," "Payment Return Fee," "Collection Costs," and "Supplemental Fees" are defined in the Note sections so titled. "Variable Rate" is defined under Section C, Interest, of this Note.

### C. INTEREST

1. Interest on this Note will accrue at the Variable Rate (as defined below), beginning on the first Disbursement Date, on the principal balance advanced and Capitalized Interest and Other Amounts, until the principal balance and all accrued interest are paid in full.

2. The Variable Rate will change monthly on the first day of each month if the Current Index changes, the Margin changes, or both change. The Variable Rate for any month during the Interim Period and for the Repayment Period is the annual rate equal to the highest U.S. Prime Rate published in The Wall Street Journal "Money Rates" section, or any successor section or table for the purposes of displaying such rate, on the next to the last New York business day before the end of the prior month (the "Current Index"), plus or minus the percentage identified on my Disclosure (the "Margin") for the School Period, Grace Period, or Repayment Period, as applicable, rounded to the nearest one-eighth of one percent (0.125%). A New York business day is defined as any day that is not a Saturday, Sunday, holiday or other day on which banking institutions in New York are authorized or ordered to close by law or executive order. For example, the Variable Rate for January will be determined by the highest U.S. Prime Rate published in The Wall Street Journal on the preceding December 30th if both the 30th and 31st are New York business days.

3. The Margin is based on my School, credit history and cosigner's credit history. Once set, the Margin does not change. If The Wall Street Journal is not published on the date to be used for the Current Index, then the Current Index will be determined by using the immediately preceding published U.S. Prime Rate. If the Current Index

ceases to be available, you will choose a comparable substitute.

### D. TERMS OF REPAYMENT

1. I am not required to make payments during the Interim Period. You will capitalize unpaid accrued interest at the beginning of the Repayment Period. If I am an eligible health student, you will capitalize unpaid accrued interest annually during any residency or internship deferment, at the end of any residency or internship deferment period of less than 12 months, and when I enter repayment.

2. You and I agree that the repayment schedule will be established as follows: subject to the terms of paragraph 4 of this section, prior to the start of the Repayment Period you will send me a statement setting forth an initial repayment schedule whereby I will repay my loan in consecutive monthly installments of principal and interest calculated to equal the amounts necessary to amortize the unpaid principal and interest at the Variable Rate then in effect over the entire Repayment Period. You will also send me statements showing the amounts and payment due dates of my monthly payments.

3. Subject to the terms of paragraph 4 of this Section, you will revise the repayment schedule so that I will repay my loan in consecutive monthly installments of principal and interest calculated to equal the amounts necessary to amortize the unpaid principal and interest at the Variable Rate then in effect over the number of months remaining in the Repayment Period with the payment amount changing in the months of February, May, August, and November, as necessary. The statements that you send me will reflect any changes in the amounts of my monthly payments.

4. I may choose a graduated repayment option, if available. If I convert to this option, I will notify you in writing.

5. I will make consecutive monthly payments during the Repayment Period in the amounts and on or before the payment due dates shown on my statements until I have paid all of the principal and interest and any other fees, charges, and costs I may owe under this Note.

6. Since interest accrues daily upon the unpaid principal balance of my loan, if I make payments after my payment due dates, I may owe additional principal and interest, fees and charges at the end of the Repayment Period. In such case, I shall pay the additional amounts, and you may, but are not required to, lengthen the Repayment Period.

7. Notwithstanding paragraphs 3, 4 and 6 of this Section, I agree to pay at least $50 per month, or the unpaid balance, whichever is less, on all my Signature Student Loans.

8. Payments will be applied first to applicable fees, then to accrued interest, and the remainder to principal, as permitted by applicable law. Payments in excess of the amount due will advance the next payment

(Copyright © Sallie Mae 2000-06) 3XSP0603

NAVHOM01201178

due date by the number of whole payments satisfied by the extra funds. (For example, if my payment amount is $100, I am not delinquent and I pay $400 for the month of January, my next payment due date will be May.)

9. If I wish to make a payment in satisfaction of a disputed amount or balance, I must send it to P.O. Box 3800, Wilkes-Barre, PA 18773-3800 with a letter of explanation. To the extent permitted by law, you may accept late payments, partial payments, or payments marked "payment in full," or having similar language, without waiving your rights under this Note.

## E. LATE CHARGE

I will pay a Late Charge if I fail to make any part of an installment payment within 15 days after it becomes due. The amount of the Late Charge will be identified on my Disclosure.

## F. SUPPLEMENTAL FEES

1. You may charge an amount equal to the Supplemental Fee at disbursement of my loan. This fee will be identified on my Disclosure and will be a percentage of the principal balance of my loan. At the time you issue each disbursement, you may add to the principal loan balance an amount equal to the pro rata portion of the Supplemental Fee.

2. You may charge me a Supplemental Fee, which will be identified on my Disclosure, either at the beginning of my Repayment Period, upon total repayment of my loan, or upon an event described in Section J, whichever is earlier. This fee will be a percentage of the principal balance of my loan after unpaid interest accrued during the Interim Period is capitalized.

3. Supplemental Fees are based on my School, credit history and cosigners' credit history. I understand and agree that the Supplemental Fees are earned when they are assessed and are not subject to rebate if I prepay my loan.

## G. PAYMENT RETURN FEE

If I make a payment and that payment is returned or refused by my bank for any reason, I agree to pay a charge of up to $20.00 for each payment so returned.

## H. CHARGES FOR OPTIONAL SERVICES

If I request and you agree to provide optional services to me in connection with my loan, you may charge me and I agree to pay the fees for such services. The fee will be disclosed to me before I accept any such service. Optional services may include, but are not limited to: (1) allowing me to make an expedited payment on my loan; and (2) sending documents to me by express delivery or facsimile transmission.

## I. RIGHT TO PREPAY

I have the right to prepay all or any part of my loan at any time without penalty.

## J. WHOLE LOAN DUE

Subject to applicable law, you have the right to give me notice that the whole outstanding principal balance, accrued interest, and all other amounts payable to you under the terms of this Note are due and payable at once and to cease to make any further disbursements to me, if:

1. I fail to make any payment to you when due; or

2. I fail to provide a notice required in Section L.1 on time; or

3. I break any of my other promises in this Note; or

4. Any bankruptcy proceeding is begun by or against me, or I assign any of my assets to or for the benefit of my creditors, and such proceeding has not been dismissed in 60 days; or

5. I make any false written statement in applying for this loan or at any time during the Interim Period or Repayment Period; or

6. I die or my cosigner dies; or

7. I am in default on any loans I may already have with you, or on any loans I may have with you in the future. My failure to receive a statement does not relieve me of my obligation to make my required loan payments in accordance with the terms and conditions of this Note. If any of the listed events occur, I will be required to pay interest on this loan accruing afterwards at the Variable Rate applicable to this loan prior to such event. The Variable Rate will be subject to adjustment in the same manner as before.

## K. COLLECTION COSTS

If I am in default, I agree to pay you reasonable amounts permitted by law, including collection agency fees, outside attorneys' fees and court costs, which you incur in enforcing the terms of this Note. Any such amounts include fees and costs incurred in connection with any appellate or bankruptcy proceedings.

## L. NOTICES

1. I will send written notice to you, or any subsequent holder of this Note, within 10 days after any change in my name, address, telephone number or School enrollment status.

2. Any notice required to be given to me by you will be effective when mailed to the latest address you have for me.

3. You may report the status of this loan to the School and to any credit bureaus. Late payments, missed payments, or other defaults on my account may be reflected in my credit bureau report.

4. I understand that the following notice is required by federal law and that for purposes of this notice, the word "you" means the cosigner(s) who signed the application.

**NOTICE TO COSIGNER:**

You are being asked to guarantee this debt. Think carefully before you do. If the borrower doesn't pay the debt, you will have to. Be sure you can afford to pay if you have to, and that you want to accept this responsibility.

You may have to pay up to the full amount of the debt if the borrower does not pay. You may also have to pay late fees or collection costs, which increase this amount.

The lender can collect this debt from you without first trying to collect from the borrower. The bank can use the same collection methods against you that can be used against the borrower, such as suing you, garnishing your wages, etc. If this debt is ever in default, that fact may become a part of your credit record.

This notice is not the contract that makes you liable for the debt.

5. I understand that the following notice is required by federal law and is only applicable to loans issued to finance educational expenses at for-profit educational institutions or institutions otherwise subject to the FTC Holder Rule under 16 C.F.R. §433.2.

**NOTICE:**

ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

6. I understand that the following notices are required by or necessary under state law and that these notices may not describe all of the rights that I have under state and federal law. Unless otherwise indicated, each notice applies to borrowers and cosigners who live in the indicated state on the date that they sign this Note and to borrowers and cosigners who are residents of that state.

CALIFORNIA RESIDENTS ONLY: A married applicant may apply for a separate account. CALIFORNIA and UTAH RESIDENTS: As required by California and Utah law, I am hereby notified that a negative credit report reflecting on my credit record may be submitted to a credit reporting agency if I fail to fulfill the terms of my credit obligations. IOWA and KANSAS RESIDENTS ONLY: (For purposes of the following notice to Iowa and Kansas residents, "you" means the borrower and

(Copyright © Sallie Mae 2000-06) 3XSP0603

cosigner, not the lender.) NOTICE TO CONSUMER: 1. Do not sign this paper before you read it. 2. You are entitled to a copy of this paper. 3. You may prepay the unpaid balance at any time without penalty and may be entitled to receive a refund of unearned charges in accordance with law. MARYLAND RESIDENTS ONLY: You elect to make this loan pursuant to Subtitle 10 (Credit Grantor Closed End Credit provisions) of Title 12 of the Maryland Commercial Law Article only to the extent that such provisions are not inconsistent with your authority under federal law (12 U.S.C. § 85, § 1463(g), or § 1831d, as appropriate) and related regulations and interpretations, which authority you expressly reserve. MASSACHUSETTS RESIDENTS ONLY: Massachusetts law prohibits discrimination based upon marital status or sexual orientation. MISSOURI RESIDENTS ONLY: ORAL AGREEMENTS OR COMMITMENTS TO LOAN MONEY, EXTEND CREDIT OR FORBEAR FROM ENFORCING REPAYMENT OF DEBT INCLUDING PROMISES TO EXTEND OR RENEW SUCH DEBT ARE NOT ENFORCE-ABLE. TO PROTECT YOU (BORROW-ER(S)) AND US (CREDITOR) FROM MISUNDERSTANDING OR DISAP-POINTMENT, ANY AGREEMENTS WE REACH COVERING SUCH MATTERS ARE CONTAINED IN THIS WRITING, WHICH IS THE COMPLETE AND EXCLUSIVE STATEMENT OF THE AGREEMENT BETWEEN US, EXCEPT AS WE MAY LATER AGREE IN WRITING TO MODIFY IT. NEVADA RESIDENTS ONLY: This is a loan for study. NEW JERSEY RESIDENTS ONLY: The section headings of the Note are a table of contents and not contract terms. Portions of this Note with references to actions taken to the extent of applicable law apply to acts or practices that New Jersey law permits or requires. In this Note, acts or practices (i) by you which are or may be permitted by "applicable law" are permitted by New Jersey law, and (ii) that may or will be taken by you unless prohibited by "applicable law" are permitted by New Jersey law. NEW YORK, RHODE ISLAND and VERMONT RESIDENTS: I understand and agree that you may obtain a consumer credit report in connection with this application and in connection with any updates, renewals or extensions of any credit as a result of this application. If I ask, I will be informed whether or not such a report was obtained and, if so, the name and address of the agency that furnished the report. I also understand and agree that you may obtain a consumer credit report in connection with the review or collection of any loan made to me as a result of this application or for other legitimate purposes related to such loans. OHIO RESIDENTS ONLY: The Ohio laws against discrimination require that all creditors make credit equally available to all credit-worthy customers, and that credit reporting agencies maintain separate credit histories on each individual upon request. The Ohio Civil Rights Commission administers compliance with this law.

VERMONT RESIDENTS ONLY: (For purposes of the following notice to Vermont residents, "you" means any cosigner, not the lender.) NOTICE TO COSIGNER: YOUR SIGNATURE ON THIS NOTE MEANS THAT YOU ARE EQUALLY LIABLE FOR REPAYMENT OF THIS LOAN. IF THE BORROWER DOES NOT PAY, THE LENDER HAS A LEGAL RIGHT TO COLLECT FROM YOU. WISCONSIN RESIDENTS ONLY: For married Wisconsin residents, my signature confirms that this loan obligation is being incurred in the interest of my marriage or family. No provision of any marital property agreement, unilateral statement under § 766.59 of the Wisconsin Statutes or court decree under § 766.70 adversely affects your interest unless, prior to the time that the loan is approved, you are furnished with a copy of the marital property agreement, statement, or decree or have actual knowledge of the adverse provision.

## M.  ADDITIONAL AGREEMENTS

1. I understand that when you accept the attached application, you are not agreeing to lend me money and that there will be no such agreement until the later of the time the first disbursement of the loan is made or my right to cancel in paragraph 4 of this section has expired. You have the right to lend an amount less than the Loan Amount Requested if the School certifies a lower cost of attendance. You also have the right to cancel any undisbursed amount if (a) I cease to be enrolled at least half time at the School and I do not owe the School for any amounts incurred before I ceased to be enrolled at least half time, (b) any cosigner notifies you that he or she no longer wants to repay the amount not yet disbursed, or (c) an event occurs as described in Section J, or (d) the School ceases to be eligible to participate in the Signature Student Loan program.

2. If this Note is assigned, the assignee will become the owner of this Note and will have all your rights to enforce this Note against me.

3. I understand that you are located in the State listed in the introductory paragraph of this Note and this Note will be entered into in the same State. Consequently, the provisions of this Note will be governed by federal laws and the laws of that State to the extent not preempted, without regard to conflict of law rules.

4. Upon receipt of the Disclosure, I will review it and if I am not satisfied with the terms of my loan as approved, I may cancel this Note and all disbursements. To cancel this Note, I will contact you within 5 business days of the date of the Disclosure and I will not cash any loan checks, or if funds are transmitted electronically, I will instruct the School, within 5 business days of the date of the Disclosure, to return the funds to you. I understand and agree that if the information on my Disclosure conflicts with the information in this Note, the information on the Disclosure applies.

5. Your acceptance of past due payments does not waive or affect your right to

accelerate this Note. I waive any notice of dishonor, notice of protest, presentment, demand for payment, and all other notices or demands in connection with this Note and consent to the addition of a party who will be liable upon this loan or any other loans I have outstanding under the program, to any and all extensions, renewals, or releases of any party liable upon this loan or any other loans I have outstanding under the program, or waiver or modification that may be granted by you, all without affecting or releasing any borrower or cosigner from such loans. My responsibility for repaying this loan is not affected by the liability of any other person to you or by your failure to notify me that a payment has not been made.

6. If any provision of this Note is held invalid or unenforceable, that provision shall be considered omitted from this Note without affecting the validity or enforceability of the remainder of this Note.

7. This Note may be modified only if you put the modification in writing and the modification is agreed to by any borrower or cosigner. Any such modification does not require the consent of any other borrower or cosigner and will not affect the validity or enforceability of the remainder of this Note.

8. I understand that this loan is an educational loan and is made under a program that includes Stafford loans and other loans and which is funded in part by non-profit organizations, including governmental units and, therefore, is not dischargeable in bankruptcy, except pursuant to 11 U.S.C. § 523(a)(8).

9. I acknowledge that I have received a true and exact copy of this Note.

10. I may not assign this Note or any of its benefits or obligations. You may assign this Note at any time. The obligations of this Note will be binding on my estate.

11. Your failure to exercise any right hereunder does not constitute a waiver thereof. All waivers must be in writing.

12. I hereby waive all my defenses to this Note based on suretyship.

13. I understand that you may use automated telephone dialing equipment or an artificial or pre-recorded voice message to contact me in connection with this loan or loan application. You may contact me at any telephone number I provide in this application or I provide in the future, even if that number is a cellular telephone number.

---

### IMPORTANT INFORMATION ABOUT PROCEDURES FOR OPENING A NEW ACCOUNT

To help the government fight the funding of terrorism and money laundering activities, Federal law requires all financial institutions to obtain, verify, and record information that identifies each person who opens an account.

What this means for me: When I apply for a student loan, you will ask for my name, address, date of birth, and other information that will allow you to identify me. You may also ask to see my driver's license or other identifying documents.

(Copyright © Sallie Mae 2000-06) 3XSP0603

NAVHOM01201180

**N. CERTIFICATION AND CONSENT TO INFORMATION SHARING**

1. I certify that the information contained in Sections **A**, B and C of the application is true, complete and correct to the best of my knowledge and belief and is made in good faith, that I am eligible for this loan and that I will repay it according to the terms of this Note. I understand and agree that my Lender is listed in the introductory paragraph of this Note. I hereby authorize the School to pay to you any refund that may be due me up to the amount of this loan. I understand that I must immediately repay any funds that I receive which cannot reasonably be attributed to meeting my educational expenses related to attendance at the School and hereby authorize the School at its discretion, to refund any portion of my loan that exceeds direct institutional charges. At your option, you may either electronically transmit funds to the School to be applied to my account, or if you issue checks, you may issue a check jointly payable to me and the School, and send it to the School. If funds are electronically transmitted, I hereby authorize the School to transfer the funds to my account at the School. I understand that failure to complete the educational program undertaken by me does not relieve me of any obligation under this Note.

2. **I authorize any school that I may attend to release to you, the U.S. Department of Education, the guarantor or their agents, any requested information pertinent to this loan** (*e.g.*, **employment, enrollment status, current address) and to advise you whether I am eligible for a future loan. I authorize you, your agents, and the guarantor or its agents, if any, to check my credit and employment history for this loan and for future loans that may be offered to me, to answer questions about their credit experience with me, and to release the results of the credit review process to the School. I further authorize you to release any other information on this loan to the School, to other schools I have attended for which I have taken out a student loan, and to the guarantor, if any.**

3. **I consent to the sharing of any information about this loan with my parent, guardian, child, spouse or sibling who complies with your procedures unless I revoke this consent or unless prohibited by law.** I understand that I may revoke this consent by contacting the servicer at 1-888-2SALLIE or P.O. Box 9500, Wilkes-Barre, PA 18773-9500.

4. I certify that **all** of the loan proceeds are solely to pay for my qualified higher education expenses at the School.

5. I also certify that: I have read the materials explaining the loan program that have been provided to me; I have read, understand and agree to the provisions of the program, my responsibilities and my rights under this program, the terms of this Note and this "Certification and Consent to Information Sharing" and that the program is funded in part by non-profit organizations.

**O. CORRECTION OF ERRORS**

All parties to this Note agree to fully cooperate and adjust all typographical, computer, calculation or clerical errors discovered in any or all of the loan documents including the Application, Note and Disclosure. In the event this procedure is used, all parties involved will be notified and receive a corrected copy of the changed document.

**P. COSIGNER/BORROWER RELEASE**

I agree that, if any cosigner applicant fails to qualify for this loan, said cosigner applicant will be released from liability hereunder, but this Note will still bind the borrower. I also agree that an approved cosigner may be released from liability hereunder upon application by a borrower who has made 24 consecutive on-time monthly payments of principal and interest during the first 2 years of the Repayment Period of this loan (not including deferments and forbearances) and who meets applicable credit criteria at the time of the application, with the borrower remaining liable for this loan after such cosigner release. **As** cosigner, I agree that if the borrower is released from liability on this loan for any reason, including infancy, I hereby consent to such release and to my continued liability for this loan after such release.

**Q. ARBITRATION AGREEMENT – READ CAREFULLY**

You and I agree that either party may elect to arbitrate – and require the other party to arbitrate – any Claim under the following terms and conditions. This Arbitration Agreement is part of the Signature Student Loan Promissory Note.

1. **RIGHT TO REJECT** - I may reject this **Arbitration Agreement by sending you a rejection notice by certified or registered mail or by messenger service within 60 days after the date of my first disbursement. Any Rejection Notice must include my name, address, telephone number and loan or account number, and must be sent to Sallie Mae, P.O. Box 59030, Panama City, FL 32412.**

2. **IMPORTANT WAIVERS AND WARNING - If you or I elect to arbitrate a Claim, you and I both waive the right to: (A) have a court or a jury decide the Claim; (B) participate in a class action in court or in arbitration, either as a class representative or a class member, or act as a private attorney general in court or in arbitration (the "Class Action Waiver"); (C) join or consolidate Claim(s) with claims involving any other person; or (D) obtain information except as provided herein. WARNING: Other rights are more limited or not available in arbitration.**

3. DEFINITIONS - In this Arbitration Agreement, the following definitions will apply:
   "I," "me" and "my" mean each and every borrower and cosigner on the Note; the Student on whose behalf the proceeds of the Note have been advanced; and the heirs, executors and assigns of all of the foregoing. "You," "your" and "yours" mean the Lender; any other subsequent holder of the note; Sallie Mae, Inc.; any Sallie Mae

affiliate or subsidiary; all of their parents, wholly or majority owned subsidiaries and affiliates; any predecessors, successors and assigns of these entities; and all officers, directors and employees thereof. It also includes any party named as a co-defendant with you in a Claim asserted by me, such as investors or potential investors, credit bureaus, credit insurance companies, closing agents, escrow agents, insurance agents, loan originators, rating agencies, loan servicers, debt collectors, loan guarantors, performance bond trustees, tuition recovery funds, the School, and any of the School's financial aid offices or officers. "Administrator" means, as applicable, the American Arbitration Association, 335 Madison Avenue, New York, NY 10017, www.adr.org, (800) 778-7879, or the National Arbitration Forum, P.O. Box 50191, Minneapolis, MN 55405, www.arb-forum.com, (800) 474-2371, provided that the Administrator must not have in place a formal or informal policy that is inconsistent with and purports to override the terms of this Arbitration Agreement.

"Claim" means any claim, dispute or controversy between you and me that arises from or relates in any way to the Note, including any dispute arising before the date of this Arbitration Agreement and any dispute relating to: (1) the Note and any applications, disclosures and other documents relating in any way to the transactions evidenced by the Note; (2) any insurance or other service or product offered or made available by or through you in connection with the Note, and any associated fees or charges; and (3) any documents, instruments, advertising or promotional materials that contain information about the Note or any associated insurance or other service or product. This includes, without limitation, disputes concerning the validity, enforceability, arbitrability or scope of this Arbitration Agreement or the Note; disputes involving alleged fraud or misrepresentation, breach of contract, negligence or violation of statute, regulation or common law; and disputes involving requests for injunctions or other equitable relief. However, "Claim" does not include any individual action brought by me in small claims court or my state's equivalent court, unless such action is transferred, removed, or appealed to a different court. **"Claim" does not include any challenge to the validity and effect of the Class Action Waiver, which must be decided by a court.**

4. **STARTING AN ARBITRATION** - To initiate an arbitration, you or I must give written notice of an election to arbitrate. This notice may be given after a lawsuit has been filed and may be given in papers or motions in the lawsuit. If such a notice is given, the Claim shall be resolved by arbitration under this Arbitration Agreement and the applicable rules of the Administrator then in effect. I must select the Administrator when I give notice of my election to arbitrate or within 20 days of your notice; otherwise, you will select the

(Copyright © Sallie Mae 2000-06) 3XSP0603

NAVHOM01201181

Administrator. The arbitrator will be selected under the Administrator's rules, except that the arbitrator must be a lawyer with at least ten years of experience or a retired judge.

5. LOCATION AND COSTS - Any arbitration hearing that I attend will take place in a location that is reasonably convenient to me. You will consider (and generally honor) any good faith request by me for you to bear the fees charged by the Administrator and the arbitrator and will always pay the fees if required by applicable law. You will not seek reimbursement from me of fees you are required to pay or agree to pay on my behalf. Each party must pay the expense of that party's attorneys, experts and witnesses, regardless of which party prevails in the arbitration, unless applicable law otherwise provides.

6. DISCOVERY; GETTING INFORMATION - Either party may obtain from the other party prior to the hearing any information available under the Administrator's rules or any information the arbitrator determines should be made available.

7. EFFECT OF ARBITRATION AWARD - Any court with jurisdiction may enter judgment upon the arbitrator's award. The arbitrator's award will be final and binding, except for: (A) any appeal right under the Federal Arbitration Act, 9 U.S.C. §§1 et seq. (the "FAA"); and (B) Claims involving more than $50,000. For Claims involving more than $50,000, any party may appeal the award to a three-arbitrator panel appointed by the Administrator, which will reconsider de novo any aspect of the initial award that is appealed. The panel's decision will be final and binding, except for any appeal right under the FAA. Except as provided above under the caption "Location and Costs," the appealing party will pay the Administrator's and arbitrator's costs of the appeal.

8. GOVERNING LAW - This Arbitration Agreement is made pursuant to a transaction involving interstate commerce and shall be governed by the FAA, and not by any state law concerning arbitration. The arbitrator shall follow applicable substantive law to the extent consistent with the FAA, applicable statutes of limitation and applicable privilege rules, and shall be authorized to award all remedies permitted by applicable substantive law, including, without limitation, compensatory, statutory and punitive damages (subject to constitutional limits that would apply in court), declaratory, injunctive and other equitable relief, and attorneys' fees and costs. Upon the timely request of either party, the arbitrator shall write a brief explanation of the basis of his or her award.

9. SURVIVAL, SEVERABILITY, PRIMACY - This Arbitration Agreement shall survive my full payment of the Note; your sale or transfer of the Note; any legal proceeding to collect a debt owed by me; any bankruptcy or insolvency; any forbearance or modification granted pursuant to the Note; any cancellation, or request for cancellation, of any or all disbursements under the Note; and any change in the School enrollment status of the Student. If any portion of this Arbitration Agreement cannot be enforced, the rest of the Arbitration Agreement will continue to apply, provided that the entire Arbitration Agreement shall be null and void if the Class Action Waiver is held to be invalid with respect to any class or representative Claim, subject to any right to appeal such holding. In the event of any conflict or inconsistency between this Arbitration Agreement and the Administrator's rules or the Note, this Arbitration Agreement will govern; in the event of any conflict or inconsistency between the Administrator's rules and the Note, the Administrator's rules will govern.

(Copyright © Sallie Mae 2000-06) 3XSP0603

NAVHOM01201182