# Exhibit J

to

Declaration of George F. Carpinello

# Instructions for completing the **Tuition Answer**® **Loan** application
### www.tuitionanswer.com

IMPORTANT:

✔ Before applying for this loan, please be sure to take advantage of education funding through Title IV federal loan programs if your school participates in these programs.

✔ Please read Promissory Note Sections N (Notices) and T (Arbitration) thoroughly before continuing.

✔ Please read all information contained in this packet. Please pay particular attention to the Promissory Note. This is the legal contract that binds the borrower and any cosigner to the terms and conditions of the loan.

## Loan Information:

Student must:

✔ Have a U.S. Social Security number

✔ Apply with a creditworthy borrower if you are a foreign resident or do not meet the age of majority (18 in most states)

✔ Be enrolled* at least half time in a degree- or certificate-granting program at a participating Title IV eligible, degree-granting institution. Please refer to https://tuitionanswer.salliemae.com/TA/welcome.asp for more information about the program and to determine if your school participates.

Borrower and applicable Cosigner, if any, must:

✔ Be a creditworthy individual or student

✔ Have good credit

✔ Have a U.S. Social Security number

✔ Be a U.S. Citizen or eligible non-citizen permanent resident*

✔ Have reached the age of majority (18 in most states) in their state of residence

✔ Provide verification of the Student's current enrollment*

✔ Provide their gross annual income. Acceptable sources include full- or part-time employment, second jobs, self employment, Social Security, annuity, pension, retirement, IRA, workers comp (if retired), disability (if retired), and any other sources of income.*

✔ Provide any additional income they wish to have considered as a basis for repaying the loan (see application regarding alimony, child support or separate maintenance income). Acceptable sources include any source noted above as well as public assistance, unemployment, alimony, child support, separate maintenance, investments, commission, overtime, bonus, and tips.*

Note: The amount and probable continuance of any income will be considered but otherwise all income is evaluated the same, whether listed as gross annual income or listed as additional income.

Loan Terms, Interest Rate and Fees:

Refer to the attached Promissory Note for complete details on loan terms and conditions, interest rate and fees. The Tuition Answer Loan is a **variable rate loan** based on the 1-month **London Interbank Offered Rate ("LIBOR")**, rounded up to the **nearest one-eighth of one percent (0.125%)**, **plus a margin.**

Loan Limits:

✔ Minimum of $1,500 up to the calculated cost of attendance or maximum $40,000 per year to cover any qualified higher education expense

✔ Aggregate loan limit of $130,000

We encourage you to borrow conservatively, but try to request the full amount you will need for the academic year.

*See page 2. Required Documentation.

Remember…before applying for the Tuition Answer Loan; **please be sure to take advantage of scholarships, grants and low-cost federal loans.**

V0308

Tuition Answer Loan Application and Promissory Note 2008-2009

CONFIDENTIAL

NAV050000298
NAVHOM01085310

## Required Documentation:

The Borrower and Cosigner, if any, must provide the following required documentation as part of their application.

PLEASE NOTE: The failure to submit the required documentation with the SIGNED application will cause a delay in processing and further consideration of the application.

**Enrollment Verification:** One of the following documents **must** be submitted as proof of the student's enrollment:

✔ Copy of current tuition bill from the school for the **academic period** indicated on this application

✔ Copy of current registration schedule from the school for the **academic period** indicated on this application

The **Enrollment Verification** document **must** show, as indicated on the application:

    ✔ Student first and last name

    ✔ School name

    ✔ Current or upcoming academic period

    ✔ Full- or half-time enrollment status

**Income Verification:** The borrower and cosigner, if any, are required to submit one of the following documents as proof of annual income or any additional annual income.

Acceptable documentation includes:

✔ Current pay stub dated within 60 days of the loan documents, copy of previous year's W-2 form (if salaried, this documentation is only accepted first two months of new year)

✔ Copy of a complete set of last year's tax return (self-employed), letters or exhibits from the paying agent which attest to amounts of payment received (Social Security)*

✔ Signed copy of the first and second page of prior year's federal tax return (Social Security, retirement income, pension, alimony, child support, separate maintenance, unemployment, commissions, overtime, bonus, and tips)

✔ Last year's 1099 form or a letter of award (workers comp, disability, annuity)

✔ Copy of divorce decree, separation or child support agreement specifying the amount and duration of the payments (alimony, child support or separate maintenance)

✔ Letter from the federal, state, or local government agency provider (public assistance)

*If you need to obtain copies of your federal tax returns, call the IRS at 800-829-1040.

**Identification:** The borrower and cosigner must submit one of the following documents for identity verification:

✔ Copy of government-issued driver's license or ID, or

✔ Copy of government-issued Passport

**Eligible Permanent Residency:** Any borrower or cosigner who is an eligible permanent resident must submit **one** of the following documents:

✔ A copy of both sides of a current and valid CIS Form I-551, Permanent Resident Alien Card, or

✔ A copy of the Temporary CIS I-551, or

✔ A copy of the confirmation of receipt of Form I-90, Application to Replace Alien Registration Card, along with a copy of an expired Permanent Resident Alien Card or copy of a valid Passport

✔ A copy of the confirmation of receipt of Form I-751 along with a copy of an expired Permanent Resident Alien Card or a copy of a valid Passport

✔ A copy of a Certificate of Naturalization

**Do you have questions regarding this application or required documentation?** Please contact us at **www.tuitionanswer.com** or 800-749-9100.

2

V0308

Tuition Answer Loan Application and Promissory Note 2008-2009

CONFIDENTIAL

NAV050000299
NAVHOM01085311

## Application Checklist:

**INSTRUCTIONS:** Please check all the items below to ensure your application is complete prior to mailing or faxing ALL pages of the application and any required documentation to Sallie Mae for processing.

**PLEASE NOTE:** All pages of the SIGNED application and any required documentation must be supplied to Sallie Mae before your application can be processed.

**The Borrower and the Cosigner (if applicable) must:**

☐ Complete all questions and applicable sections within the application

- **Borrower:** Even if you expect to be approved on your own credit, you may want to get a cosigner because applying with a creditworthy cosigner may help you get lower interest rates. A parent, grandparent or anyone else who has established a good credit history may be a suitable cosigner.
- **Cosigner:** Even if you expect the borrower to repay the loan, read the Promissory Note and each applicable Notice to Cosigner carefully, so that you understand your obligations. Among other things, under the Promissory Note, we can collect from you without first trying to collect from the borrower. If this loan is ever in default, that fact may become a part of your credit history.

☐ Complete the "Notice to Cosigner" document if you reside in one of the following states:

☐ California     ☐ Iowa     ☐ South Carolina     ☐ Wisconsin

☐ Colorado     ☐ New York     ☐ West Virginia

☐ If residing in the state of Wisconsin, complete the Notice to Married Wisconsin Residents

☐ SIGN and DATE the application, applicable Notice to Cosigner and applicable Notice to Married Wisconsin Residents

☐ Enclose the student's ENROLLMENT VERIFICATION DOCUMENT (see page 2. Required Documentation). The document **must** include the following items or it will not be considered valid:

☐ Student's first and last name

☐ School name

☐ Start and end date of loan period provided on the application

☐ Enrollment status (full time or half time)

☐ Enclose income verification (see page 2. Required Documentation)

☐ Enclose identity verification (see page 2. Required Documentation)

☐ Enclose eligible non-citizen permanent resident documentation if not a U.S. Citizen (see page 2. Required Documentation)

**For your records, please:**

☐ Read the Promissory Note and keep a copy

☐ Make a copy of each page of the Application, Promissory Note, applicable Notice to Cosigner, applicable Notice to Married Wisconsin Resident, and any required documentation prior to mailing or faxing the package to Sallie Mae for processing

## Next Steps:

✔ Send all pages of the SIGNED application and applicable required documentation to:

    **Mail:**    Sallie Mae Tuition Answer Loan Processing
              P.O. Box 9560
              Wilkes-Barre, PA 18773-9560

    **Fax:**     800-392-4856

✔ We will send you an automated email response once your application is received, provided you entered an email address on your application.

✔ To check the status of your loan, log on to **www.tuitionanswer.com** or contact us at 800-749-9100.

## How to Reach Us:

**Phone:**    800-749-9100     8AM - 8PM ET, M-F

**Web site:** www.tuitionanswer.com

**Fax:**      800-392-4856

**E-mail:**    tuitionanswer@salliemae.com

**Mail:**     Sallie Mae Tuition Answer Loan Processing
             P.O. Box 9560
             Wilkes-Barre, PA 18773-9560

Tuition Answer Loan Application and Promissory Note 2008-2009

V0308

CONFIDENTIAL

NAV050000300
NAVHOM01085312

## 2008-2009 | Tuition Answer® Loan Application

*Correction fluid may not be used on the application.*

## Borrower Information

| | | | |
|---|---|---|---|
| Last name | First name | MI   Suffix (Jr., III) | Social Security number |

Permanent street address *(If your permanent street address is a P.O. Box, you must complete the physical street address section below.)*          Apt          Years at address

| | | | | |
|---|---|---|---|---|
| City | State | Zip Code | Country Code   Date of birth | Relationship to student |

Physical street address *(If different from permanent address)*          Apt

| | | | |
|---|---|---|---|
| City | State | Zip Code | Country Code |

Country Prefix   Area Code   Telephone Number   Extension          Country Prefix   Area Code   Telephone Number   Extension
Permanent telephone number                                          Mobile/cellular telephone number

E-mail address

Name of employer

| | | | $ |
|---|---|---|---|
| Occupation | Years Months at present employer | Country Prefix   Area Code   Telephone Number   Extension   Work telephone number | Gross annual income *(See page 2, Required Documentation)* |

How often paid?   ☐ weekly   ☐ bi-weekly   ☐ twice monthly   ☐ monthly    *Alimony, child support, or separate maintenance income need not be revealed if you do not wish to have it considered as a basis for repaying this loan.*    $ _____ Additional income    Source of additional income *(See page 2, Required Documentation)*

**Monthly payment amount**

$ _____   $ _____
Rent          or   Mortgage      Name of mortgage holder

## Borrower Citizenship Information

☐ YES, I am a U.S. citizen   ☐ NO, I am not a U.S. citizen but I am an eligible permanent resident   ☐ NO, I am NOT a U.S. citizen or permanent resident   *(See page 1, Loan Information)*

## Student Information

| | | | |
|---|---|---|---|
| Last name | First name | MI   Suffix (Jr., III) | Social Security number |

Permanent street address *(If your permanent street address is a P.O. Box, you must complete the physical street address section below.)*          Apt

| | | | |
|---|---|---|---|
| City | State | Zip Code | Country Code   Date of birth |

Physical street address *(If different from permanent address)*          Apt

| | | | |
|---|---|---|---|
| City | State | Zip Code | Country Code |

Country Prefix   Area Code   Telephone Number   Extension          Country Prefix   Area Code   Telephone Number   Extension
Permanent telephone number                                          Mobile/cellular telephone number

E-mail address

## College Information *Verification of the Student's current enrollment is required. See page 2, Required Documentation.*

| | | |
|---|---|---|
| College name | College city | State |

For the academic period from _____ to _____      Anticipated graduation date _____      Enrollment:  ☐ Full time   ☐ Half time   ☐ Less than half time
                    Month Year   Month Year                        Month Year

**Grade Level**
Undergraduate   ☐ Freshman   ☐ Sophomore   ☐ Junior   ☐ Senior   ☐ 5th Year and beyond   **Graduate**   ☐ 1st Year   ☐ 2nd Year   ☐ 3rd Year   ☐ Beyond 3rd Year

APPLICATION PAGE ONE   Continue to page two ➔➔➔

**Mail or Fax to:** Sallie Mae, Private Loan Processing, P.O. Box 9560, Wilkes-Barre, PA 18773-9560

CONFIDENTIAL

Tuition Answer Loan Application and Promissory Note 2008-2009

## Reference Information    *Reference can be a relative, friend, co-worker, etc. who is not living with you. Student, borrower, or cosigner cannot be listed as a reference.*

*Reference 1:*

Last name _____    First name _____    MI ___    Suffix (Jr., III) ___

Permanent street address *(P.O. Boxes not accepted)* _____    Apt ___    Country Prefix ___ Area Code ___ Telephone Number ___ Extension ___
Permanent telephone number

City _____    State ___    Zip Code ___    Country Code ___    Relationship to borrower _____

*Reference 2:*

Last name _____    First name _____    MI ___    Suffix (Jr., III) ___

Permanent street address *(P.O. Boxes not accepted)* _____    Apt ___    Country Prefix ___ Area Code ___ Telephone Number ___ Extension ___
Permanent telephone number

City _____    State ___    Zip Code ___    Country Code ___    Relationship to borrower _____

## Cosigner Information    *If no cosigner, leave this section blank.*

Last name _____    First name _____    MI ___    Suffix (Jr., III) ___    Social Security number _____

Permanent street address *(If your permanent street address is a P.O. Box, you must complete the physical street address section below.)*    Apt ___    Years at address ___

City _____    State ___    Zip Code ___    Country Code ___    Date of birth ___    Relationship to student ___

Physical street address *(If different from permanent address)*    Apt ___

City _____    State ___    Zip Code ___    Country Code ___

Country Prefix ___ Area Code ___ Telephone Number ___ Extension ___        Country Prefix ___ Area Code ___ Telephone Number ___ Extension ___
Permanent telephone number                                                Mobile/cellular telephone number

E-mail address _____

Name of employer _____

Occupation ___    Years Months at present employer ___    Country Prefix ___ Area Code ___ Telephone Number ___ Extension ___    $ _____ Gross annual income *(See page 2, Required Documentation)*
Work telephone number

How often paid?  ☐ weekly  ☐ bi-weekly  ☐ twice monthly  ☐ monthly    *Alimony, child support, or separate maintenance income need not be revealed if you do not wish to have it considered as a basis for repaying this loan.*    $ _____ Additional income    Source of additional income *(See page 2, Required Documentation)*

Monthly payment amount

$ _____    $ _____    Name of mortgage holder _____
Rent    or    Mortgage

## Cosigner Citizenship Information

☐ YES, I am a U.S. citizen    ☐ NO, I am not a U.S. citizen but I am an eligible permanent resident    ☐ NO, I am NOT a U.S. citizen or permanent resident    *(See page 1, Loan Information)*

APPLICATION PAGE TWO    Continue to page three to complete application and sign  →→→

Tuition Answer Loan Application and Promissory Note 2008-2009

CONFIDENTIAL

NAV050000302
NAVHOM01085314

## Loan Amount Requested

$ _____  *Amount may be from $1,500 up to $40,000, (depending on the type of school, and may not exceed the estimated cost of attendance).*
*The lender will add the supplemental fee to your requested loan amount. If anyone changes the loan amount, the borrower and cosigner, if any, must initial this field.*

Anticipated use of Tuition Answer Loan funds: (dollar allocation)    $ _____  Tuition, Fees, Room, Board    $ _____  Other Expenses
(paid directly to school)    (educational expenses not paid
directly to the institution)

## Loan Options

Repayment options *check one*

☐ Pay principal and interest while in school        ☐ Pay only interest while in school        ☐ Defer principal and interest while in school
*If you do not make a choice, you will pay only interest while in school. Deferment of payments will result in higher fees. Loan repayment option may not be changed after disbursement.*

## Signatures        All borrowers must sign below.

| CAUTION – IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT. | NOTICE TO CUSTOMER (a) DO NOT SIGN THIS BEFORE YOU READ THE PROMISSORY NOTE EVEN IF OTHERWISE ADVISED. (b) DO NOT SIGN THIS IF IT CONTAINS ANY BLANK SPACES. (c) YOU ARE ENTITLED TO AN EXACT COPY OF ANY AGREEMENT YOU SIGN. (d) YOU HAVE THE RIGHT AT ANY TIME TO PAY IN ADVANCE THE UNPAID BALANCE DUE UNDER THIS AGREEMENT WITHOUT PENALTY AND YOU MAY BE ENTITLED TO A PARTIAL REFUND OF THE FINANCE CHARGE. | I understand that I am not required to fax my signature on this Application/ Promissory Note to the Lender. If I choose to fax my signature on this Application/Promissory Note to the Lender, I intend: (i) my fax signature to be binding on me and to be an electronic signature under applicable federal and state law, (ii) the fax printout received by the Lender to be an original document, (iii) to conduct business with the Lender by electronic records and electronic signatures, and (iv) that this Application/Promissory Note will not be governed by Article 3 or Article 9 of the Uniform Commercial code. | I declare that the information provided above is true and complete to the best of my knowledge and belief. I have read the Promissory Note accompanying this application and each Notice to Cosigner and agree to the terms therein. I understand and agree that you may obtain a consumer credit report in connection with this application and in connection with any updates, renewals or extensions of any credit as a result of this application. | Promise to pay: Jointly and severally with the other signers below, I promise to pay the lender or any other holder of this loan all sums disbursed under the terms of the Promissory Note, plus interest and all other fees, charges, and costs that may become due. The terms and conditions set forth in the Promissory Note constitute the entire agreement between us. |

_____        _____        _____
Borrower signature                                    Please print full name                                    Date

_____        _____        _____
Cosigner signature                                    Please print full name                                    Date

**Lender use only**

_____
Source code          School code                    Pre-approval code

Sallie Mae Bank, Murray, UT        c/o Sallie Mae, P.O. Box 9560, Wilkes-Barre, PA 18773-9560
Originating lender

Tuition Answer Loan Application and Promissory Note 2008-2009

APPLICATION PAGE THREE

©2008 Sallie Mae
V.0308

NAV050000303
NAVHOM01085315

# Promissory Note

See Section N. Notices below for important federal law notices, including a federal Notice to Cosigner, important state law notices, including a Notice to Consumer for Iowa and Kansas residents and a Vermont Notice to Cosigner, and important notices regarding Available Financing Options Under Title IV of the Federal Higher Education Act and regarding Loan Sales and Availability of Borrower Benefits. See Section T. below for an important Arbitration Agreement, including a notice regarding the right to reject arbitration.

In this Promissory Note ("Note") the words "I," "me," "my", "mine" and "we" mean the Borrower and the Cosigner who signed the application, unless the language specifically refers to only one or the other. "You," "your," and "yours" mean the Lender, its agents, and any subsequent holder of this Note, and the agents of such persons. "Lender" means the originating lender identified on page three of my application. "School" means the School named in the College Information section in page one of the application. Student means the person whose education costs have been or will be paid for by this loan.

## A. PROMISE TO PAY

I promise to pay to your order according to the terms below the sum of: the Loan Amount Requested, to the extent it is advanced to me, or on my behalf, plus the Supplemental Fee (together the "Loan Amount"); other interest, fees and charges accrued or capitalized on the Loan Amount as described in this Note; and, in the event of default, reasonable attorney's fees, and collection agency, court and other collection costs, to the extent permitted by law.

## B. DEFINITIONS

1. Interim Period – If applicable (see Section D. Terms of Repayment), the "Interim Period" will begin on my Disbursement Date and will end on the earliest of the following applicable dates:
a) 4 1/2 years after the Disbursement Date;
b) Six months after the Student graduates from School; or
c) Six months after the Student ceases to be enrolled in at least half-time study, unless the Student re-enrolls in another School eligible for the Tuition Answer Loan program within that six-month period and also meets the enrollment requirements approved for that School.
The portion of the Interim Period while the Student is in school is the "School Period" and the remaining portion of the Interim Period is the "Grace Period."
2. Repayment Period – The "Repayment Period" will begin on the day after the Interim Period ends, or earlier if elected (see Section D. Terms of Repayment) and, depending on my loan balance, will continue for up to 360 months, not counting any Deferment or Forbearance periods.
3. Capitalized Interest, Fees and Other Amounts – Interest, fees, charges and costs due and not yet paid may be added, without notice, to the principal amount of the loan, as provided in this Note. This addition is called "capitalizing." Since interest accrues on the outstanding principal balance, capitalizing increases the total cost of the loan.

4. Default – You may declare my loan in default following an event described in Section K. Default; Whole Loan Due; Interest Rate After Default, except as follows:
IDAHO, IOWA, KANSAS, MAINE and SOUTH CAROLINA RESIDENTS ONLY: I will be in default if I fail to make a payment as required by this Note (or within 10 days of the time required by this Note, for Iowa residents), or if the prospect of my payment or performance is significantly impaired (for Iowa residents, if, following an event described in Section K. Default; Whole Loan Due; Interest Rate After Default, the prospect of my payment is materially impaired). The burden of establishing the prospect of such impairment is on you.
WISCONSIN RESIDENTS ONLY: I will be in default:
a) if I permit to be outstanding an amount exceeding 1 full payment which has remained unpaid for more than 10 days after its scheduled due date or deferred due date, or I fail to pay the first payment or the last payment within 40 days of its scheduled due date or deferred due date; or
b) if I fail to observe any other provision of this Note, the breach of which materially impairs my ability to pay the amounts due under the Note.
5. Disbursement Date – The date shown on the loan check.
6. Disclosure – The Truth in Lending Disclosure that will be sent at the time of my disbursement and which is hereby incorporated into this Note.
7. Additional Terms – The terms "Interest," "Deferment Fee", "Forbearance Fee," "Late Charge," "Supplemental Fee," "Payment Return Fee," and "Collection Costs" are defined in the Note sections so titled. "Variable Rate," "Index," and "Margin" are defined under Section C. Interest, of this Note.

## C. INTEREST

1. Accrual of Interest – Interest on this Note will accrue at the Variable Rate (as defined below) beginning on the Disbursement Date, on the principal balance advanced and Capitalized Interest, Fees and Other Amounts, until the principal balance and all accrued interest are paid in full. The Variable Rate will be used to calculate interest during the entire term of this Note, and, subject to paragraph 4 of Section C, following the maturity of, or any default under, this Note; there is no initially discounted, premium or other rate that will be used to calculate interest under this Note.
2. Variable Rate – I will pay interest at a Variable Rate equal to the "Index," rounded up to the nearest one-eighth of one percent (0.125%), plus the percentage identified on my Disclosure (the "Margin"). The Variable Rate may change monthly on the Change Date if the Index changes. The Change Date is the twenty-fifth day of each month, or if the twenty-fifth day of the month is not a New York business day, the next New York business day. The Index is the one-month London Interbank Offered Rate ("LIBOR"), which is the average of interbank offered rates for one-month U.S. dollar-denominated deposits in the London market, as published by Reuters on its Reuters Screen LIBOR01 Page, or any successor page used for the purpose of displaying that rate. The Index is determined on the most recent business day that is at least two New York and two London business days prior to the Change Date. A New York business day is defined as any day that is not a Saturday, Sunday, holiday

4

NAV050000304
NAVHOM01085316

or other day on which banking institutions in New York, New York are authorized or ordered by law to close. A London business day is defined as any day on which commercial banks in London, England carry on interbank dealings in the London market. For example, if January 22, 23, and 24 are New York business days, but only January 22 and 23 are London business days, then the Index for the rate as of January 25 would be determined by the one-month LIBOR on January 22.

3. Substitute Source and Substitute Index – If the Reuters Screen LIBOR01 Page is unavailable, then the Index will be determined by you using another source for the one-month LIBOR, such as another Reuters service that displays that rate, should one continue to do so; any substantially similar service that displays that rate, such as Bloomberg, should it continue to do so; or any substantially similar source that displays that rate, such as the Money Rates section of the Wall Street Journal, should it continue to do so. As an alternative to using another source, you may decide to calculate the rate using a methodology that is substantially similar to that used to determine the rate when it was published by Reuters. If no substitute source is available, or provides the rate on a timely basis, and if you are unable to calculate the rate, or decide not to do so, then you will choose a comparable substitute Index.

4. Interest after Default – I will pay interest after Default at a rate equal to the Variable Rate for this loan plus up to 6.5%.

### D. TERMS OF REPAYMENT

1. Payment Due Date, Statements – My loan payments are due on the date specified by you at the address specified by you. You will send me statements showing the payment due dates and the amounts of my monthly payments based on my repayment election and the repayment schedule for my loan, as provided in this Section.

2. Repayment Election: Pay Principal and Interest While In School – If I elected to pay principal and interest while the Student is in school, I agree to repay this loan in consecutive monthly payments of principal and interest beginning within 45 days from the Disbursement Date. There is no Interim Period and the Repayment Period begins immediately.

3. Repayment Election: Pay Only Interest While In School – If I elected to pay only interest while the Student is in school or if I did not make a choice, I will pay only interest on my loan during my Interim Period. If the Variable Rate changes during the Interim Period, my monthly payment amount will change. My new payment amount will be shown on my monthly statement. I must begin to pay principal and interest in consecutive monthly installments at the beginning of my Repayment Period.

4. Repayment Election: Defer Principal and Interest While In School – If I elected to defer principal and interest payments while the Student is in school, I agree to repay this loan in consecutive monthly installments of principal and interest starting at the beginning of my Repayment Period. Unpaid accrued interest will be capitalized quarterly and at the beginning of the Repayment Period. Statements that show the unpaid accrued interest on the loan will be sent to me on at least a quarterly basis and to the cosigner on at least an annual basis. Information about the unpaid accrued interest on the loan will also be available online at www.manageyourloans.com.

5. Initial Principal Repayment Period – I agree to repay my loan within the initial principal repayment period, which begins at the start of my Repayment Period and includes any interest-only payment period during that time (see paragraph 7 of this Section). The initial principal repayment period is based on the principal amount of my loan at the start of my Repayment Period, including the Supplemental Fee and interest capitalized at that time, subject to a minimum payment (see paragraph 10 of this Section), and is determined as follows:

Principal amount/Initial principal repayment period
$1,500 to $2,999/up to 48 months
$3,000 to $3,999/up to 72 months
$4,000 to $7,499/up to 120 months
$7,500 to $9,999/up to 180 months
$10,000 to $39,999/up to 240 months
$40,000 to $59,999/up to 300 months
$60,000 and above/360 months

6. Maximum Repayment Period and Payment Amount – The maximum Repayment Period is 360 months. If the Variable Rate changes, my monthly payment amount will stay the same, but I will be required to make more or fewer payments than would otherwise be required. If the Variable Rate increases so that my monthly payment is not enough to pay my principal and interest within 360 months or within twice the initial principal repayment period, whichever is less, you will increase my monthly payment to an amount that will do so.

7. Interest-Only Payments, Other Repayment Options – After the Interim Period begins, I may ask to make interest-only payments for 24 months or 48 months of the Repayment Period or to exercise another repayment option, if available. If I wish to do so, I will contact you to make this request. If you agree, you will notify me in writing of my new repayment terms, and, if I am making interest-only payments: a) During any month when there is a decrease in the interest rate, any amount remaining after accrued interest is paid will be applied to principal. During any month when there is an increase in the interest rate, there will be excess interest that is not paid (unless I voluntarily pay such interest). Any such excess interest that remains unpaid will accrue, but will not be capitalized.

8. Consecutive Monthly Payments – I will make consecutive monthly payments during the Repayment Period in the amounts, and on or before the payment due dates, shown on my statements until I have paid all of the principal and interest and other fees, charges, and costs I may owe under this Note.

9. Amounts Owing at the End of the Repayment Period – Since interest accrues daily upon the unpaid principal balance of my loan, if I make payments after my payment due dates, I may owe additional principal and interest, fees and charges at the end of the Repayment Period. In such case, I shall pay the additional amounts, and you may, but are not required to, lengthen the Repayment Period.

10. Minimum Payment – Notwithstanding any other paragraphs of this Section, I agree to pay at least $50 per month, or the unpaid balance, whichever is less, on all my Tuition Answer Loans combined.

11. Application of Payments – Payments will be applied first to applicable fees, charges, and costs then to accrued interest; and the remainder to principal (including Capitalized Interest) as

CONFIDENTIAL

NAV050000305
NAVHOM01085317

permitted by applicable law. Payments in excess of the amount due will advance the next payment due date by the number of whole payments satisfied by the extra funds. (For example, if my monthly payment amount is $100, I am not delinquent and I pay $400 for the month of January, my next payment due date will be May.)

### E. DEFERMENT AND DEFERMENT FEES, FORBEARANCE AND FORBEARANCE FEES

1. In School Deferment – If the Student returns to school, I may request a Deferment under which I may defer regularly scheduled payments after the beginning of the Repayment Period. As long as the school is eligible for the Tuition Answer Loan Program you may automatically grant the Deferment. Even if I do not request a Deferment, if you are notified that the Student has returned to a school that is eligible for the Tuition Answer Loan Program you, may automatically grant a Deferment. I understand that no Deferment Fee is assessed for an In School Deferment. You will capitalize unpaid accrued interest quarterly and at the end of any such Deferment period.

2. Hardship or Other Forbearance – I may request and you, at your sole discretion, may grant me a Forbearance under which I may defer regularly scheduled payments after the beginning of the Repayment Period. If I request such Forbearance, I agree to pay a Forbearance Fee, even if the Forbearance is not granted. The Forbearance Fee will be disclosed to me prior to the Forbearance Fee being assessed and will not exceed the amount then set by the Lender for Forbearance. You will capitalize unpaid accrued interest quarterly and at the end of any such Forbearance Period.

### F. LATE CHARGES

I will pay a Late Charge if I fail to make any part of an installment payment within 15 days after it becomes due. The amount of the Late Charge will be identified on my Disclosure.

### G. SUPPLEMENTAL FEE

1. Supplemental Fee at Disbursement – You may charge me a Supplemental Fee, and add it to the Loan Amount, at Disbursement of my loan. The amount of the Supplemental Fee, if charged, will be identified on my Disclosure, under the Itemization of Amount Financed, as the amount of the Supplemental Fee paid at Disbursement (prepaid finance charge) and will be a percentage of the principal balance of my loan.

2. When Earned – I understand and agree that the Supplemental Fee, if any, is earned when assessed, is due even if the amounts on which it is assessed are later refunded, and is not subject to rebate if I prepay my loan.

### H. PAYMENT RETURN FEE

If I make a payment and that payment is returned or refused by my bank for any reason, I agree to pay a charge of up to $20.00 for each payment so returned. Such Payment Return Fee may be Capitalized.

### I. CHARGES FOR OPTIONAL SERVICES

If I request and you agree to provide optional services to me in connection with my loan, you may charge me and I agree to pay

the fees for such services. The fee will be disclosed to me before I accept any such service and will not exceed the amount then set by the Lender for such service. Optional services may include, but are not limited to: (1) allowing me to make an expedited payment on my loan; and (2) sending documents to me by express delivery or facsimile transmission.

### J. RIGHT TO PREPAY

I have the right to prepay all or any part of my loan at any time without penalty.  If I prepay my loan I am not entitled to a refund of any finance charge.

### K. DEFAULT; WHOLE LOAN DUE; INTEREST RATE AFTER DEFAULT

Subject to applicable law, and the requirements of Section B.4 above, you may declare my loan in default if:

1. I fail to make any payment to you when due; or
2. I fail to provide a notice required in paragraph 3 of Section N. Notices on time; or
3. I break any of my other promises in this Note; or
4. Any bankruptcy proceeding is begun by or against me, or I assign any of my assets to or for the benefit of my creditors, and such proceeding has not been dismissed in 60 days; or
5. I make any false written statement in applying for this loan or at any time during the Interim Period or Repayment Period; or
6. I die or the cosigner dies; or
7. I am in default on any loans I may already have with you, or on any loans I may have with you in the future.

If you do so, then after you provide me with such notices and cure periods as are required by applicable law, if any, the whole outstanding principal balance, accrued interest, and all other amounts payable to you under the terms of this Note will become due and payable at once and you may cease to make any further disbursements to me. After default, interest will accrue as provided in paragraph 4 of Section C. Except as provided in paragraph 4 of Section C, the Variable Rate will be subject to adjustment in the same manner as before.

### L. COLLECTION COSTS

Unless prohibited by applicable law, I agree to pay you all amounts, including reasonable attorneys' fees, and collection agency, court and other collection costs that you incur in enforcing the terms of this Note (collectively, "Collection Costs"). The Collection Costs that I agree to pay also include fees and costs incurred in connection with any appellate or bankruptcy proceedings.

### M. NOTICE OF CLAIM; RIGHT TO RESOLVE:
Prior to initiating, joining or participating in any judicial or arbitration proceeding, whether individually, as a class representative or participant or otherwise, regarding a legal dispute or claim that in any way arises from or relates to this Note (as more fully defined in the Arbitration Agreement below, "Claim"), the party asserting the Claim shall give the other party written notice of the Claim and a reasonable opportunity, not less than 30 days, to resolve the Claim. Any claim notice I send must include my name, address, telephone number and loan or account number. Any claim notice must explain the nature of the Claim and the relief that is

6

NAV050000306
NAVHOM01085318

demanded. I may only submit a claim notice on my own behalf and not on behalf of any other party. The party giving a claim notice must reasonably cooperate in providing any information about the Claim that the other party reasonably requests.

## N. NOTICES

1. <u>JURY TRIAL WAIVER</u>: YOU AND I ACKNOWLEDGE THAT THE RIGHT TO TRIAL BY JURY IS A CONSTITUTIONAL RIGHT BUT MAY BE WAIVED IN CERTAIN CIRCUM-STANCES. TO THE EXTENT PERMITTED BY LAW, YOU AND I KNOWINGLY AND VOLUNTARILY WAIVE ANY RIGHT TO TRIAL BY JURY IN THE EVENT OF LITIGATION ARISING OUT OF OR RELATED TO THIS NOTE. THIS JURY TRIAL WAIVER SHALL NOT AFFECT OR BE INTERPRETED AS MODIFYING IN ANY FASHION THE ARBITRATION AGREE-MENT SET FORTH BELOW, WHICH CONTAINS ITS OWN SEPARATE JURY TRIAL WAIVER.

2. <u>Joint and Several Liability</u> – Each borrower and cosigner is jointly and severally responsible for repaying the full amount owed under this Note.

3. <u>Change in Information</u> – I will send written notice to you within 10 days after any change in my name, address, email address, permanent phone number, cellular phone number or, if this Note is executed by more than one person, the status (i.e. death) of any other person (i.e. the Borrower or the Cosigner), or within 10 days after any change in the School enrollment status of the Student, which includes, but is not limited to, non-attendance.

4. <u>Communications and Notices from You</u> – Any communication between you and any borrower or cosigner will be binding on all borrowers and cosigners. Any notice required to be given to me by you will be effective when mailed to the latest address you have for me.

5. <u>Reports to Credit Bureaus</u> – You may report the status of this loan to the School and to any credit bureaus. Late payments, missed payments, or other defaults on my account may be reflected in my credit bureau report.

6. <u>Not Negotiable</u> – This is a non-negotiable consumer note.

7. <u>Federal Notices</u> – I understand that the following notice is required by federal law when a new account is opened.

> ### IMPORTANT INFORMATION ABOUT PROCEDURES FOR OPENING A NEW ACCOUNT
> To help the government fight the funding of terrorism and money laundering activities, Federal law requires all financial institutions to obtain, verify, and record information that identifies each person who opens an account.
>
> What this means for me: When I apply for a student loan, you will ask for my name, address, date of birth, and other information that will allow you to identify me. You may also ask to see my driver's license or other identifying documents.

I understand that the following notice is also required by federal law and that for purposes of this notice, the words "you" and "yours" mean the cosigner who signed the application.

> ### NOTICE TO COSIGNER
> You are being asked to guarantee this debt. Think carefully before you do. If the borrower doesn't pay the debt, you will have to. Be sure you can afford to pay it if you have to, and that you want to accept this responsibility.
>
> You may have to pay up to the full amount of the debt if the borrower does not pay. You may also have to pay late fees or collection costs, which increase this amount.
>
> The lender can collect this debt from you without first trying to collect from the borrower. The lender can use the same collection methods against you that can be used against the borrower, such as suing you, garnishing your wages, etc. If this debt is ever in default, that fact may become a part of *your* credit record.
>
> This notice is not the contract that makes you liable for the debt.

I understand that the following notice is permitted by federal law and that for purposes of this notice, the word "we" means the Lender, its agents and any subsequent holder of this Note and the word "you" means the borrower and cosigner.

> ### NOTICE
> If you believe that any information about your loan that we have reported to a credit bureau is inaccurate, or if you believe that you have been the victim of identity theft in connection with any other Sallie Mae loan made by us, write to us at P.O. Box 9500 Wilkes Barre, PA 18706-9700. In your letter, (i) provide your name and the loan or account number, (ii) identify the specific information that is being disputed, (iii) explain the basis for the dispute, and (iv) provide any supporting documentation you have that substantiates the basis of the dispute. If you believe that you have been the victim of identity theft, submit an identity theft affidavit or identity theft report.

8. <u>State Notices</u> – I understand that the following notices are required by or necessary under state law and that these notices may not describe all of the rights that I have under state and federal law. Unless otherwise indicated, each notice applies to borrowers and cosigners who live in the indicated state on the date that they signed the application and to borrowers and cosigners who are residents of that state.

– <u>CALIFORNIA RESIDENTS ONLY</u>: A married applicant may apply for a separate account.

– <u>CALIFORNIA and UTAH RESIDENTS ONLY</u>: As required by California and Utah law, I am hereby notified that a negative credit report reflecting on my credit record may be submitted to a credit reporting agency if I fail to fulfill the terms of my credit obligations.

– <u>IOWA and KANSAS RESIDENTS ONLY</u>: For purposes of this notice, the word "you" means the borrower and cosigner(s). NOTICE TO CONSUMER: 1. Do not sign this paper

CONFIDENTIAL

NAV050000307
NAVHOM01085319

before you read it. 2. You are entitled to a copy of this paper. 3. You may prepay the unpaid balance at any time without penalty and may be entitled to receive a refund of unearned charges in accordance with law.

– MARYLAND RESIDENTS ONLY: You elect to make this loan pursuant to Subtitle 10 (Credit Grantor Closed End Credit provisions) of Title 12 of the Maryland Commercial Law Article only to the extent that such provisions are not inconsistent with your authority under federal law (12 U.S.C. § 85, §1463(g), or §1831d, as appropriate) and related regulations and interpretations, which authority you expressly reserve.

– MASSACHUSETTS RESIDENTS ONLY: Massachusetts law prohibits discrimination based upon marital status or sexual orientation.

– MISSOURI RESIDENTS ONLY: **ORAL AGREEMENTS OR COMMITMENTS TO LOAN MONEY, EXTEND CREDIT OR FORBEAR FROM ENFORCING REPAYMENT OF DEBT INCLUDING PROMISES TO EXTEND OR RENEW SUCH DEBT ARE NOT ENFORCEABLE. TO PROTECT YOU (BORROWER(S)) AND US (CREDITOR) FROM MISUNDERSTANDING OR DISAPPOINTMENT, ANY AGREEMENTS WE REACH COVERING SUCH MATTERS ARE CONTAINED IN THIS WRITING, WHICH IS THE COMPLETE AND EXCLUSIVE STATEMENT OF THE AGREEMENT BETWEEN US, EXCEPT AS WE MAY LATER AGREE IN WRITING TO MODIFY IT.**

– NEVADA RESIDENTS ONLY: This is a loan for study.

– NEW JERSEY RESIDENTS ONLY: The section headings of the Note are a table of contents and not contract terms. Portions of this Note with references to actions taken to the extent of applicable law apply to acts or practices that New Jersey law permits or requires. In this Note, acts or practices (i) by you which are or may be permitted by "applicable law" are permitted by New Jersey law, and (ii) that may or will be taken by you unless prohibited by "applicable law" are permitted by New Jersey law.

– NEW YORK, RHODE ISLAND and VERMONT RESIDENTS ONLY: I understand and agree that you may obtain a consumer credit report in connection with this application and in connection with any updates, renewals or extensions of any credit as a result of this application. If I ask, I will be informed whether or not such a report was obtained and, if so, the name and address of the agency that furnished the report. I also understand and agree that you may obtain a consumer credit report in connection with the review or collection of any loan made to me as a result of this application or for other legitimate purposes related to such loans.

– OHIO RESIDENTS ONLY: The Ohio laws against discrimination require that all creditors make credit equally available to all creditworthy customers, and that credit reporting agencies maintain separate credit histories on each individual upon request. The Ohio Civil Rights Commission administers compliance with this law.

– UTAH RESIDENTS ONLY: This Note is the final expression of the agreement between me and you and it may not be contradicted by evidence of an alleged oral agreement.

– VERMONT RESIDENTS ONLY: For purposes of this notice, the word "you" means the Cosigner(s). **NOTICE TO COSIGNER: YOUR SIGNATURE ON THIS NOTE MEANS THAT YOU ARE EQUALLY LIABLE FOR REPAYMENT OF THIS LOAN. IF THE BORROWER DOES NOT PAY, THE LENDER HAS A LEGAL RIGHT TO COLLECT FROM YOU.**

– WISCONSIN RESIDENTS ONLY: If I am a married Wisconsin resident: (1) My signature confirms that this loan obligation is being incurred in the interest of my marriage or family. (2) No provision of any marital property agreement, unilateral statement under §766.59 of the Wisconsin Statutes or court decree under §766.70 adversely affects your interest unless, prior to the time that the loan is approved, you are furnished with a copy of the marital property agreement, statement, or decree or have actual knowledge of the adverse provision. (3) My spouse has actual knowledge that this credit is being extended to me and has waived the requirements of §766.56(3)(b) of the Wisconsin Statutes, as acknowledged by his or her signature on the Notice to Married Wisconsin Residents that I received with this Note.

9. Notice to Borrowers of Available Financing Options Under Title IV of the Federal Higher Education Act - Title IV of the Federal Higher Education Act of 1965, as amended (20 U.S.C. 1001 et seq.), provides borrowers with federal financial aid options to pay for or finance their higher education expenses. Usually, the terms of loans available under these federal programs are more advantageous to the borrower than the terms available under private loan programs. Borrowers should therefore maximize their use of these federal loan programs before obtaining private loans. All borrowers are advised to discuss federal financing options and programs and their potential eligibility with their school before applying for a private student loan. Not all federal financing options are available to all borrowers, and loan amounts available to borrowers may vary based upon the year in school and the amounts previously borrowed. For further information on federal financial aid options, visit the U.S. Department of Education website at www.ed.gov. Financing options under Title IV of the Federal Higher Education Act include the following options below, as of May 1, 2008. Borrowers are urged to contact their schools to determine whether these financing options have since been modified.

**(A) Grants**–Financial aid that does not need to be repaid.

**(B) Federal Work-Study Programs**

**(C) The Federal Family Education Loan Program (FFELP)**

FFELP loans include the following loans below. Federal loan fees may apply. Consult with your school's financial aid office and your FFELP lender for more information.

– Subsidized Federal Stafford Loan
  • Fixed interest rate for undergraduate students as follows:
    • 6.0% for loans first disbursed July 1, 2008 – June 30, 2009
    • 5.6% for loans first disbursed July 1, 2009 – June 30, 2010
    • 4.5% for loans first disbursed July 1, 2010 – June 30, 2011
    • 3.4% for loans first disbursed July 1, 2011 – June 30, 2012
  • Fixed interest rate of 6.8% for all graduate students, and for undergraduate students with loans first disbursed before July 1, 2008 and on or after July 1, 2012

CONFIDENTIAL

NAV050000308
NAVHOM01085320

- 6-month grace period following at least half-time enrollment
- Deferment and forbearance options
- Interest subsidized by the government during in-school, grace, and deferment periods
- Flexible repayment plans such as graduated, income-sensitive, and extended repayment options
– Unsubsidized Federal Stafford Loan
  - Fixed interest rate of 6.8%
  - 6-month grace period following at least half-time enrollment
  - Deferment and forbearance options
  - Flexible repayment plans such as graduated, income-sensitive, and extended repayment options
– Federal PLUS Loan
  - Fixed interest rate of 8.5%
  - Deferment and forbearance options
  - 10-year repayment plan
  - Flexible repayment plans such as graduated, income-sensitive, and extended repayment options
– Federal Consolidation Loan
  - Interest rate based on the lesser of the weighted average of the interest rates on the loans consolidated, rounded up to the nearest one-eighth of 1 percent, or 8.25%
  - Deferment and forbearance options
  - Repayment period based on the amount of the Consolidation Loan and the unpaid balance on other student loans

(D) **William D. Ford Federal Direct Loan Program**
The Federal Direct Loan Program includes the following loans below. Federal loan fees may apply. Consult with your school's financial aid office and the U.S. Department of Education for more information.
– Federal Direct Subsidized Stafford/Ford Loan
  - Fixed interest rate for undergraduate students as follows:
    - 6.0% for loans first disbursed July 1, 2008 – June 30, 2009
    - 5.6% for loans first disbursed July 1, 2009 – June 30, 2010
    - 4.5% for loans first disbursed July 1, 2010 – June 30, 2011
    - 3.4% for loans first disbursed July 1, 2011 – June 30, 2012
  - Fixed interest rate of 6.8% for all graduate students, and for undergraduate students with loans first disbursed before July 1, 2008 and on or after July 1, 2012
  - 6-month grace period following at least half-time enrollment
  - Deferment and forbearance options
  - Interest subsidized by the government during in-school, grace, and deferment periods
  - Flexible repayment plans such as graduated, income contingent, and extended repayment options

– Federal Direct Unsubsidized Stafford/Ford Loan
  - Fixed interest rate of 6.8%
  - 6-month grace period following at least half-time enrollment
  - Deferment and forbearance options
  - Flexible repayment plans such as graduated, income contingent, and extended repayment options
– Federal Direct PLUS Loan
  - Fixed interest rate of 7.9%
  - Deferment and forbearance options
  - Flexible repayment plans such as graduated, income contingent, and extended repayment options
– Federal Direct Consolidation Loan
  - Interest rate based on the lesser of the weighted average of the interest rates on the loans consolidated, rounded up to the nearest one-eighth of 1 percent, or 8.25%
  - Deferment and forbearance options
  - Repayment period based on the amount of the Consolidation Loan and the unpaid balance on other student loans

(E) **Federal Perkins Loans Program**
  - Fixed interest rate of 5%
  - 9-month grace period following at least half-time enrollment
  - Deferment and forbearance options, with a 6-month grace period following deferment
  - Interest does not accrue during in-school, grace, and deferment periods
  - 10-year repayment plan
  - Origination fees do not apply

10. Notice to Borrowers Regarding Loan Sales and Availability of Borrower Benefits – I understand that my student loans may be sold while the loans are outstanding. I further understand that you have an agreement to sell to an affiliate of Sallie Mae, Inc. no less than 80% of the volume of private loans that you make that are originated and disbursed through Sallie Mae, Inc., and that as a result, my loan may be included in the loans that are sold to that entity. Any such sale will not result in any change to the loan terms or the loss of any advertised borrower benefits, which will continue subject to their original terms and conditions. However, student loan terms and advertised borrower benefits may change if I choose to consolidate my loans.

## O. WHEN BOUND; RIGHTS TO CANCEL

1. When Bound – I understand that when you accept the attached application, you are not agreeing to lend me money and I am not bound by these credit terms, and there will be no such agreement until the later of the time the disbursement of the loan is made or my right to cancel in paragraph 2 of this section has expired.
2. My Right to Cancel this Note – Upon receipt of the Disclosure, I will review it and if I am not satisfied with the terms of my loan as approved, I may cancel this Note and disbursement. To cancel this Note, I will call you at 800-749-9100 within 7 business days of the date of the Disclosure and I will not cash the loan check.

CONFIDENTIAL

NAV050000309
NAVHOM01085321

3. <u>Your Right to Cancel this Note</u> – I agree that you may cancel this Note and my disbursement without advance notice to me, if:

a) the Disclosure is returned as undeliverable, for any reason;

b) in your sole discretion, whether based on information provided by the School or otherwise, you reasonably conclude that the Student will not attend the School or that the proceeds of the loan are no longer needed to meet the education costs of the Student;

c) the Student ceases to be enrolled at least half time;

d) the School ceases to be eligible to participate in the Tuition Answer Loan Program. The reasons that the School may cease to be eligible to participate include, but are not limited to, voluntary agreement with you to that effect, loss of eligibility to participate in one or more federally guaranteed student loan programs, and a default rate on federally guaranteed student loans, sometimes referred to as a "cohort default rate," deemed by you, in your sole discretion, to be excessive. I may go to https://tuitionanswer.salliemae.com/TA/welcome.asp to determine whether my School participates at the time I access this web page.

### P. ADDITIONAL AGREEMENTS

1. <u>Amount Lent</u> – You have the right to lend an amount less than the Loan Amount Requested if you have reason to believe that the cost of attendance is less than the Loan Amount Requested.

2. <u>Rights of Assignee of Lender</u> – You have the right to assign this Note at any time. If this Note is assigned, the assignee will become the owner of this Note and will have all your rights to enforce this Note against me.

3. <u>Governing Law; Venue</u> – I understand that the Lender is located in the State of Utah and this Note will be entered into in the same State. Consequently, the provisions of this Note will be governed by federal laws and the laws of that State to the extent not preempted, without regard to conflict of law rules.

4. <u>Late Payments, Partial Payments and Payments in Full; Waivers</u> – Without losing any of your rights under this Note, you may accept late payments, or, as permitted by law, partial payments, even if marked "payment in full", "without recourse" or similar language. If I wish to make a payment in satisfaction of a disputed amount or balance, I must send the payment to P.O. Box 3800, Wilkes Barre, PA 18773-3800 with a letter of explanation. You may delay exercising, fail to exercise, or waive any of your rights at any future time or on any future occasion. I waive any notice of dishonor, notice of protest, presentment, demand for payment, and all other notices or demands in connection with this Note and consent to any and all extensions, renewals, or releases of any person liable on this loan or any other loans I have outstanding with you, or any waiver or modification that may be granted by you, all without affecting or releasing any other person liable on this loan.

5. <u>Conflict Between Disclosure and Note</u> – I understand and agree that if the information in my Disclosure conflicts with the information in this Note, the information in my Disclosure shall apply with respect to items required to be disclosed under federal law.

6. <u>Failure to Attend or Dissatisfaction with Education Program</u> – The borrower and cosigner are not relieved of any obligation within or pursuant to this Note even if the student does not attend or is dissatisfied with the education program paid for with this loan.

7. <u>Failure to Receive a Coupon Book or Statement</u> – My failure to receive a coupon book or statement does not relieve me of my obligation to make my required loan payments in accordance with the terms and conditions of this Note.

8. <u>Severability</u> – If any provision of this Note is held invalid or unenforceable, that provision shall be considered omitted from this Note without affecting the validity or enforceability of the remainder of this Note.

9. <u>Modification</u> – Any provision of this Note may be modified if jointly agreed upon in writing by you and any borrower or cosigner. Any such modification does not require the consent of any other borrower or cosigner and will not affect the validity or enforceability of the remainder of this Note.

10. <u>Communications From You</u> – If this Note is executed by more than one person, each such person agrees that any communication between you and any one of the persons will be binding on all of the persons and that the provisions of this Note will apply to all persons individually and collectively.

11. <u>Communications Under Federal Bankruptcy Code</u> – Any communication with you required or permitted under the Federal Bankruptcy Code must be in writing, must include my account number, and must be sent to Sallie Mae P.O., Box 9400, Wilkes-Barre, PA 18773-3800.

12. <u>Receipt of Copy of Note</u> – I acknowledge that I have received a true and exact copy of this Note.

13. <u>No Assignments by Borrower or Cosigners; Estate Bound</u> – I may not assign this Note or any of its benefits or obligations. You may assign this Note at any time. The obligations of this Note will be binding on my estate.

14. <u>United States Dollars</u> – All amounts stated in this Note are in United States dollars. I will make all payments in United States dollars with no deduction for currency exchange.

15. <u>Suretyship</u> – I hereby waive all my defenses to this Note based on suretyship.

16. <u>Communicating with Me</u> – **To the extent permitted by applicable law, and without limiting any other rights you may have, I consent to your communicating with me, in connection with the application or my loan, using any phone number or email address that I provided in the application, or using any phone number or email address I provide in the future. You may communicate with me using any current or future means of communication, including, but not limited to, automated telephone dialing equipment, artificial or pre-recorded voice messages, SMS text messages, email directed to me at a mobile telephone service, or email otherwise directed to me. YOU MAY USE SUCH MEANS OF COMMUNICATION EVEN IF I WILL INCUR COSTS TO RECEIVE SUCH PHONE MESSAGES, TEXT MESSAGES OR EMAILS.**

17. <u>Limits on Interest, Fees, Charges, or Costs</u> – If a law which applies to this loan and which sets maximum limits on interest, fees, charges, or costs is finally interpreted so that the interest, fees, charges, or costs collected or to be collected in connection with this loan exceed permitted limits, then:

a) any such interest, fees, charges, or costs shall be reduced by

CONFIDENTIAL

NAV050000310
NAVHOM01085322

the amount necessary to comply with the permitted limits; and b) any sums already collected from me which exceed permitted limits will be refunded to me. You may choose to make this refund by reducing the amounts I owe under this Note.

18. <u>Photocopy, Facsimile, Electronic or Other Copy</u> – A photocopy, facsimile, electronic or other copy of the Disclosure, this Note or any Cosigner Notice or Notice to Married Wisconsin Residents shall have the same effect for all purposes as the original and a photocopy, facsimile, electronic or other copy of my signature on the Disclosure, this Note or any Cosigner Notice or Notice to Married Wisconsin Residents shall be binding on me.

## Q. CERTIFICATIONS, AUTHORIZATIONS AND CONSENT TO INFORMATION SHARING

1. <u>Certification</u> – I certify that the information contained on pages one, two and three of the attached application is true, complete and correct to the best of my knowledge and belief and is made in good faith, that I am eligible for this loan and that I will repay it according to the terms of this Note. I understand and agree that my Lender is listed on page three of the attached application. In accordance with the disbursement schedule established by you, I authorize you to issue a check payable to me.

2. <u>Qualified Education Loan Not Dischargeable In Bankruptcy</u> – I certify that this loan is a qualified education loan as described in Section 221(d)(1) of the Internal Revenue Code of 1986, 26 U.S.C. §221 (d)(1), and that therefore this loan is not dischargeable in bankruptcy except pursuant to 11 U.S.C. §523 (a)(8). I understand that I must immediately repay any funds that I receive which cannot reasonably be attributed to meeting the student's qualified higher education expenses related to attendance at the School.

3. <u>Authorization</u> – I authorize the School and any custodian of the School's records to release to you, the U.S. Department of Education, the guarantor, if any, or their agents, any requested information pertinent to this loan (e.g., employment, enrollment status, current address) and to advise you whether I am eligible for a future loan. I authorize you, your affiliates, your agents, and the guarantor or its agents, if any, to check my credit and employment history, and to request and receive from others credit-related information about me, for this loan, for any future loans that may be offered to me, for any updates, renewals or extensions of this loan or any future loans that may be offered to me, for any hardship forbearance of this loan or any future loans that may be requested by me, and for any review or collection of this loan or any future loans that may be offered to me. I also authorize you, your affiliates, your agents, and the guarantor or its agents, if any, to answer questions about your and their credit experience with me, and to release the results of the credit review process to the School or its agents. I further authorize you to release any other information on this loan to the School or its agents, to other schools I have attended for which I have taken out a student loan or their agents, to any subsequent holder of this Note, or its agents, and to the guarantor or its agents, if any. Finally, to the extent permitted by applicable law, I authorize you and your affiliates to share credit and other information about me, as well as copies of the application,

this Note, and the Disclosure, with each other, consumer reporting agencies, and other third parties. I understand that I will receive a privacy policy, and when required, an affiliate-sharing policy, that will advise me of my rights under applicable law.

4. <u>Borrower and Cosigner Consent to Information Sharing</u> – I consent to the sharing of any information about this loan with my parent, guardian, child, spouse or sibling who complies with my procedures unless I revoke this consent or unless prohibited by law.

I understand that I may revoke this consent by contacting the servicer at 1-888-2SALLIE or P.O. Box 9500, Wilkes-Barre, PA 18773-9500.

5. <u>What I Have Read</u> – I also certify that: I have read the materials explaining the loan program that have been provided to me; I have read, understand and agree to the provisions of the program, my responsibilities and my rights under this program, the terms of this Note and this "Certification and Consent to Information Sharing".

## R. CORRECTION OF ERRORS

All parties to this Note agree to fully cooperate and adjust all typographical, computer, calculation or clerical errors discovered in any or all of the loan documents including the Application, Note, Disclosure, any Notice to Cosigner, and any Notice to Married Wisconsin Residents. In the event this procedure is used, all parties involved will be notified and receive a corrected copy of the changed document.

## S. BORROWER/COSIGNER RELEASE

1. <u>Release of Cosigner</u> – I agree that, if a cosigner applicant fails to qualify for this loan, but you approve the application on the basis of the creditworthiness of the borrower and any other cosigner applicant, as applicable, then you may release said cosigner applicant from liability hereunder, but this Note will still bind the borrower and any remaining cosigner, as applicable.

2. <u>Release of Borrower</u> – As cosigner, I agree that if the borrower is released from liability on this loan for any reason, including infancy, I hereby consent to such release and to my continued liability for this loan after such release.

## T. ARBITRATION AGREEMENT

To the extent permitted under federal law, you and I agree that either party may elect to arbitrate – and require the other party to arbitrate – any Claim under the following terms and conditions. This Arbitration Agreement is part of the Tuition Answer Loan Promissory Note ("Note").

1. <u>RIGHT TO REJECT</u> – I may reject this Arbitration Agreement by mailing a signed rejection notice to P.O. Box 147027 Gainesville, FL 32608 within 60 days after the date of my first disbursement. Any Rejection Notice must include my name, address, telephone number and loan or account number.

2. <u>IMPORTANT WAIVERS</u>: If you or I elect to arbitrate a Claim, you and I both waive the right to: (1) have a court or a jury decide the Claim; (2) PARTICIPATE IN A CLASS ACTION IN COURT OR IN ARBITRATION, WHETHER AS A CLASS REPRESENTATIVE, CLASS MEMBER OR OTHERWISE; (3) ACT AS A PRIVATE ATTORNEY GENERAL IN

CONFIDENTIAL

NAV050000311
NAVHOM01085323

COURT OR IN ARBITRATION; OR (4) JOIN OR CONSOLI-DATE CLAIM(S) WITH CLAIMS INVOLVING ANY OTHER PERSON IN COURT OR IN ARBITRATION. **Other rights are more limited in arbitration than in court or are not available in arbitration. The waivers in subsections (2)-(4) above are called the "Class Action and Multi-Party Waivers." The arbitrator shall have no authority to conduct any arbitration inconsistent with the Class Action and Multi-Party Waivers.**

**3. DEFINITIONS:** In this Arbitration Agreement, the following definitions will apply: **"I," "me"** and **"my"** mean each and every Borrower and Cosigner on the Note; the Student on whose behalf the proceeds of the Note have been advanced; and the heirs, executors and assigns of all of the foregoing. **"You," "your"** and **"yours"** mean the Lender; any other subsequent holder of this note; Sallie Mae, Inc.; SLM Financial Corporation; all of their parents, wholly or majority owned sub-sidiaries and affiliates; any predecessors, successors and assigns of these entities; and all officers, directors, employ-ees, agents and representatives thereof. These terms also include any party named as a co-defendant with you in a Claim asserted by me, such as investors or potential investors, credit bureaus, credit insurance companies, closing agents, escrow agents, insurance agents, loan originators, rat-ing agencies, loan servicers, debt collectors, loan guarantors, performance bond trustees, tuition recovery funds, the School, and any of the School's financial aid offices or officers. **"Claimant"** means the party who first asserts a Claim in a lawsuit or arbitration proceeding. **"Administrator"** means, as applicable, the **American Arbitration Association**, 335 Madison Avenue, New York, NY 10017, www.adr.org, (800) 778-7879, or the **National Arbitration Forum**, P.O. Box 50191, Minneapolis, MN 55405, www.arb-forum.com, (800) 474-2371, provided that the Administrator must not have in place a formal or informal policy that is inconsistent with and purports to override the terms of this Arbitration Agreement. The National Arbitration Forum will be the Administrator unless: (a) you and I agree otherwise; (b) I am the Claimant and I initiate an arbitration before the American Arbitration Association; or (c) I assert a Claim in court, you elect to arbi-trate the Claim and I give you written notice that I am select-ing the American Arbitration Association as Administrator within 20 days thereafter (or, if I dispute your right to require arbitration of my Claim, I select the American Arbitration Association as Administrator within 20 days after that dispute is finally resolved).

**4. "Claim"** means any legal claim, dispute or controversy between you and me that arises from or relates in any way to this Note, including any dispute arising before the date of this Arbitration Agreement and any dispute relating to: (1) the imposition or collection of principal, interest, attorneys' fees, collection costs or other fees or charges relating to this Note; (2) other provisions of this Note; (3) any application, disclo-sure or other document relating in any way to this Note or the transactions evidenced by this Note; (4) any insurance or other service or product offered or made available by or through you in connection with this Note, and any associated fees or charges; and (5) your methods of soliciting my busi-ness; and (6) any documents, instruments, advertising or pro-motional materials that contain information about this Note or

any associated insurance or other service or product. This includes, without limitation, disputes concerning the validity, enforceability, arbitrability or scope of this Arbitration Agreement or this Note; disputes involving alleged fraud or misrepresentation, breach of contract or fiduciary duty, negli-gence or other torts, or violation of statute, regulation or com-mon law. It includes disputes involving requests for injunctions or other equitable relief. However, "Claim" does not include any individual action brought by me in small claims court or my state's equivalent court, unless such action is transferred, removed, or appealed to a different court. **Also, "Claim" does not include any challenge to the validity and effect of the Class Action and Multi-Party Waivers, which must be decided by a court.**

If there is an arbitration agreement in place (a "Prior Arbitration Agreement") governing a prior promissory note to you (a "Prior Note"), "Claim" also includes all disputes relating to the Prior Note. If I do not reject this Arbitration Agreement, any such Claim will be governed by this Arbitration Agreement rather than the Prior Arbitration Agreement. If I reject this Arbitration Agreement, the Claim will be governed by the Prior Arbitration Agreement, provided that, if I never had the chance to reject the Prior Arbitration Agreement and no demand for arbitration has been previously made, my rejection of this Arbitration Rejection will also serve as my rejection of the Prior Arbitration Agreement.

**5. STARTING AN ARBITRATION:** To initiate an arbitration, you or I must give written notice of an election to arbitrate. This notice may be given after a lawsuit has been filed and may be given in papers or motions in the lawsuit. If such a notice is given, the Claim shall be resolved by arbitration under this Arbitration Agreement and the applicable rules of the Administrator then in effect. The arbitrator will be selected under the Administrator's rules, except that the arbitrator must be a lawyer with at least ten years of experience or a retired judge, unless you and I agree otherwise.

**6. LOCATION AND COSTS:** Any arbitration hearing that I attend will take place in a location that is reasonably convenient to me. You will consider (and generally honor) any good faith request to bear the fees charged by the Administrator and the arbitrator. Each party must normally pay the expense of that party's attor-neys, experts and witnesses, regardless of which party prevails in the arbitration. Despite the foregoing, you will pay all such fees if I prevail in an arbitration where I am the Claimant (even if you are not required to pay such fees under applicable law) and all such fees you are required to bear: (a) under applicable law; or (b) in order to enforce this Arbitration Agreement.

**7. DISCOVERY; GETTING INFORMATION:** Either party may obtain from the other party prior to the hearing any information available under the Administrator's rules or any relevant informa-tion the arbitrator determines should in fairness be made avail-able.

**8. EFFECT OF ARBITRATION AWARD:** Any state or federal court with jurisdiction and venue may enter an order enforcing this Arbitration Agreement enter judgment upon the arbitrator's award and/or take any action authorized under the Federal Arbitration Act, 9 U.S.C. §§1 et seq. (the "FAA"). For any arbi-tration-related proceedings in which courts are authorized to take actions under the FAA, each party hereto expressly con-

CONFIDENTIAL

NAV050000312
NAVHOM01085324

sents to the non-exclusive jurisdiction and venue of any state court of general jurisdiction or any state court of equity that is reasonably convenient to me, provided that the parties to any such judicial proceeding shall have the right to initiate such proceeding in federal court or remove the proceeding to federal court if authorized to do so by applicable federal law. The arbitrator's award will be final and binding, except for: (1) any appeal right under the FAA; and (2) Claims involving more than $50,000. For Claims involving more than $50,000 (including claims where the cost of any requested injunctive or declaratory relief would potentially exceed $50,000), any party may appeal the award to a three-arbitrator panel appointed by the Administrator, which will reconsider de novo any aspect of the initial award that is appealed. The panel's decision will be final and binding, except for any appeal right under the FAA. Except as provided in Paragraph 6 above, the appealing party will pay the Administrator's and arbitrator's costs of the appeal.

9. **GOVERNING LAW:** This Arbitration Agreement is made pursuant to a transaction involving interstate commerce and shall be governed by the FAA, and not by any state law concerning arbitration. The arbitrator shall follow applicable substantive law to the extent consistent with the FAA, applicable statutes of limitation and applicable privilege rules, and shall be authorized to award all remedies permitted by applicable substantive law, including, without limitation, compensatory, statutory and punitive damages (subject to constitutional limits that would apply in court), declaratory, injunctive and other equitable relief, and attorneys' fees and costs. Upon the timely request of either party, the arbitrator shall write a brief explanation of the basis of his or her award. The arbitrator will follow rules of procedure and evidence consistent with the FAA, this Arbitration Agreement and the Administrator's rules.

10. **SURVIVAL, SEVERABILITY, PRIMACY:** This Arbitration Agreement shall survive my full payment of the Note; your sale or transfer of the Note; any legal proceeding to collect a debt owed by me; any bankruptcy or insolvency; any Forbearance or Modification granted pursuant to the Note; any cancellation, or request for cancellation, of the Note or of any or all disbursements under the Note; and any change in the school enrollment status of the Student. If any portion of this Arbitration Agreement cannot be enforced, the rest of the Arbitration Agreement will continue to apply, provided that the entire Arbitration Agreement (other than this sentence) shall be null and void with respect to any Claim asserted on a class, representative or multi-party basis if the Class Action and Multi-Party Waivers are held to be invalid, subject to any right to appeal such holding. In the event of any conflict or inconsistency between this Arbitration Agreement and the Administrator's rules or the Note, this Arbitration Agreement will govern.

11. **NOTICE OF CLAIM; RIGHT TO RESOLVE; SPECIAL PAYMENT:** Prior to initiating, joining or participating in any judicial or arbitration proceeding, whether individually, as a class representative or participant or otherwise, regarding any Claim, the party asserting the Claim (the "Claimant") shall give the other party written notice of the Claim (a "Claim Notice") and a reasonable opportunity, not less than 30 days, to resolve the Claim. Any Claim Notice I send must include my name, address, telephone number and loan or account number. Any Claim Notice must explain the nature of the Claim and the relief that is demanded. I may only submit a Claim Notice on my own behalf and not on behalf of any other party. The Claimant must reasonably cooperate in providing any information about the Claim that the other party reasonably requests. If: (i) I submit a Claim Notice in accor-

dance with this paragraph on my own behalf (and not on behalf of any other party); (ii) you refuse to provide the relief I request; and (iii) an arbitrator subsequently determines that I was entitled to such relief (or greater relief), the arbitrator shall award me at least $5,100 (not including any arbitration fees and attorneys' fees and costs to which I may be entitled under this Arbitration Agreement or applicable law).

13

CONFIDENTIAL

NAV050000313
NAVHOM01085325

Cosigner: Please sign, date and return to:
Sallie Mae, Private Loan Processing, P.O. Box 9560, Wilkes-Barre, PA 18773-9560
Retain a copy for your records.

**Name of Lender:** SALLIE MAE BANK, MURRAY, UT

**Name of Loan Program:** Tuition Answer Loan

**Loan confirmation#:** _____

---

### NOTICE TO CALIFORNIA COSIGNER
#### (Traducción en Inglés Se Requiere Por La Ley)

You are being asked to guarantee this debt. Think carefully before you do. If the borrower doesn't pay the debt, you will have to. Be sure you can afford to pay if you have to, and that you want to accept this responsibility.

You may have to pay up to the full amount of the debt if the borrower does not pay. You may also have to pay late fees or collection costs, which increase this amount.

The creditor can collect this debt from you without first trying to collect from the borrower. The creditor can use the same collection methods against you that can be used against the borrower, such as suing you, garnishing your wages, etc. If this debt is ever in default, that fact may become a part of *your* credit record.

This notice is not the contract that makes you liable for the debt.

I have received a copy of this notice.

_____    _____
Signature of Cosigner                                                                                Date

_____
Printed name of Cosigner

### AVISO PARA EL FIADOR DE CALIFORNIA
#### (Spanish Translation Required by Law)

Se le está pidiendo, que garantice esta deuda. Piénselo con cuidado antes de ponerse de acuerdo. Si la persona que ha pedido este préstamo no paga la deuda, usted tendrá que pagarla. Esté seguro de que usted podrá pagar si sea obligado a pagarla y de que usted desea aceptar la responsabilidad.

Si la persona que ha pedido el préstamo no paga la deuda, es posible que usted tenga que pagar la suma total de la deuda, mas los cargos por tardarse en el pago o el costo de cobranza, lo cual aumenta el total de esta suma.

El acreedor (financiero) puede cobrarle a usted sin, primeramente, tratar de cobrarle al deudor. Los mismos metodos de cobranza que pueden usarse contra el deudor, podran usarse contra usted, tales como presentar una demanda en corte, quitar parte de su sueldo, etc. Si alguna vez no se cumpla con la obligación de pagar esta deuda, se puede incluir esa información en la historia de credito *de usted*.

Este aviso no es el contrato mismo en que se le echa a usted la responsabilidad de la deuda.

Recibi una copia de este aviso.

_____    _____
Firma de Fiador                                                                                      Fecha

_____
Escribir Nombre de Fiador

V0308

CONFIDENTIAL

NAV050000314
NAVHOM01085326

Cosigner:  Please sign, date and return to:

Sallie Mae, Private Loan Processing, P.O. Box 9560, Wilkes-Barre, PA 18773-9560

Retain a copy for your records.

---

### NOTICE TO COSIGNER For COLORADO RESIDENTS

You are being asked to guarantee this debt. Think carefully before you do. If the Borrower doesn't pay the debt, you will have to. Be sure you can afford to pay it if you have to, and that you want to accept this responsibility.

You may have to pay up to the full amount of the debt if the Borrower does not pay. You may also have to pay late fees or collection costs, which increase this amount.

The creditor can collect this debt from you without first trying to collect from the Borrower. The creditor can use the same collection methods against you that can be used against the Borrower, such as suing you, garnishing your wages, etc. If this debt is ever in default, that fact may become a part of *your* credit record.

This notice is not the contract that makes you liable for the debt.

---

### IDENTIFICATION OF DEBT YOU MAY HAVE TO PAY

|  |  |
|---|---|
|  | SALLIE MAE BANK, MURRAY, UT |
| (Name of Borrower) | (Name of Lender) |
| Tuition Answer Loan | $ Will be disclosed to you |
| (Name of Loan Program) | (Total of Payments) |

Loan Confirmation # _____

I have kept a completed copy of this notice and the Promissory Note that obligates me and the Borrower on this debt.

_____     _____
Signature of Cosigner                              Date

_____
Printed Name of Cosigner

V.0308

NAV050000315
NAVHOM01085327

Cosigner:  Please sign, date and return to:

Sallie Mae, Private Loan Processing, P.O. Box 9560, Wilkes-Barre, PA 18773-9560

Retain a copy for your records.

---

## NOTICE TO COSIGNER – SUPPLEMENT TO APPLICATION AND PROMISSORY NOTE for IOWA, NEW YORK and SOUTH CAROLINA RESIDENTS

You agree to pay the debt identified below, although you may not personally receive any property, services, or money. You may be sued for payment, although the person who receives the property, services, or money is able to pay. You should know that the Total of Payments listed below does not include finance charges resulting from delinquency, late charges, repossession or foreclosure costs, court costs, or attorney's fees, or other charges that are stated in the note. You will also have to pay some or all of these costs and charges, if the note that you are guaranteeing requires the Borrower to pay such costs and charges and if permitted by applicable law. You will receive a disclosure of the Total of Payments when the loan is disbursed.

**This notice is not the note that obligates you to pay the debt.**

Read the promissory note for the exact terms of your obligation.

### IDENTIFICATION OF DEBT YOU MAY HAVE TO PAY

|  |  |
|---|---|
| _____ | SALLIE MAE BANK, MURRAY, UT |
| (Name of Borrower) | (Name of Lender) |
| Tuition Answer Loan | $ Will be disclosed to you |
| (Name of Loan Program) | (Total of Payments) |

Loan Confirmation # _____

I have kept a completed copy of this notice and the Promissory Note that obligates me and the Borrower on this debt.

_____    _____
Signature of Cosigner                Date

_____
Printed Name of Cosigner

V.0308

NAV050000316
NAVHOM01085328

Cosigner:  Please sign, date and return to:

Sallie Mae, Private Loan Processing, P.O. Box 9560, Wilkes-Barre, PA 18773-9560

Retain a copy for your records.

## NOTICE TO COSIGNER For WEST VIRGINIA RESIDENTS

You are being asked to guarantee this debt. Think carefully before you do. If the Borrower doesn't pay the debt, you will have to. Be sure you can afford to pay it if you have to, and that you want to accept this responsibility.

You may have to pay up to the full amount of the debt if the Borrower does not pay. You may also have to pay late fees or collection costs, which increase this amount.

The creditor can collect this debt from you without first trying to collect from the Borrower. The creditor can use the same collection methods against you that can be used against the Borrower, such as suing you, garnishing your wages, etc. If this debt is ever in default, that fact may become a part of *your* credit record.

This notice is not the contract that makes you liable for the debt.

## IDENTIFICATION OF DEBT YOU MAY HAVE TO PAY

|  |  |
|---|---|
|  | SALLIE MAE BANK, MURRAY, UT |
| (Name of Borrower) | (Name of Lender) |
| Tuition Answer Loan | $ Will be disclosed to you |
| (Name of Loan Program) | (Amount of Loan) |

Loan Confirmation # _____

I have kept a completed copy of this notice and the Promissory Note that obligates me and the Borrower on this debt.

_____     _____
Signature of Cosigner                              Date

_____
Printed Name of Cosigner

V.0308

NAV050000317
NAVHOM01085329

Cosigner:  Please sign, date and return to:

Sallie Mae, Private Loan Processing, P.O. Box 9560, Wilkes-Barre, PA 18773-9560

Retain a copy for your records.

---

### NOTICE TO COSIGNER For WISCONSIN RESIDENTS

#### EXPLANATION OF PERSONAL OBLIGATION

You have agreed to pay the total of payments under a consumer credit transaction between the Borrower and Lender named below.

You will be liable and fully responsible for payment of the loan even though you will not receive the education or loan funds.

You may be sued in court for the payment of the amount due under this consumer credit transaction even though the Borrower may be working or have funds to pay the amount due.

This Explanation is not the agreement under which you are obligated, and the Promissory Note you have executed must be consulted for the exact terms of your obligations.

---

#### IDENTIFICATION OF DEBT YOU MAY HAVE TO PAY

_____      SALLIE MAE BANK, MURRAY, UT
(Name of Borrower)                           (Name of Lender)

Tuition Answer Loan                          $ Will be disclosed to you
(Name of Loan Program)                       (Amount of Loan)

Loan Confirmation # _____

I have kept a completed copy of this notice and the Promissory Note that obligates me and the Borrower on this debt.

_____  _____
Signature of Cosigner              Date

_____
Printed Name of Cosigner

V.0308

---

CONFIDENTIAL

NAV050000318
NAVHOM01085330

If the Borrower and/or Cosigner is a married Wisconsin resident, their spouse must sign, date and return to:

Sallie Mae, Private Loan Processing, P.O. Box 9560, Wilkes-Barre, PA 18773-9560

Retain a copy for your records.

## NOTICE TO MARRIED WISCONSIN RESIDENTS

Spouses of married Wisconsin residents must read the Note and then sign below to acknowledge having actual knowledge of the credit being extended under this Note and having waived the notice requirements of Wisconsin Statute Section §766.56(3)(b).

☐ **Borrower Married**

_____
Printed name of WI Borrower

_____
Printed name of WI Borrower's Spouse

_____
Loan confirmation number

_____
Signature of Borrower's Spouse               Date

☐ **Cosigner Married**

_____
Printed name of WI Cosigner

_____
Printed name of WI Cosigner's Spouse

_____
Loan confirmation number

_____
Signature of Cosigner's Spouse               Date

**SALLIE MAE BANK, MURRAY, UT**
_____
Name of Lender

**Tuition Answer Loan**
_____
Name of Loan Program

V.0308

CONFIDENTIAL

NAV050000319
NAVHOM01085331