# Exhibit K

to

Declaration of George F. Carpinello

Case 1-17-01085-ess   Doc 270-11   Filed 05/08/20   Entered 05/08/20 16:04:29

# Tuition Answer Loan Application 2006-2007

*Correction fluid may not be used on the application.*

## Borrower information

| HOMAIDAN | HELAL | K | | 6 |
|---|---|---|---|---|
| Last name | First name | MI | Suffix (Jr., III) | Social Security number |

Permanent street address *(If your permanent street address is a P.O. Box, you must complete the physical street address section below.)* — Apt — Years at address

| | | | US | | STUDENT |
|---|---|---|---|---|---|
| City | State | Zip Code | Country Code | Date of birth | Relationship to student |

Physical street address *(If different from permanent address)* — Apt

| | | | US | |
|---|---|---|---|---|
| City | State | Zip Code | Country Code | |

| 1 | | | 1 | | |
|---|---|---|---|---|---|
| Country Prefix | Area Code Telephone Number | Extension | Country Prefix | Area Code Telephone Number | Extension |
| Permanent telephone number | | | Mobile/cellular telephone number | | |

E-mail address

**OTHER**
Name of employer

| OTHER | 02 | 01 | 1 | 857 | 204-4021 | | $ 5,000 |
|---|---|---|---|---|---|---|---|
| Occupation | Years | Months at present employer | Country Prefix | Area Code | Telephone Number | Extension | Gross annual salary *(Documentation required, see page 1.)* |

| How often paid? | ☐ weekly | ☐ bi-weekly | ☐ twice monthly | ☒ monthly | $ 6,000 Additional income | OTHER Source of additional income | *Alimony, child support, or separate maintenance income need not be revealed if you do not wish to have it considered as a basis for repaying this loan.* |

Monthly payment amount
$ 0  Rent  or  $ ____  Mortgage  Name of mortgage holder

## Borrower citizenship information

☒ YES, I am a U.S. citizen  ☐ NO, I am not a U.S. citizen but I am an eligible permanent resident  ☐ NO, I am NOT a U.S. citizen or permanent resident  *(See page 1, Who is eligible for Tuition Answer?)*

## Student borrower information

| HOMAIDAN | HELAL | K | | 6 |
|---|---|---|---|---|
| Last name | First name | MI | Suffix (Jr., III) | Social Security number |

Permanent street address *(If your permanent street address is a P.O. Box, you must complete the physical street address section below.)* — Apt — Years at address

| | | | US | |
|---|---|---|---|---|
| City | State | Zip Code | Country Code | Date of birth |

Physical street address *(If different from permanent address)* — Apt

| | | | US | |
|---|---|---|---|---|
| City | State | Zip Code | Country Code | |

| 1 | | | 1 | | |
|---|---|---|---|---|---|
| Country Prefix | Area Code Telephone Number | Extension | Country Prefix | Area Code Telephone Number | Extension |
| Permanent telephone number | | | Mobile/cellular telephone number | | |

E-mail address

## Student borrower citizenship information

☒ YES, I am a U.S. citizen  ☐ NO, I am not a U.S. citizen but I am an eligible permanent resident  ☐ NO, I am NOT a U.S. citizen or permanent resident  *(See page 1, Who is eligible for Tuition Answer?)*

## College information

| EMERSON COLLEGE | BOSTON | MA |
|---|---|---|
| College name | College city | State |

For the academic period from 09 / 2006 to 12 / 2006  Anticipated graduation date 05 / 2007  Enrollment: ☐ Full time  ☐ Half time  ☐ Less than half time

Grade Level
Undergraduate  ☐ Freshman  ☐ Sophomore  ☐ Junior  ☒ Senior  ☐ 5th Year and beyond  Graduate  ☐ 1st Year  ☐ 2nd Year  ☐ 3rd Year  ☐ Beyond 3rd Year

APPLICATION PAGE ONE  Continue to page two ➔➔➔

Mail to: Sallie Mae, Private Loan Processing, 50 Braintree Hill Park, Suite 300, Braintree, MA 02184

*Tuition Answer Loan Application and Promissory Note 2006-2007*

CONFIDENTIAL
NAVHOM02000031

*a relative, friend, co-worker, etc. who is not living with you.*
*Student, borrower, or cosigner cannot be listed as a reference.*

_____ _____ ___ _____
Last name                    First name                   MI  Suffix (Jr., III)

_____ ____  1 ___ _____ _____
Permanent street address (P.O. Boxes not accepted)  Apt   Country Prefix Area Code Telephone Number Extension
                                                          Permanent telephone number

_____ _____ _____   US      FRIEND
City       State Zip Code   Country Code  Relationship to borrower

*Reference 2:*

_____ _____ ___ _____
Last name                    First name                   MI  Suffix (Jr., III)

_____ ____  1 ___ _____ _____
Permanent street address (P.O. Boxes not accepted)  Apt   Country Prefix Area Code Telephone Number Extension
                                                          Permanent telephone number

_____ _____ _____   US      FRIEND
City       State Zip Code   Country Code  Relationship to borrower

## Cosigner information  *If no cosigner, leave this section blank.*

_____ _____ ___ _____ _____
Last name                    First name                   MI  Suffix (Jr., III)  Social Security number

_____  ____  _____
Permanent street address (If your permanent street address is a P.O. Box, you must complete the physical street address section below.)  Apt  Years at address

_____ _____ _____   US            _____  _____
City       State Zip Code   Country Code  Date of birth   Relationship to student

_____  ____
Physical street address (If different from permanent address)  Apt

_____ _____ _____   US
City       State Zip Code   Country Code

___ _____ _____ _____   ___ _____ _____ _____
Country Prefix Area Code Telephone Number Extension   Country Prefix Area Code Telephone Number Extension
Permanent telephone number                            Mobile/cellular telephone number

_____
E-mail address

_____
Name of employer

                                                                          $_____
_____ _____ ___ _____ _____ _____   Gross annual salary
Occupation Years Months Country Prefix Area Code Telephone Number Extension  (Documentation
           at present  Work telephone number                                required, see page 1.)
           employer

How often paid?  ☐ weekly  ☐ bi-weekly  ☐ twice monthly  ☐ monthly  $_____ _____   *Alimony, child support, or separate*
                                                                   Additional income  Source of          *maintenance income need not be revealed*
                                                                                      additional income  *if you do not wish to have it considered*
                                                                                                         *as a basis for repaying this loan.*

Monthly payment amount

$_____ __ $_____ _____
Rent        or Mortgage    Name of mortgage holder

## Cosigner citizenship information

☐ YES, I am a U.S. citizen  ☐ NO, I am not a U.S. citizen but I am an eligible permanent resident  ☐ NO, I am NOT a U.S. citizen or permanent resident  (See page 1. Who is eligible for Tuition Answer?)

### Loan request information

$ 5,800.00 — Amount may be from $1,500 up to $40,000, (depending on the type of school, and may not exceed the estimated cost of attendance). The lender will add the supplemental fee to your requested loan amount. If any borrower changes the loan amount, all borrowers must initial this field.

Anticipated use of Tuition Answer Loan funds: (dollar allocation)  $ ~~5800~~ 4800 (HH) Tuition, Fees, Room, Board (paid directly to school)    $ 1,000.00 (HH) Other Expenses (educational expenses not paid directly to the institution)

### Loan options

Repayment options check one  ☐ Pay principal and interest while in school  ☐ Pay only interest while in school  ☒ Defer principal and interest while in school

If you do not make a choice, you will pay only interest while in school. Deferment of payments will result in higher fees. Loan repayment option may not be changed after disbursement.

### Signatures — All borrowers must sign below.

I understand that I am not required to fax my signature on this Application/Promissory Note to the Lender. If I choose to fax my signature on this Application/Promissory Note to the Lender, I intend: (i) my fax signature to be binding on me and to be an electronic signature under applicable federal and state law, (ii) the fax printout received by the Lender to be an original document, (iii) to conduct business with the Lender by electronic records and electronic signatures, and (iv) that this Application/Promissory Note will not be governed by Article 3 or Article 9 of the Uniform Commercial code.

Notice to ALL BORROWERS
(a) Do not sign this before you read the Promissory Note even if otherwise advised.
(b) Do not sign this if it contains any blank spaces.
(c) You are entitled to an exact copy of any agreement you sign.
(d) You have the right at any time to pay in advance the unpaid balance due under this agreement without penalty and you may be entitled to a partial refund of the finance charge.

I declare that the information provided above is true and complete to the best of my knowledge and belief. I have read and agree to the terms of the Promissory Note accompanying this application.

I, THE COSIGNER HAVE READ THE APPLICABLE COSIGNER NOTICE.

Promise to pay: Jointly and severally with the other signers below, I promise to pay the lender or any other holder of this loan all sums disbursed under the terms of the Promissory Note, plus interest and all other charges that may become due. The terms and conditions set forth in the Promissory Note constitute the entire agreement between us.

CAUTION — IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT.

_/s/ Helal Honnaidan_  | Helal Honnaidan  | 8/30/06
Borrower signature  | Please print full name  | Date

_/s/ Helal Honnaidan_  | Helal Honnaidan  | 8/30/06
Student borrower signature  | Please print full name  | Date

_____  | _____  | _____
Cosigner signature  | Please print full name  | Date

### Lender use only

TA_WEB   002146   965192
Source code   School code   Pre-approval code

Sallie Mae Bank, Murray, UT   c/o Sallie Mae, 50 Braintree Hill Park, Suite 300, Braintree, MA 02184
Originating lender

Cosigner(s): Please read your state-specific notice, then, if applicable, sign, date and return it to: Sallie Mae, Tuition Answer Loan Processing, 50 Braintree Hill Park, Suite 300, Braintree, MA 02184. Retain a copy for your records.

Wisconsin Borrower(s) and Cosigner(s): If you are married, your spouse must read the notice to married Wisconsin residents and sign, date and return it to: Sallie Mae, Tuition Answer Loan Processing, 50 Braintree Hill Park, Suite 300, Braintree, MA 02184. Retain a copy for your records.

APPLICATION PAGE THREE

©2006 Sallie Mae
V06.04.24
Tuition Answer Loan Application and Promissory Note 2006-2007
CONFIDENTIAL    NAVHOM02000033

# Promissory Note

In this Promissory Note ("Note") the words "I", "me", "my", "mine" and "we" mean the borrower, student borrower and cosigner(s), unless the language specifically refers to only one or the other. "You", "your" and "yours" means the lender as listed on page three of the application and any subsequent holder of this Note.

**A. PROMISE TO PAY**
I promise to pay to your order according to the terms below: the sum of the Loan Amount Requested to the extent it is advanced to me, or on my behalf, which includes the Supplemental Fee (together the "Loan Amount"); other interest, fees and charges accrued or Capitalized on the Loan Amount as described in this Note; and, in the event of Default, reasonable attorneys' fees, court costs and collection agency fees to the extent permitted by law.

**B. DEFINITIONS**
1. Interim Period - The "Interim Period" will begin on the Disbursement Date. The Interim Period will end 4 1/2 years after the Disbursement Date or 6 months after the student graduates or drops below half time enrollment at an eligible school, whichever is earlier.
2. Repayment Period - The "Repayment Period" will begin on the day after the Interim Period ends, or earlier if elected (see Section D. Terms of Repayment) and will continue for up to 360 months after the first principal and interest payment is due, until the loan is paid in full.
3. Capitalized Interest and Other Amounts - From time to time, interest, fees or charges due and not yet paid may be added, without notice, to the principal amount of the loan as provided in this Note. This addition is called "capitalizing" and such amounts are considered to be "Capitalized." Since interest accrues on the outstanding principal balance, capitalizing increases the total cost of the loan.
4. Default - You may declare my loan in default following an event described in Section K. End to Interim Period; Whole Loan Due; Rate After Default except as follows:
– IDAHO, IOWA, KANSAS, MAINE and SOUTH CAROLINA RESIDENTS ONLY: I will be in default if I fail to make a payment as required by this Note (or within 10 days of the time required by this Note, for Iowa residents), or if the prospect of my payment or performance is significantly impaired. The burden of establishing the prospect of significant impairment is on you.
– WISCONSIN RESIDENTS ONLY: I will be in default (a) if I permit to be outstanding an amount exceeding one full payment which has remained unpaid for more than 10 days after its scheduled due date or deferred due date, or I fail to pay the first payment or the last payment within 40 days of its scheduled due date or deferred due date, or (b) if I fail to observe any other provision of this Note, the breach of which materially impairs my ability to pay the amounts due under the Note.
5. Disbursement Date – The date shown on the first Loan check.

6. Disclosure Statement – The Truth In Lending Disclosure Statement that will be sent prior to the time of the first Disbursement Date and which is hereby incorporated into this Note.
7. Additional Terms - The terms "Interest", "Late Charge", "Supplemental Fee", "Payment Return Fee", "Forbearance Fee", "Modification Fee" and "Collection Costs" are defined in the Note sections so titled. "Variable Rate", "Index", "Prime Rate", and "Margin" are defined under Section C. Interest.

**C. INTEREST**
1. Accrual of Interest - Interest will accrue on the unpaid balance of the Loan from the Disbursement Date until payment in full at the Variable Rate (as defined below). The interest rate will not exceed the maximum allowed by law.
2. Variable Rate - I will pay interest at a Variable Rate equal to the Index plus or minus the percentage identified on my Disclosure Statement (the "Margin"), rounded to the nearest one-fourth of one percent (0.25%). The Variable Rate will change on the first day of each month if the Index changes. The Index is the highest U.S. Prime Rate as published in The Wall Street Journal under the "Money Rates" section on the next to last New York business day of the prior month. A New York business day is defined as any day that is not a Saturday, Sunday, holiday or other day on which banking institutions in New York are authorized or ordered to close by law or executive order.
3. Substitute Index - If The Wall Street Journal is not published or the U.S. Prime Rate is not stated, then the Index will be determined by using the immediately preceding published highest U.S. Prime Rate. If the U.S. Prime Rate ceases to be available, you will choose a comparable substitute.

**D. TERMS OF REPAYMENT**
1. Payment Due Date - My loan payments are due on the date specified by you. All payments must be made in U.S. dollars at the address specified by you.
2. Repayment Election: Pay Principal and Interest While in School - If I elected to pay principal and interest while the student is in school, I agree to repay this loan in consecutive monthly payments of principal and interest with the first payment due within 45 days after the first Disbursement Date.
3. Repayment Election: Pay only Interest While in School - If I elected to pay only interest while the student is in school or I did not make a choice, I will pay only interest on my loan during my Interim Period. I must pay principal and interest in consecutive monthly installments during my Repayment Period.
4. Repayment election: Defer Principal and Interest While in School - If I elected to defer principal and interest payments while the student is in school, I agree to repay this loan in consecutive monthly installments of principal and interest during my Repayment Period. Interest that accrues on my loan during the Interim Period is Capitalized at the start of my Repayment Period.
5. Determining the Repayment Period - When the Interim Period ends, you will determine the Repayment Period for my loan, based on the then outstanding balance of my loan,

CONFIDENTIAL

Tuition Answer Loan Application and Promissory Note 2006-2007

NAVHOM02000034

including any Capitalized interest and other amounts, as follows:

    Outstanding Balance/Repayment Period
    Up to $2,999/up to 4 years
    $3,000 to $3,999/6 years
    $4,000 to $7,499/10 years
    $7,500 to $9,999/15 years
    $10,000 to $39,999/20 years
    $40,000 to $59,999/25 years
    $60,000 and above/30 years

The Repayment Period may change if the interest rate changes (see Section D.7. Interest Rate Changes During Principal and Interest Payment Period). I agree to make monthly payments of principal and interest to repay my loan within the Repayment Period. You will send me statements showing the amounts I must pay.

6. Interest Rate Changes During Interest-Only Payment Period - My monthly statement during periods of interest-only payments will reflect the interest due based on the current rate. If the interest rate increases or decreases during any period when I am required to make interest-only payments, my monthly payment amounts will increase or decrease.

7. Interest Rate Changes During Principal and Interest Payment Period - If the interest rate changes during any period when I am required to make principal and interest payments, my monthly payment amounts will stay the same but I will be required to make more or fewer payments than would otherwise be required, unless my monthly payment is not enough to pay my principal and interest within a Repayment Period of 30 years or twice the period set forth in the table in Section D.5, whichever is less. During any month when there is a decrease from the interest rate in effect at the last payment adjustment, any amount remaining after accrued interest is paid will be applied to principal. During any month when there is an increase from the interest rate in effect at the last payment adjustment, there will be excess interest that is not paid (unless I voluntarily pay such interest). Any interest that remains unpaid will be Capitalized. If the interest rate increases so that my monthly payment is not enough to pay my principal and interest within a Repayment Period of 30 years or twice the period set forth in the table in Section D.5. Determining the Repayment Period, whichever is less, you will increase my monthly payment to an amount that will do so. My statements will reflect any change in my payment amount.

8. Amounts Owing at the End of the Repayment Period - Since interest accrues daily upon the unpaid principal balance of my loan, if I make payments after my payment due dates, I may owe additional principal and interest, fees and charges at the end of the Repayment Period.

9. Minimum Payment; Changing Payments - Notwithstanding any paragraph of this Section, my combined monthly principal and interest payments for all my Tuition Answer Loans will never be less than $50, or the sum of the unpaid balances, whichever is less. If I wish to modify this Note to increase my monthly payment amounts, or to choose a graduated repayment option, if available, I must call 1-888-2SALLIE. A fee may be charged for such modifications, as provided under Section H. Fees for Forbearance or Modification.

10. Payments - Payments will be applied first to Late Charges, then to Payment Return Fees and Collection Costs, then to accrued interest, and the remainder to principal.

Payments in excess of the amount due will advance the next payment due date by the number of whole payments satisfied by the extra funds. (For example, if my payment amount is $100, I am not delinquent and I pay $400 for the month of January, my next payment due date will be May).

11. Payment in Full - **If I wish to make a payment in satisfaction of a disputed amount or balance, I must send it to P.O. Box 3800, Wilkes-Barre, PA 18773-3800 with a letter of explanation.** To the extent permitted by law, you may accept late payments, partial payments, or payments marked "payment in full" or having similar language, without waiving your rights under this Note.

### E. LATE CHARGE
If my payment (or any part of my payment) is more than 15 days late, I will pay a late charge of either $15 or 5% of the amount that is late, whichever is less.

### F. SUPPLEMENTAL FEE
1. Fee at Disbursement - You may charge a Supplemental Fee and capitalize it at the Disbursement Dates of my loan. The amount of this fee, if charged, will be identified on my Disclosure Statement as the Supplemental Fee paid or Prepaid Finance Charge and will be a percentage of the principal balance of my loan.

2. When Earned - I understand and agree that the Supplemental Fee, if any, is earned when assessed and is not subject to rebate if I prepay my loan.

### G. PAYMENT RETURN FEE
If I make a payment and that payment is returned or refused by my bank for any reason, I agree to pay a charge of up to $20.00 for each payment so returned. Such Payment Return Fee may be Capitalized at your option.

### H. FEES FOR FORBEARANCE OR MODIFICATION
1. I may request, and you, at your sole discretion, may grant me a Forbearance under which I may defer regularly scheduled payments for a maximum of 6 months at a time. Interest that accrues and remains unpaid during this period will be Capitalized at the end of the Forbearance. If I request a Forbearance and you grant it, I agree to pay a Forbearance Fee. The fee will be disclosed to me before any such Forbearance and will not exceed the amount then set by the lender for Forbearance.

2. I may request, and you, at your sole discretion, may grant me a Modification of my payment amount. If I request such Modification and you grant it, I agree to pay a Modification Fee. The fee will be disclosed to me before any such Modification and will not exceed the amount then set by the lender for Modification.

### I. CHARGES FOR OPTIONAL SERVICES
If I request and you agree to provide optional services to me in connection with my loan, you may charge me and I agree to pay the fees for such services. The fee will be disclosed to me before I accept any such service and will not exceed the amount then set by the lender for each service. Optional services may include, but are not limited to: (a) allowing me to make an expedited payment on my loan; (b) sending documents to me by express delivery or facsimile transmission.

**J. RIGHT TO PREPAY**
I have the right to prepay all or any part of my loan at any time without penalty.

**K. END OF INTERIM PERIOD; WHOLE LOAN DUE; RATE AFTER DEFAULT**
Subject to Section B.4. Default, you have the right to cease to make further disbursements to me and to give me notice that the Interim Period will end at once and the Repayment Period will begin immediately or to give me notice that the whole outstanding principal balance, accrued interest, and all other amounts payable to you under the terms of this Note are due and payable at once if:
1. I fail to make any payment to you when due; or
2. I fail to provide a notice required in Section M.1 Notices/Change in My Information on time; or
3. I break any of my other promises in this Note; or
4. Any bankruptcy proceeding is begun by or against me and not dismissed within 60 days, or I assign any of my assets to or for the benefit of my creditors; or
5. I make any false written statement in applying for this loan or at any time during the Interim Period or Repayment Period; or
6. I die or any cosigner dies; or
7. I am in Default on any loans I may already have with you, or on any loans I may have with you in the future.

You have these rights even if the listed event occurs during the Interim Period. In addition, if any of the listed events occur, I will be required to pay interest on this loan accruing afterwards at the Variable Rate applicable to this loan prior to such event plus 2%. The Variable Rate will be subject to adjustment in the same manner as before.

**L. COLLECTION COSTS**
Unless prohibited by applicable law, I agree to pay you all amounts, including reasonable attorneys' fees, and collection agency, court and other collection costs that you incur in enforcing the terms of this Note (collectively, "Collection Costs"). The Collection Costs that I agree to pay also include fees and costs incurred in connection with any appellate or bankruptcy proceedings.

**M. NOTICES**
1. Change in My Information - I will send written notice to you, or any subsequent holder of this Note, within 10 days after any change in my name, address or telephone number or School enrollment status.
2. When Effective - Any notice required to be given to me by you will be effective when mailed to the latest address you have for me.
3. Reports to Credit Bureau - **You may report information about my account to any credit bureaus. Late payments, missed payments, or other defaults on my account may be reflected in my credit bureau report.**
4. Not Negotiable - This is a non-negotiable consumer note.
5. Federal Notices - I understand that the following notice is required by federal law. [For purposes of this notice, the words "you" and "yours" mean the Cosigner(s) who signed the application, not the lender.]

**NOTICE TO COSIGNER:**
**You are being asked to guarantee this debt. Think carefully before you do. If the borrower doesn't pay the debt, you will have to. Be sure you can afford to pay if you have to, and that you want to accept this responsibility.**
**You may have to pay up to the full amount of the debt if the borrower does not pay. You may also have to pay late fees or collection costs, which increase this amount.**
**The lender can collect this debt from you without first trying to collect from the borrower. The lender can use the same collection methods against you that can be used against the borrower, such as suing you, garnishing your wages, etc. If this debt is ever in default, that fact may become a part of** *your* **credit record.**
**This notice is not the contract that makes you liable for the debt.**

I understand that the following notice is required by federal law and is only applicable to loans issued to finance educational expenses at for-profit educational institutions or institutions otherwise subject to the FTC Holder Rule under 16 C.F.R. §433.2.

**NOTICE:**
**ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

6. State Notices - I understand that the following notices are required by or are necessary under state law and that these notices may not describe all of the rights that I have under state or federal law. Unless otherwise indicated, each notice applies to Borrowers and Cosigners who live in the indicated state on the date that they sign this Note and to Borrowers and Cosigners who are residents of that state.
– CALIFORNIA RESIDENTS ONLY: A married applicant may apply for a separate account.
– CALIFORNIA and UTAH RESIDENTS ONLY: As required by California and Utah law, I am hereby notified that a negative credit report reflecting on my credit record may be submitted to a credit reporting agency if I fail to fulfill the terms of my credit obligations.
– IOWA and KANSAS RESIDENTS ONLY: (For purposes of the following notice to Iowa and Kansas residents, "you" means the borrower and co-borrower, not the lender.) NOTICE TO CONSUMER 1. Do not sign this paper before you read it. 2. You are entitled to a copy of this paper. 3. You may prepay the unpaid balance at any time without penalty and may be entitled to receive a refund of unearned charges in accordance with law.

Tuition Answer Loan Application and Promissory Note 2006-2007

CONFIDENTIAL

NAVHOM02000036

- MARYLAND RESIDENTS ONLY: You elect to make this loan pursuant to Subtitle 10 (Credit Grantor Closed End Credit provisions) of Title 12 of the Maryland Commercial Law Article only to the extent that such provisions are not inconsistent with your authority under federal law (12 U.S.C. §85, §1463(g), or §1831d, as appropriate) and related regulations and interpretations, which authority you expressly reserve.
- MASSACHUSETTS RESIDENTS ONLY: Massachusetts law prohibits discrimination based upon marital status or sexual orientation.
- MISSOURI RESIDENTS ONLY: **ORAL AGREEMENTS OR COMMITMENTS TO LOAN MONEY, EXTEND CREDIT OR FORBEAR FROM ENFORCING REPAYMENT OF DEBT INCLUDING PROMISES TO EXTEND OR RENEW SUCH DEBT ARE NOT ENFORCEABLE. TO PROTECT YOU (BORROWER(S)) AND US (CREDITOR) FROM MISUNDERSTANDING OR DISAPPOINTMENT, ANY AGREEMENTS WE REACH COVERING SUCH MATTERS ARE CONTAINED IN THIS WRITING, WHICH IS THE COMPLETE AND EXCLUSIVE STATEMENT OF THE AGREEMENT BETWEEN US, EXCEPT AS WE MAY LATER AGREE IN WRITING TO MODIFY IT.**
- NEVADA RESIDENTS ONLY: This is a loan for study.
- NEW JERSEY RESIDENTS ONLY: The section headings of the Note are a table of contents and not contract terms. Portions of this Note with references to actions taken to the extent of applicable law apply to acts or practices that New Jersey law permits or requires. In this Note, acts or practices (i) by you which are or may be permitted by "applicable law" are permitted by New Jersey law, and (ii) that may or will be taken by you unless prohibited by "applicable law" are permitted by New Jersey law.
- NEW YORK, RHODE ISLAND and VERMONT RESIDENTS ONLY: I understand and agree that you may obtain a consumer credit report in connection with this application and in connection with any updates, renewals or extensions of any credit as a result of this application. If I ask, I will be informed whether or not such a report was obtained and, if so, the name and address of the agency that furnished the report. I also understand and agree that you may obtain a consumer credit report in connection with the review or collection of any loan made to me as a result of this application or for other legitimate purposes related to such loans.
- OHIO RESIDENTS ONLY: The Ohio laws against discrimination require that all creditors make credit equally available to all creditworthy customers, and that credit reporting agencies maintain separate credit histories on each individual upon request. The Ohio Civil Rights Commission administers compliance with this law.
- VERMONT RESIDENTS ONLY: (For purposes of the following notice to Vermont residents, "your" and "you" means any cosigner, not the lender.) **NOTICE TO COSIGNER: YOUR SIGNATURE ON THIS NOTE MEANS THAT YOU ARE EQUALLY LIABLE FOR REPAYMENT OF THIS LOAN. IF THE BORROWER DOES NOT PAY, THE LENDER HAS A LEGAL RIGHT TO COLLECT FROM YOU.**
- WISCONSIN RESIDENTS ONLY: For married Wisconsin residents, my signature confirms that this loan obligation is being incurred in the interest of my marriage or family. No provision of any marital property agreement, unilateral statement under §766.59 of the Wisconsin Statutes or court decree under §766.70 adversely affects your interest unless, prior to the time that the loan is approved, you are furnished with a copy of the marital property agreement, statement, or decree or have actual knowledge of the adverse provision. My spouse has actual knowledge that this credit is being extended to me and has waived the requirements of Wisconsin Statute §766.56(3)(b), as acknowledged by his or her signature on the Notice to Married Wisconsin Residents.

**N. WHEN BOUND: CANCELLING**

1. I understand that when you accept the attached signed application, you are not agreeing to lend me money, and I am not bound to these credit terms, and that there will be no such agreement until the later of the time of the Disbursement Date or my right to cancel as described in paragraph 2 has expired.

2. Upon receipt of the Disclosure Statement, I will review it and if I am not satisfied with the terms of my loan as approved, I may cancel the Note and all disbursements. To cancel this Note, I must call 1-800-749-9100 within 5 days of the date of the Disclosure Statement and I will not cash the loan check.

**O. ADDITIONAL AGREEMENTS**

1. You have the right to lend an amount less than the Loan Amount Requested or to accept or reject my application. You also have the right to cancel any undisbursed amount if (a) the student ceases to be enrolled (at least half time) at the School or (b) any cosigner notifies you that he or she no longer wants to repay the amount not yet disbursed, or (c) an event occurs as described in Section K End to Interim Period; Whole Loan Due; Rate After Default, or (d) the School ceases to be eligible to participate in the Tuition Answer Loan program. The reasons that the school may cease to be eligible to participate include, but are not limited to, voluntary agreement with you to that effect, loss of eligibility to participate in one or more federally guaranteed student loan programs, and a default rate on federally guaranteed student loans, sometimes referred to as a "cohort default rate," deemed by you, in your sole discretion, to be excessive. I may go to https://tuitionanswer.salliemae.com/TA/welcome.asp to determine whether my School participates at the time I access this web page.

2. You may assign this Note at any time. If this Note is assigned, the assignee will become the owner of this Note and will have all your rights to enforce this Note against me. I may not assign this Note or any of its benefits or any of my obligations. The obligations of this Note will be binding on my estate.

3. **I understand that the lender is located in the State of Utah and this Note will be entered into in the same State.**

Consequently, the provisions of this Note will be governed by federal laws and the laws of that State, to the extent not preempted, without regard to conflict of laws rules.

4.  I understand that if the information on my Disclosure Statement conflicts with this Note, the information on my Disclosure Statement applies.

5. My failure to receive a statement does not relieve me of my obligation to make my required loan payments in accordance with the terms and conditions of this Note.

6. By accepting past due payments you do not waive or affect any right to accelerate this Note. I waive any notice of dishonor, notice of protest, presentment, demand for payment, and all other notices or demands in connection with this Note and consent to the addition of a party who will be liable upon this loan or any other loans I have outstanding under the program, to any and all extensions, renewals, or releases of any party liable upon this loan or any other loans I have outstanding under the program and to any waiver or modification that may be granted by you, all without affecting or releasing any borrower or cosigner from such loans. My responsibility for repaying this loan is not affected by the liability of any other person to you or by your failure to notify me that a payment has not been made.

7. If any provision of this Note is held invalid or unenforceable, that provision shall be considered omitted from this Note without affecting the validity or enforceability of the remainder of this Note.

8. This Note may be modified only if you put the modification in writing and the modification is agreed to by any borrower or cosigner. Any such modification does not require the consent of any other borrower or cosigner and will not affect the validity or enforceability of the remainder of this Note.

9. Your failure to exercise any right hereunder does not constitute a waiver thereof. All waivers must be in writing.

10.  I understand that any communication you are required or permitted under the Federal Bankruptcy Code must in writing, must include my account number, and must be sent to P.O. Box 9400, Wilkes-Barre, PA 18773-9400.

11. I hereby waive all my defenses to this Note based on suretyship.

12. I understand that you may use automated telephone dialing equipment or an artificial or pre-recorded voice message to contact me in connection with this loan or loan application. You may contact me at any telephone number I provide in the application or I provide in the future, even if that number is a cellular telephone number.

13. I acknowledge that I have received a true and exact copy of this Note.

14. A photocopy, facsimile, electronic or other copy of the Disclosure Statement, this Note or any Cosigner Notice shall have the same effect for all purposes as the original and a photocopy, facsimile, electronic or other copy of my signature on the Disclosure Statement, this Note or any Cosigner Notice shall be binding on me.

15. I agree to provide promptly, upon request, any additional information that you may require to identify me, to confirm that I continue to be eligible for this loan, or to confirm that none of the events listed in Section K. End to Interim Period; Whole Loan Due; Rate after Default has occurred.

## P. CERTIFICATION AND CONSENT TO INFORMATION SHARING

1. I certify that the information contained in the application is true, complete and correct to the best of my knowledge and belief and is made in good faith, that I am eligible for this loan and that I will repay it according to the terms of this Note.

2. **I authorize any school that the student may attend to release to you or your agents any requested information pertinent to this loan (e.g., employment, enrollment status, current address) and advise you whether I am eligible for a future loan. I authorize you or your agents to check my credit and employment history for this loan and for future loans that may be offered to me, to answer questions about their credit experience with me, and to release the results of the credit review process to the School.  I further authorize you to release any other information on this loan to the School or to other schools the student has attended for which I have taken out a student loan.**

3. **I authorize you to verify my identity by comparing information provided by me with information obtained from a consumer reporting agency, public database or other source.**

4. **I consent to the sharing of any information about this loan with my parent, guardian, child, spouse or sibling who complies with your procedures unless I revoke this consent or unless prohibited by law. I understand that I may revoke this consent by contacting the servicer at 1-888-2SALLIE or P.O. Box 9500, Wilkes-Barre, PA 18773-9500.**

5. I certify that this loan is a qualified education loan as described in Section 221(d)(1) of the Internal Revenue Code of 1986, 26 U.S.C. §221 (d)(1), and that therefore this loan is not dischargeable in bankruptcy except pursuant to 11 U.S.C. §523 (a)(8).  I understand that I must immediately repay any funds that I receive which cannot reasonably be attributed to meeting the student's qualified higher education expenses related to attendance at the School. I understand that failure to complete the educational program undertaken by the student does not relieve me of any obligation on this Note.

6. I also certify that: I have read the materials explaining the loan program that have been provided to me; I have read, understand and agree to the provisions of the program, my responsibilities and my rights under this program, the terms of this Note and this "Certification and Consent to Information Sharing."

## Q. CORRECTION OF ERRORS

All parties to this Note agree to cooperate fully and adjust all typographical, computer, calculation or clerical errors discovered in any or all of the loan documents including the application, Note and Disclosure Statement. In the event this procedure is used, all parties involved will be notified and receive a corrected copy of the changed document.

## R. BORROWER/COSIGNER/STUDENT RELEASE

I agree that, if a cosigner applicant fails to qualify for this loan, but you approve the application on the basis of the creditworthiness of the student borrower and any other cosigner applicant, or on the basis of the borrower, student borrower, and

Tuition Answer Loan Application and Promissory Note 2006-2007

CONFIDENTIAL

any other cosigner applicant, as applicable, then you may release said cosigner applicant from liability hereunder, but this Note will still bind the student borrower and any remaining cosigner, or the borrower, student borrower, and any remaining cosigner, as applicable. As a borrower or cosigner, I agree that if the student borrower is released from liability on this loan for any reason, including infancy, I hereby consent to such release and to my continued liability for this loan after such release.

**ARBITRATION AGREEMENT**
You and I agree that either party may elect to arbitrate—and require the other party to arbitrate—any Claim under the following terms and conditions. This Arbitration Agreement is part of the Tuition Answer Loan Promissory Note ("Note").

**A. RIGHT TO REJECT:** I may reject this Arbitration Agreement by sending you a rejection notice by certified or registered mail or by messenger service within 60 days after the date of my First Disbursement. Any Rejection Notice must include my name, address, telephone number and loan or account number, and must be sent to Sallie Mae Servicing, PO Box 59030, Panama City, FL 32412.

**B. IMPORTANT WAIVERS AND WARNING:** If you or I elect to arbitrate a Claim, you and I both waive the right to: (1) have a court or a jury decide the Claim; (2) participate in a class action in court or in arbitration, either as a class representative or a class member, or act as a private attorney general in court or in arbitration (the "Class Action Waiver"); (3) join or consolidate Claim(s) with claims involving any other person; or (4) obtain information except as provided herein. WARNING: Other rights are more limited or not available in arbitration.

**C. DEFINITIONS:** In this Arbitration Agreement, the following definitions will apply:
- "I," "me" and "my" mean each and every Borrower and Cosigner on the Note; the Student on whose behalf the proceeds of the Note have been advanced; and the heirs, executors and assigns of all of the foregoing.
- "You," "your" and "yours" mean the Lender; Sallie Mae, Inc.; any Sallie Mae affiliate or subsidiary; all of their parents, wholly or majority owned subsidiaries and affiliates; any predecessors and successors of these entities; and all officers, directors and employees thereof. It also includes any party named as a co-defendant with you in a Claim asserted by me, such as investors or potential investors, credit bureaus, credit insurance companies, closing agents, escrow agents, insurance agents, loan originators, rating agencies, loan servicers, debt collectors, loan guarantors, performance bond trustees, tuition recovery funds, the School, and any of the School's financial aid offices or officers.
- "Administrator" means, as applicable, the American Arbitration Association, 335 Madison Avenue, New York, NY 10017, www.adr.org, (800) 778-7879, or the National Arbitration Forum, P.O. Box 50191, Minneapolis, MN 55405, www.arb-forum.com, (800) 474-2371, provided that the Administrator must not have in place a formal or informal policy that is inconsistent with and purports to override the terms of this Arbitration Agreement.
- "Claim" means any claim, dispute or controversy between you and me that arises from or relates in any way to the Note, including any dispute arising before the date of this Arbitration Agreement and any dispute relating to: (1) the Note and any applications, disclosures and other documents relating in any way to the transactions evidenced by the Note; (2) any insurance or other service or product offered or made available by or through you in connection with the Note, and any associated fees or charges; and (3) any documents, instruments, advertising or promotional materials that contain information about the Note or any associated insurance or other service or product. This includes, without limitation, disputes concerning the validity, enforceability, arbitrability or scope of this Arbitration Agreement or the Note; disputes involving alleged fraud or misrepresentation, breach of contract, negligence or violation of statute, regulation or common law; and disputes involving requests for injunctions or other equitable relief. However, "Claim" does not include any individual action brought by me in small claims court or my state's equivalent court, unless such action is transferred, removed, or appealed to a different court. **"Claim" does not include any challenge to the validity and effect of the Class Action Waiver, which must be decided by a court.**

**D. STARTING AN ARBITRATION:** To initiate an arbitration, you or I must give written notice of an election to arbitrate. This notice may be given after a lawsuit has been filed and may be given in papers or motions in the lawsuit. If such a notice is given, the Claim shall be resolved by arbitration under this Arbitration Agreement and the applicable rules of the Administrator then in effect. I must select the Administrator when I give notice of my election to arbitrate or within 20 days of your notice; otherwise, you will select the Administrator. The arbitrator will be selected under the Administrator's rules, except that the arbitrator must be a lawyer with at least ten years of experience or a retired judge.

**E. LOCATION AND COSTS:** Any arbitration hearing that I attend will take place in a location that is reasonably convenient to me. You will consider (and generally honor) any good faith request by me for you to bear the fees charged by the Administrator and the arbitrator and will always pay the fees if required by applicable law. You will not seek reimbursement from me of fees you are required to pay or agree to pay on my behalf. Each party must pay the expense of that party's attorneys, experts and witnesses, regardless of which party prevails in the arbitration, unless applicable law otherwise provides.

**F. DISCOVERY; GETTING INFORMATION:** Either party may obtain from the other party prior to the hearing any information available under the Administrator's rules or any information the arbitrator determines should be made available.

**G. EFFECT OF ARBITRATION AWARD:** Any court with jurisdiction may enter judgment upon the arbitrator's award. The arbitrator's award will be final and binding, except for: (1) any appeal right under the Federal Arbitration Act, 9 U.S.C. §§1 et seq. (the "FAA"); and (2) Claims involving more than $50,000. For Claims involving more than $50,000, any party may appeal the award to a three-arbitrator panel appointed by the Administrator, which will reconsider de novo any aspect of

the initial award that is appealed. The panel's decision will be final and binding, except for any appeal right under the FAA. Except as provided above under the caption "Location and Costs," the appealing party will pay the Administrator's and arbitrator's costs of the appeal.

**H. GOVERNING LAW:** This Arbitration Agreement is made pursuant to a transaction involving interstate commerce and shall be governed by the FAA, and not by any state law concerning arbitration. The arbitrator shall follow applicable substantive law to the extent consistent with the FAA, applicable statutes of limitation and applicable privilege rules, and shall be authorized to award all remedies permitted by applicable substantive law, including, without limitation, compensatory, statutory and punitive damages (subject to constitutional limits that would apply in court), declaratory, injunctive and other equitable relief, and attorneys' fees and costs. Upon the timely request of either party, the arbitrator shall write a brief explanation of the basis of his or her award.

**I. SURVIVAL, SEVERABILITY, PRIMACY:** This Arbitration Agreement shall survive my full payment of the Note; your sale or transfer of the Note; any legal proceeding to collect a debt owed by me; any bankruptcy or insolvency; any forbearance or modification granted pursuant to the Note; and any cancellation, or request for cancellation, of any or all disbursements under the Note. If any portion of this Arbitration Agreement cannot be enforced, that portion will be severed, and the rest of the Arbitration Agreement will continue to apply, provided that the entire Arbitration Agreement shall be null and void if the Class Action Waiver is held to be invalid with respect to any class or representative Claim, subject to any right to appeal such holding. In the event of any conflict or inconsistency between this Arbitration Agreement and the Administrator's rules or the Note, this Arbitration Agreement will govern; in the event of any conflict or inconsistency between the Administrator's rules and the Note, the Administrator's rules will govern.

---

**IMPORTANT INFORMATION ABOUT PROCEDURES FOR OPENING A NEW ACCOUNT**
Federal law requires all financial institutions to obtain, verify, and record information that identifies each person who opens an account.

What this means for me: When I apply for a student loan, you will ask for my name, address, date of birth, and other information that will allow you to identify me. You may also ask to see my driver's license or other identifying documents.

---

**WARNING: KNOWINGLY MAKING ANY FALSE STATEMENT OR REPORT OR WILLFULLY OVERVALUING ANY PROPERTY FOR THE PURPOSE OF INFLUENCING IN ANY WAY ANY ACTION OF SALLIE MAE BANK ON THE APPLICATION OR ON THE LOAN IS A FEDERAL CRIME PUNISHABLE BY A FINE OF UP TO $1,000,000 OR IMPRISONMENT FOR UP TO 30 YEARS OR BOTH.**

---