# Exhibit T

to

Declaration of George F. Carpinello

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Eastern _____    District of  New York

In re  Hilal K. Homaidan
_____
                    Debtor

*(Complete if issued in an adversary proceeding)*

Reeham N. Youssef
_____
                    Plaintiff
                        v.
Sallie Mae, Inc, Navient Solutions, LLC and Navient Credit Finance Corp.
_____
                    Defendant

Case No.  13-46495 (ESS)

Chapter  7

Adv. Proc. No.  17-01085 (ESS)

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  Queens College of the City University of New York, 65-30 Kissena Blvd., Queens, NY 11367
_____
                    *(Name of person to whom the subpoena is directed)*

■ *Production*:  **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE | DATE AND TIME |
|---|---|
| McGuireWoods LLP, 1251 Avenue of the Americas, 20th Floor, New York, NY 10020 | 12/23/2019 at 10am |

☐ *Inspection of Premises*:  **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

    The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  12/6/2019
_____

    CLERK OF COURT

                                            OR   *[signature]*
    _____         _____
    *Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Sallie Mae, Inc., Navient Solutions, LLC & Navient Credit Finance Corp. , who issues or requests this subpoena, are:

McGuireWoods LLP, c/o Shawn R. Fox, 1251 Avenue of the Americas, 20th Floor, New York, NY 10020; 212.548.2165; sfox@mcguirewoods.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


        I declare under penalty of perjury that this information is true and correct.

Date:  _____

                                        _____
                                                                    *Server's signature*

                                        _____
                                                                *Printed name and title*

                                        _____
                                                                    *Server's address*


Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re*:<br><br>**HILAL K. HOMAIDAN,**<br>**f/k/a Helal K. Homaidan,**<br><br>                    **Debtor.** | **No. 08–48275 (ESS)**<br><br>**Chapter 7** |
| *In re*:<br><br>**REEHAM YOUSSEF,**<br>**a/k/a Reeham Navarro Youssef,**<br>**a/k/a Reeham N. Youssef,**<br><br>                    **Debtor.** | **No. 13-46495 (ESS)**<br><br>        **Chapter 7** |
| **HILAL K. HOMAIDAN,**<br>**on behalf of himself and**<br>**all others similarly situated,**<br><br>            **Plaintiffs,**<br><br>**v.**<br><br>**SALLIE MAE, INC.,**<br>**NAVIENT SOLUTIONS, LLC, and**<br>**NAVIENT CREDIT FINANCE CORPORATION,**<br><br>            **Defendants.** | **No. 17–ap–1085 (ESS)** |

**ATTACHMENT A TO SUBPOENA *DUCES TECUM***

## I.  D<small>EFINITIONS</small>

1.      "All" as used herein means any and all.

2.      "And" and "or" as used herein are both conjunctive and disjunctive as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

3.      "Communicate," "communication," or "correspondence" means every manner of disclosure or exchange, and every disclosure or exchange, of information, whether orally or by document, or whether face-to-face, by telephone, telegram, mail, e-mail, personal delivery, electronically, facsimile or otherwise.

4.      "Document" or "documents" means anything within the scope of Federal Rule of Evidence 1001 or Federal Rule 34, including, without limitation, the original, drafts, revisions and non-identical copies of any written, typed, printed, recorded, magnetic, graphic, or other form of memorialization or communication, and also specifically including, without limitation, all electronically stored information, internal memoranda, papers, books, letters, electronic mail, facsimiles, instant message, text message, telegrams, correspondence, reports, agreements, contracts, leases, recordings, notations, or memorials of telephone conversations or meetings or conferences, interoffice communications, or work papers, as well as any and all data, information, or statistics contained within any storage module, backup tape, disc, or other memory device, or other information retrievable from storage systems, including computer generated reports and print-outs, however produced or reproduced, of every kind and description, in every format in which they appear.

5.      "Document Requests" means the Requests for Production of Documents made below and the incorporated Definitions and Instructions.

6.    "Identify," "identity," "identification" and any other form of these words means:

a.  when used in reference to an individual, to state the individual's full name, present or last known home and business addresses and telephone numbers, as well as present or last known employment status or business affiliation;

b.  when used in reference to a corporation, partnership, governmental entity or similar organization, to state its full name, identify any known affiliates, and provide its present or last known business address;

c.  when used in reference to a document, to state the type of document (*e.g.*, letter, memorandum, notes, check, etc.), identify the medium in which the document is maintained (*e.g.*, MS Word, Outlook, PDF, hard copy), provide a summary of its contents, and specify the document's date, author, location, and current custodian; and

d.  when used in reference to a communication, to state the communication's date, the place where it occurred, the type of communication (*e.g.*, telephone conversation, meeting), its substance, the identity of the person who made it, and the identity of each person who received it and of all other persons who were present.

7.    "Person" or "persons" means all entities, including, without limitation, individuals, associations, companies, partnerships, joint ventures, corporations, trusts, estates, agencies, or governmental entities.  Where an artificial person is involved (e.g., a corporation, partnership, governmental entity, or agency), "person" or "persons" includes all individuals acting or purporting to act on behalf of the artificial person.

8.    "Relate to," "relating to," "regarding," or "in regard to" means constituting, containing, embodying, comprising, reflecting on, identifying, referencing, stating, referring to, dealing with, commenting on, responding to, describing, involving, pertaining to, refuting, supporting, concerning, or evidencing.

9.    "You" or "your" or any form of these words means Queens College of the City University of New York and any accountants, agents, attorneys, directors, employees, officers, predecessors, representatives, successors, or any other person acting on its behalf.

10.    The use of the singular form of any word includes the plural and vice versa. The feminine includes the masculine and neuter genders and vice versa. The past tense includes the present tense where the clear meaning is not distorted by the change of tense.

## II.    INSTRUCTIONS

A.    In responding to these Document Requests, you are required to produce all responsive documents within your possession, custody, or control, as well as all other responsive documents that are currently possessed by your present or former attorneys, agents, advisors, representatives, or investigators, or by any other legal entities or persons controlled by or in any manner affiliated with you.

B.    These Document Requests are ongoing and continuing in nature. Any responsive documents received or identified by you after the date of your initial response must be produced to the Defendants pursuant to these Document Requests.

C.    If an objection to any Document Request is made, such objection must be made in writing within the time permitted by and, in accordance with Federal Rule 45 and Federal Rule of Bankruptcy Procedure 9016, must describe in detail the legal and

factual basis for such objection, and must identify the specific request and language within such request to which the objection is made.

D.      All documents produced shall be organized and labeled to correspond with the requests in this Document Request or shall be produced as they are kept in the ordinary course of business.  Any document relating to one or more request may be grouped with documents in any applicable request.

E.      All documents produced shall be produced in their entirety notwithstanding the fact that portions thereof may contain information not requested.  All interim as well as final versions of the documents shall be produced, and all versions or copies that are not identical to the original or another produced copy, whether due to handwritten notations, modifications, changes, amendments, revisions, or otherwise, shall be produced.

F.      For any document or other requested information no longer in existence and for which there is some record of its existence or destruction, identify the document or other information, state how, when and why it passed out of existence or cannot be located, and identify the person having knowledge of the disposition or loss of the document or other information.

G.      If any of the documents or information requested is claimed to be immune from Discovery on the grounds of privilege or other exemption, then identify the purported privilege or exemption claimed, state the basis for the privilege or exemption asserted, and describe the information alleged to be privileged in detail sufficient to determine if the privilege has been properly invoked, as and to the extent required by Federal Rule 26(b)(5).

H.      All electronically stored information shall be produced in accordance with the specifications in the Appendix A attached to the Document Requests.

I.      Unless otherwise specified, these Document Requests seek documents created in, transmitted in, reviewed, analyzed, summarized, or otherwise relating to or referring to the period of January 1, 2002, through the current date.

### III.      REQUESTS FOR THE PRODUCTION OF DOCUMENTS

Please produce the following to the offices of McGuireWoods LLP, 1251 Avenue of the Americas, 20th Floor, New York, NY 10020, c/o Shawn R. Fox, Esq.:

1.   All documents and communications that relate to Ms. Youssef's attendance at Queens College of the City University of New York, including, without limitation, documents and communications relating to enrollment, course of study, tuition payments, financial aid, loans, or cost of attendance.

2.   All documents relating to any policies, procedures, guidelines or similar items relating to or reflecting the estimated or actual cost of attendance at Queens College of the City University of New York for academic years 2005 through and including 2008, including, without limitation, the method, procedures, or guidelines for determining such cost of attendance.

[*Signature follows on next page.*]

Dated:  December 6, 2019
  New York, New York

Respectfully submitted,

/s/ Shawn R. Fox
Shawn R. Fox
McGuireWoods LLP
1251 Avenue of the Americas, 20th Floor
New York, New York 10020-1104
Telephone:   212.548.2100
Email: sfox@mcguirewoods.com

—and—

Thomas M. Farrell (*pro hac vice*)
McGuireWoods LLP
JPMorgan Chase Tower
600 Travis Street, Suite 7500
Houston, Texas 77002
Telephone:   713.571.9191
E-mail: tfarrell@mcguirewoods.com

—and—

Dion W. Hayes (*pro hac vice*)
K. Elizabeth Sieg (*pro hac vice*)
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219
Telephone:   804.775.1000
Email: dhayes@mcguirewoods.com
         bsieg@mcguirewoods.com


*Counsel for Defendants*

# APPENDIX A

## PROTOCOL GOVERNING THE PRODUCTION OF DOCUMENTS

**1. Discovery Procedures**

    a. <u>Bates Numbering</u>. Bates numbers must consist of consecutive alphanumeric characters, dashes, periods, or underscores without spaces. Each page of a produced document shall be electronically branded with that page's bates number.

    b. <u>Confidentiality Designations</u>. The confidentiality designation requested for each document shall be electronically branded on each page of the document and must also be indicated in the metadata load file.

    c. <u>De-duplication</u>. Documents may be de-duplicated on a global or custodian basis. If a party elects to de-duplicate on a global basis, they must disclose the names of all document custodians by populating the All Custodians field in the metadata load file.

    d. <u>E-Mail Thread Analysis</u>. E-mail thread analysis may be used to reduce the volume of e-mails reviewed and produced, provided that the parties disclose such use. The produced e-mails must include all of the responsive information from a thread, including attachments.

    e. <u>Native Redactions</u>. In the event that either party finds the redaction of certain documents in image form to be overly burdensome, they may elect to redact such documents in their native form. The produced documents must clearly indicate which portions have been redacted, and the searchable text provided must accurately reflect the contents of the document as produced.

    f. <u>Paper Documents</u>. Paper (hard copy) documents shall be scanned, logically unitized, and produced electronically as specified in the form of production.

    g. <u>Custodian Information</u>. Custodian information shall be populated for paper documents and loose e-docs by the person or department from where the document was collected. If possible, custodian information for emails should be populated by the name of the person from whom they were collected. However, the custodian field for email may be populated with the Company name only when the company has a consolidated email server that does not preserve "custodian" information.

**2. Form of Production**

All documents shall be produced as single-page 300 DPI Group IV Tagged Image File Format (TIFF) files. Searchable text for documents will be provided in multi-page text files. Documents of certain types will be produced in native form as specified below.

    a. <u>Load Files</u>. Each production volume shall include an image load file in Opticon (OPT)

# APPENDIX A

format[1] and a metadata load file in Concordance (DAT) format[2].  To the extent they are reasonably available, and except with respect to paper documents or documents with metadata redacted in whole or in part on grounds of privilege, the metadata load file shall include the metadata fields listed in Attachment 1.

b. <u>Multimedia Files</u>**.**  Multimedia files, including audio and video, will be produced in the native format in which they were maintained in the ordinary course of business. If the multimedia files are maintained in an unusual or proprietary format, they shall be converted to a standard format (such as MPEG) before production.

c. <u>Native Documents</u>.  Documents produced in native form will be accompanied by a single-page image placeholder.  The placeholder shall indicate that the document was produced in native form, and will be endorsed with the document's bates number and confidentiality designation.

d. <u>Paper Documents</u>.  Searchable text files resulting from optical character recognition (OCR) must be provided for all paper documents.  Additionally, the following fields must be populated in the metadata load file: Bates Begin, Bates End, Family Begin, Family End, Page Count, Custodian, and Text File.

e. <u>Structured Data</u>**.**  Unless such materials have been redacted in image form, Access databases, Excel spreadsheets, and delimited text files shall be produced in native form.

The parties agree to meet and confer in good faith regarding the production of structured data in other formats, but generally agree to produce it via a report or export to Excel spreadsheet or delimited text format.

f. <u>Other</u>**.** The parties agree to meet and confer in good faith regarding any party's request that specific documents be produced in native format, in color, or in some other form or format.

---

[1]   OPT files are comma-delimited text files that use the format: Page ID, Volume, Image Path, Doc Break, Folder Break, Box Break, Page Count.  Breaks are denoted by placing a Y in the appropriate field.  There is one line for each page.

[2]   DAT are delimited ASCII text files files that use character 20 as field delimiter, character 254 as text delimiter, and character 174 for line breaks within a field.

ATTACHMENT 1

<span style="float:right">METADATA LOAD FILE FIELDS</span>

| FIELD | DESCRIPTION | SAMPLE DATA |
|---|---|---|
| Bates Begin | Bates number of the first page in the document. | ABC00000001 |
| Bates End | Bates number of the last page in the document. | ABC00000015 |
| Family Begin | Bates number of the first page in the document family. | ABC00000001 |
| Family End | Bates number of the last page in the document family. | ABC00000030 |
| Page Count | Number of pages produced. | 15 |
| Custodian | The name of the custodian of this document. | Doe, John |
| All Custodians | When documents have been globally deduplicated, the names of the other custodians who also possessed the document. | Smith, Mary;  Jones, William;  Brown, Jane |
| From | Author of the e-mail | Doe, John <jdoe@company.com> |
| To | Recipient(s) of the e-mail | Smith, Mary <msmith@company.com>;  Jones, Williams <jwilliams@company.com> |
| CC | Copyees of the e-mail | Brown, Jane <jbrown@company.com> |
| BCC | Blind Copyees of the e-mail | Doe, John <jdoe@company.com> |
| E-Mail Subject | Subject of the e-mail message | RE: Our Project |
| File Name | Original file name of the document; may contain the subject of the e-mail for e-mails | RE Our Project.msg MyAttachment.xlsx |
| File Extension | Original file extension of the document when it was collected | msg |
| Author | Value of the author field in the native file | Doe, John |
| Date Sent | Date e-mail was sent | 12/31/2013 |
| Time Sent | Time e-mail was sent | 14:54:27 |
| Date Received | Date e-mail was received | 12/31/2013 |
| Time Received | Time e-mail was received | 14:54:29 |
| Date Created | Date document was created | 12/30/2013 |
| Time Created | Time document was created | 18:50:20 |
| Date Modified | Date document was last modified | 12/31/2013 |
| Time Modified | Time document was last modified | 09:30:15 |
| Source Path | Original path to the folder or directory where the document was stored. | Inbox\MyFolder C:\Users\jdoe\My Documents |
| MD5 Hash | Unique identifier generated using the MD5 cryptographic hash function. | D564668821C34200FF3E32C9BFDCCC80 |
| Confidentiality | The confidentiality designation requested for this document. | Highly Confidential |
| Text File | Location of the text file, relative to the root of the volume. | TEXT\000001\ABC00000001.TXT |
| Native File | For documents produced natively, a link to the location of the native file, relativity to the root of the volume. | NATIVE\000001\ABC00000015.XLSX |

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Eastern _____  District of  New York

In re  Hilal K. Homaidan
_____
Debtor

*(Complete if issued in an adversary proceeding)*

Hilal K. Homaidan
_____
Plaintiff

v.

Sallie Mae, Inc, Navient Solutions, LLC and Navient Credit Finance Corp.
_____
Defendant

Case No.  08-48275 (ESS)

Chapter  7

Adv. Proc. No.  17-01085 (ESS)

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  Emerson College, 120 Boylston Street, Boston, MA 02116
_____
*(Name of person to whom the subpoena is directed)*

■ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE | DATE AND TIME |
|---|---|
| McGuireWoods LLP, 1251 Avenue of the Americas, 20th Floor, New York, NY 10020 | 12/23/2019 at 10am |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  12/6/2019
_____

CLERK OF COURT

OR

_____                    _____
*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Sallie Mae, Inc., Navient Solutions, LLC & Navient Credit Finance Corp. , who issues or requests this subpoena, are:

McGuireWoods LLP, c/o Shawn R. Fox, 1251 Avenue of the Americas, 20th Floor, New York, NY 10020; 212.548.2165; sfox@mcguirewoods.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


I declare under penalty of perjury that this information is true and correct.

Date: _____


_____
Server's signature

_____
Printed name and title

_____
Server's address


Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re*:<br><br>**HILAL K. HOMAIDAN,**<br>**f/k/a Helal K. Homaidan,**<br><br>         **Debtor.** | **No. 08–48275 (ESS)**<br><br>**Chapter 7** |
| *In re*:<br><br>**REEHAM YOUSSEF,**<br>**a/k/a Reeham Navarro Youssef,**<br>**a/k/a Reeham N. Youssef,**<br><br>         **Debtor.** | **No. 13-46495 (ESS)**<br><br>  **Chapter 7** |
| **HILAL K. HOMAIDAN,**<br>**on behalf of himself and**<br>**all others similarly situated,**<br><br>       **Plaintiffs,**<br><br>**v.**<br><br>**SALLIE MAE, INC.,**<br>**NAVIENT SOLUTIONS, LLC, and**<br>**NAVIENT CREDIT FINANCE CORPORATION,**<br><br>       **Defendants.** | **No. 17–ap–1085 (ESS)** |

**ATTACHMENT A TO SUBPOENA *DUCES TECUM***

# I. <u>DEFINITIONS</u>

1.      "All" as used herein means any and all.

2.      "And" and "or" as used herein are both conjunctive and disjunctive as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

3.      "Communicate," "communication," or "correspondence" means every manner of disclosure or exchange, and every disclosure or exchange, of information, whether orally or by document, or whether face-to-face, by telephone, telegram, mail, e-mail, personal delivery, electronically, facsimile or otherwise.

4.      "Document" or "documents" means anything within the scope of Federal Rule of Evidence 1001 or Federal Rule 34, including, without limitation, the original, drafts, revisions and non-identical copies of any written, typed, printed, recorded, magnetic, graphic, or other form of memorialization or communication, and also specifically including, without limitation, all electronically stored information, internal memoranda, papers, books, letters, electronic mail, facsimiles, instant message, text message, telegrams, correspondence, reports, agreements, contracts, leases, recordings, notations, or memorials of telephone conversations or meetings or conferences, interoffice communications, or work papers, as well as any and all data, information, or statistics contained within any storage module, backup tape, disc, or other memory device, or other information retrievable from storage systems, including computer generated reports and print-outs, however produced or reproduced, of every kind and description, in every format in which they appear.

5.      "Document Requests" means the Requests for Production of Documents made below and the incorporated Definitions and Instructions.

6.     "Identify," "identity," "identification" and any other form of these words means:

    a.  when used in reference to an individual, to state the individual's full name, present or last known home and business addresses and telephone numbers, as well as present or last known employment status or business affiliation;

    b.  when used in reference to a corporation, partnership, governmental entity or similar organization, to state its full name, identify any known affiliates, and provide its present or last known business address;

    c.  when used in reference to a document, to state the type of document (*e.g*., letter, memorandum, notes, check, etc.), identify the medium in which the document is maintained (*e.g*., MS Word, Outlook, PDF, hard copy), provide a summary of its contents, and specify the document's date, author, location, and current custodian; and

    d.  when used in reference to a communication, to state the communication's date, the place where it occurred, the type of communication (*e.g*., telephone conversation, meeting), its substance, the identity of the person who made it, and the identity of each person who received it and of all other persons who were present.

7.     "Person" or "persons" means all entities, including, without limitation, individuals, associations, companies, partnerships, joint ventures, corporations, trusts, estates, agencies, or governmental entities.  Where an artificial person is involved (e.g., a corporation, partnership, governmental entity, or agency), "person" or "persons" includes all individuals acting or purporting to act on behalf of the artificial person.

8.      "Relate to," "relating to," "regarding," or "in regard to" means constituting, containing, embodying, comprising, reflecting on, identifying, referencing, stating, referring to, dealing with, commenting on, responding to, describing, involving, pertaining to, refuting, supporting, concerning, or evidencing.

9.      "You" or "your" or any form of these words means Emerson College and any accountants, agents, attorneys, directors, employees, officers, predecessors, representatives, successors, or any other person acting on its behalf.

10.     The use of the singular form of any word includes the plural and vice versa. The feminine includes the masculine and neuter genders and vice versa.  The past tense includes the present tense where the clear meaning is not distorted by the change of tense.

## II.    INSTRUCTIONS

A.      In responding to these Document Requests, you are required to produce all responsive documents within your possession, custody, or control, as well as all other responsive documents that are currently possessed by your present or former attorneys, agents, advisors, representatives, or investigators, or by any other legal entities or persons controlled by or in any manner affiliated with you.

B.      These Document Requests are ongoing and continuing in nature.  Any responsive documents received or identified by you after the date of your initial response must be produced to the Defendants pursuant to these Document Requests.

C.      If an objection to any Document Request is made, such objection must be made in writing within the time permitted by and, in accordance with Federal Rule 45 and Federal Rule of Bankruptcy Procedure 9016, must describe in detail the legal and factual basis for such objection, and must identify the specific request and language within such request to which the objection is made.

D.      All documents produced shall be organized and labeled to correspond with the requests in this Document Request or shall be produced as they are kept in the ordinary course of business.  Any document relating to one or more request may be grouped with documents in any applicable request.

E.      All documents produced shall be produced in their entirety notwithstanding the fact that portions thereof may contain information not requested.  All interim as well as final versions of the documents shall be produced, and all versions or copies that are not identical to the original or another produced copy, whether due to handwritten notations, modifications, changes, amendments, revisions, or otherwise, shall be produced.

F.      For any document or other requested information no longer in existence and for which there is some record of its existence or destruction, identify the document or other information, state how, when and why it passed out of existence or cannot be located, and identify the person having knowledge of the disposition or loss of the document or other information.

G.      If any of the documents or information requested is claimed to be immune from Discovery on the grounds of privilege or other exemption, then identify the purported privilege or exemption claimed, state the basis for the privilege or exemption asserted, and describe the information alleged to be privileged in detail sufficient to determine if the privilege has been properly invoked, as and to the extent required by Federal Rule 26(b)(5).

H.      All electronically stored information shall be produced in accordance with the specifications in the Appendix A attached to the Document Requests.

I.      Unless otherwise specified, these Document Requests seek documents created in, transmitted in, reviewed, analyzed, summarized, or otherwise relating to or referring to the period of January 1, 2002, through the current date.

### III.    REQUESTS FOR THE PRODUCTION OF DOCUMENTS

Please produce the following to the offices of McGuireWoods LLP, 1251 Avenue of the Americas, 20th Floor, New York, NY 10020, c/o Shawn R. Fox, Esq.:

1.   All documents and communications that relate to Mr. Homaidan's attendance at Emerson College, including, without limitation, documents and communications relating to enrollment, course of study, tuition payments, financial aid, loans, or cost of attendance.

2.   All documents relating to any policies, procedures, guidelines or similar items relating to or reflecting the estimated or actual cost of attendance at Emerson College for academic years 2003 through and including 2007, including, without limitation, the method, procedures, or guidelines for determining such cost of attendance.

[*Signature follows on next page.*]

Dated:  December 6, 2019
  New York, New York

Respectfully submitted,

*/s/ Shawn R. Fox*
Shawn R. Fox
McGuireWoods LLP
1251 Avenue of the Americas, 20th Floor
New York, New York 10020-1104
Telephone:    212.548.2100
Email: sfox@mcguirewoods.com

—and—

Thomas M. Farrell (*pro hac vice*)
McGuireWoods LLP
JPMorgan Chase Tower
600 Travis Street, Suite 7500
Houston, Texas 77002
Telephone:    713.571.9191
E-mail: tfarrell@mcguirewoods.com

—and—

Dion W. Hayes (*pro hac vice*)
K. Elizabeth Sieg (*pro hac vice*)
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219
Telephone:    804.775.1000
Email: dhayes@mcguirewoods.com
          bsieg@mcguirewoods.com

*Counsel for Defendants*

# APPENDIX A

## PROTOCOL GOVERNING THE PRODUCTION OF DOCUMENTS

1. **Discovery Procedures**

   a. <u>Bates Numbering</u>. Bates numbers must consist of consecutive alphanumeric characters, dashes, periods, or underscores without spaces.  Each page of a produced document shall be electronically branded with that page's bates number.

   b. <u>Confidentiality Designations</u>.  The confidentiality designation requested for each document shall be electronically branded on each page of the document and must also be indicated in the metadata load file.

   c. <u>De-duplication</u>.  Documents may be de-duplicated on a global or custodian basis.  If a party elects to de-duplicate on a global basis, they must disclose the names of all document custodians by populating the All Custodians field in the metadata load file.

   d. <u>E-Mail Thread Analysis</u>.  E-mail thread analysis may be used to reduce the volume of e-mails reviewed and produced, provided that the parties disclose such use.  The produced e-mails must include all of the responsive information from a thread, including attachments.

   e. <u>Native Redactions</u>.  In the event that either party finds the redaction of certain documents in image form to be overly burdensome, they may elect to redact such documents in their native form.  The produced documents must clearly indicate which portions have been redacted, and the searchable text provided must accurately reflect the contents of the document as produced.

   f. <u>Paper Documents</u>.  Paper (hard copy) documents shall be scanned, logically unitized, and produced electronically as specified in the form of production.

   g. <u>Custodian Information</u>. Custodian information shall be populated for paper documents and loose e-docs by the person or department from where the document was collected.  If possible, custodian information for emails should be populated by the name of the person from whom they were collected. However, the custodian field for email may be populated with the Company name only when the company has a consolidated email server that does not preserve "custodian" information.

2. **Form of Production**

   All documents shall be produced as single-page 300 DPI Group IV Tagged Image File Format (TIFF) files.  Searchable text for documents will be provided in multi-page text files.  Documents of certain types will be produced in native form as specified below.

   a. <u>Load Files</u>.  Each production volume shall include an image load file in Opticon (OPT)

# APPENDIX A

format[1] and a metadata load file in Concordance (DAT) format[2].  To the extent they are reasonably available, and except with respect to paper documents or documents with metadata redacted in whole or in part on grounds of privilege, the metadata load file shall include the metadata fields listed in Attachment 1.

b. <u>Multimedia Files</u>**.**  Multimedia files, including audio and video, will be produced in the native format in which they were maintained in the ordinary course of business. If the multimedia files are maintained in an unusual or proprietary format, they shall be converted to a standard format (such as MPEG) before production.

c. <u>Native Documents</u>.  Documents produced in native form will be accompanied by a single-page image placeholder.  The placeholder shall indicate that the document was produced in native form, and will be endorsed with the document's bates number and confidentiality designation.

d. <u>Paper Documents</u>.  Searchable text files resulting from optical character recognition (OCR) must be provided for all paper documents.  Additionally, the following fields must be populated in the metadata load file: Bates Begin, Bates End, Family Begin, Family End, Page Count, Custodian, and Text File.

e. <u>Structured Data</u>**.**  Unless such materials have been redacted in image form, Access databases, Excel spreadsheets, and delimited text files shall be produced in native form.

The parties agree to meet and confer in good faith regarding the production of structured data in other formats, but generally agree to produce it via a report or export to Excel spreadsheet or delimited text format.

f. <u>Other</u>**.** The parties agree to meet and confer in good faith regarding any party's request that specific documents be produced in native format, in color, or in some other form or format.

---

[1]  OPT files are comma-delimited text files that use the format: Page ID, Volume, Image Path, Doc Break, Folder Break, Box Break, Page Count.  Breaks are denoted by placing a Y in the appropriate field.  There is one line for each page.

[2]  DAT are delimited ASCII text files files that use character 20 as field delimiter, character 254 as text delimiter, and character 174 for line breaks within a field.

ATTACHMENT 1                                    METADATA LOAD FILE FIELDS

| FIELD | DESCRIPTION | SAMPLE DATA |
|---|---|---|
| Bates Begin | Bates number of the first page in the document. | ABC00000001 |
| Bates End | Bates number of the last page in the document. | ABC00000015 |
| Family Begin | Bates number of the first page in the document family. | ABC00000001 |
| Family End | Bates number of the last page in the document family. | ABC00000030 |
| Page Count | Number of pages produced. | 15 |
| Custodian | The name of the custodian of this document. | Doe, John |
| All Custodians | When documents have been globally deduplicated, the names of the other custodians who also possessed the document. | Smith, Mary;  Jones, William;  Brown, Jane |
| From | Author of the e-mail | Doe, John <jdoe@company.com> |
| To | Recipient(s) of the e-mail | Smith, Mary <msmith@company.com>;  Jones, Williams <jwilliams@company.com> |
| CC | Copyees of the e-mail | Brown, Jane <jbrown@company.com> |
| BCC | Blind Copyees of the e-mail | Doe, John <jdoe@company.com> |
| E-Mail Subject | Subject of the e-mail message | RE: Our Project |
| File Name | Original file name of the document; may contain the subject of the e-mail for e-mails | RE Our Project.msg<br>MyAttachment.xlsx |
| File Extension | Original file extension of the document when it was collected | msg |
| Author | Value of the author field in the native file | Doe, John |
| Date Sent | Date e-mail was sent | 12/31/2013 |
| Time Sent | Time e-mail was sent | 14:54:27 |
| Date Received | Date e-mail was received | 12/31/2013 |
| Time Received | Time e-mail was received | 14:54:29 |
| Date Created | Date document was created | 12/30/2013 |
| Time Created | Time document was created | 18:50:20 |
| Date Modified | Date document was last modified | 12/31/2013 |
| Time Modified | Time document was last modified | 09:30:15 |
| Source Path | Original path to the folder or directory where the document was stored. | Inbox\MyFolder<br>C:\Users\jdoe\My Documents |
| MD5 Hash | Unique identifier generated using the MD5 cryptographic hash function. | D564668821C34200FF3E32C9BFDCCC80 |
| Confidentiality | The confidentiality designation requested for this document. | Highly Confidential |
| Text File | Location of the text file, relative to the root of the volume. | TEXT\000001\ABC00000001.TXT |
| Native File | For documents produced natively, a link to the location of the native file, relativity to the root of the volume. | NATIVE\000001\ABC00000015.XLSX |