# Exhibit U

to

Declaration of George F. Carpinello

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re*:<br><br>**HILAL K. HOMAIDAN,**<br>f/k/a Helal K. Homaidan,<br><br>　　　Debtor.<br><br>---<br><br>**HILAL K. HOMAIDAN,**<br>on behalf of himself and<br>all others similarly situated,<br><br>　　　Plaintiff,<br><br>v.<br><br>**SALLIE MAE, INC.**<br>**NAVIENT SOLUTIONS, LLC and**<br>**NAVIENT CREDIT FINANCE CORPORATION,**<br><br>　　　Defendants. | No. 1:08–48275 (ESS)<br><br>Chapter 7<br><br><br><br><br><br><br><br><br><br>No. 1:17–ap–1085 (ESS) |

## OBJECTIONS AND RESPONSES TO
## PLAINTIFF'S SECOND SET OF INTERROGATORIES

Defendants Sallie Mae, Inc. ("Sallie Mae"), Navient Solutions, LLC ("NSL"), and Navient Credit Finance Corporation ("NCFC"; collectively, "Defendants"), by and through counsel pursuant to Federal Rules of Civil Procedure 26 and 33, which Federal Rules of Bankruptcy Procedure 7026 and 7033 incorporate into this adversary proceeding, hereby object and respond as follows to *Plaintiffs' Second Set of Interrogatories*. Defendants' investigation of facts relevant to this proceeding is ongoing. The following objections and responses are therefore based on the information that is presently available and specifically known to Defendants at this time, and are given without prejudice to the rights

of Defendants to supplement and to present evidence of any subsequently discovered facts

## GENERAL OBJECTIONS

Defendants state the following General Objections. Defendants are not withholding any information on the basis of their General Objections.

1. Defendants generally object to the Interrogatories to the extent that they seek to impose obligations beyond or inconsistent with those required by the Federal Rules of Civil Procedure, as incorporated into this adversary proceeding by the Federal Rules of Bankruptcy Procedure, the Local Rules of the United States Bankruptcy Court for the Eastern District of New York (the "Court") and the Judges' Procedures (collectively, the "Local Rules"), any orders of the Court, or any stipulations or agreements of the parties.

2. Defendants generally object to the Interrogatories insofar as they may be construed as calling for information subject to a claim of privilege, including, without limitation, the attorney-client privilege, the attorney work product doctrine, the party-communication privilege, or any other applicable evidentiary privilege arising under federal, state, or local law, or under the regulations and laws of any applicable foreign jurisdiction. The inadvertent production of any such material is not intended and should not be construed as a waiver, and Defendants reserve the right under Federal Rule of Civil Procedure 26(b)(5)(B) to recall any such response. Defendants have construed the Interrogatories as not seeking information or documents prepared in anticipation of litigation, information or documents exchanged between counsel or employees of Defendants' internal legal groups, or information or documents exchanged with counsel or internal legal groups for the purpose of seeking or rendering legal advice.

2

3.      Defendants generally object to the Interrogatories to the extent they seek information subject to a confidentiality or nondisclosure agreement, or that relate to or contain trade secrets, proprietary or confidential business information, or competitively or financially sensitive business, personal, customer, or borrower information.

**SPECIFIC OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

In addition to their General Objections (which are incorporated herein by reference), Defendants object to the definition of "You," "Your," and "Defendants" to the extent that it includes any person or entity other than Defendants. Defendants are not withholding any information on the basis of the following objections.

**INTERROGATORIES**

**1.      Identify the amount of principal, interest, and fees that has been paid by each of the borrower, co-borrower, and dropped person on each loan that appears on NAVHOM01115515 subsequent to the date of the borrower's bankruptcy discharge.**

**ANSWER:** Defendants object to this request on the grounds that it is unduly burdensome and disproportionate to the needs of the case. Such information cannot be obtained without individual review of each loan file. Subject to and without waiver of any objection, and subject to further meet-and-confer consultations with Plaintiff, Defendants will produce to Plaintiff pursuant to Rule 33(d), on a rolling basis and to the extent technically feasible, a listing of the amount distributed and the outstanding consolidated principal, interest and fees for each loan listed on NAVHOM01115515.

**2.      For the loans listed on NAVHOM01115515 identify the grade level of the borrower at the time of loan origination (i.e., freshman, sophomore, junior, senior, 1st year graduate student, etc.), the borrower's major course of study, the borrower and co-borrower's social security numbers, the highest degree offered by the borrower's school, and the academic year associated with the loan.**

**ANSWER:** Defendants object to this request on the grounds that it is unduly burdensome and disproportionate to the needs of the case. Subject to and without waiver of any objection, and subject to further meet-and-confer consultations with Plaintiff, Defendants will produce to Plaintiff pursuant to Rule 33(d) on a rolling basis certain of the requested information solely to the extent technically feasible through a search of fields available in Defendants' databases (i.e., not through individual review of each loan

3

file). Defendants specifically object to the disclosure of social security numbers for borrowers and co-borrowers, and will withhold disclosure of such private information.

**3. For each loan that is coded "PRIVATE CREDIT LOAN CONSOLIDATION" in "gtor_nm_orig" or "CONSOLIDATION" in "loan_status" that appears on NAVHOM01115515, identify all loans that went into the consolidation loan, along with the same data points associated with those loans as appears on NAVHOM01115515.**

**ANSWER:** Defendants object to this request on the grounds that it is unduly burdensome and disproportionate to the needs of the case. Subject to and without waiver of any objection, and subject to further meet-and-confer consultations with Plaintiff, Defendants will produce to Plaintiff pursuant to Rule 33(d), on a rolling basis and to the extent technically feasible, a listing of the individual loans consolidated within the consolidation loan fields as outlined above, with such list to contain the same data points as appear on NAVHOM01115515.

| | |
|---|---|
| Dated: September 10, 2019<br>New York, New York | Respectfully submitted,<br><br>*/s/ Shawn R. Fox*<br>Shawn R. Fox<br>McGuireWoods LLP<br>1345 Avenue of the Americas, 7th Floor<br>New York, New York 10105<br>Telephone:   212.548.2100<br>Email: sfox@mcguirewoods.com<br><br>—and—<br><br>Thomas M. Farrell (*pro hac vice*)<br>McGuireWoods LLP<br>600 Travis Street, Suite 7500<br>Houston, Texas 77002<br>Telephone:   713.571.9191<br>E-mail: tfarrell@mcguirewoods.com<br><br>—and—<br><br>Dion W. Hayes (*pro hac vice*)<br>K. Elizabeth Sieg (*pro hac vice*)<br>McGuireWoods LLP<br>800 East Canal Street<br>Richmond, Virginia 23219<br>Telephone:   804.775.1000<br>Email: dhayes@mcguirewoods.com<br>             bsieg@mcguirewoods.com<br><br>*Counsel for Defendants* |

## **CERTIFICATE OF SERVICE**

      I certify that on this 10th day of September, 2019, I served the foregoing document by email on counsel for Plaintiff, Adam Shaw (ashaw@bsfllp.com).

                                            */s/ Joseph Florczak*