# Exhibit V

to

Declaration of George F. Carpinello

Case 1-17-01085-ess Doc 170-22 Filed 05/08/20 Entered 05/08/20 16:04:29

```
                                                              Page 1
 1   UNITED STATES BANKRUPTCY COURT
 2   EASTERN DISTRICT OF NEW YORK
 3   Case No. 1-16-40809-ess
 4   Adv. Case No. 1-17-01005-ess
 5   - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
 6   In the Matter of:
 7
 8   TASHANNA B. GOLDEN,
 9
10           Debtor.
11   - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
12   TASHANNA B. GOLDEN,
13               Plaintiff,
14         v.
15   NATIONAL COLLEGIATE TRUST et al.,
16               Defendants.
17   - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
18
19
20               United States Bankruptcy Court
21               271-C Cadman Plaza East
22               Brooklyn, NY 11201
23
24               April 9, 2018
25               11:24 AM
```

1  this would be an opt-out Rule 23 class; is that right?

2              MR. FARRELL:  I believe that's the way it's been

3  structured.

4              THE COURT:  And so isn't it also perhaps a

5  question of defining what are the common issues that would

6  be decided on a class basis if we get to the question of

7  class certification?

8              MR. FARRELL:  Well, absolutely, that's sort of

9  department.  And if we do get to class certification, you're

10 going to hear from us in detail that there are mostly

11 individualized issues here that are not susceptible to class

12 certification.

13             THE COURT:  Certainly, damages would be something

14 to think about very closely.

15             MR. FARRELL:  Damages among others.  Another key

16 issue, Your Honor, would be this whole cost of attendance.

17 The whole premise of the Plaintiff's case here is that these

18 loans exceeded the cost of attendance; and, therefore, don't

19 fit within the statutory scheme.  And whether or not a

20 particular loan at a particular school for a particular

21 borrower exceeded the cost of attendance is a highly

22 individualized question.

23             THE COURT:  Aren't there lots of class actions

24 that are resolved with through the process, whether it's a

25 settlement or a decision, where in a second step, the

1  individual unnamed class members need to show their
2  entitlement to relief and how much the relief should be from
3  a common fund?  It's not an unusual procedure, I don't
4  think.
5           MR. FARRELL:  It is not an unusual procedure.  But
6  the ultimate question will be, on the facts of this case,
7  whether the individualized questions predominate over the
8  common questions.  And certainly, you can have a class where
9  common question predominate, but there would be some level
10 of individuality that could be handled the way the Court
11 suggests, where the individualized questions predominate.
12 And we believe that, here, we don't think class
13 certification is appropriate.
14          The other point I would make about Anderson, Your
15 Honor, is that it was obviously a hotly contested case.
16 There were competing opinions out of bankruptcy courts going
17 both ways on the question.  The time period for filing a
18 cert of petition in Anderson has not yet passed.  And so, we
19 don't, as we sit here today, stand here today, we don't know
20 that the Second Circuit decision is the final word on
21 Anderson.
22          THE COURT:  No, but it is the Second Circuit,
23 where we are.
24          MR. FARRELL:  Absolutely.  But my only point is,
25 Your Honor, we believe there's going to be further

Page 121

1            MS. SIEG:  The 523A --

2            THE COURT:  523.  The substantive -- right, the
3   discharge statute.

4            MS. SIEG:  Correct.  And that issue is percolating
5   up through the courts as it should in the normal course.  So
6   that when it does get to the Supreme Court it has the
7   benefit of all the circuits or as many as possible -- it has
8   the benefit of that issue being tested.

9            THE COURT:  So what about this problem now?
10  Remember that at the pleading stage you take the allegations
11  as true.  You think you're going to disprove them but I have
12  to take them as true.  And you're saying that we can't do
13  better than piecemeal litigation?  That even with a federal
14  class action tool that the best we can do, assuming that
15  these allegations are true and that lenders were talking out
16  of both sides of their mouths, assuming the allegations are
17  true -- I'll say it once every 15 seconds for the avoidance
18  of doubt.  Maybe.

19           And I guess this isn't about whether it feels like
20  the equitable result for the Lenders or the Debtors but I --
21  I really wonder if that's how the Federal Court process
22  works.  I'm not sure that it is.

23           MS. SIEG:  Well, again, Your Honor, that's a
24  superiority element.  We're not here asking you to make
25  rulings on that.  We will be in here arguing that a class is