# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **In re:** | **Chapter 7** |
| **HALIL HOMAIDAN,** aka Helal K. Homaidan, | **Case No. 08–48275 (ESS)** |
| **Debtor.** | |
| **In re:** | **Chapter 7** |
| **REEHAM YOUSSEF** aka Reeham Navarro Youssef aka Reeham N. Youssef, | **Case No. 13–46495 (ESS)** |
| **Debtor.** | |
| **HALIL HOMAIDAN on behalf of himself and all others similarly situated,** **and** **REEHAM YOUSSEF,** **Plaintiffs,** **v.** **SALLIE MAE, INC, NAVIENT SOLUTIONS, LLC, NAVIENT CREDIT FINANCE CORPORATION** **Defendants.** | **Adv. Pro. No. 17-1085 (ESS)** |

## STIPULATION AND MEDIATION ORDER

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned parties:

1. The parties shall participate in mediation, whereby a neutral and impartial person will assist them in attempting to reach a mutually acceptable negotiated resolution of the

dispute between them (the "Mediation").

2. The parties jointly accept Eric Green of Resolutions LLC to provide mediation services to them (the "Mediator").

3. The Mediation shall be non-binding.

4. The Mediator shall not have authority to render a decision that shall bind the parties.

5. The parties are not obligated to agree to any proposals which are made during the Mediation.

6. No party shall be bound by anything said or done during the Mediation, unless either a written and signed stipulation is entered into or the parties enter into a written and signed agreement.

7. The Mediator may meet in private conference with less than all of the parties.

8. Information obtained by the Mediator, either in written or oral form, shall be confidential and shall not be revealed by the Mediator unless and until the party who provided that information agrees to its disclosure.

9. The Mediator shall not, without the prior written consent of both parties, disclose to the Court any matters which are disclosed to him or her by either of the parties or any matters which otherwise relate to the Mediation.

10. The Mediation shall be considered a settlement negotiation for the purpose of all federal and state rules protecting disclosures made during such conferences from later discovery or use in evidence. The entire procedure shall be confidential, and no stenographic or other record shall be made except to memorialize a settlement record. All communications and conduct, oral or written, during the Mediation by any party or a party's agent, employee, or attorney are confidential and, where appropriate, are to be considered work product and privileged. Such conduct, statements, promises, offers, views and opinions shall not be subject to discovery or admissible for any purpose, including impeachment, in any litigation or other proceeding involving the parties; provided, however, that evidence otherwise subject to discovery or admissible is not excluded from discovery or admission in evidence simply as a result of it having been used in connection with this Mediation process.

11. The Mediator and his or her agents shall have the same immunity as judges and court employees have under Federal law and the common law from liability for any act or omission in connection with the Mediation, and from compulsory process to testify or produce documents in connection with the Mediation.

12. The parties (i) shall not call or subpoena the Mediator as a witness or expert in any proceeding relating to the Mediation, the subject matter of the Mediation, or any thoughts

or impressions which the Mediator may have about the parties in the Mediation; (ii) shall not subpoena any notes, documents or other material prepared by the Mediator in the course of or in connection with the Mediation; and (iii) shall not offer in evidence any statements, views, or opinions of the Mediator.

13. The Mediator's compensation shall be on such terms as are satisfactory to the Mediator and the parties, and shall be subject to Court approval if the estate is to be charged with such expense. Absent agreement or Court order to the contrary, the parties to the Mediation shall pay equal shares of the Mediator's compensation.

14. An individual with final authority to settle the matter and to bind the party shall attend the Mediation on behalf of each party.

15. All parties to the mediation agree that the prior provisions of the Stipulation and Mediation Order of December 17, 2019 [Dkt. No. 165] remain in full force and effect for purposes of the Mediation.

**AGREED AS TO FORM AND SUBSTANCE AND RESPECTFULLY SUBMITTED BY:**

*/s/ Shawn R. Fox*   */s/ Adam R. Shaw*

Shawn R. Fox
McGuireWoods LLP
1251 Avenue of the Americas, 20th Floor
New York, New York 10020-1104
Telephone:   212.548.2100
Email: sfox@mcguirewoods.com

—and—

Thomas M. Farrell (*pro hac vice*)
McGuireWoods LLP
JPMorgan Chase Tower
600 Travis Street, Suite 7500
Houston, Texas 77002
Telephone:   713.571.9191
E-mail: tfarrell@mcguirewoods.com

—and—

K. Elizabeth Sieg (*pro hac vice*)
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219
Telephone:   804.775.1000
Facsimile:   804.775.1061
Email: dhayes@mcguirewoods.com
           bsieg@mcguirewoods.com

*Counsel for Defendants*

BOIES SCHILLER FLEXNER LLP
Adam R. Shaw
George F. Carpinello
Robert C. Tietjen
30 South Pearl Street
Albany, New York 12207
(518) 434-0600

FISHMAN HAYGOOD L.L.P.
Jason W. Burge (admitted *pro hac vice*)
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170
(504) 586-5252

JONES, SWANSON, HUDDELL &
GARRISON, L.L.C.
Lynn E. Swanson (admitted *pro hac vice*)
Peter N. Freiberg
601 Poydras Street, Suite 2655
New Orleans, Louisiana 70130
(504) 523-2500

*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I certify that on this 3rd day of September, 2021, I filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

/s/ *Shawn R. Fox*