UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
In re:                                                                    Chapter 7

Hilal Khalil Homaidan,                                                    Case No. 08-48275-ess
*aka* Helal K Homaidan,

                          Debtor.
------------------------------------------------------------------------x
In re:                                                                    Chapter 7

Reeham Youssef,                                                           Case No. 13-46495-ess
*aka* Reeham Navarro Youssef,
*aka* Reeham N. Youssef,

                          Debtor.
------------------------------------------------------------------------x
Hilal Khalil Homaidan on behalf of himself and
all others similarly situated,

and                                                                       Adv. Pro. No. 17-1085-ess

Reeham Youssef,

                      Plaintiffs,

  v.

Sallie Mae, Inc., Navient Solutions, LLC,
Navient Credit Finance Corporation,

                  Defendants.
------------------------------------------------------------------------x

## ORDER GRANTING IN PART THE PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER

WHEREAS, on December 4, 2008, Hilal Khalil Homaidan, *aka* Helal K Homaidan, filed a petition for relief under Chapter 7 of the Bankruptcy Code, Case No. 08-48275; and

WHEREAS, on October 29, 2013, Reeham Youssef, *aka* Reeham Navarro Youssef, *aka* Reeham N. Youssef, filed a petition for relief under Chapter 7 of the Bankruptcy Code, Case No. 13-46495; and

WHEREAS, on June 23, 2017, Mr. Homaidan commenced this adversary proceeding (the "Adversary Proceeding") as a putative class action, on behalf of himself and others similarly situated, by filing a complaint against SLM Corporation, Sallie Mae, Inc., Navient Solutions, LLC, and Navient Credit Finance Corporation (Navient Solutions, LLC and Navient Credit Finance Corporation collectively, "Navient") seeking, as to himself and the class members (the "Putative Class Members"), a determination that certain debts that they incurred as a student are not nondischargeable student loan debts under Bankruptcy Code Section 523(a)(8)(B), and an award of damages, including attorneys' fees and costs, for the Defendants' willful violations of the bankruptcy discharge order entered in their cases; and

WHEREAS, on October 21, 2019, Mr. Homaidan filed an amended complaint to add Reeham Youssef as a named plaintiff and proposed class representative (the "Amended Complaint"), ECF No. 160; and

WHEREAS, on December 18, 2019, this Court entered an Order permitting amendment of the complaint to add Ms. Youssef as a named plaintiff and a proposed class representative, ECF No. 166; and

WHEREAS, on April 7, 2022, the Plaintiffs filed this motion for a temporary restraining order (the "TRO Motion"), ECF No. 314; and

WHEREAS, on April 14, 2022, the Court held an initial hearing on the TRO Motion and, with the consent of the parties, set a briefing schedule on the TRO Motion; and

WHEREAS, on May 9, 2022, Navient filed opposition to the TRO Motion, ECF No. 320; and

WHEREAS, on May 20, 2022, the Plaintiffs filed a reply memorandum of law in further support of the TRO Motion, ECF No. 321; and

WHEREAS, on May 25, 2022, the Court held oral argument on the TRO Motion, at which the parties, by counsel, appeared and were heard, and the record is now closed; and

WHEREAS, on July 8, 2022, the Court entered a Memorandum Decision on the Plaintiffs' Motion for a Temporary Restraining Order (the "TRO Memorandum Decision"); and

WHEREAS, as set forth in the TRO Memorandum Decision, the Court finds and concludes that the Plaintiffs do not seek, on behalf of themselves and the Putative Class Members, an "unauthorized" temporary restraining order because, among other reasons, the Plaintiffs limit their request for relief to those individuals with Article III standing, and do *not* seek temporary injunctive relief on behalf of borrowers whose private Tuition Answer Loans do *not* exceed the cost of attendance, or who no longer have any outstanding any balance to be paid; and

WHEREAS, as set forth in the TRO Memorandum Decision, the Court finds and concludes that the Plaintiffs do not seek, on behalf of themselves and the Putative Class Members, temporary injunctive relief of indefinite duration, or the entry of an order that would fail for vagueness; and

WHEREAS, as set forth in the TRO Memorandum Decision, the Court finds and concludes that the Plaintiffs, on behalf of themselves and the Putative Class Members, have established that each of the criteria for the entry of temporary injunctive relief has been met; that is, they have shown a likelihood of success on the merits of their statutory bankruptcy discharge violation claims against Navient, a likelihood of irreparable injury in the absence of relief, that the balance of hardships tips in their favor, and that the public interest would not be disserved by the entry of a temporary restraining order; and

WHEREAS, as set forth in the TRO Memorandum Decision, the Court finds and

concludes that the Plaintiffs, on behalf of themselves and the Putative Class Members, have shown that they are entitled to relief on behalf of a nationwide class of Putative Class Members, not just those class members who received a bankruptcy discharge in this District; and

WHEREAS, as set forth in the TRO Memorandum Decision, the Court finds and concludes that the Plaintiffs, on behalf of themselves and the Putative Class Members, have not shown that, at this stage in these proceedings, it is appropriate to extend that relief beyond the Plaintiffs and Putative Class Members as described in the Amended Complaint; and

WHEREAS, as set forth in the TRO Memorandum Decision, the Court finds and concludes that temporary injunctive relief is warranted to direct Navient to cease its collection efforts on Tuition Answer Loans that exceed the cost of attendance and that have an outstanding balance, from Ms. Youssef and the Putative Class Members, as the class is described in the Amended Complaint; and

WHEREAS, as set forth in the TRO Memorandum Decision, the Court finds and concludes that it is not appropriate at this time to extend that relief to the larger group of those Putative Class Members encompassing student borrowers who entered into other private loans that exceed the cost of attendance, as the class is described in the Class Certification Motion, ECF No. 169.

NOW THEREFORE, IT IS HEREBY

ORDERED, that for the reasons stated herein, and in the TRO Memorandum Decision, which is incorporated herein by reference, and based on the entire record, the Plaintiffs' Motion for a Temporary Restraining Order is granted in part; and it is further

ORDERED, that Navient is restrained and enjoined from taking any acts to collect on Tuition Answer Loans held by the Plaintiffs and the Putative Class Members, as the class is

described in the Amended Complaint, that exceed the cost of attendance as defined by Internal Revenue Code § 221(d), and that have an outstanding balance subject to collection; and it is further

ORDERED, that in order to permit Navient reasonable and sufficient time to implement compliance measures, this Order shall become effective sixty (60) days after it is entered, on September 6, 2022 (*see* Defendants' Objections to Proposed Order, ECF No. 333, at ¶ 17); and it is further

ORDERED, that pursuant to Federal Rule of Civil Procedure 65(b), made applicable herein by Bankruptcy Rule 7065, this Order shall expire fourteen (14) days thereafter, on September 20, 2022, unless it is extended, for good cause, by the Court or Navient consents to a longer extension; and it is further

ORDERED, that the Court will hold a continued pre-trial conference and hearing on the TRO Motion via Zoom on July 21, 2022, at 3:00 p.m., before the Honorable Elizabeth S. Stong, in Courtroom 3585, United States Bankruptcy Court for the Eastern District of New York, 271-C Cadman Plaza East, Brooklyn, New York; 11201; and it is further

ORDERED, that this hearing will be conducted remotely, via video. It is not necessary to request prior authorization to appear remotely. All participants, including attorneys, clients, and pro se parties, may register to appear remotely as follows:

Please register with eCourt Appearances at https://ecf.nyeb.uscourts.gov/cgi-bin/nyebAppearances.pl at least two business days before the scheduled hearing.  To register, please provide your name, address, e-mail address, telephone number to be used on the hearing date, and if appropriate, the party that you represent. You will receive instructions how to access the hearing via email two business days before the hearing.

On your hearing date, please connect at least ten minutes before your scheduled hearing time, and keep your audio and video on mute until your case is called.



Dated: Brooklyn, New York  
July 8, 2022

_____  
Elizabeth S. Stong  
United States Bankruptcy Judge

TO:

Hilal Khalil Homaidan
Videology
Attn: Hilal
308 Bedford Ave
Brooklyn, NY 11211

Jason W Burge, Esq.
Fishman Haygood LLP
201 St Charles Ave, Ste 4600
New Orleans, LA 70170

George F. Carpinello, Esq.
Boies Schiller Flexner, LLP
30 South Pearl Street
11th Floor
Albany, NY 12207

Peter N. Freiberg, Esq.
Jones Swanson Huddell & Garrison, LLC
601 Poydras Street
Suite 2655
New Orleans, LA 70130

Kathryn J. Johnson, Esq.
Fishman Haygood, LLP
201 St. Charles Ave., Ste. 4600
New Orleans, LA 70170

Adam Shaw, Esq.
Boies Schiller Flexner LLP
30 South Pearl Street
Albany, NY 12207-3427

Lynn E Swanson, Esq.
Jones, Swanson, Huddell & Garrison, LLC
601 Poydras Street
Suite 2655
New Orleans, LA 70130

Thomas M Farrell, Esq.
McGuire Woods LLP
JPMorgan Chase Tower
600 Travis Street
Suite 7500

Houston, TX 77002

Shawn Randall Fox, Esq.
McGuire Woods LLP
1251 Avenue of the Americas
20th Floor
New York, NY 10020

Office of the United States Trustee
Eastern District of NY (Brooklyn Office)
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, NY 10014