UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>HILAL KHALIL HOMAIDAN aka Helal K. Homaidan<br><br>Debtor, | Chapter 7<br><br>Case No. 08-48275 (ESS) |
| In re:<br><br>REEHAM YOUSSEF aka Reeham Navarro Youssef aka Reeham N. Youssef<br><br>Debtor, | Chapter 7<br><br>Case No. 13-46495 (ESS) |
| HILAL KHALIL HOMAIDAN on behalf of himself and all others similarly situated,<br><br>and<br><br>REEHAM YOUSSEF,<br><br>Plaintiffs,<br><br>v.<br><br>SALLIE MAE, INC, NAVIENT SOLUTIONS, LLC, NAVIENT CREDIT FINANCE CORPORATION<br><br>Defendants. | Adv. Pro. No. 17-01085 |

## STIPULATION AND MEDIATION ORDER

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned parties:

1. The parties shall participate in mediation, whereby a neutral and impartial person will assist them in attempting to reach a mutually acceptable negotiated resolution of the dispute between them (the "Mediation").

2. The parties jointly accept Eric Green to provide mediation services to them (the "Mediator").

3. The Mediation shall be non-binding.

4. The Mediator shall not have authority to render a decision that shall bind the parties.

5. The parties are not obligated to agree to any proposals which are made during the Mediation.

6. No party shall be bound by anything said or done during the Mediation, unless either a written and signed stipulation is entered into or the parties enter into a written and signed agreement.

7. The Mediator may meet in private conference with less than all of the parties.

8. Information obtained by the Mediator, either in written or oral form, shall be confidential and shall not be revealed by the Mediator unless and until the party who provided that information agrees to its disclosure.

9. The Mediator shall not, without the prior written consent of both parties, disclose to the Court any matters which are disclosed to him or her by either of the parties or any matters which otherwise relate to the Mediation.

10. The Mediation shall be considered a settlement negotiation for the purpose of all federal and state rules protecting disclosures made during such conferences from later discovery or use in evidence. The entire procedure shall be confidential, and no stenographic or other record shall be made except to memorialize a settlement record. All communications and conduct, oral or written, during the Mediation by any party or a party's agent, employee, or attorney are confidential and, where appropriate, are to be considered work product and privileged. Such conduct, statements, promises, offers, views and opinions shall not be subject to

      discovery or admissible for any purpose, including impeachment, in any litigation or other proceeding involving the parties; provided, however, that evidence otherwise subject to discovery or admissible is not excluded from discovery or admission in evidence simply as a result of it having been used in connection with this Mediation process.

11. The Mediator and his or her agents shall have the same immunity as judges and court employees have under Federal law and the common law from liability for any act or omission in connection with the Mediation, and from compulsory process to testify or produce documents in connection with the Mediation.

12. The parties (i) shall not call or subpoena the Mediator as a witness or expert in any proceeding relating to the Mediation, the subject matter of the Mediation, or any thoughts or impressions which the Mediator may have about the parties in the Mediation; (ii) shall not subpoena any notes, documents or other material prepared by the Mediator in the course of or in connection with the Mediation; and (iii) shall not offer in evidence any statements, views, or opinions of the Mediator.

13. The Mediator's compensation shall be on such terms as are satisfactory to the Mediator and the parties, and shall be subject to Court approval if the estate is to be charged with such expense. Absent agreement or Court order to the contrary, the parties to the Mediation shall pay equal shares of the Mediator's compensation.

14. An individual with final authority to settle the matter and to bind the party, as well as all interested insurance carriers, shall attend the Mediation on behalf of each party.

Dated: July 22, 2022

| | |
|---|---|
| */s/ George F. Carpinello* <br> George F. Carpinello | */s/ Thomas M. Farrell* <br> Thomas M. Farrell |

**BOIES SCHILLER FLEXNER LLP**
George F. Carpinello
Adam R. Shaw
Jenna S. Smith

30 South Pearl Street, 11th Fl.
NY 12207
gcarpinello@bsfllp.com
ashaw@bsfllp.com

jsmith@bsfllp.com

**JONES, SWANSON, HUDDELL & GARRSION, LLC**
Lynn Swanson
601 Poydras Street
Suite 2655
New Orleans, LA 70130
lswanson@jonesswandon.com

**FISHMAN HAYGOOD LLP**
Burge
201 St Charles Ave, Ste 4600
New Orleans, LA 70170
jburge@fishmanhaygood.com

*Attorneys for Plaintiffs*

**MCGUIRE WOODS LLP**
Thomas M. Farrell
845 Texas Avenue, Suite 2400
Houston, TX 77002

tfarrell@mcguirewoods.com Albany,

**MCGUIRE WOODS LLP**
Shawn R. Fox

1251 Avenue of the Americas, 20th Floor New York, New York 10020
sfox@mcguirewoods.com

**MCGUIRE WOODS LLP**
Dion W. Hayes
K. Elizabeth Sieg
800 East Canal Street
Richmond, Virginia 23219
dhayes@mcguirewoods.com
bsieg@mcguirewoods.com Jason

*Attorneys for Defendants*

Consented to:

_/s/ *Eric D. Green* ____

Mediator

**It is SO ORDERED.**



Dated: Brooklyn, New York
July 22, 2022

_____
**Elizabeth S. Stong**
**United States Bankruptcy Judge**