UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: <br><br> HILAL K. HOMAIDAN fka Helal K. Homaidan <br><br> Debtor, | Chapter 7 <br><br> Case No. 08-48275 (ESS) |
| In re: <br><br> REEHAM YOUSSEF aka Reeham Navarro Youssef aka Reeham N. Youssef <br><br> Debtor, | Chapter 7 <br><br> Case No. 13-46495 (ESS) |
| HILAL K. HOMAIDAN and REEHAM YOUSSEF on behalf of themselves and all others similarly situated <br><br> Plaintiffs, <br><br> v. <br><br> SALLIE MAE, INC, NAVIENT SOLUTIONS, LLC, NAVIENT CREDIT FINANCE CORPORATION <br><br> Defendants. | Adv. Pro. No. 17-1085 |

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT
OF THEIR MOTION FOR CLASS CERTIFICATION**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

ARGUMENT ........................................................................................................................... 1

    I.    THE CLASS IS ASCERTAINABLE AND THE INADEQUACY OF NAVIENT'S RECORDS HAS NO BEARING ON THIS ISSUE. ........................ 1

    II.    COMMON ISSUES PREDOMINATE, EVEN CONSIDERING AFFIRMATIVE DEFENSES. ................................................................................ 4

    III.    THIS COURT HAS JURISDICTION OVER A NATIONWIDE CLASS. ............ 8

CONCLUSION ....................................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**

*Ajasa v. Wells Fargo Bank, N.A.* (*In re Ajasa*),
   627 B.R. 6 (Bankr. E.D.N.Y. 2021) .................................................................................. 8, 9, 10

*Anderson v. Capital One Bank (USA), N.A.* (*In re Anderson*),
   19-cv-03981-NSR, Dkt. No. 20 (S.D.N.Y. Sept. 11, 2019) ........................................................ 9

*Anderson v. Credit One Bank, N.A.* (*In re Anderson*),
   Adv. Pro. No. 15-08214, Dkt. No. 15 (Bankr. S.D.N.Y. May 14, 2015) ................................. 8

*Anderson v. Credit One Bank, N.A.* (*In re Anderson*),
   Adv. Pro. No. 15-08214, 2022 WL 1926608 (Bankr. S.D.N.Y. June 03, 2022) ................ 9, 10

*Baker v. GMC*,
   522 U.S. 222 (1998) .................................................................................................................. 9

*Barrett v. Wesley Fin. Grp., LLC*,
   No. 13-cv-554, 2015 WL 12910740 (S.D. Ca. Mar. 30, 2015) .................................................. 7

*Belton v. GE Capital Retail Bank* (*In re Belton*),
   7:21-cv09492, Dkt. No. 17 (S.D.N.Y. Feb. 10, 2022) ............................................................... 9

*Bruce v. Citigroup Inc.* (*In Re Bruce*),
   Adv. Pro. No. 14-08224, Dkt. No. 135 (Bankr. S.D.N.Y. July 22, 2021) ............................... 8

*Catholic Healthcare W. v. U.S. Foodservice Inc.* (*In re U.S. Foodservice Inc. Pricing Litig.*),
   729 F.3d 108 (2d Cir. 2013) ...................................................................................................... 5

*Credit One Financial v. Anderson* (*In re Anderson*),
   550 B.R. 228 (S.D.N.Y. 2016) .................................................................................................. 8

*Credit One Financial v. Anderson* (*In re Anderson*),
   No. 7:15-cv-04227, Dkt. No. 57 (S.D.N.Y. 2016) .................................................................... 8

*Crocker v. Navient Sols. L.L.C.* (*In re Crocker*),
   941 F.3d 206 (5th Cir. 2019) ..................................................................................................... 9

*Echevarria v. Bank of America Corp.* (*In re Echevarria*),
   Adv. Pro. No. 14-08216, Dkt. No. 83 (Bankr. S.D.N.Y. April 14, 2015) ............................ 8, 9

*Flores v. Anjost Corp.*,
   284 F.R.D. 112 (S.D.N.Y. 2012) .............................................................................................. 2

*Geltzer v. Brizinova* (*In re Brizinova*),
   565 B.R. 488 (Bankr. E.D.N.Y. 2017) ...................................................................................... 9

*George v. Shamrock Saloon II LLC*,
   No. 17-CV-6663, 2020 WL 133621 (S.D.N.Y. Jan. 13, 2020) ............................................. 3, 11

*Golden v. Discover Bank* (*In re Golden*),
   630 B.R. 869 (Bankr. E.D.N.Y. 2021)......................................................................................... 8

*Harte v. Ocwen Fin. Corp.*,
   No. 13-CV-5410, 2018 WL 1830811 (E.D.N.Y. Feb. 8, 2018), *report and recommendation adopted*, No. 13 CV5410, 2018 WL 1559766 (E.D.N.Y. Mar. 30, 2018) ............................. 1, 3

*Haynes v. Chase Bank USA, N.A.* (*In re Haynes*),
   Adv. Pro. No. 13-08370, 2014 WL 3608891 (Bankr. S.D.N.Y. July 22, 2014) ..................... 8, 9

*Headly v. Liberty Homecare Options, LLC*,
   No. 3:20-CV-00579, 2022 WL 2181410 (D. Conn. June 16, 2022) ........................................... 1

*In re DiBattista*,
   33 F.4th 698 (2d Cir. 2022) ....................................................................................................... 10

*In re Petrobras Securities*,
   862 F.3d 250 (2d Cir. 2017) ........................................................................................................ 4

*In re Ranciato*,
   638 B.R. 275 (Bankr. D. Conn. 2022), *reconsideration denied*, No. 18-31337, 2022 WL 877198 (Bankr. D. Conn. Mar. 24, 2022).................................................................................. 3

*In re Vale S.A. Sec. Litig.*,
   No. 19-CV-526, 2022 WL 969724 (E.D.N.Y. Mar. 31, 2022)..................................................... 4

*Iowa Pub. Employees' Ret. Sys. v. Bank of Am. Corp.*,
   No. 17-CV-6221, 2022 WL 2829880 (S.D.N.Y. June 30, 2022) ................................................ 4

*Johnson v. Nextel Comms., Inc.*,
   780 F.3d 128 (2d Cir. 2015) ........................................................................................................ 4

*Kopaleishvili v. Uzbek Logistics, Inc.*,
   2019 WL 6609212 (S.D. Ohio Dec. 5, 2019) ............................................................................. 6

*Mazloom v. Navient Sols., LLC et al* (*In re Mazloom*),
   Adv. Pro. No. 20-80033-6, 2022 WL 950932 (Bankr N.D.N.Y. Mar. 29, 2022)........................ 3

*McRobie v. Palisades Acquisition XVI, LLC*,
   No. 1:15-cv-00018, 2022 WL 1657226 (W.D.N.Y. Mar. 4, 2022)............................................. 5

*Mendez v. MCSS Rest. Corp.*,
   No. 16-CV-2746, 2019 WL 2504613 (E.D.N.Y. June 17, 2019) ........................................... 4, 7

*Pryce v. Progressive Corp.*,
  No. 19-CV-1467, 2022 WL 969740 (E.D.N.Y. Mar. 31, 2022)................................................ 7

*Rodriguez v. CPI Aerostructures, Inc.*,
  No. 20-CV-0982, 2021 WL 9032223 (E.D.N.Y. Nov. 10, 2021) ............................................. 4

*Royal Park Invs. SA/NV v. Bank of N.Y. Mellon*,
  2019 WL 652841 (S.D.N.Y. Feb. 15, 2019)............................................................................. 4

*Siegel v. Fitzgerald*,
  142 S. Ct. 1770 (2022)............................................................................................................ 10

*Solow v. Kalikow*,
  602 F.3d 82 (2d Cir. 2010) ..................................................................................................... 10

*Sykes v. Mel S. Harris and Assoc., LLC*,
  780 F.3d 70 (2d Cir. 2015) ....................................................................................................... 7

*UFCW Local 1776 v. Eli Lilly & Co.*,
  620 F.3d 121 (2d Cir. 2010) ..................................................................................................... 5

**Rules**

11 U.S.C. § 105.............................................................................................................................. 10

26 U.S.C. § 221(d) .......................................................................................................................... 2

11 U.S.C § 524........................................................................................................................ 5, 8, 9

U.S. Const., Art. I, § 8, cl. 4.......................................................................................................... 10

Plaintiffs respectfully submit this Supplemental Memorandum of Law in Support of their Motion for Class Certification. Dkt. No. 169. A summary recitation of the relevant provisions of the Bankruptcy Code applicable to these motions is contained in Plaintiffs' Supplemental Memorandum of Law in Support of Their Motion for a Preliminary Injunction, and it is incorporated herein.

This Memorandum of Law supplements Plaintiffs' arguments concerning class certification and incorporates all prior arguments, evidence, and briefs on this issue.

## ARGUMENT

### I. THE CLASS IS ASCERTAINABLE AND THE INADEQUACY OF NAVIENT'S RECORDS HAS NO BEARING ON THIS ISSUE.

Navient's argument that the class is not ascertainable because it has to review individual records, some of which might be difficult to review or find, is simply wrong, and confuses the parties' respective burdens.

Plaintiff, as the party seeking to certify the class, must show that the contours of the class can be established using common, objective criteria. Ascertainability is not a demanding standard; rather, "it is designed only to prevent certification of classes whose membership is ***actually indeterminable***." *Harte v. Ocwen Fin. Corp.*, No. 13-CV-5410, 2018 WL 1830811, at *31 (E.D.N.Y. Feb. 8, 2018), *report and recommendation adopted*, No. 13 CV5410, 2018 WL 1559766 (E.D.N.Y. Mar. 30, 2018) (internal quotation marks omitted; emphasis added). Ascertainability is satisfied if a class is "defined using objective criteria that establish membership with definite boundaries." *Headly v. Liberty Homecare Options, LLC*, No. 3:20-CV-00579, 2022 WL 2181410, at *17 (D. Conn. June 16, 2022). And the membership of the class need only be ascertainable at some point in the case—not necessarily prior to class certification. *Harte*, 2018 WL 1830811 at *31 (internal quotation marks and citations omitted).

The proposed class in this case readily meets the ascertainability standard because its membership can be determinedd through objective criteria contained either in Defendants' records and other records Defendants could obtain (and should have obtained) from public sources or third parties. *Flores v. Anjost Corp.*, 284 F.R.D. 112, 123 (S.D.N.Y. 2012) (finding class ascertainable through objective criteria that included the defendant's own payroll records and "no subjective criteria is required to determine the class's contours.").

There is nothing "subjective" about the criteria Plaintiffs have proposed for determining the class. Put simply, the proposed class is composed of the thousands of borrowers with loans that exceed the cost of attendance who received a bankruptcy discharge and were nonetheless subjected to Defendants' continued attempts to collect on these discharged loans. The only facts needed to ascertain membership in the class are (1) whether borrowers attended or intended to attend Title IV institutions; (2) received private loans owned or served by Defendants that exceeded the cost of attendance as defined in 26 U.S.C. § 221(d); (3) received a discharge order from a U.S. bankruptcy court after January 1, 2005; and (4) have not reaffirmed their loans. All of this data is or should be readily available from Defendants' own records, and to the extent it is not, it is because Defendants failed to either collect or maintain the data necessary to determine whether a particular borrower's loan was dischargeable. *See* Dkt. No. 169 at 26-28; Dkt. No. 5-8.[1]

Ascertainability is not a demanding standard, and Defendants cannot try to bootstrap the merits of the case into this requirement. *See George v. Shamrock Saloon II LLC*, No. 17-CV-6663,

---

[1] For example, the cost of attendance of Title IV school is maintained by the federal government in its Integrated Postsecondary Education Data System ("IPEDS"). Defendants could have used IPEDS to determine the cost of attendance for its borrowers at the time they made the loans. *See, e.g.*, Dkt. No. 179 at Ex. P. to Carpinello Decl.

2020 WL 133621, at *8 (S.D.N.Y. Jan. 13, 2020) (in certifying class in TCPA action, the court noted regarding ascertainability that "[w]hile Defendants dispute the scope of the class and that they lacked consent to send the messages, they have not otherwise contested the ability to identify the class."). Similarly, if Defendants want to assert a lack of ascertainability, they cannot simply argue that some of the loans may have been within the cost of attendance, and therefore are excepted from discharge. They could have, and should have, made that determination at the time they made or acquired the loan. They cannot simply "play coy" and rely on their own failure to comply with the Bankruptcy Code as a basis to avoid class certification.

It is well-established that exceptions to bankruptcy discharge are narrowly construed. *Mazloom v. Navient Sols., LLC et al* (*In re Mazloom*), Adv. Pro. No. 20-80033-6, 2022 WL 950932, at *4 (Bankr N.D.N.Y. Mar. 29, 2022). Defendants, as creditors bear the burden of proving by a preponderance of the evidence that any particular loan was excepted from discharge. *See, e.g., In re Ranciato*, 638 B.R. 275, 286 (Bankr. D. Conn. 2022), *reconsideration denied*, No. 18-31337, 2022 WL 877198 (Bankr. D. Conn. Mar. 24, 2022). While Defendants may come forward and show that an individual borrower is excluded from the class because his or her loan did not exceed the cost of attendance, their inability to make that showing based on their own records does not render the class unascertainable. *See, e.g.*, *Harte*, 2018 WL 1830811, at *32 (finding that Ocwen's creation of a system that "it can readily maneuver when it needs to find a borrower against whom to file foreclosure" but not when another party seeks an accounting of how many borrowers it sent correspondence to regarding foreclosure was "at best, a treacherous defense."); *see also* Dkt. No. 169 at 26-28. Defendants cannot hide behind their own failure to establish that borrowers' loans are qualified education loans, which has caused them to collect on

thousands of discharged loans, to state that the class of borrowers who they have harmed by doing so is unascertainable.

## II. COMMON ISSUES PREDOMINATE, EVEN CONSIDERING AFFIRMATIVE DEFENSES.

Navient also argues that common issues do not predominate because of individual issues raised by Navient's affirmative defenses, such as defenses arising from boilerplate certifications about the cost of attendance contained in certain promissory notes. Navient is wrong. First, the issue of predominance is "more qualitative than quantitative, and must account for the nature and significance of the material common and individual issues in the case." *Iowa Pub. Employees' Ret. Sys. v. Bank of Am. Corp.*, No. 17-CV-6221, 2022 WL 2829880, at *22 (S.D.N.Y. June 30, 2022); *Rodriguez v. CPI Aerostructures, Inc.*, No. 20-CV-0982, 2021 WL 9032223, at *10 (E.D.N.Y. Nov. 10, 2021). The analysis "requires more than simply counting the number of common and individualized issues; the [c]ourt must consider the relative complexity of those issues." *Royal Park Invs. SA/NV v. Bank of N.Y. Mellon*, 2019 WL 652841, at *5 (S.D.N.Y. Feb. 15, 2019) (citing *In re Petrobras Securities*, 862 F.3d 250, 271 (2d Cir. 2017)); *Mendez v. MCSS Rest. Corp.*, No. 16-CV-2746, 2019 WL 2504613, at *11 (E.D.N.Y. June 17, 2019). The Court asks "whether issues susceptible to generalized proof outweigh individual issues." *Johnson v. Nextel Comms., Inc*., 780 F.3d 128, 138 (2d Cir. 2015). "Plaintiffs need not prove, however, that the legal or factual issues that predominate will be answered in their favor." *Iowa Pub. Employees' Ret. Sys.*, 2022 WL 2829880 at *22. Predominance is met where the individualized issues do not overwhelm the other common issues in the case. *In re Vale S.A. Sec. Litig.*, No. 19-CV-526, 2022 WL 969724, at *5 (E.D.N.Y. Mar. 31, 2022).

Predominance is satisfied "if resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized

4

proof, and if these particular issues are more substantial than the issues subject only to individualized proof." *Catholic Healthcare W. v. U.S. Foodservice Inc.* (*In re U.S. Foodservice Inc. Pricing Litig.*), 729 F.3d 108, 118 (2d Cir. 2013) (quoting *UFCW Local 1776 v. Eli Lilly & Co.*, 620 F.3d 121, 131 (2d Cir. 2010)) (internal quotation marks omitted).  The common questions raised in this case (both by Plaintiffs and Defendants) include: (1) is a private loan that exceeds the cost of attendance dischargeable?; (2) can a boilerplate certification make a loan non-dischargeable even if it exceeds the cost of attendance?; (3) does signing a promissory note with Defendants' boilerplate certification constitute a "fraud" on Defendants?; (4) does the fact that borrowers continue to make payments after being notified by Defendants that their loan is non-dischargeable constitute a "voluntary" payment?; and finally, (5) is the class guilty of laches because class members have not challenged the dischargeability of their debts until now?  None of these questions require this Court to engage in an individualized inquiry, rather, each can be answered by looking to common classwide proof. *See* Dkt. 218 at 16-17; Dkt. 196 at 29-35; *see also McRobie v. Palisades Acquisition XVI, LLC*, No. 1:15-cv-00018, 2022 WL 1657226, at *8 n.10 (W.D.N.Y. Mar. 4, 2022) (rejecting argument that individualized issues predominated in FDCPA case where liability was dependent on defendant's *lack* of meaningful review (which was resolvable by common proof).  So too here, whether or not Defendants' policy of refusing to verify whether or not a loan was within the cost of attendance violates § 524 is a common question that is resolvable by looking only at *common proof*.

Defendants attempt to raise questions that necessitate "individualized factualized determinations" that they assert will require individual "mini-trials." *See* Dkt. 200 at 27-31.  Many of these questions are simply red herrings; for example, Defendants ask "[d]id the school and/or putative class member certify their loans were 'qualified education loans?'" *Id.* at 29.  There,

Defendants refer to the purported "certification" by borrowers that their loans were made for a qualified higher education expense—either in the promissory note itself or in a separate tax form provided by the lender. *See, e.g.*, Dkt. 200 at n.26 and Ex. C. It takes audacity for Defendants to rely on a consumer's (and layperson's) execution of a lender-prepared form to substantiate whether their loan was made for a "qualified higher education expense" *as defined by Congress in statute*— particularly where they purport to rely on the certification in the promissory note; the very instrument the consumer must sign to obtain the funds. Nonetheless, when the Court considers this defense, it can and should do so on a class-wide basis. For the borrowers who have certifications in their notes, it is necessarily a classwide question; if there are certifications in additional forms, it is not an individual inquiry that predominates over the common questions raised by Plaintiffs— if the Court agrees with Defendants on the note's certification clause, it can render judgment in their favor; if it agrees with them regarding the separate form it could exclude from the class those borrowers who signed them.[2] That information can be ascertained from Defendants' records; and, if for some reason it cannot, they will simply fail to meet their burden on these purported affirmative defenses. *See Kopaleishvili v. Uzbek Logistics, Inc.*, 2019 WL 6609212, at *4, *11-12 (S.D. Ohio Dec. 5, 2019) (holding that poor record keeping on the part of a defendant generally does not excuse him from potential liability [and] [t]o allow that same systematic failure to defeat

---

[2] *See Kivett v. Flagstar Bank, FSB*, 333 F.R.D. 500, 507 (N.D. Cal. 2019) (existence of affirmative defenses that defendants alleged applied to some class members and not others and other miscellaneous differences between the proposed class members did not preclude class certification because such differences "cannot obfuscate the main point that [defendant] allegedly *cheated* thousands of borrowers").

class certification would undermine the very purpose of class action remedies"; and noting affirmative defenses were evidentiary issues not class certification issues).³

Finally, it is well-established that individualized issues of damages do not defeat predominance. *Pryce v. Progressive Corp.*, No. 19-CV-1467, 2022 WL 969740, at *8 (E.D.N.Y. Mar. 31, 2022). That some inquiry may be necessary to determine Class Members' individual damages does not preclude certification or undermine the predominance of the common issues. *Sykes v. Mel S. Harris and Assoc., LLC*, 780 F.3d 70, 81-82 (2d Cir. 2015). The United States District Court for the Eastern District of New York found in *Mendez v. MCSS Restaurant Corporation* that plaintiffs had met the predominance requirement for both liability and damages because their claims based on their employer's uniform pay practices, although there were individualized damages issues such as whether the proposed classes the proposed classes may have included, for example, "some employees who used time cards to clock in and out and some who did not." No. 16-CV-2746, 2019 WL 2504613, at *12 (E.D.N.Y. June 17, 2019). The Court noted that these difference in their experiences did not overcome class certification where plaintiffs alleged "that all Class Members were systematically underpaid due to the same kinds of timekeeping errors." *Id.* The same is true here—the "individualized questions" raised by Defendants cannot defeat the fact that plaintiffs and putative Class Members' claims arise out of a common course of conduct by Defendants. *See, e.g.*, *Barrett v. Wesley Fin. Grp., LLC*, No. 13-cv-554, 2015 WL 12910740, at *7 (S.D. Ca. Mar. 30, 2015).

---

³ *See also Waste Mgmt. Holdings, Inc. v. Mowbray*, 208 F.3d 288, 295-96 (1st Cir. 2000) (recognizing court's consideration of affirmative defenses in class certification decisions, but noting that individualized statute-of-limitations defenses governed by various state laws and affirming district court's class certification decision); and *id.* at 296 n.4 (specifically rejecting Fourth Circuit's "suggestion that when the defendant's affirmative defenses (such as ... the statute of limitations) may depend on facts peculiar to each plaintiff's case, class certification is erroneous.") (internal quotation marks and citation omitted).

Even if individual trials on damages were required, that would not defeat class certification, but here the Class Members' outstanding loan balances, payments since discharge, and the cumulative collection attempts made by Navient can all be determined from Navient's files. Accordingly, the amount of damages can be determined based on Navient's records, and there will be no need for individualized trials.

### III.  THIS COURT HAS JURISDICTION OVER A NATIONWIDE CLASS.

Navient also continues to argue that the Court has no jurisdiction to certify a nationwide class of debtors who obtained discharges in other districts. As Plaintiffs previously explained, Navient's arguments apply only to monetary claims for contempt and thus have no applicability to Plaintiffs' claims for declaratory relief. Navient's arguments are also wrong as they apply to Plaintiffs' monetary claims for contempt.

As this Court is aware, seven separate decisions within the Second Circuit, including two from this Court, have now held that bankruptcy courts in this circuit have jurisdiction over a national class to enforce violations of § 524. *See Bruce v. Citigroup Inc.* (*In Re Bruce*), Adv. Pro. No. 14-08224, Dkt. No. 135 (Bankr. S.D.N.Y. July 22, 2021) (Drain., J.); *Ajasa v. Wells Fargo Bank, N.A.* (*In re Ajasa*), 627 B.R. 6, 26 (Bankr. E.D.N.Y. 2021) (Stong, J.); *Golden v. Discover Bank* (*In re Golden*), 630 B.R. 869 (Bankr. E.D.N.Y. 2021) (Stong, J.); *Anderson v. Credit One Bank, N.A.* (*In re Anderson*), Adv. Pro. No. 15-08214, Dkt. No. 15 (Bankr. S.D.N.Y. May 14, 2015) (Drain., J.); *Credit One Financial v. Anderson* (*In re Anderson*), 550 B.R. 228 (S.D.N.Y. 2016) (Roman, J.) (denying appellant's request for leave to appeal order denying motion to strike national class allegations); *Credit One Financial v. Anderson* (*In re Anderson*), No. 7:15-cv-04227, Dkt. No. 57 (S.D.N.Y. 2016) (Roman, J.) (denying motion for leave to appeal district court's previous order denying leave to appeal); *Echevarria v. Bank of America Corp.* (*In re Echevarria*), Adv. Pro. No. 14-08216, Dkt. No. 83 (Bankr. S.D.N.Y. April 14, 2015) (Drain., J.); *Haynes v.*

*Chase Bank USA, N.A.* (*In re Haynes*), Adv. Pro. No. 13-08370, 2014 WL 3608891, at *6-9 (Bankr. S.D.N.Y. July 22, 2014) (Drain, J.).

Moreover, five other nationwide class actions for declaratory contempt relief for violations of § 524 have already been certified and finally approved by the district court. *Anderson v. Capital One Bank (USA), N.A.* (*In re Anderson*), 19-cv-03981-NSR, Dkt. No. 20 (S.D.N.Y. Sept. 11, 2019); *Haynes v. Chase Bank USA, N.A.* (*In re Haynes*), 18-cv-03307-VB, Dkt. No. 19 (S.D.N.Y. Aug. 24, 2018); *Echevarria v. Bank of America Corp.* (*In re Echevarria*), 17-cv-08026- VB, Dkt. No. 23 (S.D.N.Y. Mar. 14, 2018); *Ajasa v. Wells Fargo Bank, N.A.* (*In re Ajasa*), 1:21- cv-07085 (E.D.N.Y. April 13, 2022); *Belton v. GE Capital Retail Bank* (*In re Belton*), 7:21-cv09492, Dkt. No. 17 (S.D.N.Y. Feb. 10, 2022).

As recently as June 2022, in *Anderson v. Credit One Bank, N.A.* (*In re Anderson*), Adv. Pro. No. 15-08214, 2022 WL 1926608 (Bankr. S.D.N.Y. June 3, 2022), Judge Drain provided a robust explanation of why a nationwide monetary class for violations of § 524 is proper. Key to Judge Drain's analysis is that the issue is not one of jurisdiction, but of discretion. As Judge Drain explained, the proposition that:

> "[s]anctions for violations of an injunction are . . . generally administered by the court that issued the injunction," *Baker v. GMC*, 522 U.S. 222, 236 (1998), is -- as indicated by Justice Ginsburg's use of the word 'generally' in *Baker*, -- not a *jurisdictional* limitation."

*Id*. at *3. The recent decisions that have dealt with the issue have treated it as one of discretion, as opposed to jurisdiction. For example, the Fifth Circuit in *Crocker v. Navient Sols. L.L.C.* (*In re Crocker*), 941 F.3d 206, 216 (5th Cir. 2019), rejected the Eleventh Circuit's jurisdictional based approach and found that the "enforcement rules for injunctions" emanate from "respect for the judicial process," a discretionary consideration. *Id.*; *see also In re Anderson*, 2022 WL 1926608 at *3 (discussing *Crocker*). This Court recognized the discretionary nature of the proposition as

9

far back as 2017 when it ruled in *Geltzer v. Brizinova* (*In re Brizinova*), 565 B.R. 488 (Bankr. E.D.N.Y. 2017) (Stong, B.J.):

> That is not to say that it is never appropriate for one judge to enforce an order that was entered by another judge in a different case. For example, in the bankruptcy context, courts may distinguish between whether they are asked to enforce a "purely statutory order" such as ... the discharge injunction set forth in Bankruptcy Code Section 524, on the one hand, and an injunction "individually crafted by the bankruptcy judge," on the other. And sometimes it may not be feasible for the parties to return to the courtroom of the issuing judge.

*Id*. at 503 (internal quotation and citation omitted).

That is exactly what is at issue here, enforcement of a statutory injunction that is embodied in a form order that is exactly the same across the country and which Bankruptcy Courts cannot change. That statutory injunction and discharge order is enforced through § 105, which (unlike the All Writs Act, which is tethered to aiding a court's jurisdiction) empowers Bankruptcy Courts to enforce and carry out other provisions of the Bankruptcy Code. *In re Anderson*, 2022 WL 1926608, at *4; *Solow v. Kalikow*, 602 F.3d 82, 97 (2d Cir. 2010); *In re DiBattista*, 33 F.4th 698, 702 (2d Cir. 2022). Further, evaluating whether a party's systemic actions violated numerous, standard discharge orders and the statutory injunction is consistent with the Constitution's requirement of uniformity in enforcement of the Bankruptcy Code, and Congress' aim to protect a right that is central to the statutory scheme and bankruptcy system. U.S. Const., Art. I, § 8, cl. 4; *Siegel v. Fitzgerald*, 142 S. Ct. 1770, 1772 (2022); *In re Ajasa*, 627 B.R. at 28-29.

As all of these well-reasoned decisions have held, it is well within the Bankruptcy Court's authority to certify a nationwide class of debtors who have all been subject to Defendants' uniform course of illegal conduct.

## CONCLUSION

For all these reasons and the reasons contained in Plaintiffs' prior arguments, evidence, and briefs, Plaintiffs respectfully request that their Motion for Class Certification be granted.

Dated: August 5, 2022					Respectfully submitted,

									**BOIES SCHILLER FLEXNER LLP**

							By: */s/ George F. Carpinello*
								George F. Carpinello
								Adam R. Shaw
								Jenna C. Smith
								30 South Pearl Street
								Albany, NY 12207
								(518) 434-0600

								**JONES, SWANSON, HUDDELL & DASCHBACH, L.L.C.**
								Lynn E. Swanson (admitted *pro hac vice*)
								601 Poydras Street, Suite 2655
								New Orleans, Louisiana 70130

								**FISHMAN HAYGOOD LLP**
								Jason W. Burge (admitted *pro hac vice*)
								201 St. Charles Avenue, 46th Floor
								New Orleans, Louisiana 70170

								*Counsel for Plaintiffs Hilal Homaidan and Reeham Youssef*

**CERTIFICATE OF SERVICE**

I, George F. Carpinello, hereby certify that on the 5th day of August, 2022, I served the forgoing document on all counsel of record via ECF.

/s/ George F. Carpinello
George F. Carpinello