UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
In re:                                                                    Chapter 7

Hilal Khalil Homaidan,                                                    Case No. 08-48275-ess
*aka* Helal K Homaidan,

                              Debtor.
-------------------------------------------------------------------------x
In re:                                                                    Chapter 7

Reeham Youssef,                                                           Case No. 13-46495-ess
*aka* Reeham Navarro Youssef,
*aka* Reeham N. Youssef,

                              Debtor.
-------------------------------------------------------------------------x
Hilal Khalil Homaidan on behalf of himself and
all others similarly situated,

and                                                                       Adv. Pro. No. 17-1085-ess

Reeham Youssef,

                        Plaintiffs,

   v.

Sallie Mae, Inc., Navient Solutions, LLC,
Navient Credit Finance Corporation,

                        Defendants.
-------------------------------------------------------------------------x

## ORDER DENYING NAVIENT'S REQUEST FOR A STAY PENDING APPEAL

WHEREAS, on December 4, 2008, Hilal Khalil Homaidan, *aka* Helal K Homaidan, filed

a petition for relief under Chapter 7 of the Bankruptcy Code, Case No. 08-48275; and

WHEREAS, on October 29, 2013, Reeham Youssef, *aka* Reeham Navarro Youssef, *aka*

Reeham N. Youssef, filed a petition for relief under Chapter 7 of the Bankruptcy Code, Case No.

13-46495.

*Background*

WHEREAS, on June 23, 2017, Mr. Homaidan commenced this adversary proceeding (the "Adversary Proceeding") as a putative class action, on behalf of himself and others similarly situated, by filing a complaint against SLM Corporation, Sallie Mae, Inc., Navient Solutions, LLC, and Navient Credit Finance Corporation (Navient Solutions, LLC and Navient Credit Finance Corporation collectively, "Navient") seeking, as to himself and the class members (the "Putative Class Members"), a determination that certain debts that they incurred as students are not nondischargeable student loan debts under Bankruptcy Code Section 523(a)(8)(B), and an award of damages, including attorneys' fees and costs, for the Defendants' willful violations of the bankruptcy discharge order entered in their cases; and

WHEREAS, on October 21, 2019, Mr. Homaidan filed an amended complaint to add Ms. Youssef as a named plaintiff and proposed class representative (the "Amended Complaint"), ECF No. 160; and

WHEREAS, on December 18, 2019, this Court entered an Order permitting amendment of the complaint to add Ms. Youssef as a named plaintiff and a proposed class representative, ECF No. 166; and

WHEREAS, on April 7, 2022, the Plaintiffs filed a motion for a temporary restraining order (the "TRO Motion"), ECF No. 314; and

WHEREAS, on April 14, 2022, the Court held an initial hearing on the TRO Motion and, with the consent of the parties, set a briefing schedule on the TRO Motion; and

WHEREAS, on May 9, 2022, Navient filed opposition to the TRO Motion, ECF No. 320; and

WHEREAS, on May 20, 2022, the Plaintiffs filed a reply memorandum of law in further support of the TRO Motion, ECF No. 321; and

WHEREAS, on May 25, 2022, the Court held oral argument on the TRO Motion, at which the parties, by counsel, appeared and were heard; and

WHEREAS, on July 8, 2022, the Court entered a Memorandum Decision on the Plaintiffs' Motion for a Temporary Restraining Order (the "TRO Memorandum Decision"), ECF No. 341, granting in part the TRO Motion to the extent that it enjoined Navient from taking any acts to collect on Tuition Answer Loans held by the Plaintiffs and putative class members, as the class is described in the Amended Complaint, that exceed the cost of attendance as defined by Internal Revenue Code § 221(d), and that have an outstanding balance subject to collection, *Homaidan v. Sallie Mae, Inc.* (*In re Homaidan*), 640 B.R. 810 (Bankr. E.D.N.Y. 2022); and

WHEREAS, on July 8, 2022, the Court issued an order in accordance with the TRO Memorandum Decision (the "TRO"), ECF No. 342; and

WHEREAS, on July 25, 2022, Navient filed a notice of appeal to the District Court of this Court's TRO, ECF No. 350; and

WHEREAS, on July 25, 2022, Navient filed this Motion to Stay Temporary Restraining Order (the "Motion to Stay"), ECF No. 351; and

WHEREAS, on July 26, 2022, Navient filed a Notice of Motion to Stay Temporary Restraining Order, ECF No. 356; and

WHEREAS, on August 23, 2022, the Plaintiffs filed a Memorandum of Law in Opposition to Defendants' Motion to Stay Temporary Restraining Order, ECF No. 369; and

WHEREAS, on August 26, 2022, Navient filed a reply brief in support of the Motion to Stay, ECF No. 373; and

WHEREAS, on August 29, 2022, the Court held oral argument on the Motion to Stay, at which the parties, by counsel, appeared and were heard; and

WHEREAS, on August 31, 2022, the Court held a continued oral argument on the Motion to Stay, at which the parties, by counsel, appeared and were heard, and the record is now closed.

*The Standard for a Stay Pending Appeal*

WHEREAS, Bankruptcy Rule 8007 provides that "a party must move first in the bankruptcy court for . . . a stay of a[n] order . . . of the bankruptcy court pending appeal," Fed. R. Bankr. P. 8007(a)(1)(A); and

WHEREAS, the Second Circuit considers the following factors when deciding whether to grant a stay pending appeal: "'[1] the applicant's 'strong showing that he is likely to succeed on the merits,' [2] irreparable injury to the applicant in the absence of a stay, [3] substantial injury to the nonmoving party if a stay is issued, and [4] the public interest," *Uniformed Fire Officers Ass'n v. de Blasio*, 973 F.3d 41, 48 (2d Cir. 2020) (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)); and

WHEREAS, the moving party must make a "'strong showing that he is likely to succeed on the merits,'" *de Blasio*, 973 F.3d at 48 (quoting *Nken*, 556 U.S. at 434); and

WHEREAS, based upon the entire record, Navient has not made a strong showing that it is likely to succeed on the merits; and

WHEREAS, the moving party must demonstrate that it will suffer an "irreparable injury . . . in the absence of a stay," *de Blasio*, 973 F.3d at 48; and

WHEREAS, based on the entire record, Navient has not shown that it will suffer an "irreparable injury . . . in the absence of a stay;" and

WHEREAS, the moving party must demonstrate that the non-moving party or other parties will not suffer "substantial injury" if a stay pending appeal is issued, *de Blasio*, 973 F.3d at 48; and

WHEREAS, based on the entire record, Navient has not shown that the non-moving party or other parties will not suffer "substantial injury" if a stay pending appeal is issued; and

WHEREAS, the moving party must demonstrate that the public interest will not be adversely affected if the stay is issued, *In re Taub*, 2010 WL 3911360, at *3 (Bankr. E.D.N.Y. Oct. 1, 2010); and

WHEREAS, based on the entire record, Navient has not demonstrated that the public interest will not be adversely affected if the stay is issued; and

WHEREAS, based on the entire record, Navient has not otherwise established a basis for the relief that it seeks; and

WHEREAS, on September 2, 2022, the Court issued a Memorandum Decision on Navient's Motion for a Stay Pending Appeal (the "Memorandum Decision").

NOW THEREFORE, it is hereby

ORDERED, that for the reasons stated herein, and in the Memorandum Decision, and as set forth on the record of the August 29, 2022 hearing, the August 31, 2022 hearing, and based on the entire record, Navient's Motion to Stay Temporary Restraining Order is denied.

Dated: Brooklyn, New York
September 2, 2022

                                                                  /s/ Elizabeth S. Stong
                                                                  **Elizabeth S. Stong**
                                                                  **United States Bankruptcy Judge**

TO:

Hilal Khalil Homaidan
Videology
Attn: Hilal
308 Bedford Ave
Brooklyn, NY 11211

Jason W Burge, Esq.
Fishman Haygood LLP
201 St Charles Ave, Ste 4600
New Orleans, LA 70170

George F. Carpinello, Esq.
Boies Schiller Flexner, LLP
30 South Pearl Street
11th Floor
Albany, NY 12207

Peter N. Freiberg, Esq.
Jones Swanson Huddell & Garrison, LLC
601 Poydras Street
Suite 2655
New Orleans, LA 70130

Kathryn J. Johnson, Esq.
Fishman Haygood, LLP
201 St. Charles Ave., Ste. 4600
New Orleans, LA 70170

Adam Shaw, Esq.
Boies Schiller Flexner LLP
30 South Pearl Street
Albany, NY 12207-3427

Lynn E Swanson, Esq.
Jones, Swanson, Huddell & Garrison, LLC
601 Poydras Street
Suite 2655
New Orleans, LA 70130

Thomas M Farrell, Esq.
McGuire Woods LLP
JPMorgan Chase Tower
600 Travis Street
Suite 7500

Houston, TX 77002

Shawn Randall Fox, Esq.
McGuire Woods LLP
1251 Avenue of the Americas
20th Floor
New York, NY 10020

Office of the United States Trustee
Eastern District of NY (Brooklyn Office)
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, NY 10014