UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

In re:                                                                  Chapter 7

HILAL KHALIL HOMAIDAN,                                                   Case No. 08-48275-ess
*aka* Helal K Homaidan,


                                  Debtor.
------------------------------------------------------------------------x

In re:                                                                  Chapter 7

REEHAM YOUSSEF,                                                          Case No. 13-46495-ess
*aka* Reeham Navarro Youssef,
*aka* Reeham N. Youssef,


                                  Debtor.
------------------------------------------------------------------------x

HILAL KHALIL HOMAIDAN, on behalf of himself and
all others similarly situated,

and                                                                     Adv. Pro. No. 17-1085-ess

REEHAM YOUSSEF,

                                  Plaintiffs,

     v.

SALLIE MAE, INC., NAVIENT SOLUTIONS, LLC,
NAVIENT CREDIT FINANCE CORPORATION,

                                  Defendants.
------------------------------------------------------------------------x

## <u>ORDER DENYING NAVIENT'S REQUEST FOR A STAY PENDING APPEAL</u>

   WHEREAS, on December 4, 2008, Hilal Khalil Homaidan, *aka* Helal K Homaidan, filed

a petition for relief under Chapter 7 of the Bankruptcy Code, Case No. 08-48275; and

   WHEREAS, on October 29, 2013, Reeham Youssef, *aka* Reeham Navarro Youssef, *aka*

Reeham N. Youssef, filed a petition for relief under Chapter 7 of the Bankruptcy Code, Case No.

13-46495.

*Background*

WHEREAS, on June 23, 2017, Mr. Homaidan commenced this adversary proceeding as a putative class action, on behalf of himself and others similarly situated, by filing a complaint against SLM Corporation, Sallie Mae, Inc., Navient Solutions, LLC, and Navient Credit Finance Corporation (Navient Solutions, LLC and Navient Credit Finance Corporation collectively, "Navient") seeking, as to himself and the class members (the "Putative Class Members"), a determination that certain debts that they incurred as students are not nondischargeable student loan debts under Bankruptcy Code Section 523(a)(8)(B), and an award of damages, including attorneys' fees and costs, for the Defendants' willful violations of the bankruptcy discharge order entered in their cases; and

WHEREAS, on October 21, 2019, Mr. Homaidan filed an amended complaint to add Ms. Youssef as a named plaintiff and proposed class representative (the "Amended Complaint"), ECF No. 160; and

WHEREAS, on December 18, 2019, this Court entered an Order permitting amendment of the complaint to add Ms. Youssef as a named plaintiff and a proposed class representative, ECF No. 166.

*Selected Procedural History of this Adversary Proceeding*

WHEREAS, on December 19, 2019, the Plaintiffs filed a motion seeking, among other relief, a preliminary injunction (the "Preliminary Injunction Motion"), ECF No. 168, and a memorandum of law in support thereof (the "Preliminary Injunction Memorandum"), ECF No. 171; and

WHEREAS, on December 20, 2019, the Plaintiffs filed an amended Preliminary Injunction Motion, ECF No. 180; and

WHEREAS, on January 29, 2020, this Court entered an Order scheduling a hearing and argument on the Preliminary Injunction Motion for February 18, 2020, ECF No. 184; and

WHEREAS, on February 3, 2020, Navient filed a response in opposition to the Preliminary Injunction Motion (the "Opposition"), ECF No. 189; and

WHEREAS, on February 12, 2020, the Plaintiffs filed a reply in support of the Preliminary Injunction Motion (the "Reply"), ECF No. 194; and

WHEREAS, on April 7, 2022, the Plaintiffs filed a motion for a temporary restraining order (the "TRO Motion"), ECF No. 314; and

WHEREAS, on April 14, 2022, the Court held an initial hearing on the TRO Motion and, with the consent of the parties, set a briefing schedule on the TRO Motion; and

WHEREAS, on May 9, 2022, Navient filed opposition to the TRO Motion, ECF No. 320; and

WHEREAS, on May 20, 2022, the Plaintiffs filed a reply memorandum of law in further support of the TRO Motion, ECF No. 321; and

WHEREAS, on May 25, 2022, the Court held oral argument on the TRO Motion, at which the parties, by counsel, appeared and were heard; and

WHEREAS, on June 13, 2022, the Plaintiffs filed a proposed temporary restraining order, ECF No. 332; and

WHEREAS, on June 14, 2022, Navient filed an objection to the Plaintiffs' proposed order, ECF No. 333; and

WHEREAS, on June 16, 2022, the Plaintiffs filed a letter in support of the TRO Motion and their proposed order, ECF No. 334; and

WHEREAS, on July 8, 2022, the Court issued a Memorandum Decision on the Plaintiffs' Motion for a Temporary Restraining Order (the "TRO Memorandum Decision"), ECF No. 341, and Temporary Restraining Order (the "TRO"), ECF No. 342, granting in part the TRO Motion and enjoining Navient "from taking any acts to collect on Tuition Answer Loans held by the Plaintiffs and the Putative Class Members, as the class is described in the Amended Complaint, that exceed the cost of attendance as defined by Internal Revenue Code § 221(d), and that have an outstanding balance subject to collection," *Homaidan v. Sallie Mae, Inc.* (*In re Homaidan*), 640 B.R. 810 (Bankr. E.D.N.Y. 2022); and

WHEREAS, on July 21, 2022, the Court held a hearing on the Preliminary Injunction Motion and set a schedule for the filing of supplemental briefs, directing the Plaintiffs to file supplemental briefs on the Preliminary Injunction Motion by August 5, 2022, directing the Defendants to file supplemental opposition briefs by August 19, 2022, and directing the Plaintiffs to file any reply briefs to the Defendants' supplemental opposition by August 26, 2022; and

WHEREAS, the TRO became effective on September 6, 2022; and

WHEREAS, on September 2, 2022, the Court issued a memorandum decision (the "Stay Decision") and an order denying Navient's request for a stay pending appeal of the TRO, *see* ECF Nos. 376, 377; and

WHEREAS, on September 8, 2022, the District Court denied Navient's request for leave to appeal the TRO, effectively denying a stay of the TRO as well, in its Memorandum and Order, ECF No. 380, *see Navient Sols., LLC v. Homaidan*, 2022 WL 4079579 (E.D.N.Y. Sept. 6, 2022); and

WHEREAS, on September 8, 2022, Navient filed a Notice of Compliance describing the steps it has taken to comply with the TRO, ECF No. 379; and

WHEREAS, on September 9, 2022, the Court issued an Order to Show Cause Why the Temporary Restraining Order Should Not be Extended for Good Cause (the "Order to Show Cause"), ECF No. 384, directing the parties to respond and scheduling a hearing to show cause why the TRO should not be extended for cause pursuant to Bankruptcy Rule 7065, if Navient did not file consent to extend the TRO; and

WHEREAS, on September 14, 2022, Navient filed a response to the Order to Show Cause consenting, without waiver of any of its previous arguments, to an extension of the TRO for an additional 14 days to October 4, 2022, ECF No. 387; and

WHEREAS, on September 20, 2022, Navient filed a letter consenting to an extension of the TRO for a further 10 days to October 14, 2022, ECF No. 395; and

WHEREAS, the Court, with the consent of Navient, issued an Order, extending the TRO through October 14, 2022, pursuant to Federal Rule of Civil Procedure 65, ECF No. 399; and

WHEREAS, on September 19, 2022, the Court held oral argument on the Preliminary Injunction Motion, at which the Plaintiffs and Navient, by counsel, appeared and were heard; and

WHEREAS, on October 17, 2022, the Court entered a Memorandum Decision on the Plaintiffs' Motion for a Preliminary Injunction (the "Preliminary Injunction Decision"), ECF No. 403, granting in part the Preliminary Injunction Motion to the extent that it enjoined Navient from taking any acts to collect on Tuition Answer Loans held by the Plaintiffs and putative class members, as the class is described in the Amended Complaint, that exceed the cost of attendance as defined by Internal Revenue Code § 221(d), and that have an outstanding balance subject to collection; and

WHEREAS, on October 17, 2022, the Court issued an order in accordance with the Preliminary Injunction Decision (the "Preliminary Injunction Order"), ECF No. 404; and

WHEREAS, on October 18, 2022, Navient filed a notice of appeal to the District Court of this Court's Preliminary Injunction Order, ECF No. 405; and

WHEREAS, on October 18, 2022, Navient filed a Motion for Leave to Appeal and Alternative Petition for Mandamus, ECF No. 407; and

WHEREAS, on October 18, 2022, Navient filed this Motion to Stay Preliminary Injunction (the "Motion to Stay"), ECF No. 408; and

WHEREAS, on October 25, 2022, the Plaintiffs filed a Memorandum of Law in Opposition to Defendants' Motion to Stay Preliminary Injunction, ECF No. 420; and

WHEREAS, on October 28, 2022, Navient filed a Reply Brief in Support of Motion to Stay Preliminary Injunction, ECF No. 421; and

WHEREAS, on October 31, 2022, the Court held oral argument on the Motion to Stay, at which the parties, by counsel, appeared and were heard, and the record is now closed.

*The Standard for a Stay Pending Appeal*

WHEREAS, Bankruptcy Rule 8007 provides that "a party must move first in the bankruptcy court for . . . a stay of a[n] order . . . of the bankruptcy court pending appeal," Fed. R. Bankr. P. 8007(a)(1)(A); and

WHEREAS, the Second Circuit considers the following factors when deciding whether to grant a stay pending appeal: "'[1] the applicant's 'strong showing that he is likely to succeed on the merits,' [2] irreparable injury to the applicant in the absence of a stay, [3] substantial injury to the nonmoving party if a stay is issued, and [4] the public interest," *Uniformed Fire Officers Ass'n v. de Blasio*, 973 F.3d 41, 48 (2d Cir. 2020) (quoting *Nken v. Holder*, 556 U.S. 418, 434

(2009)); and

WHEREAS, the moving party must make a "'strong showing that he is likely to succeed on the merits,'" *de Blasio*, 973 F.3d at 48 (quoting *Nken*, 556 U.S. at 434); and

WHEREAS, based upon the entire record, Navient has not made a strong showing that it is likely to succeed on the merits; and

WHEREAS, the moving party must demonstrate that it will suffer an "irreparable injury . . . in the absence of a stay," *de Blasio*, 973 F.3d at 48; and

WHEREAS, based on the entire record, Navient has not shown that it will suffer an "irreparable injury . . . in the absence of a stay;" and

WHEREAS, the moving party must demonstrate that the n  on-moving party or other parties will not suffer "substantial injury" if a stay pending appeal is issued, *de Blasio*, 973 F.3d at 48; and

WHEREAS, based on the entire record, Navient has not shown that the non-moving party or other parties will not suffer "substantial injury" if a stay pending appeal is issued; and

WHEREAS, the moving party must demonstrate that the public interest will not be adversely affected if the stay is issued, *In re Taub*, 2010 WL 3911360, at *3 (Bankr. E.D.N.Y. Oct. 1, 2010); and

WHEREAS, based on the entire record, Navient has not demonstrated that the public interest will not be adversely affected if the stay is issued; and

WHEREAS, based on the entire record, Navient has not otherwise established a basis for the relief that it seeks; and

WHEREAS, on November 1, 2022, the Court issued a Memorandum Decision on the Motion for to Stay (the "Memorandum Decision"), ECF No. 425.

NOW THEREFORE, it is hereby

ORDERED, that for the reasons stated herein, and in the Memorandum Decision on Navient's Motion for a Stay Pending Appeal dated November 1, 2022, and as set forth on the record of the October 31, 2022 hearing, and based on the entire record, Navient's Motion to Stay Preliminary Injunction is denied.

Dated: Brooklyn, New York
November 1, 2022



Elizabeth S. Stong
United States Bankruptcy Judge

TO:

Hilal Khalil Homaidan
Videology
Attn: Hilal
308 Bedford Ave
Brooklyn, NY 11211

Jason W Burge, Esq.
Fishman Haygood LLP
201 St Charles Ave, Ste 4600
New Orleans, LA 70170

George F. Carpinello, Esq.
Boies Schiller Flexner, LLP
30 South Pearl Street
11th Floor
Albany, NY 12207

Peter N. Freiberg, Esq.
Jones Swanson Huddell & Garrison, LLC
601 Poydras Street
Suite 2655
New Orleans, LA 70130

Kathryn J. Johnson, Esq.
Fishman Haygood, LLP
201 St. Charles Ave., Ste. 4600
New Orleans, LA 70170

Adam Shaw, Esq.
Boies Schiller Flexner LLP
30 South Pearl Street
Albany, NY 12207-3427

Lynn E Swanson, Esq.
Jones, Swanson, Huddell & Garrison, LLC
601 Poydras Street
Suite 2655
New Orleans, LA 70130

Thomas M Farrell, Esq.
McGuire Woods LLP
JPMorgan Chase Tower
600 Travis Street
Suite 7500
Houston, TX 77002

Shawn Randall Fox, Esq.
McGuire Woods LLP
1251 Avenue of the Americas
20th Floor
New York, NY 10020

Office of the United States Trustee
Eastern District of NY (Brooklyn Office)
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, NY 10014