# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>HILAL K. HOMAIDAN fka Helal K. Homaidan<br><br>Debtor, | Chapter 7<br><br>Case No. 08-48275 (ESS) |
| In re:<br><br>REEHAM YOUSSEF aka Reeham Navarro Youssef aka Reeham N. Youssef<br><br>Debtor, | Chapter 7<br><br>Case No. 13-46495 (ESS) |
| HILAL K. HOMAIDAN and REEHAM YOUSSEF on behalf of themselves and all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>SALLIE MAE, INC, NAVIENT SOLUTIONS, LLC, NAVIENT CREDIT FINANCE CORPORATION<br><br>Defendants. | Adv. Pro. No. 17-1085 (ESS) |

### DECLARATION OF ADAM R. SHAW
### IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF
### CLASS ACTION SETTLEMENT AND CLASS NOTICE

I, ADAM R. SHAW, declare as follows:

1. I am partner of the law firm Boies Schiller Flexner LLP and counsel for Plaintiff Reeham Youssef ("Plaintiff") in the above-captioned matter. I submit this Declaration based on my personal knowledge and in support of Plaintiff's Motion for Preliminary Approval of Class Action Settlement.

2. Attached as Exhibit A is a true and correct copy of the proposed nationwide Stipulation of Settlement with exhibits thereto (the "Stipulation" or "Settlement"). Attached as

Exhibit 1 to the Stipulation is the Discharged Title IV Borrower List. The Discharged Title IV Borrower List consists of borrowers and co-borrowers who are debtors on loans owned by Navient that (a) were not made, insured, or guaranteed by a governmental unit or non-profit institution; (b) were not made under any program funded in whole or in part by any governmental entity or non-profit institution; (c) were for attendance at a school that was accredited under Title IV of the Higher Education Act of 1965; and (d) where the loan proceeds were disbursed directly to the borrower in an amount that exceeded the borrower's Cost of Attendance.

3. I was one of the principal negotiators of the proposed Settlement with Defendants. Both Plaintiff and Defendants in this action are represented by informed and experienced counsel, and counsel conducted settlement negotiations at arm's length.

4. Over the past six years, putative Class Counsel engaged in the necessary research and discovery prior to reaching a proposed nationwide settlement with Defendants, including:

   a. Conducting a thorough pre-suit investigation, including conducting research and analysis regarding the student loan collection industry, student loan collection practices, and Defendants, as well as the relevant law;

   b. Researching, compiling evidence in support of, and filing the Complaint and Amended Complaint in this action;

   c. Successfully defending against Defendants' motions to dismiss and to compel arbitration;

   d. Serving numerous discovery requests and conducting meet and confers with Defendants regarding these requests (including document requests, interrogatories, and Fed. R. Civ. P. 30(b)(6) depositions), and prosecuting motions to compel discovery;

    e. Deposing a Rule 30(b)(6) representative of Defendants, as well as depositions of various other employees of Defendants;

    f. Defending the depositions of Hilal Homaidan and Reeham Youssef;

    g. Issuing third party subpoenas;

    h. Engaging two expert witnesses, who produced expert reports in support of class certification;

    i. Prosecuting, obtaining, and defending on appeal a temporary restraining order and preliminary injunction barring Navient from collecting on certain student loans during the pendency of the Litigation;

    j. Obtaining class certification of the claims raised in this case on a nationwide basis; and

    k. Litigating multiple appeals of various issues in this action to the United States Court of Appeals for the Second Circuit, and obtaining favorable rulings.

5. The terms of this proposed nationwide Settlement were negotiated over a period of years through extensive in-person meetings, teleconference discussions, and email exchanges.

6. Beginning in December 2019, the Parties engaged in mediation before Professor Eric Green, an experienced and highly regarded mediator. Prior to this mediation, the Parties submitted detailed mediation statements.

7. Over the following three-and-a-half-years, the Parties engaged in extensive negotiations including at least fifteen separate mediation sessions with Professor Green.

8. Ultimately, through a two-day in-person mediation session on April 11-12, 2023 facilitated by Professor Green, the Parties were able to agree on the proposed Settlement.

9. I, along with my fellow Putative Class Counsel, believe that the proposed Stipulation is in the best interest of the Class and should be preliminarily approved by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

DATE:  July 21, 2023                                   By:     */s/ Adam R. Shaw*
                                                                       Adam R. Shaw