## STIPULATION OF SETTLEMENT

This Stipulation of Settlement (the "Stipulation"), dated July 21, 2023 is entered into by and between (i) Plaintiff Reeham Youssef, individually and on behalf each Class Member, and (ii) Defendants Navient Solutions, LLC and Navient Credit Finance Corporation ("Navient" or "Defendants," and collectively with the Class, the "Parties"), by and through their counsel of record in the Litigation.  The Stipulation is intended to fully, finally, and forever resolve, discharge, and settle on a nationwide basis the Released Claims, subject to the preliminary approval of the Bankruptcy Court and the final approval of the District Court and the terms and conditions set forth in this Stipulation.

## I.    THE LITIGATION AND SETTLEMENT OVERVIEW

1.1    On December 4, 2008, Hilal Khalil Homaidan ("Homaidan") filed for bankruptcy relief in the United States Bankruptcy Court for the Eastern District of New York, Case No. 08-48275.  A discharge order was signed on April 9, 2009.  Homaidan filed a motion to reopen his bankruptcy proceeding on April 14, 2017.  An order granting the motion to reopen his bankruptcy proceeding was granted on May 26, 2017.

1.2    On October 29, 2013, Reeham Youssef ("Youssef") filed for bankruptcy relief in the United States Bankruptcy Court for the Eastern District of New York, Case No. 13-46495.  A discharge order was signed on February 6, 2014.  Youssef filed a motion to reopen her bankruptcy proceeding on October 1, 2019.  An order granting the motion to reopen her bankruptcy proceeding was granted on December 4, 2019.

1.3    On June 23, 2017, Homaidan filed an adversary complaint captioned *Hilal Khalil Homaidan v. Navient Solutions, LLC et al.*, Adv. Pro. No. 17-1085, in the United States Bankruptcy Court for the Eastern District of New York, asserting claims against the Defendants on behalf of

himself and a class of similarly-situated individuals, including: a claim for declaratory judgment and injunctive relief that his loan and similar loans had been subject to discharge; a claim for violation of the statutory discharge injunction and for damages.  On October 21, 2019, the adversary complaint was amended to add Youssef as a class representative.  Contemporaneously with the Motion for Preliminary Approval of Class Action Settlement and Class Notice, Youssef amended her adversary complaint to include certain statutory claims pursuant to the Fair Debt Collection Practices Act.

1.4     On July 8, 2022, the Bankruptcy Court granted in part the Plaintiffs' motion seeking a temporary restraining order enjoining Navient from collecting on certain educational loans that allegedly had been discharged in bankruptcy.  On October 17, 2022, the Bankruptcy Court granted in part the Plaintiffs' motion seeking a preliminary injunction enjoining Navient from collecting on those loans.  On April 11, 2023, the Bankruptcy Court granted in part the Plaintiffs' Motion for Class Certification, certifying a nationwide class of certain student loan borrowers whose loans were allegedly subject to discharge in bankruptcy but were nevertheless subject to post-discharge collection efforts by Navient.

1.5     The parties hereto have engaged in extensive discovery, including the exchange of written discovery requests and responses, the production of over 16,000 pages of documents, and substantial deposition activity.  They have also engaged in extensive briefing on multiple issues, including the arbitrability of the asserted claims; the scope and applicability of the exceptions to discharge set forth in 11 U.S.C. § 523(a)(8); the appropriate procedure for asserting discharge violations; the remedies available for discharge violations; the geographical limitations on a court's ability to enforce discharge injunctions; various discovery disputes; and class certification.

1.6     Based on the discovery conducted, the evaluation of the facts and the law, and multiple mediation sessions with mediator Eric Green, the Parties have agreed (subject to court approval) to a settlement (the "Settlement") covering certain student loans to borrowers who received bankruptcy discharges throughout the United States.

1.7     No party to this Stipulation concedes or admits the validity of any position taken by any other party.  The Parties maintain that the claims, defenses, and positions they have asserted are valid.  The parties have nonetheless agreed to enter into this Stipulation to avoid the expense, delay, disruption, and uncertainty of further litigation.

1.8     This Stipulation (and all associated exhibits and attachments) is made solely for purposes of attempting to consummate the Settlement and is made in compromise of disputed claims.

1.9     In the event this Stipulation is terminated pursuant to the provisions set forth below or the District Court does not finally approve the proposed Settlement, this Stipulation shall be deemed null and void and shall have no force or effect whatsoever. In that event, this Stipulation shall not be referred to or utilized for any purpose whatsoever.

1.10    The Parties reserve all, and do not waive any, rights, claims, and defenses.

## II.    CLASS REPRESENTATIVE'S CLAIMS AND THE BENEFITS OF SETTLEMENT

2.1     Class Representative and Class Counsel believe that the claims asserted in the Litigation have merit and that the evidence developed to date supports the claims asserted therein. However, Class Representative and Class Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation through trial and through potential appeals.  Class Representative and Class Counsel also have accounted for the uncertain outcome and the risk of any litigation, especially in complex actions such as this Litigation, as well

as the difficulties and delays inherent in this Litigation.  Class Representative and Class Counsel also are mindful of the inherent problems of proof under, and possible defenses to, the bankruptcy law violations alleged in the Litigation, including the risks of much smaller damages, if any, associated with Navient's position that no nationwide class can lawfully be maintained.  Class Representative and Class Counsel believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Class.  Based on their own investigation and evaluation, Class Representative and Class Counsel have determined that the Settlement set forth in this Stipulation is in the best interests of Class Representative and the Class.

## III.    NAVIENT'S DENIAL OF LIABILITY

3.1      Throughout this Litigation, Navient has denied, and continues to deny, each and all of the claims and contentions alleged by Class Representative, as well as any and all allegations of fault, liability, wrongdoing, or damages.  Among other things, Navient expressly has denied, and continues to deny, that it unlawfully collected on discharged Title IV loans.  Additionally, Navient contends that no nationwide class could lawfully be certified for litigation purposes. Navient maintains that it has meritorious defenses to the claims alleged in the Litigation.  Navient is entering into this Stipulation solely to eliminate the burden, expense, and uncertainty of further protracted litigation.   Navient has determined that it is desirable and beneficial to it that the Litigation be settled in the manner and upon the terms and conditions set forth in this Stipulation. For the avoidance of any doubt, Navient makes no admission of liability, fault, damages, or any form of wrongdoing whatsoever, and this Settlement in no way represents, and may not be construed as, an admission of the merits of any claim.  Without limiting the foregoing, the Parties specifically agree that Navient's entry into this Stipulation may never be used in any other case or forum as evidence or support for the position that a Bankruptcy Court in one judicial district has

the authority to adjudicate claims for the alleged violation of discharge orders entered in other judicial districts.

*     *     *

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between Class Representative (on behalf of herself and the Class Members) and Navient, by and through their respective counsel that, subject to the approval of the District Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the parties from the Settlement, the Litigation and the Released Claims shall be finally, fully and forever, compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice upon and subject to the terms and conditions of this Stipulation, as follows:

## IV.    DEFINITIONS

As used in this Stipulation, the following terms shall have the meanings set forth below:

4.1    "Approval Date" means the date of the Preliminary Approval Order.

4.2    "Bankruptcy Court" means the United States Bankruptcy Court for the Eastern District of New York.

4.3    "Claim(s)" means a paper or electronic claim submitted on a Title IV Claim Form, substantially in the form attached hereto as Exhibit 3, to the Settlement Administrator.

4.4    "Claimant" means any person who submits a Claim to the Settlement Administrator.

4.5    "Class" means, collectively, all Discharged Title IV Borrowers.

4.6    "Class Counsel" means, collectively, Boies Schiller Flexner LLP, Fishman Haygood LLP, Jones Swanson Huddell LLC, and the Law Offices of Joshua B. Kons, LLC.

4.7    "Class Member" or "Member of the Class" or "Settlement Class Member" means a Person who falls within the definition of the Class as set forth in ¶ 4.5.

4.8    "Class Representative" means Reeham Youssef.

4.9    "Complaint" means the Amended Complaint filed contemporaneously with the Motion for Preliminary Settlement Approval.

4.10    "Consumer Credit Report" means an individual's credit report issued by any of the three major Credit Reporting Agencies.

4.11    "Cost of Attendance" means the maximum cost of attending an educational institution for a particular academic year as listed on the U.S. Department of Education's Integrated Postsecondary Education Database System.

4.12    "Credit Reporting Agency" means TransUnion, Experian, and Equifax.

4.13    "Defaulted Status" means being 210 days or more in arrears on a Title IV Covered Loan.

4.14    "Defendants" means Navient Solutions, LLC and Navient Credit Finance Corporation.

4.15    "Defendants' Counsel" means Navient's counsel of record in the Litigation.

4.16    "Discharged Title IV Borrower" means each borrower or co-borrower identified on the list attached hereto as Exhibit 1.  The Discharged Title IV Borrowers are debtors on one or more Title IV Covered Loans who (i) filed for bankruptcy protection on or after October 17, 2005; (ii) before their bankruptcy filing, became obligated to repay one or more the loans set forth above, either as a borrower or as a co-borrower; (iii) obtained in their bankruptcy case an order of discharge issued by the bankruptcy court; and (iv) never reaffirmed their Title IV Covered Loans.

4.17    "District Court" means the United States District Court for the Eastern District of New York.

4.18    "Effective Date," or the date upon which this Settlement becomes "Effective," means the first date by which all of the events and conditions specified in ¶10.1 of the Stipulation have been met and have occurred, or have been waived.

4.19    "Escrow Account" means an account at an institution to be agreed upon among the parties under the control of the Escrow Agent.

4.20    "Escrow Agent" means a third-party agent to be agreed upon among the parties.

4.21    "Fee and Expense Application" means an application submitted by Class Counsel for attorneys' fees and expenses to be paid solely out of the Title IV Settlement Fund.

4.22    "Final" means five (5) business days after the latest of: (i) the date of final affirmance on appeal of the Order of Final Approval; (ii) the date of final dismissal with prejudice of the latest pending appeal from the Order of Final Approval; or (iii) if no appeal is filed, the expiration of the time for the filing or noticing of any form of valid appeal from the Order of Final Approval.

4.23    "Final Approval Hearing" means a hearing set by the District Court to take place thirty (30) days after the Opt-Out Deadline and the Objection Deadline for the purpose of:

(i)    Determining the fairness, adequacy, and reasonableness of the Stipulation and the Settlement;

(ii)    The Fee and Expense Application; and

(iii)    Entering the Order of Final Approval.

4.24    "Litigation" means the adversary proceeding filed on June 23, 2017, in the United States Bankruptcy Court for the Eastern District of New York, Adv. Pro. No. 17-1085, styled *Hilal Homaidan v. Navient Solutions, LLC et al.*

4.25    "Navient" means Navient Solutions, LLC and Navient Credit Finance Corporation.

4.26    "Net Settlement Fund" means the remainder of the Title IV Settlement Fund following the deduction of Class Counsel's attorneys' fees and expenses, service awards, Taxes and Tax Expenses, and Notice and Administration Costs.

4.27    "Notice" or "Class Notice" means a notice to be approved by the Bankruptcy Court substantially in the form and substance attached hereto as Exhibit 2.

4.28    "Notice and Administration Costs" means the costs of providing notice to Class Members, of receiving and processing opt-outs and Title IV Claim Forms, and of distributing payments to Discharged Title IV Borrowers for their Title IV Damages Claims.

4.29    "Notice Mailing Date" means a date no later than twenty (20) business days after the Approval Date by which the Settlement Administrator shall mail the Class Notice to the Class.

4.30    "Objection Deadline" means the date identified in the Preliminary Approval Order by which a Settlement Class Member must serve written objections to the Settlement, if any, in accordance with Section XI of this Agreement.  The Objection Deadline shall be thirty (30) days before the date of the Final Approval Hearing.

4.31    "Opt-Out Deadline" means the date identified in the Preliminary Approval Order by which a Request to Opt Out must be submitted in writing in accordance with Section VIII of this Agreement.  The Opt-Out Deadline shall be thirty (30) days before the date of the Final Approval Hearing.

4.32    "Order of Final Approval" means a final judgment and order to be entered and filed by the District Court substantially in the form and substance attached hereto as Exhibit 5.

4.33    "Parties" means, collectively, Defendants and Class Representative, on behalf of herself and the Class.

4.34    "Person(s)" means an individual, corporation (including all divisions and subsidiaries thereof), limited liability corporation, professional corporation, partnership, limited partnership, limited liability partnership, limited liability company, joint venture, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and all of their respective spouses, heirs, beneficiaries, executors, administrators, predecessors, successors, representatives, or assignees when acting in their capacity as such.

4.35    "Plan of Allocation" means the proposed plan or formula of allocation of the Net Settlement Fund whereby the Net Settlement Fund is distributed to Discharged Title IV Borrowers.

4.36    "Preliminary Approval Order" means an order to be entered and filed by the Bankruptcy Court titled "Order Preliminarily Approving Settlement and Providing for Notice," substantially in the form and substance attached hereto as Exhibit 4.

4.37    "Released Claims" means any and all claims, defenses, demands, actions, causes of action, rights, offsets, suits, damages, lawsuits, costs, relief for contempt, losses, attorneys' fees, expenses, or liabilities of any kind whatsoever, in law or in equity, for any relief whatsoever, including monetary, sanctions or damage for contempt, injunctive, or declaratory relief, rescission, general, compensatory, special, liquidated, indirect, incidental, consequential, or punitive damages, as well as any and all claims for treble damages, penalties, interest, attorneys' fees, costs, or expenses, whether a known or Unknown Claim, suspected or unsuspected, contingent or vested,

accrued or not accrued, liquidated or unliquidated, matured or unmatured, and including any claims arising under the United States Bankruptcy Code, the Fair Credit Reporting Act, or state or federal unfair trade practice laws, that in any way concern, arise out of, or relate to Title IV Covered Loans.  Released Claims also include any allegation that any Defendant or Releasee conspired with, aided and abetted, or otherwise acted in concert with any other Defendant, Releasee, or other third parties, with regard to any of the facts, acts, events, transactions, occurrences, courses of conduct or business practices within the scope of these Released Claims.

4.38    "Releasees" or "Released Parties" means each of: (1) Defendants; (2) each of Defendants' past, present or future subsidiaries, parent companies, divisions, affiliates, partners or any other organizational units of any kind doing business under their names, or doing business under any other names, or any entity now or in the past controlled by, controlling, or under the common control with any of the foregoing and doing business under any other names, and all of their respective affiliates and subsidiaries, and each of their respective predecessors, successors, and assigns; and (3) each of the present and former officers, directors, partners, shareholders, agents, employees, attorneys (including any consultants hired by counsel), advisors, trustees and co-trustees, investment advisors, associates, investment bankers, independent contractors, representatives, beneficial owners, insurers, accountants, heirs, executors, and administrators, and each of their respective predecessors, successors, and assigns of any person or entity in subparts (1) or (2) hereof.

4.39    "Releasors" means the Class Representative, all members of the Settlement Class, and each of their respective heirs, executors, administrators, assigns, predecessors, and successors, and any other person claiming by, through, or under any or all of them.

4.40    "Request to Opt Out" means the written request from a Class Member that seeks to exclude that person from the Settlement Class and that complies with the requirements set forth in Section VIII of this Stipulation.

4.41    "Settlement" or "Settlement Agreement" means the resolution of the Litigation in accordance with the terms and provisions of this Stipulation.

4.42    "Settlement Administrator" means JND Legal Administration.

4.43    "Settlement Class" means the collective group of all Class Members who do not properly and timely exclude themselves from the Settlement.

4.44    "Tax" or "Taxes" mean any and all taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind (together with any and all interest, penalties, additions to tax and additional amounts imposed with respect thereto) imposed by any governmental authority, including, but not limited to, any local, state, and federal taxes.

4.45    "Tax Expenses" means any expenses reasonably and necessarily incurred by the Escrow Agent in addressing tax issues related to the Title IV Settlement Fund.

4.46    "Termination Event" means any of the following events or circumstances: (a) the failure of the Bankruptcy Court to preliminarily approve the Settlement or to enter the Preliminary Approval Order without material changes; (b) the failure of the District Court to finally approve the Settlement or to enter the Order of Final Approval without material changes; (c) reversal of or any material change to the Order of Final Approval by any appellate court having jurisdiction; and (d) the timely submission of Requests to Opt Out by the percentage of Class Members set forth in the Supplemental Agreement.  The following shall *not* constitute Termination Events: (i) any failure or refusal by the District Court to award some or all of the attorneys' fees and expenses

sought by Class Counsel or (ii) any reduction or elimination of attorneys' fees and expenses imposed by any appellate court having jurisdiction.

4.47    "Title IV" means Title IV of the Higher Education Act (20 U.S.C. § 1070 *et seq.*).

4.48    "Title IV Claim Form" means the form attached hereto as Exhibit 3.

4.49    "Title IV Claim Form Deadline" means the date that is 90 days after the Notice Mailing Date.

4.50    "Title IV Covered Loans" means student loans owned by Navient that (i) were not made, insured, or guaranteed by a governmental unit or non-profit institution, (ii) were not made under any program funded in whole or in part by any governmental entity or non-profit institution, (iii) were for attendance at schools that were accredited under Title IV of the Higher Education Act of 1965, and (iv) where the loan proceeds were disbursed directly to the borrower in an amount that exceeded the borrower's maximum Cost of Attendance.  The term "Title IV Covered Loan" shall not include any loans for which borrowers have entered into reaffirmation agreements enforceable under 11 U.S.C. § 524 or any loans that were already the subject of a prior settlement through a bankruptcy adversary or other judicial proceeding.

4.51    "Title IV Damages Claims" means, for each Discharged Title IV Borrower, the amount paid by that Discharged Title IV Borrower (and not by a co-borrower) on Title IV Covered Loan(s) after the date on which the Discharged Title IV Borrower was granted a discharge.

4.52    "Title IV Settlement Amount" means Sixteen Million U.S. Dollars (U.S. $16,000,000) in cash to be paid by wire transfer to the Escrow Account.

4.53    "Title IV Settlement Fund" means the Title IV Settlement Amount to be paid by Defendants in consideration of the Settlement, plus any and all interest and accretions thereto.

4.54    "Total Damages Claim" means the sum of all Title IV Damages Claims submitted by Discharged Title IV Borrowers on Title IV Claim Forms approved by the Settlement Administrator.

4.55    "Unknown Claims" means any Released Claims which any Releasor does not know or suspect to exist in his or her favor at the time of the entry of the Order of Final Approval, and which, if known by him or her, might have affected his or her settlement with and release of the Releasees, or might have affected his or her decision to opt out of the Settlement Class or to object to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, Class Representative shall expressly, and each of the Settlement Class Members shall be deemed to have, and by operation of the Order of Final Approval shall have to the fullest extent allowed by law, waived the provisions, rights, and benefits of any statute or principle of common law similar to California Civil Code § 1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Each Releasor may hereafter discover facts in addition to or different from those which he or she now knows or believes to be true with respect to the subject matter of the Released Claims, but the Releasors, upon the Effective Date, shall be deemed to have, and by operation of the Order of Final Approval shall have, fully, finally, and forever settled and released to the fullest extent allowed by law any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which then exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, contract, law, or rule without regard to the subsequent discovery or existence of such

different or additional facts. Class Representative acknowledges, and the Settlement Class Members shall be deemed by operation of the Order of Final Approval to have acknowledged, that the foregoing waiver was separately bargained for and constitutes a material term of the Settlement.

## V.    THE SETTLEMENT

### a. The Settlement Consideration

5.1    The obligations incurred pursuant to the Stipulation are: (a) subject to approval by the Bankruptcy and District Courts; and (b) in full and final disposition of the Litigation and any and all Released Claims upon and subject to the terms and conditions set forth herein.

5.2    In full and final settlement of the claims asserted in the Litigation and in consideration of the Releases set forth in Section VI, Navient will provide the following benefits to the Settlement Class:

5.3    Navient will forever forego collection from all Discharged Title IV Borrowers of the entirety of the amount of all outstanding balances (whether comprised of unpaid principal, unpaid interest, and/or unpaid fees) on Title IV Covered Loans that relate to the amount by which the initial disbursement of the Title IV Covered Loan exceeded the Cost of Attendance (the "Cost of Attendance Overage Debt Relief"). From and after the Effective Date, the Cost of Attendance Overage Debt Relief on each Title IV Covered Loan shall be deemed to have been discharged as to the Discharged Title IV Borrowers, with no additional amounts due on those amounts for principal, interest, fees, or otherwise. Cost of Attendance Overage Debt Relief represents $87,051,073.90 in value to the Class.

5.4    To the extent not covered by the discharges included in ¶ 5.3, Navient will also forever forego collection from Discharged Title IV Borrowers of Title IV Covered Loans in a

Defaulted Status as of the Approval Date amounting to $95,429,872.38 in loan balances (the "Defaulted Status Debt Relief").   From and after the Effective Date, the approximately $95,429,872.38 in loan balances representing each Title IV Covered Loan in a Defaulted Status as of the Effective Date shall be deemed to have been discharged as to the Discharged Title IV Borrowers, with no additional payments due on those amounts for principal, interest, fees, or otherwise.

5.5     Navient shall pay or cause to be paid $16,000,000 into the Escrow Account to establish the Title IV Settlement Fund within twenty (20) business days after the Effective Date. If the entire Title IV Settlement Amount is not timely paid to the Escrow Account, Class Counsel may terminate this Stipulation and the Settlement, but only upon condition that: (i) Class Counsel has notified Defendants' Counsel in writing of Class Counsel's intention to terminate this Stipulation and the Settlement, and (ii) the entire Title IV Settlement Amount is not transferred to the Escrow Account within five (5) days after Class Counsel has provided such written notice.

5.6     The Title IV Settlement Fund shall be used exclusively to pay, in the following order:

a.     Notice and Administration Costs of this Settlement;

b.     Taxes and Tax Expenses, if any, payable on account of the Title IV Settlement Fund and any accretions thereto;

c.     Attorneys' fees and expenses of Class Counsel, to the extent approved by the District Court;

d.     Service awards not to exceed $20,000 per recipient, subject to the District Court's approval; and

e.    Title IV Damages Claims to Class Members with Title IV Covered Loans who submit Title IV Claim Forms.

5.7    For each Discharged Title IV Borrower, Navient will, within forty-five (45) calendar days after entry of the Order of Final Approval, request that the Credit Reporting Agencies update trade lines for each Discharged Title IV Borrower at all Credit Reporting Agencies to reflect the new outstanding loan balances.  For Title IV Covered Loans as to which there is a non-bankrupt obligor, Navient shall request that the Credit Reporting Agencies update the trade lines for such loans to reflect that the loans, or a portion thereof, were subject to a bankruptcy discharge.  Navient shall take all commercially reasonable steps to ensure that updating the trade lines does not refresh the trade line on the Discharged Title IV Borrower's credit report.

5.8    Navient's agreement to forego collection of loan balances shall not be treated as the forgiveness of debt for purposes of tax reporting, because the loan balances shall be deemed to have been discharged in the Discharged Title IV Borrower's respective bankruptcies.  Navient will not issue any Form 1099-C to any Settlement Class Member as a result of this agreement to forego collection.  Navient's agreement to forego collection as set forth herein shall not in any way impair Navient's right or ability to seek repayment or other relief from any obligor on any Title IV Covered Loan(s) who is not himself or herself a Discharged Title IV Borrower.  Non-discharged co-borrowers, co-signers, or obligors on Title IV Covered Loan(s) shall not be entitled to any relief under Section V of this Settlement.

**b.  The Escrow Agent**

5.9    The Escrow Agent shall either hold the Title IV Settlement Amount deposited pursuant to ¶ 5.5 in an interest-bearing deposit account insured by the Federal Deposit Insurance Corporation ("FDIC") to the applicable limits, or invest the Title IV Settlement Amount in United

States Agency or Treasury Securities or other instruments backed by the Full Faith & Credit of the United States Government or an Agency thereof, or fully insured by the United States Government or an Agency thereof, and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.  All risks related to the investment of the Title IV Settlement Amount in accordance with the investment guidelines set forth in this paragraph shall be borne by the Title IV Settlement Amount, and the Released Parties shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions or the actions of the Escrow Agent, or any transactions executed by the Escrow Agent.

5.10    The Escrow Agent shall not disburse any part of the Title IV Settlement Amount except as provided in this Stipulation or by an order of the District Court.

5.11    Subject to further order(s) and/or directions as may be made by the District Court, or as provided in this Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of this Stipulation. The Released Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the actions of the Escrow Agent, or any transaction executed by the Escrow Agent.

5.12    All funds held in the Escrow Account shall be deemed and considered to be in *custodia legis* of the District Court and shall remain subject to the jurisdiction of the District Court, until such time as such funds shall be distributed pursuant to this Stipulation and/or further order(s) of the District Court.

5.13    The Escrow Agent shall, within five (5) calendar days after the Effective Date, cause the Title IV Settlement Fund to reimburse Class Counsel for any reasonable Notice and Administrative Costs paid by Class Counsel prior to the Effective Date for which Class Counsel provides adequate documentation in the Escrow Agent's sole discretion.

### c.  Taxes and Tax Expenses

5.14    The Parties and the Escrow Agent agree to treat the Title IV Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1 (26 C.F.R. § 1.468B-1), and the regulations promulgated thereunder. The Parties and the Escrow Agent further agree that the Title IV Settlement Fund shall be established pursuant to the District Court's subject matter jurisdiction within the meaning of Treas. Reg. § 1.468B-1(c)(1). In addition, the Settlement Administrator shall timely make such elections as necessary or advisable to carry out the provisions of ¶¶ 5.14-16, including the "relation-back election" (as defined in Treas. Reg. § 1.468B- 1(j)(2)(ii)) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of Class Counsel or its designee to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

5.15    For the purpose of section 1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" (as defined in Treas. Reg. § 1.468B-2(k)(3)) shall be Class Counsel or its designee. Class Counsel or its designee shall timely and properly file all informational and other federal, state, or local tax returns necessary or advisable with respect to the earnings on the Title IV Settlement Fund (including, without limitation, the returns described in Treas. Reg. § 1.468B-2(k)). Such returns (as well as the elections described in ¶ 5.14 hereof) shall be consistent with ¶¶ 5.14-16 and in all events shall reflect that all Taxes (including any estimated Taxes, interest, or penalties) on the income earned by the Title IV Settlement Fund shall be paid out of the Title IV Settlement Fund as provided in ¶ 5.16 hereof.

5.16    All (i) Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Title IV Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Parties or their counsel with respect to any income earned by the Title IV Settlement Fund for any period after the deposit of the Title IV Settlement Amount and during which the Title IV Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (ii) expenses and costs incurred in connection with the operation and implementation of ¶¶ 5.14-16 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶¶ 5.14-16) ("Tax Expenses"), shall be paid out of the Title IV Settlement Fund. Class Counsel or its designee, through the Title IV Settlement Fund, shall indemnify and hold each of the Released Parties harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification). Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Title IV Settlement Fund and shall be timely paid by the Escrow Agent out of the Title IV Settlement Fund consistent with this Stipulation.  The Escrow Agent shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Discharged Title IV Borrowers any funds necessary to pay any Taxes and Tax Expenses, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)). In all events, the Released Parties shall have no liability or responsibility for any Taxes or Tax Expenses. The Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of ¶¶ 5.14-16.

## VI.    RELEASES

6.1    On the Effective Date, Releasors, including but not limited to the Class Representative, on her own behalf and on behalf of each Settlement Class Member, by operation of this Release and the Order of Final Approval, do hereby and shall be deemed to have fully, finally, conclusively, irrevocably, and forever released, settled, compromised, relinquished, and discharged any and all of the Releasees of and from any and all Released Claims and, without further action by any person or the District Court, will be deemed: (a) to have consented to dismissal of the Litigation and the dismissal with prejudice of any and all Released Claims; (b) to have released and forever discharged any and all Released Claims; and (c) to be forever barred and enjoined from instituting or further prosecuting, in any forum whatsoever, including but not limited to any state, federal, or foreign court, or regulatory agency, or any arbitration forum, each and every Released Claim.  The Parties agree that the Releasees will suffer irreparable harm if any Settlement Class Member takes action inconsistent with this paragraph, and that, in that event, the Releasees may seek an injunction as to such action without further showing of irreparable harm in this or any other forum.

6.2    The Releasors acknowledge and agree that they are aware that they may hereafter discover material or immaterial facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of this Release; that it is possible that unknown facts, losses or claims exist; and that known losses may have been underestimated in amount or severity.  This was explicitly taken into account in connection with this Settlement.  It is the Releasors' intention to, and they do hereby, upon the Effective Date of this Settlement, fully, finally, and forever settle and release each and every one of the Releasees from each and every Released Claim.

6.3     Subject to District Court approval, each Settlement Class Member shall be bound by this Settlement and all of their Released Claims shall be dismissed with prejudice and released even if they never received actual, prior notice of the Litigation or the Settlement in the form of the Notice or otherwise.  The Release and agreements contained in this Section VI shall apply to and bind all Settlement Class Members, including those Settlement Class Members whose Notices are returned as undeliverable, and those for whom no current address can be found.

6.4     Promptly after the Effective Date, Settlement Class Members shall dismiss with prejudice all claims, actions, or proceedings that are released pursuant to this Settlement.  In the event any such actions or proceedings are not dismissed and Navient learns of the action or proceeding, Navient may provide notice to the Settlement Class Member of this Settlement and require dismissal of the action.

## VII.    NOTICE TO THE CLASS

7.1     Notice of the Settlement shall be provided to all Class Members in the form of the Class Notice, substantially in the form of Exhibit 2.  Class Counsel shall cause the Settlement Administrator to disseminate the Notice to the Class in accordance with this Stipulation and as ordered by the Bankruptcy Court.

7.2     No later than five (5) business days after entry of the Preliminary Approval Order, Navient shall provide or cause to be provided to the Settlement Administrator a list in electronic format of Discharged Title IV Borrowers who have potential Title IV Damages Claims that contains the following information:

        i.     The amount received by Navient on such borrowers' Title IV Covered Loans since the date of discharge;

    ii.    For Discharged Title IV Borrowers not in Defaulted Status, the amount of the Discharged Title IV Borrower's Cost of Attendance Overage Debt Relief; or

    iii.    For Discharged Title IV Borrowers in Defaulted Status, the amount of the Discharged Title IV Borrower's Defaulted Status Debt Relief; and

    iv.    The Discharged Title IV Borrower's mailing and email addresses and phone number.

7.3    The Settlement Administrator shall, on or before the Notice Mailing Date, (i) mail the Class Notice and Title IV Claim Form to all Class Members via First Class mail through the United States Postal Service, postage pre-paid, at the addresses provided by Navient and (ii) email the Class Notice and Title IV Claim Form to all Class Members at any email address provided by Navient.

7.4    The Class Notice and Title IV Claim Form shall (i) identify the amount received by Navient on his or her Title IV Covered Loans since the date of discharge, (ii) identify the amount of his or her debt relief pursuant to ¶¶ 5.3-5.4 of this Stipulation, and (iii) advise the Class Member of the right to submit a Title IV Claim Form to claim their *pro rata* share of the Net Settlement Fund.

7.5    Within three (3) business days of the Notice Mailing Date, the Settlement Administrator shall provide Class Counsel with written confirmation that the Class Notice has been mailed and emailed to all Class Members.

7.6    If any Notice is returned to the Settlement Administrator by the United States Postal Service with a forwarding address for the recipient, the Settlement Administrator shall re-mail the

Notice to that forwarding address. If an email is returned to the Settlement Administrator as undeliverable, the Settlement Administrator shall inform Class Counsel.

7.7     The Settlement Administrator shall use commercially reasonable efforts (through skip-tracing or other methods) to obtain a valid mailing address for every Class Member whose Notice is returned to the Settlement Administrator as undeliverable without the provision by the Postal Service of any forwarding address. The Settlement Administrator shall re-mail the Class Notice to all such Class Members at any new addresses it is able to locate through this process. The costs of skip tracing efforts shall be included in the Notice and Administration Costs.

## VIII.    ADMINISTRATION AND CALCULATION OF CLAIMS, FINAL AWARDS, AND SUPERVISION AND DISTRIBUTION OF THE NET SETTLEMENT FUND

8.1     The Settlement Administrator, subject to such supervision and direction the District Court as may be necessary or as circumstances may require, shall administer and calculate the Claims submitted by Class Members and shall oversee distribution of the Net Settlement Fund.

8.2     After the Effective Date, and in accordance with the terms of this Stipulation, the Net Settlement Fund shall be distributed to Discharged Title IV Borrowers, subject to and in accordance with the provisions of this Stipulation.

8.3     Navient shall have no responsibility for, or interest whatsoever in, the administration of the Settlement or the actions or decisions of the Settlement Administrator, and shall have no liability whatsoever to the Class, Class Representative, or Class Counsel, in connection with such administration.

### a.  The Title IV Claim Form

8.4     Ninety (90) calendar days after (a) the mailing of the Class Notice, or (b) such other time as may be set by the District Court, each Class Member who seeks to receive any payment

pursuant to ¶ 5.6(e) of this Stipulation must submit to the Settlement Administrator a completed Title IV Claim Form, substantially in the form of Exhibit 3 attached hereto.

8.5     Each Title IV Claim Form shall be submitted to and reviewed by the Settlement Administrator, who shall determine, in accordance with this Stipulation, the extent, if any, to which each Claim shall be allowed.  Title IV Claim Forms that do not meet the submission requirements may be rejected.  Prior to rejecting a Title IV Claim Form in whole or in part, the Settlement Administrator shall communicate with the Claimant in writing to give the Claimant the chance to remedy any curable deficiencies in the Title IV Claim Form submitted.  The Settlement Administrator, shall notify, in a timely fashion and in writing, all Claimants whose Claims the Settlement Administrator proposes to reject in whole or in part for curable deficiencies, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the District Court if the Claimant so desires and complies with the requirements of ¶ 8.7 below.

8.6     The Settlement Administrator shall give Navient notice of all Claims the Settlement Administrator proposes to approve. Navient shall have the right to select up to 10% of those Claims for re-review by the Settlement Administrator.  If, after re-review, the Settlement Administrator still proposes to approve a Claim, Navient shall have the right to petition the District Court to reject that Claim.  Class Counsel shall have the right, but not the obligation, to file a brief contesting Navient's petition to the District Court.

8.7     If any Claimant whose timely Claim has been rejected in whole or in part for a curable deficiency desires to contest such rejection, the Claimant must, within twenty (20) calendar days after the date of mailing of the notice required in ¶ 8.5 above, serve upon the Settlement Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting

the rejection along with any supporting documentation, and requesting a review thereof by the District Court.  If a dispute concerning a Claim cannot be otherwise resolved, Class Counsel shall thereafter present the Claimant's request for review to the District Court.  Navient shall have the right, but not the obligation, to file a brief contesting the Claimant's request for review to the District Court.

### b.  The Plan of Allocation

8.8     The Title IV Claim Form shall require that the Discharged Title IV Borrower certify under penalty of perjury that the amount reflected in the Title IV Damages Claim was paid by the Discharged Title IV Borrower or, if the Discharged Title IV Borrower paid only a portion of the Title IV Damages Claim, a certification of that lower amount.  To the extent that a Discharged Title IV Borrower certifies he or she paid a lower amount, the Settlement Administrator shall reduce the amount of that borrower's Title IV Damages Claim to reflect that lower amount.

8.9     The Settlement Administrator shall cumulate the amount of all timely Title IV Claim Forms that have not been rejected to determine the Total Damages Claim.  The Settlement Administrator shall then measure each Discharged Title IV Borrower's approved Title IV Damages Claim as a proportion of the Total Damages Claim to determine the amount each Discharged Title IV Borrower who submitted an approved Title IV Claim Form shall receive as a *pro rata* percentage of the Net Settlement Fund.  In no event shall any Discharged Title IV Borrower receive more than 100% of the amount of his or her approved Title IV Damages Claim.

8.10    Following the Effective Date, the Net Settlement Fund shall be distributed to the Discharged Title IV Borrowers substantially in accordance with the Stipulation and the Plan of Allocation set forth above, as approved by the District Court.

8.11    To the extent that there are funds remaining in the Net Settlement Fund after the payment of all approved Title IV Damages Claims of Discharged Title IV Borrowers who submitted a Title IV Claim Form, then the remaining amount of the Title IV Settlement Fund shall revert as directed by Navient.

8.12    The Settlement Administrator shall make reasonable efforts through skip-tracing to ensure that checks mailed to Discharged Title IV Borrowers who submitted a Title IV Claim Form are deposited. Uncashed checks sent to Discharged Title IV Borrowers who submitted a Title IV Claim Form but are not deposited shall revert to the Title IV Settlement Fund.

8.13    Except as provided herein or otherwise ordered by the District Court, all Class Members who fail to timely submit a valid Title IV Claim Form shall be forever barred from receiving any payments pursuant to this Stipulation and the Settlement set forth herein, but will, in all other respects, be subject to and bound by the provisions of this Stipulation, the releases contained herein, and the Order of Final Approval, and will forever be barred from bringing any action against the Released Parties concerning the Released Claims.

### c.  Opt-Out Rights

8.14    A Class Member who wishes to be excluded from the Settlement Class must do so in writing.  To opt out, the Class Member must complete and mail to the Settlement Administrator, at the address listed in the Class Notice, a written Request to Opt Out that is postmarked no later than the Opt-Out Deadline.  The Request to Opt Out must: (a) identify the case name; (b) identify the name and address of the person requesting exclusion; (c) be personally signed by the person requesting exclusion; and (d) contain a statement that indicates a desire to be excluded from the Settlement Class, such as "I hereby request that I be excluded from the proposed Settlement Class in the Litigation."

8.15    Any Class Member who does not opt out of the Settlement in the manner described herein shall be deemed to have submitted to the jurisdiction of the District Court with respect to such Person's claim to the Net Settlement Fund.    All proceedings with respect to the administration, processing, and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the District Court, but shall not, in any event, delay or affect the finality of the Order of Final Approval.    All Class Members, Claimants, and parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

8.16    Any Class Member who desires to opt out must submit a timely written Request to Opt Out pursuant to this section, even if the person desiring to opt out of the Class (a) files or has filed a separate action against any of the Released Parties, or (b) is, or becomes, a putative or actual class member in any other class action filed against any of the Released Parties.

8.17    Any Class Member who properly opts out of the Settlement Class shall not: (a) be bound by any orders or judgments relating to the Settlement; (b) be entitled to any relief under, or be affected by, the Settlement; (c) gain any rights by virtue of the Settlement; or (d) be entitled to object to any aspect of the Settlement.

8.18    The Settlement Administrator shall provide the Parties with a list of all timely Requests to Opt Out within seven (7) business days after the Opt-Out Deadline.

8.19    Notwithstanding the foregoing, a Class Member shall have the right to revoke a properly and timely submitted request for exclusion by mailing a notice of the Class Member's election to revoke his or her Request to Opt Out to the address set forth in the Class Notice. Any such revocation request must be postmarked on or before the Opt-Out Deadline.

## IX.    CLASS COUNSEL'S ATTORNEYS' FEES

9.1    Class Counsel may submit an application or applications (the "Fee and Expense Application") for distribution from the Title IV Settlement Fund for: (a) an award of attorneys' fees; plus (b) expenses and charges in connection with prosecuting the Litigation; plus (c) any interest earned on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Title IV Settlement Fund (until paid) as may be awarded by the District Court.

9.2    Any fees, costs, and expenses as awarded by the District Court shall be paid to Class Counsel from the Title IV Settlement Fund, within five (5) calendar days after the funding of the Title IV Settlement Fund pursuant to ¶ 5.5.

9.3    The procedure for and the allowance or disallowance by the District Court of any applications for attorneys' fees and expenses to be paid out of the Settlement Fund is not part of the Settlement set forth in this Stipulation, and is to be considered by the District Court separately from the District Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation, and shall have no effect on the terms of the Stipulation or on the validity or enforceability of this Settlement. The approval of the Settlement, and it becoming Final, shall not be contingent on the award of attorneys' fees and expenses, any award to Class Representative, nor any appeals from such awards. Any order or proceeding relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate this Stipulation, or affect or delay the finality of the Judgment approving this Stipulation and the Settlement of the Litigation set forth therein, or any other orders entered pursuant to the Stipulation of Settlement.

9.4    Any fees and/or expenses awarded by the District Court shall be paid solely from and out of the Title IV Settlement Fund. With the sole exception of Navient's obligation to pay or

cause the Title IV Settlement Amount to be paid into the Escrow Account as provided for in ¶ 5.5, Navient shall have no responsibility for, and no liability whatsoever with respect to, any payment of any attorneys' fees and/or expenses.

## X.    CONDITIONS OF SETTLEMENT AND TERMINATION

10.1    The Effective Date of the Settlement shall be conditioned on the occurrence of all of the following events:

(i)     The Parties have signed this Stipulation.

(ii)    Navient has complied with the reporting requirements of 28 U.S.C. § 1715.

(iii)   The Bankruptcy Court has preliminarily approved the Settlement, including the Class Notice, and has entered the Preliminary Approval Order.

(iv)    The District Court has granted a motion to withdraw the reference to consider and approve the Settlement.

(v)     The Settlement Administrator has caused the Class Notice to be delivered pursuant to the Preliminary Approval Order and the terms of the Stipulation.

(vi)    The District Court has entered the Order of Final Approval in the form attached hereto as Exhibit 5.

(vii)   The Order of Final Approval has become Final.

(viii)  Navient's unilateral right to terminate the Settlement under the Supplemental Agreement has not been triggered or has expired.

(ix)    The Order of Final Approval in the matter captioned *Kenneth J. Woodard v. Navient Solutions, LLC et al.*, Adv. Pro. No. 21-8023 (Bankr. D. Neb.) has become Final.

10.2    Upon the occurrence of a Termination Event described in subparts (a) through (c) of ¶ 4.46, this Stipulation shall automatically terminate.

10.3    As described in subpart (d) of ¶ 4.46, Navient shall have the unilateral right to terminate this Stipulation and the Settlement in the event that the number of Requests to Opt Out meet the conditions set forth in a confidential supplemental agreement executed between Defendants and Class Representative, by and through their counsel (the "Supplemental Agreement"). The Parties agree to maintain the confidentiality of the Supplemental Agreement, which is being executed concurrently herewith. The Supplemental Agreement shall not be filed with the Court unless the Court requires the Parties to file the Supplemental Agreement or disclose its terms. If submission of the Supplemental Agreement is ordered by the Bankruptcy or District Court, the Parties will seek to have the Supplemental Agreement submitted to the Bankruptcy or District Court *in camera* or filed under seal so as to preserve the confidentiality of the Supplemental Agreement.

10.4    In the event this Stipulation or the Settlement is terminated or the Effective Date otherwise fails to occur for any reason, the Parties shall be restored to their respective positions in this Litigation as it existed prior to the execution of this Stipulation and shall meet and confer regarding a new case schedule for the Litigation. In such event, the terms and provisions of the Stipulation shall have no further force and effect with respect to the Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Bankruptcy or District Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

10.5    Unless otherwise ordered by the District Court, in the event that this Stipulation or the Settlement is terminated or the Effective Date otherwise fails to occur for any reason, including,

without limitation, in the event the Order of Final Approval is reversed or vacated or altered following any appeal taken therefrom, then within thirty (30) calendar days after written notification of such event is sent by Class Counsel to Defendant's Counsel, Navient shall reimburse Class Counsel for any reasonable Notice and Administrative Costs expended for which Class Counsel provides adequate documentation.

## XI.    OBJECTIONS

11.1    Any Settlement Class Member may object to the Settlement. To object, the Settlement Class Member must comply with the procedures and deadlines in this Stipulation.

11.2    Any Settlement Class Member who wishes to object to the Settlement must do so in writing on or before the Objection Deadline, as specified in the Class Notice and Preliminary Approval Order. The written objection must be filed with the Clerk of Court and mailed (with the requisite postmark) to Class Counsel and Defendants' Counsel (at the addresses identified in ¶ 16.16), no later than the Objection Deadline.

11.3    The requirements to assert a valid written objection shall be set forth in the Class Notice. To be valid, the written objection must include: (a) the Settlement Class Member's bankruptcy case name and number; (b) the name, address, telephone number of the Settlement Class Member objecting and, if represented by counsel, of his/her counsel; (c) the basis for objection; and (d) a statement of whether he/she intends to appear at the Final Approval Hearing, either with or without counsel.

11.4    Any Settlement Class Member who fails to object to the Settlement in the manner described in the Class Notice and consistent with this section shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the

Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement or the terms of the Stipulation by appeal or other means.

11.5     Subject to approval of the District Court, any Settlement Class Member who files and serves a written objection in accordance with this section and the Class Notice may appear, in person or by counsel, at the Final Approval Hearing held by the District Court, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, but only if the objecting Settlement Class Member: (a) files with the Clerk of the District Court a Notice of Intention to Appear at the Final Approval Hearing by the Objection Deadline; and (b) serves the Notice of Intention to Appear on all counsel designated in the Class Notice by the Objection Deadline.

11.6     The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Settlement Class Member will present to the District Court in connection with the Final Approval Hearing.

11.7     Any Settlement Class Member who does not file a Notice of Intention to Appear in accordance with the deadlines and other specifications set forth in the Settlement and the Class Notice shall not be entitled to appear at the Final Approval Hearing or raise any objections.

## XII.     STAY OF DISCOVERY AND OTHER PROCEEDINGS

12.1     To the extent the Litigation has not already been stayed by the Bankruptcy Court, upon execution of this Settlement, the Parties shall discontinue all discovery activity or related proceedings in the Litigation.

12.2     To the extent the Litigation has not already been stayed by the Bankruptcy Court, upon the entry of the Preliminary Approval Order, the Parties will move the Bankruptcy Court to stay and suspend all proceedings in the Litigation that are not necessary to carrying out the terms

and conditions of the Settlement.  Upon the Effective Date, and notwithstanding any of the other provisions in this Settlement, the Defendants shall have no obligation to preserve documents and evidence with respect to Released Claims.  Class Representative and Class Counsel shall not pursue any spoliation claims or other actions or sanctions against Defendants with respect to documents or evidence related to the Released Claims.

## XIII.   COVENANTS NOT TO SUE

13.1   Class Representative, on behalf of herself and the Settlement Class Members, covenants and agrees: (i) not to file, commence, prosecute, intervene in, or participate in (as a class member or otherwise) any action in any jurisdiction based on or relating to any of the Released Claims, or the facts and circumstances alleged in the Complaint, against any of the Released Parties; (ii) not to organize or solicit the participation of Settlement Class Members, or persons who would otherwise fall within the definition of the Settlement Class but who requested to be excluded from the Settlement Class, in a separate class for purposes of pursuing any action (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action in any jurisdiction) based on or relating to any of the Released Claims or the facts and circumstances alleged in the Complaint, against any of the Released Parties; and (iii) that the foregoing covenants and this Stipulation shall be a complete defense in any action that any Releasor may hereafter assert on any of the Released Claims against any of the Releasees.

## XIV.   REPRESENTATIONS AND WARRANTIES

14.1   Class Representative represents and warrants that she has not assigned or otherwise transferred any interest in any of the Released Claims against any of the Released Parties.  Class Representative further covenants that she will not hereafter assign or otherwise transfer any interest in any of Class Representative's Released Claims.

14.2    Class Representative represents and warrants that she has no surviving claim or cause of action against any of the Released Parties with respect to any of the Released Claims.

14.3    The Parties, and each of them on his, her, or its own behalf, represent and warrant that they are voluntarily entering into the Settlement Agreement as a result of arm's-length negotiations among their counsel; that in executing the Settlement Agreement, they are relying solely upon their own judgment, belief, and knowledge, and the advice and recommendations of their own independently selected counsel, concerning the nature, extent and duration of their rights and claims hereunder and regarding all matters which relate in any way to the subject matter hereof; and that, except as provided herein, they have not been influenced to any extent whatsoever in executing the Stipulation by representations, statements, or omissions pertaining to any of the foregoing matters by any Party or by any person representing any Party. Each of the Parties assumes the risk of mistake as to facts or law.

## XV.    PRELIMINARY APPROVAL ORDER AND FINAL APPROVAL HEARING

15.1    Promptly following execution of this Stipulation, Class Counsel shall submit this Stipulation together with its Exhibits to the Court and shall apply for entry of the Preliminary Approval Order, substantially in the form of Exhibit 4 attached hereto, requesting, *inter alia*, the preliminary approval of the Settlement set forth in this Stipulation, and approval for the mailing of the Notice and Title IV Claim Form, substantially in the forms of Exhibits 2-3 attached hereto. The Notice shall include, *inter alia*, the general terms of the Settlement set forth in this Stipulation, the general terms of the Fee and Expense Application, and the date of the Final Approval Hearing.

15.2    Class Counsel shall request that, after notice is given and not earlier than one hundred (100) calendar days after the later of the dates on which the appropriate federal official and the appropriate State officials are provided with notice pursuant to the Class Action Fairness

Act ("CAFA"), the District Court hold the Final Approval Hearing and approve the Settlement of the Litigation as set forth herein.  At or after the Final Approval Hearing, Class Counsel also will request that the Court approve the Fee and Expense Application, if any.

## XVI.    MISCELLANEOUS PROVISIONS

16.1    <u>Amendment/Modification</u>.  The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest. The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation. Class Counsel, on behalf of the Class, are expressly authorized by Class Representative to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effect its terms, and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which they deem appropriate. Any amendment or modification occurring after entry of the Preliminary Approval Order shall require court approval.

16.2    <u>Authority</u>.  Each person executing the Stipulation or any of its exhibits on behalf of any Party hereto hereby warrants that such person has the full authority to do so.

16.3    <u>CAFA</u>.   Defendants shall determine the form of notice to be provided for the purpose of satisfying the requirements of CAFA ("CAFA Notice") and the identity of those who will receive the CAFA Notice. Defendants shall be responsible for serving the CAFA Notices and for all costs and expenses related thereto.

16.4    <u>Cooperation</u>.  The Parties: (a) acknowledge that it is their intent to consummate this Settlement; and (b) agree to cooperate to the extent reasonably necessary to effect and implement

all terms and conditions of the Settlement and to exercise their best efforts to accomplish the foregoing terms and conditions of the Settlement.

16.5    Counterparts.    The Stipulation may be executed in one or more counterparts, including by signature transmitted by facsimile or by email in PDF format. All executed counterparts and each of them shall be deemed to be one and the same instrument.

16.6    Drafting.  The language of all parts of this Stipulation shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against either Party. No Party shall be deemed the drafter of this Stipulation. The Parties acknowledge that the terms of the Stipulation are contractual and are the product of negotiations between the Parties and their counsel. Each Party and its counsel cooperated in the drafting and preparation of the Stipulation. In any construction to be made of the Stipulation, the Stipulation shall not be construed against any Party and any canon of contract interpretation to the contrary shall not be applied.

16.7    Entire Agreement.    The Stipulation and the related documents entered at the time of this Stipulation or referenced herein constitute the entire agreement among the Parties hereto concerning the settlement of the Litigation. No representations, warranties, or inducements have been made to any party concerning the Stipulation or its exhibits other than the representations, warranties, and covenants contained and memorialized in such documents. Except as otherwise provided herein, each Party shall bear its own costs and attorneys' fees.

16.8    Exhibits.    The exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

16.9    Extensions of Time.    Unless otherwise provided, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation without further order of the Bankruptcy or District Courts.

16.10   <u>Governing Law</u>.  This Stipulation and its Exhibits shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of New York and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of New York without giving effect to its choice-of-law principles, except to the extent that federal law requires that federal law govern.

16.11   <u>Headings</u>.  The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

16.12   <u>Jurisdiction</u>.    The District Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation. All Parties and all Settlement Class Members submit to the jurisdiction of the District Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

16.13   <u>No Admission</u>. The Settlement compromises claims which are contested in good faith. The Settlement shall not be deemed an admission by any of the Parties as to the merits of any claim or defense. The Parties agree that terms of the Settlement were negotiated in good faith by the Parties and at arm's length and reflect an agreement that was reached voluntarily after consultation with competent legal counsel.  Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to, or in furtherance of, the Stipulation or the Settlement: (a) is or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Releasees, or any of them; (b) is or may be used as an admission that, or evidence that, the requirements for class certification have been or can be satisfied in any other case or proceeding; or (c) is or may be used as an admission of, or evidence of, any fault or omission of the Releasees, or any of them, in any civil, criminal, or administrative

proceeding in any court, administrative agency, or other tribunal.  Class Representative and Class Counsel agree not to argue or present any argument, and hereby waive any argument, that Defendants could not contest (or are estopped from contesting) class certification on any grounds if this Litigation were to proceed. This Settlement shall not be deemed an admission by, or ground for estoppel against, Defendants that class certification and/or proceeding collectively is proper in this Litigation or in any other action, lawsuit, or proceeding.

16.14   No Collateral Attack.  Upon entry of the Order of Final Approval, this Stipulation shall not be subject to collateral attack by any Class Member or Settlement Class Member.

16.15   No Third-Party Rights or Beneficiaries.  Except as expressly provided for herein, no government agency or official or any other person or entity can claim any rights under this Stipulation or the Settlement. There are no third party beneficiaries created or implied.

16.16   Notices.   All notices (other than the Class Notice and those for which other instructions are set forth herein) required or permitted by this Stipulation shall be made in writing and communicated by mail and email to the following addresses:

All notices to the Class Representative or to Class Counsel shall be sent to:

Adam R. Shaw
Boies Schiller Flexner LLP
30 South Pearl Street, 11th Floor
Albany, NY 12207
(518) 434-0600
ashaw@bsfllp.com

All notices to Defendants or to Defendants' Counsel shall be sent to:

Thomas M. Farrell
McGuireWoods LLP
845 Texas Ave, 24th Floor
Houston, TX 77002
(713) 571-9191
tfarrell@mcguirewoods.com

16.17 <u>Obligation to Meet and Confer</u>.  Before filing any motion raising a dispute arising out of this Stipulation or the implementation of the Settlement, the Parties shall confer in good faith in an attempt to resolve any pending issues.

16.18 <u>Successors and Assigns</u>.  The Stipulation shall be binding upon, and inures to the benefit of, the heirs, executors, successors, and assigns of the Parties, the Releasors and the Releasees.

IN WITNESS WHEREOF, the parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, July 21, 2023.

BOIES SCHILLER FLEXNER LLP

ADAM R. SHAW
GEORGE F. CARPINELLO
JENNA C. SMITH
30 South Pearl Street, 11th Floor
Albany, NY 12207
Tel:  (518) 434-0600
Fax: (518) 434-0665
ashaw@bsfllp.com
gcarpinello@bsfllp.com
jsmith@bsfllp.com

*Counsel for Class Representative Reeham Youssef and the Class*

**MCGUIREWOODS LLP**

THOMAS M. FARRELL
600 Travis Street, Suite 7500
Houston, TX 77002
Tel:  (713) 571-9191
Fax: (713) 571-9652
tfarrell@mcguirewoods.com

*Counsel for Defendants Navient Solutions, LLC and Navient Credit Finance Corporation*

39

16.17   <u>Obligation to Meet and Confer</u>.  Before filing any motion raising a dispute arising out of this Stipulation or the implementation of the Settlement, the Parties shall confer in good faith in an attempt to resolve any pending issues.

16.18   <u>Successors and Assigns</u>.  The Stipulation shall be binding upon, and inures to the benefit of, the heirs, executors, successors, and assigns of the Parties, the Releasors and the Releasees.

IN WITNESS WHEREOF, the parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, July 21, 2023.

**BOIES SCHILLER FLEXNER LLP**

ADAM R. SHAW
GEORGE F. CARPINELLO
JENNA C. SMITH
30 South Pearl Street, 11th Floor
Albany, NY 12207
Tel:  (518) 434-0600
Fax: (518) 434-0665
ashaw@bsfllp.com
gcarpinello@bsfllp.com
jsmith@bsfllp.com

*Counsel for Class Representative Reeham Youssef and the Class*

**MCGUIREWOODS LLP**

*Thomas M. Farrell*

THOMAS M. FARRELL
600 Travis Street, Suite 7500
Houston, TX 77002
Tel:  (713) 571-9191
Fax: (713) 571-9652
tfarrell@mcguirewoods.com

*Counsel for Defendants Navient Solutions, LLC and Navient Credit Finance Corporation*